1  James R. Rogers/SBN 99102
2  jrogers@jrrlaw.net
   LAW OFFICES OF JAMES R. ROGERS
3  125 S. Highway 101, Suite 101
   Solana Beach, CA 92075
4  Telephone: 858-792-9900
   Facsimile: 858-792-9509
5
   Attorneys for Defendants
6  EDUCATIONAL COMMISSION FOR
   FOREIGN MEDICAL GRADUATES; and
7  FOUNDATION FOR ADVANCEMENT OF
   INTERNATIONAL MEDICAL EDUCATION
8  AND RESEARCH
   erroneously sued as
9  FOUNDATION FOR ADVANCEMENT OF
   MEDICAL EDUCATION AND RESEARCH
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE, et al.<br><br>         Plaintiff(s),<br><br>    vs.<br><br>REPUBLIC OF LIBERIA, et al.<br><br>         Defendants. | Case No.: CV 11-06322-RGK (SHx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION<br><br>[FRCP Rule 12(b)(2)]<br><br>Date:        February 27, 2012<br>Time:        9:00 a.m.<br>Courtroom:   850 |

Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH ("FAIMER")

erroneously sued as FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH submit the following memorandum of points and authorities in support of their motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I.
## ISSUES PRESENTED

Plaintiffs do not have an adequate basis for personal jurisdiction over moving defendants, and their pleadings lack any such assertions. Moving defendants were served in Pennsylvania. Both moving defendants' principal place of business is in Pennsylvania, and all operations out of which this case arises occurred in Pennsylvania. Moving defendants have not consented to personal jurisdiction within the state of California.

## II.
## STATEMENT OF FACTS

Plaintiffs are St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia, Dr. Jerroll B. R. Dolphin, and Robert Farmer. On August 1, 2011, plaintiffs filed their complaint for damages in the United States District Court, Central District of California. Plaintiffs served moving defendants with their Complaint on or about November 25, 2011.

Both moving defendants ECFMG and FAIMER are 501(c)(3) not-for-profit corporations. Defendant ECFMG is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania. Defendant FAIMER is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (See Donohue Declaration, pars. 2-3.)

The alleged operations of moving defendants out of which this case arises occurred in Pennsylvania. All potential employee and non-employee witnesses for moving defendants are located in Pennsylvania. The acts or omissions for which

plaintiffs seek to hold defendants liable in this action all occurred outside of California. (See Donohue Declaration, pars. 6-10.)

As more fully set forth below, it would be unreasonable to require defendants to defend this action in courts within California due to the burden on moving defendants considering that moving defendants are not incorporated in California, their principal place of business is in Pennsylvania, all business operations out of which this case arises occurred in Pennsylvania, and all witnesses and employees of moving defendants are located in Pennsylvania.

### III.
### APPLICABLE LAW

Personal jurisdiction is required whenever a judgment is sought that would impose an obligation on defendant personally. *Pennoyer v. Neff* (1877) 95 US 714, 720-722. Ordinarily, federal courts do not have nationwide personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.* (1987) 484 US 97, 104-105; see F.R.C.P. 4(k)(1)(A).

Due process requires an adequate basis for jurisdiction over the party sought to be bound by the court's judgment or decree. The three bases for exercise of personal jurisdiction recognized since early common law are: 1. service within state (physical presence); 2. domicile; 3. consent. *Pennoyer v. Neff* at 720-22; *Burnham v. Superior Court of Cal.* (1990) 495 US 604, 610-11. Absent one of the traditional bases for jurisdiction above (presence, domicile, or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* (1945) 326 US 310, 316. Defendants who "purposefully avail" themselves of the privilege of conducting business in the forum state submit themselves to the jurisdiction of that state "to the extent that power is exercised *in connection* with the defendant's activities touching the State." *J. McIntyre Mach., Ltd. v. Nicastro*

(2011) 131 S. Ct. 2780, 2787-88.  In other words, the suit must arise out of or be "related to the defendant's contacts with the forum."  *Id.* at 2788 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 US 408, 414).

## IV.
## ARGUMENT

As explained below, plaintiffs lack both the traditional bases for jurisdiction (presence, domicile, or consent), as well as the "minimum contacts" necessary to establish personal jurisdiction over moving defendants.

A. <u>Moving defendants were neither served within the state of California, nor have they consented to personal jurisdiction in California</u>.

Plaintiffs served moving defendants with their Complaint in Philadelphia, Pennsylvania on or about November 25, 2011.  (See Donohue Declaration, par. 14.)  Moving defendants have not consented to personal jurisdiction in the state of California.

B. <u>Moving defendants were not domiciled within the state of California.</u>

Defendant ECFMG is a 501(c)(3) not-for-profit corporation, incorporated in the State of Illinois, with its principal place of business in Philadelphia, Pennsylvania and is engage in the business of assessing and certifying foreign medical graduates for entry into graduate medical education programs in the United States.  (See Donohue Declaration, par. 2.)

Defendant FAIMER is a 501(c)(3) not-for-profit corporation, incorporated in the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania and is engaged in the business of enhancing international medical education through programs of research and education, as well as maintaining a directory of international medical schools, known as the International Medical Education Directory ("IMED").  (See Donohue Declaration, par. 2.)

C. <u>Moving defendants do not have "minimum contacts" with the state of California</u>.

Neither moving defendant is incorporated in California, nor is either moving defendants' principal place of business in California. (See Donohue Declaration, pars. 2-4.) No officers or directors of either moving defendant reside or are domiciled in California. (See Donohue Declaration, par. 5.)

All of moving defendants' operations out of which this case purportedly arises occurred in Pennsylvania, although defendant ECFMG does currently run a single testing facility for one component of the United States Medical Licensing Exam (USMLE) in Los Angeles, California. (See Donohue Declaration, par. 6.) This facility serves as a venue for USMLE testing and has no connection to the specific operations out of which this case purportedly arises. Furthermore, all potential employee and non-employee witnesses for moving defendant are located in Pennsylvania. (See Donohue Declaration, par. 7.) The acts or omissions for which plaintiffs seek to hold defendants liable in this action all occurred outside of California. (See Donohue Declaration, par. 12.)

## V.
## **CONCLUSION**

The Court lacks personal jurisdiction over moving defendants. Thus, moving defendants respectfully request the court dismiss plaintiffs' claim pursuant to Rule 12(b)(2).

Dated:       Jan 12, 2012                LAW OFFICES OF JAMES R. ROGERS

*James R. Rogers*

By: _____
James R. Rogers, Esq.
Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES
and

FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH erroneously sued as FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION