1  MARTHA S. DOTY (State Bar No. 143287)
   NICOLE C. RIVAS (State Bar No. 179337)
2  **ALSTON & BIRD, LLP**
   333 South Hope Street
3  Sixteenth Floor
   Los Angeles, California 90071
4  Telephone:  (213) 576-1000
   Facsimile:  (213) 576-1100
5  martha.doty@alston.com
   nicole.rivas@alston.com
6

7  Attorneys for Defendants **THE BOARD OF TRUSTEES**
   **OF THE UNIVERSITY OF ILLINOIS, erroneously sued as**
8  **THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN;**
   **DR. GEORGE GOLLIN**
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ST. LUKE SCHOOL OF MEDICINE -          Case No.:  11-CV-06322-RGK (SHx)
    GHANA, a Ghanaian corporation; ST.
14  LUKE SCHOOL OF MEDICINE –             [Honorable R. Gary Klausner]
    LIBERIA, a Liberian corporation;
15  DR. JERROLL B.R. DOLPHIN, on behalf   **MEMORANDUM OF POINTS AND**
    of himself; DR. ROBERT FARMER, on     **AUTHORITIES IN SUPPORT OF**
16  behalf of a class action,             **DEFENDANTS THE UNIVERSITY**
                                          **OF ILLINOIS' AND DR. GEORGE**
17              Plaintiffs,               **GOLLIN'S MOTION:**

18        v.                              **(a)    TO DISMISS; OR**

19  REPUBLIC OF LIBERIA; MINISTRY OF      **(b)    ALTERNATIVELY FOR A**
    HEALTH, a Liberian Governmental              **MORE DEFINITE**
20  Agency; MINISTRY OF EDUCATION, a             **STATEMENT**
    Liberian Governmental Agency; LIBERIAN
21  MEDICAL BOARD, a Liberian             **[FRCP 8(a)(2), 12(b)(1) & 12(e),**
    Governmental Agency; NATIONAL         **41(b).]**
22  COMMISSION ON HIGHER
    EDUCATION, a Liberian Governmental    [Filed Concurrently With Notice Of
23  Agency; NATIONAL TRANSITIONAL         Motion and Motion; Declaration Of
    LEGISLATIVE ASSEMBLY, a Liberian      Nicole C. Rivas; and [Proposed] Order]
24  Governmental Agency; DR. ISAAC
    ROLAND as official and individual;
25  MOHAMMED SHERIFF as official and      DATE:           February 13, 2012
    individual; DR. BENSON BARH as official  TIME:        9:00 a.m.
26  and individual; DR. GEORGE GOLLIN as  COURTROOM:      850
    official and individual; DR. BRAD
27  SCHWARTZ as official and individual,   Complaint Filed:  August 1, 2011
    ALAN CONTRERAS as official and
28  individual; UNIVERSITY OF ILLINOIS-

1   URBANA CHAMPAIGN, an Illinois
    Institution of Higher Learning; STATE OF
2   OREGON, Office of Degree Authorization;
    the NATIONAL ACCREDITATION
3   BOARD OF THE REPUBLIC OF GHANA,
    EDUCATION COMMISSION FOR
4   FOREIGN MEDICAL GRADUATES; a
    Pennsylvania non-profit corporation;
5   FOUNDATION FOR ADVANCEMENT
    OF MEDICAL EDUCATION AND
6   RESEARCH, a Pennsylvania non-profit
    organization,

7           Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................. 1
     A.   Procedural Background ........................................................... 1
     B.   Summary Of Argument .......................................................... 2

II.  FACTUAL BACKGROUND ................................................................ 4

III. LEGAL STANDARD ........................................................................... 5

IV.  PLAINTIFF CANNOT PURSUE A FEDERAL COURT ACTION AGAINST
     THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW ............................ 6

V.   PLAINTIFF LIKEWISE CANNOT STATE A CLAIM AGAINST DR.
     GOLLIN ACTING IN HIS OFFICIAL CAPACITY ........................................ 8

VI.  THE COMPLAINT VIOLATES RULE 8, REQUIRING A SHORT AND
     PLAIN STATEMENT OF PLAINTIFF'S CLAIMS ........................................ 11

VII. CONCLUSION .................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bair v. Krug,*
   853 F.2d 672 (9th Cir. 1988)............................................................... 7, 10

*Brennan v. University of Kansas,*
   451 F.2d 1287 (10th Cir. 1971)............................................................ 7

*Cannon v. University of Health Sciences/The Chicago Medical School,*
   710 F.2d 351 (7th Cir. 1983)............................................................ 2, 6, 8

*Eaglesmith v. Ward,*
   73 F.3d 857 (9th Cir. 1995)............................................................ 7

*Goshtasby v. Board of Trustees of the University of Illinois,*
   123 F.3d 427 (7th Cir. 1997)............................................................ 6

*Harvis v. Board of Trustees of the University of Illinois,*
   744 F.Supp. 825 (N.D. Ill 1990) ............................................... 7, 8, 9, 10

*Jackson v. Hayakawa,*
   682 F.2d 1344 (9th Cir. 1982)............................................................ 7

*Kashani v. Purdue University,*
   813 F.2d 843 (7th Cir. 1987)............................................................ 7

*Kroll v. Board of Trustees of the University of Illinois,*
   934 F.2d 904 (7th Cir. 1991)............................................................ 6

*Lewis v. Midwestern State University,*
   837 F.2d 197 (5th Cir. 1988)............................................................ 7

*McHenry v. Renne,*
   84 F.3d 1172 (9th Cir. 1995)................................................... 10, 11, 12

*McMiller v. Board of Trustees of the University of Illinois,*
   275 F.Supp.2d 974 (N.D. Ill 2003) ............................................... 6

*Perez v. Rodriguez Bou,*
   575 F.2d 21 (1st Cir. 1978)............................................................ 7

*Pollak v. Board of Trustees of the University of Illinois,*
   2004 U.S. Dist. Lexis 12046 (N.D. Ill 2004)..................................... 6

LEGAL02/33060759v1

*Ramirez v. Butler,*
    319 F.Supp.2d 1304 (N.D. Cal. 2004) ................................................................ 5

*Regents of the University of California v. John Doe,*
    519 U.S. 425 (1996) ................................................................ 5, 6, 7

*Ronwin v. Shapiro,*
    657 F.2d 1071 (9th Cir. 1981) ................................................................ 7

*Schmidt v. Herrmann,*
    614 F.2d 1221 (9th Cir. 1980) ................................................................ 10

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ................................................................ 5

*Stewart v. California Dept. of Education,*
    2008 U.S. Dist. Lexis 76228 (S.D. Cal. 2008) ................................... 10, 11, 12

*Thompson v. City of Los Angeles,*
    885 F.2d 1439 (9th Cir. 1989) ................................................................ 7

*Woizniak v. Conry,*
    (Ill. App. Ct., 1997) 679 N.E.2d 1255, 288 Ill.App.3d 129 ........................ 9

**OTHER AUTHORITIES**

FRCP, Rule 8 of the Federal Rules of Civil Procedure ..................... 2, 3, 10, 11, 12

U.S. Const. Amend. 11................................................................ 5

## I. **INTRODUCTION**

### A. **Procedural Background**

This is the third time Plaintiff Dr. Jerroll Dolphin has attempted to file the same meritless action in this Court. He filed his first complaint in March 2010. That action, entitled St. Luke School of Medicine *et al.* v. Republic of Liberia *et al.*, Case No. CV-01791-RGK-SH, arose out the identical facts and involved virtually the same parties and claims. This Court dismissed such action for lack of subject matter jurisdiction. [*See* Court Order, dated July 29, 2010.] A little more than a year later, Dr. Dolphin attempted to file a nearly, identical complaint and requested a fee waiver to do so. The Honorable Magistrate Judge Margaret A. Nagle denied Dr. Dolphin's request, again finding that the court lacked subject matter jurisdiction. [*See* Court Order, dated February 15, 2011, Case No. CV11-1039 UA (Dutyx).]

Perhaps believing that the third time is the charm, Dr. Dolphin has again filed essentially the same action against the same parties, completely ignoring the Court's two prior orders dismissing this case for want of subject matter jurisdiction. It is, therefore, time for the Court to send Dr. Dolphin a stronger message. In addition to granting this motion, Defendants also urge this Court to act, on its own motion and in accordance with its inherent powers, to award monetary sanctions against Dr. Dolphin and/or take such further action as may be necessary to discourage Dr. Dolphin from re-filing this meritless action yet again. In addition, Defendants, the University of Illinois[1] and Dr. George Gollin, respectfully request that the Court grant the instant motion and dismiss Plaintiff's action *with prejudice,*

---

[1] The proper defendant in this case is the Board of Trustees for the University of Illinois, which has been erroneously sued as the University of Illinois-Urbana Champaign. For ease of reference, defendant is simply referred to herein as the "University of Illinois" or simply the "University."

1

1    at least as to future federal filings, for the reasons stated below.

2    **B.**    <u>**Summary Of Argument**</u>

3    Plaintiff's rambling, 92-page, 267-paragraph Complaint attempts to state

4    23 different causes of action against more than a dozen defendants, including

5    everyone from the government of Liberia and its current or former officials, to

6    the University of Illinois and two of its professors.[2] While we suspect each of the

7    many defendants will have separate and multiple bases for challenging this

8    unorthodox pleading, the instant motion is brought by just two defendants – the

9    University of Illinois and Dr. George Gollin – and is both simple and narrowly

10    focused. By this motion, the University and Dr. Gollin respectfully seek a

11    dismissal of Plaintiff's Complaint on the ground that the instant action is barred

12    by the Eleventh Amendment to the United States Constitution.

13    This motion is not a close call. It is not only uncontroverted but

14    constitutionally mandated that state instrumentalities and their agents, acting in

15    their official capacity, are immune under the Eleventh Amendment of the United

16    States Constitution from lawsuits brought by private parties in federal court. It is

17    equally clear that the University of Illinois is a state instrumentality and its

18    professors are state employees entitled to such immunity. *Cannon v. University*

19    *of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir.

20    1983). In light of the immunity protection enjoyed by the University of Illinois

21    and Dr. Gollin, acting in his official capacity, this Court lacks jurisdiction to hear

22    Plaintiff's claims against them and they must, therefore, be dismissed from this

23    action.

24    Moreover, even if sovereign immunity were not implicated, the Complaint

25

26    [2] The Complaint names Dr. Brad Schwartz and Dr. George Gollin, both University of Illinois professors, as defendants in this action. Dr. Schwartz has not yet been served, and thus is not a party to this motion.

27

28

would still be subject to dismissal for failing to comply with the most basic requirements of Rule 8 of the Federal Rules of Civil Procedure.[3] As this Court well knows, that Rule requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] A 92-page, 267-paragraph, Complaint – which is apparently written by a layman rather than legal counsel despite the fact that Dr. Dolphin now has representation in this matter – is hardly the "short and plain statement" designed to demonstrate a right to relief that Rule 8 demands. Rather, in nearly 300 paragraphs, plaintiffs describe *ad nauseam* a near epic battle with the Liberian government over, apparently, the accreditation of a medical school located in that country. No minutia escapes Plaintiff's attention, no matter how extraneous and trivial. Indeed, the complaint is replete with irrelevant details and long-winded narratives (most likely drafted by Dr. Dolphin himself) that describe Plaintiff's alleged interactions with various Liberian government officials in Liberia, sometimes on a *minute-by-minute basis*.

Making matters worse, despite its daunting length, the Complaint fails to provide any of the defendants with even the most basic notice of the claims being asserted against them. In fact, it is virtually impossible to determine from the face of the Complaint who is suing whom and for what. Plaintiff's failure to comply with even the most basic requirements of Rule 8 likewise justifies the dismissal of his Complaint under Rule 41(b). Alternatively, the Court should, at a minimum, require Plaintiff to provide a more definite statement under Rule 12(e).

In sum, Plaintiff's Complaint is woefully inadequate both in its failure to establish subject matter jurisdiction and in its abject failure to comply with the

---

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise specified.

1   Federal Rules of Civil Procedure.   The Complaint should, therefore, be

2   dismissed; and Plaintiff should be precluded from once again refiling such

3   action in federal court, where it clearly does not belong.

4   **II.   FACTUAL BACKGROUND**

5       While the Complaint is lengthy and filled with "facts," it is not at all clear

6   which of those facts are pertinent to any of the alleged causes of action.

7   Nonetheless, we will attempt here to summarize what appear to be the main

8   themes of the pleading.   Of course, for purposes of this motion, we will assume

9   these facts to be true.

10       As alleged in the Complaint, Plaintiff Dr. Dolphin has tried for years to

11   establish St. Luke School of Medicine ("SLSOM") as an accredited medical

12   school in the capital of Liberia on the western coast of Africa. (Complaint, ¶¶ 2-

13   121.)   He claims his efforts, however, have been thwarted at every turn by

14   widespread government corruption and civil unrest. (*Id.*)   As a result, the legal

15   status of SLSOM has never been entirely clear. (*Id.*)   Indeed, even the Liberian

16   government appears uncertain as to the status of SLSOM, having declared at one

17   point that the school does not really exist, graduating medical doctor candidates

18   who never actually attended any classes. (*Id.*, ¶¶ 22, 62, 64, 85, 97.)   In addition,

19   there have been numerous media reports within Liberia that have labeled the

20   school as fraudulent and accused Dr. Dolphin of issuing phony diplomas. (*Id.*, ¶¶

21   42, 44, 56, 60, 75, 89, 94.)   Because the Liberian government has in the past

22   refused to recognize SLSOM as a legitimate medical school, the Educational

23   Commission for Foreign Medical Graduates, based in the United States, has

24   permanently removed the school from its International Medical Education

25   Directory. (*Id.*, ¶¶ 85-86, 112.)

26       According to the Complaint, Dr. George Gollin, a professor at the

27   University of Illinois, has become an expert in the area of fraudulent universities

28

1    and professional schools – so-called "diploma mills" – and, from time-to-time,

2    posts his research in this area on his university website. (*Id.,* ¶¶ 124-125.)  The

3    Complaint asserts that Dr. Gollin, relying on the information provided by the

4    Liberian  government,  the  numerous  negative  media  reports,  and  other

5    information that appeared to confirm the fraudulent status of SLSOM, identified

6    SLSOM  as  a  diploma  mill  and  included  information  to  that  effect  on  his

7    university website. (*Id.,* ¶ 124.)

8        It is not at all clear what cause of action these facts, even if true, might

9    trigger, and the Complaint does nothing to illuminate this inquiry.  But as noted

10   above, and as explained next, the ultimate claim, if any, is really immaterial since

11   both the University of Illinois and Dr. Gollin are immune from suit in federal

12   court.  Accordingly, Plaintiff's Complaint as it pertains to the University and Dr.

13   Gollin must be dismissed.

14   **III.    LEGAL STANDARD**

15       Under Rule 12(b)(1), a defendant may properly move to dismiss a

16   complaint for lack of subject matter jurisdiction.  *Ramirez v. Butler,* 319

17   F.Supp.2d 1304, 1036 (N.D. Cal. 2004); FRCP 12(b)(1).  Plaintiff's pleading

18   should "be dismissed if, looking at the complaint as a whole, it appears to lack

19   federal jurisdiction either 'facially' or 'factually'."  *Ramirez,* 319 F.Supp.2d

20   1036.  Where, as is the case here, a complaint is challenged on its face, all factual

21   allegations must be taken as true and construed in the light most favorable to the

22   plaintiff.  *Id.* at 1037.  The Court, however, need not accept as true merely

23   conclusory allegations or unsupported deductions and inferences.  *Sprewell v.*

24   *Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

25

26

27

28

1   **IV.   PLAINTIFF CANNOT PURSUE A FEDERAL COURT ACTION**

2   **AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF**

3   **LAW**

4   It is axiomatic that states are generally immune from private suit in federal

5   court under the Eleventh Amendment. *Regents of the University of California v.*

6   *John Doe*, 519 U.S. 425, 429 (1996). That amendment provides in pertinent part

7   that the "judicial power of the United States shall not be construed to extend to

8   any suit in law or equity . . . against one of the United States by Citizens of

9   another State, or by Citizens . . . of any Foreign State." (U.S. Const. Amend. 11.)

10  As interpreted by courts, the "reference to actions 'against one of the United

11  States' encompasses not only actions in which a State is actually named as a

12  defendant, *but also certain actions against state agents and state*

13  *instrumentalities*." *Regents of the University of California, supra,* 519 U.S. at

14  429 (emphasis added).

15  The Seventh Circuit has long since determined -- not once, but on

16  numerous occasions -- that the University of Illinois is just such a state

17  instrumentality, and, therefore, immune from suit in federal court. *See Cannon v.*

18  *University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-

19  357 (7th Cir. 1983); *see also Goshtasby v. Board of Trustees of the University of*

20  *Illinois,* 123 F.3d 427 (7th Cir. 1997); *Kroll v. Board of Trustees of the University*

21  *of Illinois,* 934 F.2d 904, 908 (7th Cir. 1991); *McMiller v. Board of Trustees of*

22  *the University of Illinois,* 275 F.Supp.2d 974, 979 (N.D. Ill 2003); *Pollak v.*

23  *Board of Trustees of the University of Illinois,* 2004 U.S. Dist. Lexis 12046, *4-6

24  (N.D. Ill 2004). In *Cannon,* for example, plaintiff sought to recover damages

25  against the University of Illinois, among others, for denying her application to

26  medical school on the basis of her age and gender. *Cannon, supra,* 710 F.2d at

27  353. The Seventh Circuit affirmed the lower court's grant of summary judgment,

28

LEGAL02/33060759v1

concluding that the University of Illinois was immune from suit under the Eleventh Amendment as an instrumentality of the state because: (1) the University is, and has always been, defined as a state agency under Illinois law (*Id.* at 256); and (2) any damages awarded against the University would necessarily be satisfied from state funds, and thus the state is the real party in interest (*Id.* at 357).  The court's decision in *Cannon* has since been applied and upheld by the various authorities cited above, and should likewise be followed by this Court.

Indeed, both the Supreme Court and the Ninth Circuit have long recognized that public universities, like the University of Illinois in this case, are "state instrumentalities" entitled to the protections of the Eleventh Amendment. *See, e.g., Regents of the University of California, supra,* 519 U.S. at 430-431 (the University of California is immune from suit in federal court under the Eleventh Amendment); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (same for UCLA); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) (same for Cal State San Francisco); *Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir. 1981) (same for the University of Arizona).  Other federal courts around the country have followed suit, consistently holding that public universities are immune from legal action in federal court. *See, e.g., Kashani v. Purdue University,* 813 F.2d 843, 845 (7th Cir. 1987) (finding that Purdue University is entitled to immunity under the Eleventh Amendment); *Lewis v. Midwestern State University*, 837 F.2d 197, 199 (5th Cir. 1988) (same for Midwestern State University); *Perez v. Rodriguez Bou*, 575 F.2d 21, 25 (1st Cir. 1978) (same for the University of Puerto Rico); *Brennan v. University of Kansas,* 451 F.2d 1287, 1290-91 (10th Cir. 1971) (same for the University of Kansas).

There is no reason for this Court to diverge from the plethora of legal authorities that clearly establish that public universities, and, in particular, the

University of Illinois, are state instrumentalities entitled to the protections of the Eleventh Amendment.  Accordingly, this action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## V.   PLAINTIFF LIKEWISE CANNOT STATE A CLAIM AGAINST DR. GOLLIN ACTING IN HIS OFFICIAL CAPACITY

In addition to barring claims against state instrumentalities, like the University, the Eleventh Amendment also precludes most claims against state employees, like Dr. Gollin, who were acting within their official capacity. *Regents of the University of California, supra*, 519 U.S. at 429 (the 11th Amendment bars claims "against state agents *and* state instrumentalities" (emphasis added)); *Bair v. Krug,* 853 F.2d 672, 675 (9th Cir. 1988) (same).  Thus, to the extent Dr. Gollin is being sued in his official capacity as a professor of the University of Illinois, he, like the University, is entitled to immunity under the Eleventh Amendment. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Harvis v. Board of Trustees of the University of Illinois*, 744 F.Supp. 825, 829-831 (N.D. Ill 1990) (extending the 11th Amendment to a professor of the University of Illinois); *Cannon, supra,* 710 F.2d 357 (extending the 11th Amendment to employees of the University of Illinois).

For instance, in *Harvis,* a claim was brought against a University of Illinois professor for wrongful death arising out of a scuba diving accident on a University vessel used as part of a course on marine life.  744 F.Supp. at 825.  The Court held that the claim against the professor was barred by the Eleventh Amendment since the professor was acting in his official capacity for the University.  The Court explained that "[a]n action against an employee of a state, based upon actions within the scope of his duties as an employee of the state, is in reality an action against the state.  . . .  [W]here any damages would come from the state treasury, regardless of whether the defendant is a state or an officer, agent or employee of

1    the state, the action is in reality an action for the payment of State of Illinois funds

2    and is barred by the eleventh amendment and the principles of sovereign

3    immunity." *Id.* at 829.

4            Similarly, in *Wozniak v. Conry,* a case with remarkable parallels to the

5    instant case, a department head at the University of Illinois was sued for "tortuous

6    [*sic*] interference with an employment contract," arising out of allegedly false

7    representations that the plaintiff claimed were made knowingly or with reckless

8    disregard for their truth. 288 Ill.App.3d 129, 130-131 (Ill. App. Ct., 1997). The

9    individual defendant filed a motion to dismiss, claiming (as here) that he was

10   acting in his official capacity as an agent of the University of Illinois, any action

11   against him was, therefore, in essence an action against the state, and hence the

12   court lacked jurisdiction to hear plaintiff's claims. *Id.*, 131. The trial court

13   granted the motion, which was affirmed on appeal. *Id.*, 136.

14           On appeal, the court looked at whether the relief sought against the

15   professor would "limit the ability of the employee to engage in lawful activity on

16   behalf of the state." *Id.* at 133. In analyzing this point, the court identified the

17   relevant inquiry as whether the individual defendant "would be acting within the

18   scope of his duties by making truthful statements of the general type alleged." *Id.*

19   at 133-134. In *Wozniak,* because the professor's statements (assuming they were

20   true) were clearly within the scope of his duties as head of a department at the

21   University, the lawsuit against him was based on his official capacity, and thus

22   was barred as a matter of law. *Id.*, at 135.

23           The same is true here. Indeed, it is clear from the Complaint that Dr. Gollin

24   is being sued, not as an individual, but in his official capacity as a professor of the

25   University. <u>First</u>, Plaintiff, on the face of his Complaint, *plainly states that Dr.*

26

27

28

LEGAL02/33060759v1

*Gollin is being sued in his "official" capacity.*[4] <u>Second</u>, Plaintiff's primary charge against Dr. Gollin is that, *as a professor of the University*, he has published information on a *university website*.   (Complaint, ¶¶ 123-124, 133.)   <u>Third</u>, Plaintiff refers to Dr. Gollin as a "professor" at the University throughout the Complaint (*Id.*, ¶¶ 15, 18, 123, 141), and specifically identifies him as a "public employee" and on that basis seeks to impose certain duties and responsibilities (*Id.*, ¶¶ 141, 203, 223).  And <u>last</u>, but certainly not least, the Complaint charges the University with supporting Dr. Gollin's efforts by hosting his webpage on a University website, allowing him to use the University's letterhead and insignia in his work, and providing him with access to University computers and servers to carry out his diploma mill research, and, on this basis, seeks to hold the University liable for Dr. Gollin's alleged conduct within the course and scope of his employment. (*Id.,* ¶ 133.)

Taken all together, these allegations point to only one, undeniable conclusion: Plaintiff seeks to hold Dr. Gollin liable in his official capacity as a professor of the University, and thus his claims against Dr. Gollin are barred by the Eleventh Amendment. *Bair, supra,* 853 F.2d 675; *Harvis, supra,* 744 F.Supp. 829-831. Accordingly, this action must be dismissed as to Dr. Gollin as well under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[4] In the caption of the Complaint, Plaintiff actually indicates that Dr. Gollin is being sued as an "official and individual." The Complaint, however, includes absolutely no allegations that distinguish between those acts that were supposedly done by Dr. Gollin, acting as an individual, and those that were allegedly committed within the course and scope of his role as a professor for the University of Illinois. In fact, outside of the caption, there is absolutely no mention whatsoever of Dr. Gollin acting in his individual capacity. To the contrary, as outlined above, the Complaint goes out of its way to establish that Dr. Gollin was acting, not as an individual, but as a professor of the University. The inclusion of a simple statement in the caption that indicates that Dr. Gollin is being sued as an "individual" cannot overcome Plaintiff's specific allegations to the contrary or serve to defeat a claim of immunity under the Eleventh Amendment. *Harvis, supra,* 744 F. Supp. at 830 (finding that the specific allegations of the complaint belied the general allegation that defendant was being "sued in his individual capacity," and thus defendant was still entitled to immunity under the Eleventh Amendment).

## VI.   THE COMPLAINT VIOLATES RULE 8, REQUIRING A SHORT AND PLAIN STATEMENT OF PLAINTIFF'S CLAIMS

Rule 8 mandates that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   [FRCP 8(a)(2).] Moreover, each allegation of the complaint "must be simple, concise and direct." [FRCP 8(d)(1).]   The purpose of this rule is to ensure that defendants have fair notice of the claim levied against them.   *McHenry v. Renne*, 84 F.3d 1172, 1176, 1177-1178 (9th Cir. 1995); *Stewart v. California Dept. of Education*, 2008 U.S. Dist. Lexis 76228, *6 (S.D. Cal. 2008).   Where a pleading fails to achieve even this most rudimentary goal, it violates Rule 8, and should be dismissed under Rule 41(b).[5]   *McHenry*, 84 F.3d at 1180; *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).

In this case, Plaintiff's 92-page Complaint, exclusive of the more than 100 pages of additional exhibits, is anything but "simple, concise and direct."   Worse still, despite its unbearable length, the Complaint utterly fails to specify by whom each count is being brought.   As a result, one cannot tell from the face of the Complaint whether a particular claim is being asserted by any one or all of the four named plaintiffs or, perhaps even, the putative class.[6]   The Complaint likewise fails to state against whom each claim is being brought.   Instead, one must attempt to gleam from the allegations stated therein to whom each count applies, which is not always possible.   Indeed, many of the counts simply refer to the "Defendants," which could include any one or more of the fifteen named

---

[5] Rule 41(b) provides in pertinent part: "If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[6] The University is aware of this Court's December 1, 2011 Order dismissing all of the named plaintiffs, except for Dr. Dolphin.   [*See* Court Order, dated December 1, 2011.] This, however, has only added to the confusion as it unclear whether the claims stated in the Complaint pertain to the single remaining Plaintiff, Dr. Dolphin, or to any one or all of the dismissed plaintiffs.

defendants in this case.  (*See, e.g.*, Complaint, ¶ 253.)  Furthermore, many of the causes of action are stated in only one or two sentences, and fail to include any substantive factual allegations describing the alleged wrongful conduct by each of the fifteen, separate defendants. (*See, e.g.*, Plaintiff's 4th, 5th, 9th 10th, 16[th,] 17th, 18th, 21st and 22nd Causes of Action.)  Simply put, it is virtually impossible to determine from the face of the Complaint who is suing whom and for what.

Plaintiff apparently expects this Court, and the defendants, to comb through nearly 300 paragraphs to try to decipher which claims are being asserted against which defendants, why, and by whom.  Neither this Court, nor any defendant, should be expected to "weed[ ] through the complaint to determine what allegations are leveled at each defendant . . . ." *Stewart, supra,* 2008 U.S. Dist. Lexis 76228, *7; *McHenry, supra,* 84 F.3d 1179-80.  Indeed, this is precisely the type of onerous burden that Rule 8 seeks to avoid, and is itself a basis for dismissing the Complaint. *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.

In *Stewart*, for example, the court found that the complaint violated Rule 8 where it was "nearly impossible to identify the allegations asserted against each defendant." *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.  Similarly, in *McHenry*, the Ninth Circuit upheld the dismissal of the complaint where, despite being more than 40 pages long, it failed to "specify which defendants were liable on which claims;" instead, simply asserting that the "defendants conduct violated various rights of plaintiffs, without saying which defendants." *McHenry,* 84 F.3d 1176.  This, of course, is exactly what Plaintiff has done here – the Complaint does not specify which claims are being brought against which defendants or by whom; nor does it make it clear in every instance exactly what wrongful conduct each defendant is being charged with.

Indeed, the pleading in this case, like the complaint in *McHenry*, "reads like a magazine article instead of a traditional complaint," and is "mostly,

narrative ramblings and storytelling or political griping." *McHenry, supra,* 84
F.3d 1176. In fact, the Complaint appears far more concerned with providing
"quotations for newspaper stories" than with giving defendants notice of the
claims against them. *McHenry,* 84 F.3d 1178. Such a pleading, which is
"labeled a complaint but written more as a press release, prolix in evidentiary
detail," yet lacking a simple and concise statement that alerts the defendants to
what they are being sued for and by whom, "fails to perform the essential
functions of a complaint," and should be dismissed. *Id.* at 1180. Alternatively,
the Court may issue an order requiring plaintiffs to prepare a more definite
statement under Rule 12(e). *Stewart,* 2008 U.S. Dist. Lexis 76228, *8. Either
way, the present pleading simply cannot be allowed to stand, and should be
dismissed.

## VII.  **CONCLUSION**

As demonstrated above, the University of Illinois and Dr. Gollin are not
subject to this Court's jurisdiction under the express mandate of the Eleventh
Amendment. Accordingly, the University and Dr. Gollin should be immediately
dismissed from this action under Rule 12(b)(1). Such dismissal should be *with
prejudice* as to any future filings in federal court. Alternatively, the Court should
dismiss Plaintiff's Complaint under Rule 41(b) for failing to comply with Rule 8
or, at a minimum, require Plaintiff to provide a more definite statement under
Rule 12(e).

DATED:  January 12, 2012       MARTHA S. DOTY
                               NICOLE C. RIVAS
                               **ALSTON & BIRD LLP**

                                        /s/ Nicole C. Rivas
                               _____
                                        Nicole C. Rivas
                               Attorneys for Defendants **BOARD OF TRUSTEES
                               UNIVERSITY OF ILLINOIS** and **DR. GEORGE
                               GOLLIN**