1  MARTHA S. DOTY (State Bar No. 143287)
2  NICOLE C. RIVAS (State Bar No. 179337)
   **ALSTON & BIRD, LLP**
3  333 South Hope Street
   Sixteenth Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile:  (213) 576-1100
   martha.doty@alston.com
6  nicole.rivas@alston.com

7  Attorneys for Defendants **THE BOARD OF TRUSTEES**
   **OF THE UNIVERSITY OF ILLINOIS, erroneously sued as**
8  **THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN;**
   **DR. GEORGE GOLLIN**
9

10          **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  ST. LUKE SCHOOL OF MEDICINE -          Case No.:  11-CV-06322-RGK (SHx)
    GHANA, a Ghanaian corporation; ST.
14  LUKE SCHOOL OF MEDICINE –             [Honorable R. Gary Klausner]
    LIBERIA, a Liberian corporation;
15  DR. JERROLL B.R. DOLPHIN, on behalf    **APPENDIX OF NON-FEDERAL**
    of himself; DR. ROBERT FARMER, on      **AND UNPUBLISHED IN SUPPORT**
16  behalf of a class action,              **OF DEFENDANTS THE**
                                           **UNIVERSITY OF ILLINOIS' AND**
17          Plaintiffs,                    **DR. GEORGE GOLLIN'S MOTION:**

18  v.                                     **(a)    TO DISMISS; OR**

19  REPUBLIC OF LIBERIA; MINISTRY OF       **(b)    ALTERNATIVELY FOR A**
    HEALTH, a Liberian Governmental                **MORE DEFINITE**
20  Agency; MINISTRY OF EDUCATION, a               **STATEMENT**
    Liberian Governmental Agency; LIBERIAN
21  MEDICAL BOARD, a Liberian              **[FRCP 8(a)(2), 12(b)(1) & 12(e),**
    Governmental Agency; NATIONAL          **41(b).]**
22  COMMISSION ON HIGHER
    EDUCATION, a Liberian Governmental     [Filed Concurrently With Notice Of
23  Agency; NATIONAL TRANSITIONAL          Motion and Motion; Memorandum of
    LEGISLATIVE ASSEMBLY, a Liberian       Points and Authorities; Declaration Of
24  Governmental Agency; DR. ISAAC         Nicole C. Rivas; and [Proposed] Order]
    ROLAND as official and individual;
25  MOHAMMED SHERIFF as official and
    individual; DR. BENSON BARH as official  DATE:          February 13, 2012
26  and individual; DR. GEORGE GOLLIN as    TIME:          9:00 a.m.
    official and individual; DR. BRAD       COURTROOM:     850
27  SCHWARTZ as official and individual,
    ALAN CONTRERAS as official and
28  individual; UNIVERSITY OF ILLINOIS-     Complaint Filed:  August 1, 2011

LEGAL02/33068460v1

1  URBANA CHAMPAIGN, an Illinois
   Institution of Higher Learning; STATE OF
2  OREGON, Office of Degree Authorization;
   the NATIONAL ACCREDITATION
3  BOARD OF THE REPUBLIC OF GHANA,
   EDUCATION COMMISSION FOR
4  FOREIGN MEDICAL GRADUATES; a
   Pennsylvania non-profit corporation;
5  FOUNDATION FOR ADVANCEMENT
   OF MEDICAL EDUCATION AND
6  RESEARCH, a Pennsylvania non-profit
   organization,

7          Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/33068460v1

1    Defendants The University of Illinois and Dr. George Gollin hereby submit copies

2 of the following unpublished and non-federal authorities in support of their Motion To

3 Dismiss, or, Alternatively for a more Definite Statement.

4

5 **Unpublished Authorities**

6    **Exhibit A:**   *Pollak v. Board of Trustees of the University of Illinois,*

7 2004 U.S. Dist. Lexis 12046 (2004)

8    **Exhibit B:** *Stewart v.* California *Dept. of Education,* 2008 U.S. Dist. Lexis

9 76228 ( 2008)

10 Non-Federal Cases

11    **Exhibit C:** *Wozniak v. Conry,* 288 Ill.App.3d 129 (1997)

12

13 DATED:  January 12, 2012     MARTHA S. DOTY

14                               NICOLE C. RIVAS
                                 **ALSTON & BIRD LLP**

15
                                             /s/ Nicole C. Rivas
16
                                 _____
17                                       Nicole C. Rivas
                                 Attorneys for Defendants **BOARD OF TRUSTEES**
18                               **UNIVERSITY OF ILLINOIS** and **DR. GEORGE**
                                 **GOLLIN**
19

20

21

22

23

24

25

26

27

28

LEGAL02/33068460v1

# EXHIBIT A





Positive
As of: Jan 12, 2012

RAYMOND POLLAK, M.D., Plaintiff, v. BOARD OF TRUSTEES OF THE UNI-
VERSITY OF ILLINOIS, et al., Defendants.

Case No. 99 C 710

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2004 U.S. Dist. LEXIS 12046

June 29, 2004, Decided
June 29, 2004, Filed; June 30, 2004, Docketed

**DISPOSITION:**   [*1]   Defendants' motions to
Dismiss GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, a university
board and supervisors, moved to dismiss plaintiff doc-
tor's private claims for retaliation under the Illinois
Whistleblower Recovery and Protection Act, 740 Ill.
Comp. Stat. § 175/4 (IWRPA), and the False Claims Act,
31 U.S.C.S. § 3730(h) (FCA) on Eleventh Amendment
grounds. Intervenors, the government and the State, set-
tled qui tam claims against defendants under 31 U.S.C.S.
§ 3729 and the IWRPA.

**OVERVIEW:** The board still qualified as an "arm of the
state" under the Eleventh Amendment, even though State
funding of its budget was smaller than in prior years. The
board did not waive sovereign immunity when the qui
tam claims were settled. The settlement agreement rec-
ognized the board's reservation of all defenses. Accord-
ingly, sovereign immunity protected the board from suit
under both the FCA and the IWRPA. The doctor's suit
against the supervisors in their official capacities was
dismissed for the same reason. The claims against the
supervisors in their individual capacities also lacked
merit. The doctor did not show that the FCA authorized
him to file such a suit. 31 U.S.C.S. § 3730(h) imposed
liability upon "employers," not any person who could
conceivably retaliate against a whistleblower. Although
the appellate court had not addressed the issue, the court
did not doubt it would follow precedent from sister
courts and hold that supervisors did not qualify as "em-
ployers." With the dismissal of this claim, combined with
dismissal of the FCA claims against the board, the court
could not exercise supplemental jurisdiction over the
IWRPA claim against the supervisors.

**OUTCOME:** The doctor's FCA claims against the su-
pervisors and the board and the IWRPA claim against the
board were dismissed as barred by sovereign immunity.
The doctor's IWRPA claims against the supervisors were
dismissed for lack of jurisdiction.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings >*
*Complaints > Requirements*
*Civil Procedure > Pleading & Practice > Pleadings >*
*Rule Application & Interpretation*
[HN1] See Fed. R. Civ. P. 8(a)(2).

*Civil Procedure > Pleading & Practice > Defenses,*
*Demurrers & Objections > Motions to Dismiss*

[HN2] A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. A motion to dismiss will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > General Overview*
*Constitutional Law > State Autonomy > General Overview*
[HN3] The Eleventh Amendment protects states and "arms of the states" from suit in federal court absent their consent or Congress' explicit decision to confer jurisdiction.

*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > General Overview*
*Constitutional Law > State Autonomy > General Overview*
[HN4] The Board of Trustees of the University of Illinois qualifies as an "arm of the state" for Eleventh Amendment purposes.

*Labor & Employment Law > Employer Liability > False Claims Act > Coverage & Definitions > Protected Activities*
*Labor & Employment Law > Wrongful Termination > Whistleblower Protection Act > General Overview*
[HN5] Although the United States Court of Appeals for the Seventh Circuit has never addressed the issue, sister courts have uniformly held that supervisors do not qualify as "employers" subject to liability under the False Claims Act, 31 U.S.C.S. § 3729.

**COUNSEL:** For RAYMOND POLLAK, United States of America and the State of Illinois ex rel, plaintiff: Robin B. Potter, Robin Potter & Associates, P.C., Chicago, IL. Laurie J Wasserman, Law Offices of Laurie J. Wasserman, Skokie, Il. Ronald E Osman, Ronald E. Osman & Associates, Marion, IL.

For BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, defendant: William Denby Heinz, Jerold Sherwin Solovy, Lise Taylor Spacapan, Robert R. Stauffer, Jenner & Block, LLC, Chicago, IL. Patrick Sean Coffey, Jamie Marie Haberichter, Gardner Carton & Douglas LLP, Chicago, IL.

For JAMES J STUKEL, President of the University of Illinois, CHARLES RICE, Vice Chancellor for Health Affairs, R K DIETER HAUSSMANN, former Vice Chancellor for Health Affairs, GERALD S MOSS, Dean, College of Medicine, WILLIAM CHAMBERLIN, Associate Dean, College of Medicine, individually, defendants: Robert R. Stauffer, Jenner & Block, LLC, Chicago, IL.

**JUDGES:** Harry D. Leinenweber, Judge, United States District Judge.

**OPINION BY:** Harry D. Leinenweber

**OPINION**

### MEMORANDUM OPINION AND ORDER

[*2] Plaintiff Raymond Pollak, M.D. (hereinafter, "Pollak") filed both qui tam and individual claims against Defendants Board of Trustees of the University of Illinois (hereinafter, the "BOT") and several of his former supervisors (hereinafter, the "Individual Defendants") under the federal False Claims Act (the "FCA"), 31 U.S.C. § 3729 and the Illinois Whistleblower Recovery and Protection Act (the "IWRPA"), 740 ILCS 175/4. The United States and the State of Illinois intervened in the qui tam actions, and settled these claims against the BOT, leaving only Pollak's private claims for retaliation outstanding. These claims are based on 31 U.S.C. § 3730(h) and 740 ILCS 175/4(g), respectively. The BOT and the Individual Defendants have each moved to dismiss the remainder of Pollak's case in its entirety on Eleventh Amendment grounds.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that [HN1] "[a] pleading which sets forth a claim for relief, . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" [HN2] A motion to [*3] dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

### II. DISCUSSION

2004 U.S. Dist. LEXIS 12046, *

## A. Claims against the BOT

By suing the BOT, Pollak has invoked serious Eleventh Amendment concerns. [HN3] The Eleventh Amendment protects states and "arms of the states" from suit in federal court absent their consent or Congress' explicit decision to confer jurisdiction. Benning v. Board of Regents, 928 F.2d 775, 777 (7th Cir. 1991).

In Cannon v. University of Health Sciences/Chicago Medical School, 710 F.2d 351 (7th Cir. 1983) the Seventh [*4] Circuit held that [HN4] the BOT qualified as an "arm of the state" for Eleventh Amendment purposes, barring a suit against it in federal court. Canon has been consistently upheld by numerous decisions within the Seventh Circuit and its subservient district courts. See Kaimowitz v. Bd. of Trustees of the University of Illinois, 951 F.2d 765, 767 (7th Cir. 1991); Goshtasby v. Bd. of Trustees of the University of Illinois, 123 F.3d 427 (7th Cir. 1997); McMiller v. Bd. of Trustees of the Univ. of Illinois, 275 F. Supp. 2d 974, 979 (N.D. Ill. 2003). Similarly, state courts within Illinois have also held that the BOT qualifies as an arm of the state for sovereign immunity purposes. See Ellis v. Board of Governors of State Colleges & Universities, 102 Ill. 2d 387, 393, 466 N.E.2d 202, 80 Ill. Dec. 750 (1984).

Pollak hopes to overcome this precedential case law by asking the Court to revisit the reasoning underpinning Canon. Pollak argues that, although the BOT qualified as an arm of the state circa Canon in 1984, it does not necessarily follow that it remains an arm of the state in perpetuity. To support this argument, Pollak notes that the State of Illinois [*5] now contributes a significantly smaller portion of the BOT's budget than it did in 1984. Additionally, Pollak points out that some of our sister courts have rejected claims that state universities qualify as arms of the state when the state at issue contributed a significantly higher share of the university budget than Illinois does here. See Kovats v. Rutgers, 822 F.2d 1303 (3rd Cir. 1987); Honadle v. University of Vermont, 115 F. Supp. 2d 468 (D. Vt. 2000). Accordingly, Pollak urges the Court to conduct a "fact intensive inquiry" to determine whether or not the BOT still qualifies as an arm of the state, and not blindly follow Canon and its progeny.

Pollak makes a cogent point that the designation of an agency or organization as an arm of the state is not immutable. Certainly, the Court can envision circumstances in which an agency so designated would lose its sovereign immunity protection upon acquiring significant autonomy from the State or ceasing to depend on the State for financial support. In the most obvious example, if a State totally privatizes a once public college or hospital, the newly private body would indisputably lose its privileged status.

[*6] That being said, in the absence of such a clear change of status here, the Court does not believe it appropriate for the District Court to engage in Pollak's requested fact-intensive inquiry. The Court notes that it has received precedential guidance on this question from the Seventh Circuit as recently as 1997. In the intermediate time, Pollak has shown nothing so extreme as to warrant this Court from engaging in the judicial hubris of attempting to overrule a higher authority. If Pollak wishes to reargue the BOT's status as an arm of the state, he may do so within the appropriate forum of the Seventh Circuit upon appeal. As of now, the Court finds that BOT still qualifies as an arm of the state under the Eleventh Amendment.

Pollak makes two other arguments that he believes permits his claims to survive. First, Pollak contends that the BOT waived its right to claim sovereign immunity when the State of Illinois intervened and settled the qui tam claims originally filed by Pollak. Alternatively, Pollak argues that the intervention of the United States in the qui tam action voided any claim that the BOT had to invoke sovereign immunity. These arguments are without merit. To begin with, [*7] although the United States and the State of Illinois intervened and settled the qui tam claims, they expressly declined to intervene (nor arguably, could they intervene) in the at-issue retaliation claims. Furthermore, the settlement agreement that resolved the qui tam claims provided that the BOT "expressly reserves any and all defenses to any and all remaining counts of the Civil Action." Ergo, the BOT specifically refused to waive its sovereign immunity defense and, in the settlement agreement, the United States and the State of Illinois consented to permit the BOT to retain these defenses.

As a result, the Court finds that sovereign immunity protects the BOT from suit under both the FCA and the IWRPA.

## B. Claims against the Individual Defendants

In addition to the BOT, Pollak has sued the Individual Defendants in both their official and individual capacities. With respect to suing the Individual Defendants in their official capacities, Pollak runs afoul of the same Eleventh Amendment concerns that preclude him from maintaining a suit against the BOT. Therefore, for the same Eleventh Amendment reasons as discussed above, the Court dismisses Pollak's suit against the Individual [*8] Defendants in their official capacities.

With respect to his suit against the Individual Defendants in their individual capacities, Pollak does not face an Eleventh Amendment bar. Nevertheless, these claims also lack merit, as Pollak fails to establish that the FCA even authorizes him to file such a suit. The Court

notes that, unlike other federal statutes, 31 U.S.C. § 3730(h) of the FCA imposes liability only upon "employers," not any person who could conceivably retaliate against a whistleblower. [HN5] Although the Seventh Circuit has never addressed this issue, our sister courts have uniformly held that supervisors, such as the Individual Defendants, do not qualify as "employers" subject to liability under the FCA. See United States, ex rel. Golden v. Arkansas Game & Fish Commission, 333 F.3d 867, 871 (8th Cir. 2003), cert. denied, 157 L. Ed. 2d 894, 124 S. Ct. 1069 (2004); United States, ex rel. Siewick v. Jamieson Science and Engineering, Inc., 355 U.S. App. D.C. 278, 322 F.3d 738, 740 (D.C. Cir. 2003); United States, ex rel. Wilkins v. Ohio, 885 F. Supp. 1055 (S.D. Ohio 1995); United States, ex rel. McVey v. Bd. of Regents, 165 F. Supp. 2d 1052, 1056 (N.D. Cal. 2001). [*9] Pollak gives this Court no reason to doubt that the Seventh Circuit, should it ever address this issue, would reach a different conclusion than every other court that has ever considered it.

The Court therefore dismisses Pollak's FCA claims against the Individual Defendants. As a result of this dismissal, combined with the Court's dismissal of the FCA claims against the BOT, Pollak no longer has any federal claims pending. This, in turn, prevents the Court from exercising supplemental jurisdiction over any IWRPA claims Pollak might have against the Individual Defendants (such claims against the BOT having been

dismissed due to the BOT's sovereign immunity). Therefore, the Court also dismisses the IWRPA claims against the Individual Defendants.

## CONCLUSION

For the reasons stated herein, the Court finds Pollak's claims barred by precedent within the Seventh Circuit and the State of Illinois, and the Motions to Dismiss of the BOT and the Individual Defendants are **GRANTED.**

## IT IS SO ORDERED.

Harry D. Leinenweber, Judge

United States District Court

Dated: June 29, 2004

## JUDGMENT IN A CIVIL CASE

Decision by Court. This action came before the [*10] Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the motions to dismiss of the Board of Trustees and the Individual Defendants are granted.

Date: 6/29/2004

# EXHIBIT B



JASON P. STEWART, Plaintiff, v. CALIFORNIA DEPARTMENT OF EDUCA-
TION, et al., Defendants.

Civil No. 07cv0971 JAH(CAB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA

2008 U.S. Dist. LEXIS 76228

September 30, 2008, Decided
September 30, 2008, Filed

**COUNSEL:** [*1] Jason P. Stewart, Plaintiff, Pro se,
Poway, CA.

For California Department of Education, (CDE), De-
fendant: Michael Eric Hersher, California Department of
Education, Sacramento, CA.

For State Office of Administrative Hearings, (OAH),
Defendant: Michelle M. Mitchell, LEAD ATTORNEY,
Office of the Attorney General, Sacramento, CA.

For McGeorge College of Law, Fait, -, Defendants: Mi-
chael Eric Hersher, LEAD ATTORNEY, California De-
partment of Education, Legal Division, Sacramento, CA.

For San Diego County Board of Education, (SDCOE),
Poway Unified School District Governing Board,
(PUSD), Defendants: Jeffery Allen Morris, LEAD AT-
TORNEY, Stutz Artiano Shinoff and Holtz, Temecula,
CA.

For San Diego County Board of Supervisors, (SD Coun-
ty), Defendant: David G Axtmann, County of San Diego
Office of County Counsel, San Diego, CA.

For Rady's Children's Hospital, (RCH), Defendant: Rita
R Kanno, Lewis Brisbois Bisgaard and Smith, San Die-
go, CA.

For Betsy A. Slavik, (Slavik), K.I.D.S Therapy Associ-
ates, Inc., (KIDS), Defendants: Julie Renee Dann, Lewis
Brisbois Bisgaard & Smith, LLP, San Diego, CA.

For Akinson, Andelson, Loya, Ruud & Romo,
("AALRR"), Defendant: Nancy Long Cole, LEAD AT-
TORNEY, Atkinson Andelson [*2] Loya Ruud and
Romo, Cerritos, CA.

**JUDGES:** JOHN A. HOUSTON, United States District
Judge.

**OPINION BY:** JOHN A. HOUSTON

**OPINION**

**ORDER RE: DEFENDANTS' MOTIONS TO DIS-
MISS [Doc. Nos. 6, 28, 36, 38, 40, 44, 47, 55, 82] AND
PLAINTIFF'S MOTIONS [Doc. Nos. 51, 80, 99, 108,
118]**

**BACKGROUND**

Plaintiff filed a complaint on May 29, 2007, seeking
relief under 42 U.S.C. § 1983, Title IX, 42 U.S.C. 2000d,
42 U.S.C. § 12101, 42 U.S.C. § 1985, 20 U.S.C. § 1400
and the Rehabilitation Act, and for violations of the First,
Fourth, and Fourteenth Amendments. California De-
partment of Education, Superintendent, Jack O'Connell,
State office of Administrative Hearings, McGeorge Col-
lege of Law, Glenn Fait, San Diego County Board of
Education, San Diego County Board of Supervisors,
Poway Unified School District Governing Board, PUSD
Special Education Local Plan Area, Jo Ann Murphy,
Theresa Kurtz, Emily Shieh, PUSD IEP Teams, Rady's
Children's Hospital, Betsy A. Slavik, K.I.D.S. Therapy
Associates, Inc., Kelli Marsaglia, the firm Akinson, An-

delson, Loya, Ruud and Romo, and Does 1-50 were named as defendants.

On July 2, 2007, Defendant County of San Diego [1] ("the County") filed a motion to dismiss or in the alternative, a motion for a more definite [*3] statement. See Doc. No. 6. Defendant Rady's Children's Hospital filed a motion to dismiss and a motion to strike request for punitive damages on July 13, 2007. See Doc. No. 28. Defendants Slavik, and K.I.D.S Therapy Associates ("K.I.D.S.") filed a motion to dismiss and motion to strike request for punitive damages. [2] See Doc. No. 36. On July 16, 2007, Defendant San Diego County Office of Education ("BOE") filed a motion to dismiss (Doc. No. 38) and Defendant Akinson, Andelson, Loya, Ruud and Romo ("AALRR") filed a motion to dismiss or alternatively, for a more definite statement (Doc. No. 40). Defendants Pacific McGeorge School of Law and Fait filed a motion to dismiss on July 20, 2007. See Doc. No. 44. On July 23, 2007, Poway Unified School District (sued as PUSD Special Education Local Plan, PUSD IEP Teams and PUSD Governing Board) ("PUSD") and Defendants Shieh, Marsaglia, Murphy and Kurtz filed a motion to dismiss (Doc. No. 47). On August 16, 2007, Defendant Office of Administrative Hearings ("OAH") filed a motion to dismiss and motion to strike (Doc. No. 55).

> 1   Sued as "San Diego County Board of Supervisors (S.D. County)"
> 2   Defendant Rady's Children's Hospital joined in the motion.

Plaintiff's [*4] opposition to Defendant County of San Diego's motion was filed *nunc pro tunc* to August 7, 2007. Plaintiff filed an opposition to Defendants Fait and Pacific McGeorge School of Law's motion to dismiss on August 20, 2007. See Doc. No. 57. Defendants filed a reply on August 27, 2007.

Plaintiff filed oppositions to Defendant San Diego County Office of Education's motion, Defendant AALRR's motion, Defendant PUSD's motion, and Defendants Slavik and K.I.D.S.'s motion on August 27, 2007. See Doc. Nos. 60, 61, 62, 65.

Defendant County of San Diego filed a reply on August 31, 2007. See Doc. No. 67. Defendants Slavik and K.I.D.S. filed a reply on September 4, 2007. See Doc. No. 68. Defendant PUSD filed a reply on September 7, 2007. See Doc. No. 71. Defendant AALRR filed a reply on September 10, 2007. See Doc. No. 74.

On October 11, 2008, Defendants California Department of Education and O'Connell filed a motion to dismiss on October 11, 2007. See Doc. No. 82. Plaintiff filed a response to Defendant Office of Administrative Hearing's motion on October 26, 2007. See Doc. No. 92.

On November 8, 2007, Defendant Office of Administrative Hearings filed a reply. See Doc. No. 96.

On May 23, 2008, Plaintiff [*5] filed an application for leave to file a response to Defendant California Department of Education's motion. Upon finding lack of good cause, the Court denied the request. See Doc. No. 114. Plaintiff has filed a motion for reconsideration of the order. See Doc. No. 118.

## DISCUSSION

The various defendants seek dismissal of the complaint pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). They also seek to dismiss or move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for failing to comply with Rule 8. Certain Defendants also seek to strike portions of the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant California Department of Education and O'Connell also seek dismissal under Federal Rule of Civil Procedure 12(b)(5).

## I. Plaintiff's Generally Inadequate Complaint

### A. Federal Rule of Civil Procedure 8

As an initial matter, the Court finds Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and should be dismissed in its entirety without prejudice. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon [*6] which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

Sifting through the allegations of the 98 page complaint is an arduous task. The rambling complaint which primarily discusses aspects of Plaintiff's education is at times incoherent and is very confusing. It contains disconnected allegations against a number of individuals, some of whom are not named as defendants, quotes from correspondence between Plaintiff's parent and the individuals involved in Plaintiff's education, verbatim legal arguments made in other cases involving Plaintiff and his parent, and quotes from testimony provided in other actions. At one point, Plaintiff appears to have cut and pasted the cover page of the [*7] third amended com-

plaint in Lindsey Stewart v. Poway United School Dist.; case number 04cv0438 into the complaint in this action.

The complaint fails to conform with Rule 8(d) which requires a pleading be "simple, concise and direct." The Ninth Circuit has recognized that "confusing complaints. . .impose unfair burdens on litigants and judges." McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996). This Court finds weeding through the complaint to determine what allegations are leveled at each defendant to determine whether Plaintiff states a claim imposes a heavy burden sought to be avoided by Rule 8. It is nearly impossible to identify the allegations asserted against each defendant.

Although not all Defendants move to dismiss pursuant to Rule 8 or move for a more definite statement under Rule 12(e), they all recognize Plaintiff's failure to comply with Rule 8. See County of San Diego Motion at 1, n.1 ("[I]t should be noted that it is challenging to distill the allegations [in the complaint] due to the structure and nature of the narrative in the pleading."); Defendant Rady's Motion at 2 (Referring to the complaint as unintelligible and difficult to decipher); Defendants Slavik and  [*8] K.I.D.S.'s Motion at 13 (Seeking dismissal of the complaint, described as "convoluted and undecipherable," pursuant to Rule 8); San Diego County Office of Education's Motion at 2 (Describing the complaint as "vague and confusing with lengthy recitations of incomprehensible facts."); Defendant AALRR's Motion at 3 ("Plaintiff's complaint is extremely lengthy, rambling, disorganized and vague."); Defendants University of the Pacific McGeorge School of Law's Motion at 2 ("Plaintiff JASON P. STEWART has filed a largely incomprehensible document entitled Complaint. . ."); Defendant OAH's Motion at 14 (Describing the complaint as "confused and redundant."); Defendants CDE and O'Connell's Motion at 2 (Describing the complaint at "largely incomprehensible").

Accordingly, the complaint is dismissed in its entirety for failure to comply with Rule 8. Defendants' motions seeking dismissal pursuant to Rule 8 and seeking a more definite statement pursuant to Rule 12(e) are GRANTED. The motions to dismiss pursuant to Rule 12(b)(6) based upon insufficient allegations are DENIED without prejudice.

**B. Leave to Amend**

Plaintiff will be provided an opportunity to file an amended complaint that complies with  [*9] Rule 8 and sufficiently states claims against the named defendants. To comply with Rule 8, the amended complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d

646, 649 (9th Cir. 1984); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

**1. The First Amended Complaint Must State a Claim**

To make out a claim cause of action under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

42 U.S.C. § 2000d, Title VI, provides that "no person in the United States shall, on the ground of race, color or national origin be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Accordingly, claims brought under 42 U.S.C. § 2000d must allege discrimination based upon race, color or national origin. Claims brought pursuant to Title IX of the Education Amendments of 1972 to the Civil Rights Act of 1964,  [*10] which protects against discrimination based upon sex, must at minimum, allege discrimination based upon sex.

To properly allege a claim under the ADA or the Rehabilitation Act [3], a plaintiff must allege that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities or was otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefits or discrimination was by reason of the disability. Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997).

> 3   Title II of the ADA extended the reach of the Rehabilitation Act to all public entities, irrespective of whether they receive federal funds. As such, courts read the Rehabilitation Act consistently with Title II of the ADA. Armstrong v. Davis, 275 F.3d 849, n. 17 (9th Cir. 2001).

To state a claim pursuant to 42 U.S.C. § 1985 requires allegations showing (1) a conspiracy to deprive him, as a member of a protected class, equal protection of the laws, (2) an act by one of the conspirators in furtherance of the conspiracy, and (3) a personal injury,  [*11] property damage or deprivation of a right or privilege guaranteed to him as a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).

Plaintiff must also clearly and sufficiently allege facts to support a claim under the IDEA. He must also include allegations showing he exhausted his administrative remedies or exhaustion is unnecessary. See Robb v.

Bethel School Dist. No. 403, 308 F.3d 1047, 1050 (9th Cir. 2992).

## 2. The First Amended Complaint Must Address Statute of Limitations Issues

Defendants Slavik and K.I.D.S., and Defendants Pacific McGeorge School of Law argue Plaintiff's civil rights actions are untimely. Defendants maintain California's one-year statute of limitations for personal injury actions governs civil rights claims brought under section 1983 and section 1985; and claims under section 2000d are brought under the same limitations period as section 1983 claims. Plaintiff alleges Defendants' misconduct is based on Slavik's testimony from the hearing which was conducted from February 28, to March 1, 2006 and based on her report dated March 2, 2004. According to Defendants, Plaintiff, whose date of birth is March 21, 1988, failed to file the [*12] complaint one year after reaching the age of majority. As such, defendants contend the statute of limitations bars his claims.

"California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985." Taylor v. Regents of Univ. Of California, 993 F.2d 710, 711 (9th Cir. 1993) (citing Wilson v. Garcia, 471 U.S. 261, 275, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir. 1991)). However, a plaintiff's claim is tolled under California law until the plaintiff reaches the age of eighteen. Cal.Civ.Proc.Code § 352(a); Cal. Fam.Code § 6500 (providing that the age of majority in California is eighteen).

Plaintiff reached the age of majority in March 2006. His complaint was filed May 2007. Accordingly, his claims under sections 1983 and 1985, absent tolling, are untimely. The claims based upon Slavik's testimony from the hearing conduct February 28 to March 1, 2006 and the March 2, 2004 report are DISMISSED WITHOUT PREJUDICE. In the event Plaintiff desires to include these claims, Plaintiff's amended complaint must include facts supporting tolling.

## II. Defendant's Remaining Motions to Dismiss

Although the [*13] complaint is dismissed in its entirety for failure to comply with Rule 8, the Court finds it appropriate to address certain motions made by Defendants not addressing the sufficiency of the allegations which will preclude Plaintiff from bringing the claims in an amended complaint. [4] The Court must also address Defendant Rady's and Defendants Slavik and K.I.D.S.'s motions to strike and Defendant CDE's motion to dismiss for improper service.

4   Several Defendants move to dismiss based upon res judicata. Rady's argues the judgment in the state court action in favor of Rady's in Stewart v. PUSD, case no. GIC868954, which contained allegations which are the basis of Plaintiff's present claims against Rady's bars the action. Defendants Slavik and K.I.D.S. contend Plaintiff's action in Superior Court and the administrative proceedings which were based upon essentially the same factual allegations contained in Plaintiff's present complaint bar the pending matter. Defendants PUSD, Shieh, Marsaglia, Murphy and Kurtz maintain the pending action is barred by res judicata, the action filed by Plaintiff's mother, Stewart v. Poway Unified Sch. Dist. Bd. of Educ. Trs., case number 04cv0438 WQH (POR) resulted [*14] in a final judgment, which raised claims asserted in the pending action and the parties are in privity.

Determination of the possible preclusive effect of prior actions requires a review of Plaintiff's current allegations. Because the Court dismisses the action based upon the confusing and incoherent nature of the claims, it is more appropriate to address res judicata after Plaintiff files his amended complaint that complies with Rule 8.

Defendant Rady's, and Defendants Slavik and K.I.D.S. also assert they are immune from litigation pursuant to California Code of Civil Procedure section 47(b). Defendants argue if each of Plaintiff's claims are based on the allegation that Rady and Defendant Slavik conspired to falsify reports and this was discovered during Slavik's testimony at the administrative law proceeding, said communications are absolutely protected from litigation and cannot be the basis of this lawsuit.

"[F]ederal courts will recognize state privileges only in cases in which state law supplies the rule of decision." Religious Technology Center v. Wollersheim, 971 F.2d 364, 367 n. 10 (9th Cir. 1992). Defendants fail to demonstrate that the state litigation privilege is relevant [*15] to claims brought under the federal claims asserted in the pending complaint. Accordingly, the motion to dismiss on this basis is DENIED.

## A. Claims Plaintiff is Precluded from Bringing in an Amended Complaint

## 1. Claims Against Defendant OAH

Defendant OAH argues Plaintiff's claims arise from Administrative Law Judge Geren's decisions and imposition of sanctions and therefore, it is entitled to judicial immunity. Judges are absolutely immune from suits for money damages for acts performed in their official capacities. Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity is extended to a hearing officer's judicial or quasi-judicial functions. See Taylor v. Mitzel, 82 Cal.App.3d 665, 147 Cal. Rptr. 323 (1978); Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) ("[Those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."). Judicial immunity is not overcome by allegations of bad faith, malice or conspiracy. Mireles, 502 U.S. at 11. The only circumstances in which a judicial officer will not have judicial immunity are where the judicial officer [*16] did not perform a judicial act, and where the judicial officer acted in clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57, 360, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11-12.

Plaintiff maintains ALJ Geren had no jurisdiction to review his parents' past investigations in reaching his decision in April 2006. Plaintiff does not argue the ALJ lacked jurisdiction to hear the action. Instead, he challenges the ALJ's review of certain information in reaching the decision. Clearly, Plaintiff is challenging acts taken by ALJ Geren's in his role as a judicial officer and within Geren's jurisdiction as an ALJ. Accordingly, Defendant OAH is entitled to judicial immunity. Accordingly, Plaintiff is precluded from bringing any claims against OAH based upon rulings made by ALJ Geren.

## 2. Claims against Pacific McGeorge School of Law and Fait

Defendants Pacific McGeorge School of Law and Fait maintain they are entitled to judicial immunity from suit based upon their acts taken in their quasi-judicial capacity as hearing officers in due process hearings.

Plaintiff argues Fait, a hearing officer with the Special Education Hearing Office ("SEHO") run by Pacific McGeorge School of Law, was [*17] not authorized to act as a judicial officer when he issued the orders on August 11, 2005 and August 31, 2005. He maintains the OAH took over judicial duties on July 1, 2005. In reply, Defendants argue they were authorized and acting under their contractual duty when Fait ruled on the motions. They maintain that the OAH was contracted to hear actions filed after July 1, 2005, and those filed before, but not yet heard. They further maintain Plaintiff's case,

which as heard in part before July 1, 2005, remained the responsibility of the SEHO.

Plaintiff fails to demonstrate Fait was not acting as a judicial officer when his issued the orders and fails to demonstrate a clear lack of jurisdiction. Accordingly, Defendant Pacific McGeorge School of Law and Fait are entitled to judicial immunity. Plaintiff's amended complaint shall not assert any claims against Defendants based upon Fait's conduct as a judicial officer.

## 3. Claims Against Poway Unified School District and District Employees

### a. Section 1983 Claim

Defendants argue the Eleventh Amendment bars section 1983 claims against PUSD and the individual district employees. Beyond stating the claim is not barred by the Eleventh Amendment, Plaintiff [*18] sets forth no argument.

#### i. Poway Unified School District

The Eleventh Amendment prohibits suits against a state, and section 1983 does not abrogate this immunity since a state is not a "person" for purposes of the statute. Will v. Michigan Dept of State Police, 491 U.S. 58, 62, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). As an "arm" of the state, the Poway Unified School District itself is shielded from liability under the Eleventh Amendment. Id. at 70; Belanger v. Madera Unified School District, 963 F.2d 248, 251 (9th Cir. 1992) (California school districts are considered to be state agencies for immunity purposes); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988). "[I]n the absence of consent a suit in which the State or one of its agencies or department is named as the defendant is proscribed by the Eleventh Amendment. The state has not consented to be sued under section 1983 and Congress did not override states' sovereign immunity when it enacted section 1983. Will, 491 U.S. at 67; Southern Pacific Transp. Co. v. City of Los Angeles, 922 F.2d 498 (9th Cir. 1990). Accordingly, PUSD is entitled to Eleventh Amendment Immunity from the section 1983 claim for damages. Plaintiff is precluded [*19] from bringing such a claim against PUSD in his amended complaint.

#### ii. District Employees

The Eleventh Amendment also prohibits damage actions against state officials acting in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). However, the Eleventh Amendment "does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." Chaloux v. Killeen, 886 F.2d 247, 252 (9th Cir. 1989) (internal quotations omitted); Pennhurst, 465 U.S.

89, 104-06, 104 S. Ct. 900, 79 L. Ed. 2d 67. "It is well established that the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against an officer of the state who acts outside the bounds of his authority." Porter v. Bd. of Trustees, Manhattan Beach Unified Sch. Dist., 307 F.3d 1064, 1074 (9th Cir. 2002) (quoting Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 (9th Cir. 1994); Ex parte Young, 209 U.S. 123, 159-60, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). Injunctive relief, however, is available only if there is a "real or immediate threat that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983).

Defendants [*20] Shieh, Marsaglia, Murphy and Kurtz are entitled to immunity from the section 1983 claims for damages against them in their official capacities. Plaintiff is precluded from bringing those claims in his amended complaint.

**b. Americans with Disabilities Act**

Defendants maintain Plaintiff's ADA claim is barred by the Eleventh Amendment. They argue suits to recover money damages for failure to comply with Title I of the ADA are barred by the Eleventh Amendment. However, states are not entitled to Eleventh Amendment immunity from claims brought under Title II of the ADA. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004).

Accordingly, Plaintiff may not bring claims under Title I of the ADA against PUSD and the district employees.

**4. Request for an Appeal of the Administrative Hearings**

Defendant Rady's, Defendants Slavik and K.I.D.S., and Defendant San Diego Board of Education argue a party may bring a civil action in the appropriate state or federal court if dissatisfied with a state educational agency's determination following a due process hearing. Defendant Ray's contends Plaintiff appealed his case to the San Diego Superior Court instead of federal court when [*21] he filed his first amended complaint against defendants on January 18, 2007 and the case was decided in favor of the defendants. Defendants argues, according to the allegations of the complaint, Plaintiff is attempting a second untimely appeal to federal court regarding his dissatisfaction with the Administrative Law Judge's ruling of April 13, 2006, because the Section 56505(k) provides a party 90 days from receipt of a hearing decision to appeal. The state agencies decision was made on April 13, 2006. As such, Rady's argues the present lawsuit filed May 29, 2007 is barred as untimely. Plaintiff does not address this argument.

Pursuant to the IDEA, when a complaint is received the state or local education entity shall hold an impartial due process hearing. 20 U.S.C. 1415(f)(1)(A). Any party aggrieved by the decision at the due process hearing may appeal the decision to the state education entity. 20 U.S.C. § 1415(g). A party aggrieved by the appeal may file a civil suit in state court or district court. 20 U.S.C § 1415(i). The civil action must be filed within 90 days of the decision or such time as the state allows. California state law allows for a 90 day statute of limitations for [*22] appeals of administrative hearings decisions. See California Education Code 56505.

Plaintiff filed the pending action on May 29, 2007. To the extent he seeks to appeal administrative hearing decisions occurring before February 28, 2007, the claims are barred as untimely and shall not be asserted in an amended complaint.

**5. Claims Asserted on behalf of Others**

Defendants PUSD, Shieh, Marsaglia, Murphy and Kurtz and Defendant OAH argue Plaintiff, who is appearing *pro se* in this action cannot represent other alleged members of a class. This Court agrees. Plaintiff, a non-attorney, has no authority to represent anyone other than himself. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Absent attorney representation, the amended complaint should not include claims asserted on behalf of others.

**6. Wiretapping Claims**

Defendant AALRR argues, to the extent Plaintiff seeks relief for alleged unlawful recordings of Plaintiff's parent's conversations he has no standing to sue under statutes prohibiting wiretapping. Plaintiff states he desires to amend his complaint to add state and federal wiretapping claims.

The wiretapping statutes noted by Defendants allow the government or the speaker [*23] a right of action. See 18 U.S.C. § 2511 (Providing the Federal Government the right to file a suit for violations therein); 18 U.S.C. § 2520 (Providing the person whose communication was intercepted to file a civil action); Cal. Penal Code § 637.2 (Permitting a person injured by unlawful wiretapping to bring a civil action). Plaintiff, as such, has no standing to bring an action based upon recordings of his parent under the federal and state statutes. The amended complaint shall not assert claims under 18 U.S.C. § 2511, 18 U.S.C. § 1520 or California Penal Code § 637.2.

**B. Motions to Strike**

Defendants Rady's, Slavik and K.I.D.S. argue Plaintiff's claim for punitive damages must be stricken, be-

cause allegations against healthcare providers are precluded at this stage of the litigation by virtue of California Code of Civil Procedure section 425.13, which acts as a substantive state-law protection requiring a special motion in order to proceed with a punitive damages claim against healthcare providers. Defendants fail to demonstrate state substantive law applies to Plaintiff's claims brought under federal statutes. According the motions to strike are DENIED.

## C. Motion to Dismiss for Improper  [*24] Service

Defendants CDE and O'Connell maintain they have not been properly served and moves to dismiss pursuant 12(b)(5). According to Federal Rule of Civil Procedure 4(j), a state or state created governmental organization must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer or (B) serving a copy of each in the manner prescribed by the state's law on such a defendant." Under California law, service upon a public entity may be effected "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Pro. § 416.50. Defendants must be served within 120 days after the complaint is filed. If good cause is shown, the Court may extend the time for service. See FED.R.CIV.P. 4(m).

According to the records of this case, service was initially attempted by the United States Marshals Service, pursuant to Plaintiff's *in forma pauperis* status. See Process Receipt (Doc. No. 13). Service was returned unexecuted, because it was left with the Department of Justice who is "not authorized to receive or accept documents on behalf of the California Department  [*25] of Education." Id. Plaintiff also attempted service by certified mail. Plaintiff appears to recognize Defendants have not been properly served and seeks an enlargement of time to effect service.

The Court finds good cause for granting the enlargement of time. Although Plaintiff provided the United States Marshal with the incorrect address for service purposes, he did make an attempt to provide another address. See Application to Reissue Order for Service (Doc. No. 72). Plaintiff's motion is GRANTED. Plaintiff shall take the action necessary to effect service of the amended complaint as to these defendants pursuant to rule 4(j). Defendant's motion to dismiss for improper service is DENIED as moot.

## III. Plaintiff's Motions

## A. Motion to Lodge Complete Exhibits

Plaintiff asks the Court to direct Defendant Slavik and K.I.D.S. to lodge complete copies of certain exhibits filed in support of their motion. Because the Court does not consider the exhibits in dismissing Plaintiff's complaint, the motion is DENIED as moot.

Plaintiff also seeks appointment of counsel based upon Defendants argument that Plaintiff lacks the capacity to sue. This Court finds Defendants Slavik and K.I.D.S.'s argument that  [*26] Plaintiff lacks the capacity to sue, because he alleges he has Aspergers Syndrome, which is a form of autism and autism exists in children who are mentally retarded is completely devoid of merit. As such, Plaintiff's motion is DENIED.

## B. "Judicial Notice of Request for Ex Parte Communication

Plaintiff filed a document notifying the Court that "defamatory, false discriminatory remarks were posted in a blogg [sic] format" involving the current law suit. Plaintiff asks the Court to issue an injunction to stop the blogging.

The Court construes Plaintiff's document as a motion for a temporary restraining order. The purpose of a temporary restraining order is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As such, an applicant for a temporary restraining  [*27] order is required to demonstrate "immediate and irreparable injury, loss or damage." FED. R. CIV. P. 65(b); see also Caribbean Marine Serv. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

The standard for issuing a temporary restraining order is similar to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a

public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Alternatively, [*28] a party seeking injunctive relief under Fed. R. Civ. P. 65 must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); accord Sun Microsystems, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown." Sun Microsystems, 188 F.3d at 1119 (quoting Nat'l Ctr. for Immigrants Rights, Inc. v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing [*29] on a temporary restraining order. See Caribbean Marine, 844 F.2d at 674. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id.

Plaintiff's allegations in support of his motion are unrelated to the action currently pending before this Court. As such, Plaintiff is unable to demonstrate a likelihood of success of the merits of his action or that serious questions going to the merits of his claims exists. Plaintiff, therefore, is not entitled to injunctive relief in this action. Accordingly, the motion is DENIED.

## C. Motion to Add Additional Parties

Plaintiff seeks to amend his complaint to add new plaintiffs, his mother Lindsey E. Stewart and his sister Caitlin Stewart. As previously stated the Court finds Plaintiff's attempt to represent his mother and sister in this action as a non-attorney improper. See McShane, 366 F.2d at 288. The motion to add new plaintiffs is DENIED.

Plaintiff is also seeking leave to add LRP Publications and 10 News as defendants. Because the Court is dismissing the complaint and providing Plaintiff an opportunity to file an amended complaint to include all parties from whom he believes he may seek [*30] relief, the request to add new defendants is moot. Accord-

ingly, the motion to amend to add defendants is DENIED as moot.

## D. Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's order denying his request to file an untimely response to Defendant CDE and O'Connell's motion to dismiss. Because the Court dismisses the complaint for failure to comply with Rule 8, Plaintiff's response to the motion is moot. Accordingly, the motion for reconsideration is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's complaint is **DISMISSED without prejudice.** Plaintiff shall file and serve [5] a First Amended Complaint that complies with Rule 8 and sufficiently addresses the deficiencies discussed above **on or before November 3, 2008.**

2. Defendant County of San Diego's motion to dismiss (Doc. No. 6-1) is **DENIED as moot.** Defendant's motion for a more definite (Doc. No. 6-2) is **GRANTED.**

3. Defendant Rady's Children's Hospital motion to dismiss (Doc. No. 28-1) is **DENIED as moot.** Defendant's motion to strike (Doc. No. 28-2) is **DENIED.**

4. Defendant Slavik and K.I.D.S. Therapy Associates's motion to dismiss (Doc. No. 36-1) is **DENIED as moot.** Defendants' motion [*31] to strike (Doc. No. 36-2) is **DENIED.**

5. Defendant San Diego County Office of Education's motion to dismiss (Doc. No. 38-1) is **DENIED as moot.** Defendant's motion for a more definite statement (Doc. No. 38-2) is **GRANTED.**

6. Defendant AALRR's motion to dismiss (Doc. No. 40-1) is **DENIED as moot.** Defendant's motion for a more definite statement (Doc. No. 40-2) is **GRANTED.**

7. Defendant Pacific McGeorge School of Law and Fait's motion to dismiss (Doc. No. 44) is **DENIED as moot.**

8. Defendant Poway Unified School District's motion to dismiss (Doc. No. 47-1) is **DENIED as moot.** Defendant's

motion for a more definite statement (Doc. No. 47-2) is **GRANTED.**

9. Defendant Office of Administrative Hearing's motion to dismiss (Doc. No. 55-1) is **DENIED as moot.** Defendant's motion to strike (Doc. No. 55-2) is **DENIED.**

10. Defendants California Department of Education and O'Connell's motion to dismiss (Doc. No. 82) is **GRANTED.**

11. Plaintiff's motion to lodge exhibits and for appointment of counsel (Doc. No. 51) is **DENIED.**

12. Plaintiff's motion for injunctive relief (Doc. No. 80) is **DENIED.**

13. Plaintiff's motion for extension of time to effect service (Doc. No. 99) is **GRANTED.** Plaintiff shall serve Defendants California [*32] Department of Education and O'Connell with the summons and amended complaint pursuant to rule 4(j).

14. Plaintiff's motion to add plaintiffs (Doc. No. 108) is **DENIED.**

15. Plaintiff's motion to add defendants (Doc. No. 108) is **DENIED as moot.**

16. Plaintiff's motion for reconsideration(Doc. No. 118) is **DENIED as moot.**

5   Service of the amended complaint upon parties properly served the original complaint may be made pursuant to Federal Rule of Civil Procedure 5 and Local Rule 4.1. Service upon Defendant CDE and any new defendants must be effected pursuant to Federal Rule of Civil Procedure 4.

DATED: September 30, 2008

/s/ John A. Houston

JOHN A. HOUSTON

United States District Judge

**EXHIBIT C**





Caution
As of: Jan 12, 2012

LOUIS WOZNIAK, Plaintiff-Appellant, v. THOMAS F. CONRY, Defend-
ant-Appellee, and MICHAEL H. PLECK, LARRY R. FAULKNER, C.K. GUNSA-
LUS, WAYNE J. DAVIS, EDWARD N. KUZNETSOV, L. DANIEL METZ, DAVID
E. GOLDBERG, JURAJ V. MEDANIC, MARK W. SPONG, WILLIAM R.
SCHOWALTER, KEN MURPHY, MICHAEL AIKEN, ROSCOE PERSHING,
CAROLYN REED, and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF
ILLINOIS, Respondents in Discovery.

NO. 4-96-0631

APPELLATE COURT OF ILLINOIS, FOURTH DISTRICT

288 Ill. App. 3d 129; 679 N.E.2d 1255; 1997 Ill. App. LEXIS 268; 223 Ill. Dec. 482

March 19, 1997, Oral Argument Held
May 8, 1997, FILED

**SUBSEQUENT HISTORY:**     [***1]   As Corrected
September 23, 1997.

**PRIOR HISTORY:**     Appeal from Circuit Court of
Champaign County. No. 96L60. Honorable John G.
Townsend, Judge Presiding.

**DISPOSITION:**     Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:**   Plaintiff professor
brought an action against defendant department head for
tortious interference with his employment contract. The
Circuit Court of Champaign County (Illinois) dismissed
the professor's complaint for lack of jurisdiction and he
appealed.

**OVERVIEW:** The professor contended that his suit was
not effectively against the state, which maintained de-
fendant university where the parties worked, because the
statements made by the department head did not arise out
of a duty imposed solely by virtue of his employment.
Instead, those statements arose out of a duty imposed on
the general public not to interfere with others' contractual

relationships. The department head contended that a suit
against a state employee constituted a suit against the
state as long as the employee acted within the scope of
his governmental authority when engaging in the conduct
giving rise to the suit. The court found that court of
claims was the only forum for a suit against a supervisor
of a state department or agency for making statements
regarding pending personnel decisions and work-related
conduct about an employee under his or her supervision.
While acting within the scope of one's employment was
not usually enough to satisfy the required analysis, it was
sufficient in the department head's case because any limit
on such a supervisor's ability to make such statements
would necessarily control the actions of the state.

**OUTCOME:** The court affirmed the trial court dismissal
for lack of jurisdiction.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Juris-
diction > Jurisdiction Over Actions > General Overview*
[HN1] See 705 Ill. Comp. Stat. 505/8.

15

288 Ill. App. 3d 129, *; 679 N.E.2d 1255, **;
1997 Ill. App. LEXIS 268, ***; 223 Ill. Dec. 482

*Civil Procedure > Federal & State Interrelationships > Sovereign Immunity > State Immunity*
*Governments > State & Territorial Governments > Claims By & Against*
*Torts > Public Entity Liability > Immunity > Sovereign Immunity*
[HN2] Determining whether an action constitutes a suit against the state turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. A state employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment. Where a state employee, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his state employment, a suit against him will not be shielded by sovereign immunity.

*Governments > Courts > Courts of Claims*
*Governments > State & Territorial Governments > Claims By & Against*
*Governments > State & Territorial Governments > Employees & Officials*
[HN3] A suit against a state employee in his individual capacity constitutes a claim against the state when a judgment for the plaintiff could control the state's actions or subject it to liability. This rule protects the state from interference in its performance of the functions of government and preserves its control over state coffers. A suit against a state employee controls the state's actions when the relief sought would limit the ability of the employee to engage in lawful activity on behalf of the state. The relevant inquiry is whether the supervisor would be acting within the scope of his duties by making truthful statements of the general type alleged.

*Governments > State & Territorial Governments > Claims By & Against*
*Governments > State & Territorial Governments > Employees & Officials*
[HN4] Suits against supervisors of state departments or state agencies for statements they would not be authorized by their position to make, even if the statements were true, are only indirectly related to the employment relationship and are unlikely to control the actions of the state.

**COUNSEL:** For LOUIS WOZNIAK, Plaintiff-Appellant: Robert G. Kirchner, Lerner & Kirchner, Champaign, IL. ARGUER: For Appellant: Robert G. Kirchner.

For THOMAS F. CONRY, Defendant-Appellee: Michael R. Cornyn, Thomas, Mamer & Haughey, Champaign, IL. William J. Brinkmann, Thomas, Mamer & Haughey, Champaign, IL. ARGUER: For Appellee: Michael R. Cornyn.

**JUDGES:** Honorable Robert J. Steigmann, P.J., Honorable Rita B. Garman, J. - CONCUR, Honorable Robert W. Cook, J. - CONCUR. PRESIDING JUSTICE STEIGMANN delivered the opinion of the court.

**OPINION BY:** Robert J. Steigmann

**OPINION**

[*130]      [**1256]      PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In February 1996, plaintiff, Louis Wozniak, sued defendant, Thomas F. Conry, for tortious interference with an employment contract. In July 1996, the circuit court dismissed the complaint for lack of jurisdiction. The court ruled that because Conry's conduct arose solely out of conduct related to duties imposed on him by virtue of his job at the University of [***2] Illinois (University), a state institution, Wozniak's suit could only be brought in the Court of Claims.   705 ILCS 505/8 (West Supp. 1995). Wozniak appeals, and we affirm.

I. BACKGROUND

Prior to July 1995, Wozniak was an associate professor in the Department of General Engineering (Department) at the University. In August 1995, Wozniak was reassigned from a teaching position to a position maintaining a website on the World Wide Web for the College of Engineering (College). In February 1996, Wozniak filed a one-count complaint against Conry, the acting Department head, alleging that Conry had tortiously interfered with his employment contract with the University's Board of Trustees (Board).

In his complaint, Wozniak alleged Conry made false accusations about him, knowing they were untrue or acting with reckless disregard   [*131]   for their truth. These accusations included statements that Wozniak had (1) sexually harassed a female employee; (2) deliberately failed to comply with course standards and departmental policy regarding assignments, practice exams, and grade books; and (3) graded capriciously and in violation of University policies and procedures.   [**1257]   Wozniak also alleged that Conry falsely [***3] told others in the Department that Wozniak was unable to carry out his teaching duties in compliance with professional and ethical standards. Further, Wozniak alleged that Conry told the Department's executive committee members that the Dean of the College had requested the committee's

288 Ill. App. 3d 129, *; 679 N.E.2d 1255, **;
1997 Ill. App. LEXIS 268, ***; 223 Ill. Dec. 482

support in removing Wozniak from his assigned responsibilities, knowing this statement to be untrue or acting with reckless disregard for its truth.

Wozniak also alleged that Conry knew of Wozniak's contractual relationship with the Board and had acted with the intent to interfere with this relationship. Wozniak did not allege that a specific provision of his contract had been breached, but alleged that Conry intentionally interfered with his employment relationship, directly and proximately causing him to be removed from his position as associate professor. Wozniak alleged that this removal caused him to suffer emotional distress, humiliation, embarrassment, a loss of sleep and appetite, and a loss of reputation.

In March 1996, Conry filed a motion to dismiss the complaint, contending that the circuit court lacked jurisdiction over Wozniak's claim. Conry argued that Wozniak's claim was, in effect, [***4] a claim against the state, which could only be brought in the Court of Claims under section 8 of the Court of Claims Act (Act) ( 705 ILCS 505/8 (West Supp. 1995)). In the alternative, Conry contended that the court should dismiss the complaint because it failed to state a cause of action for tortious interference with a contractual relationship. Specifically, Conry asserted that Wozniak failed to allege his contract with the Board had been breached by his reassignment.

In May 1996, the circuit court dismissed Wozniak's complaint for lack of jurisdiction without addressing the sufficiency of the pleadings. In its opinion letter, the court based its decision on the fact that Wozniak's charges of negligence arose solely out of duties imposed on Conry by virtue of his job at the University.

In June 1996, Wozniak filed a motion to reconsider. He argued that (1) the only duty Conry breached was the duty imposed on all people, regardless of employment, not to interfere with others' contractual relations; and (2) his claim was based on Conry's intentional conduct, not negligence. In July 1996, the circuit court sent a second opinion letter to counsel, reaffirming its conclusion [*132] that it lacked [***5] jurisdiction because Conry's conduct was related to his job duties at the University. In both opinion letters, the court relied on the holdings in *Currie v. Lao*, 148 Ill. 2d 151, 592 N.E.2d 977, 170 Ill. Dec. 297 (1992), and *Nikelly v. Stubing*, 204 Ill. App. 3d 870, 562 N.E.2d 360, 149 Ill. Dec. 896 (1990).

## II. ANALYSIS

The issue before us is whether Wozniak's suit against Conry, a supervisor for a state entity, is in reality a suit against the state such that the Court of Claims has exclusive jurisdiction over the action.

The parties disagree on the relevant standard for determining if a suit against a supervisor for a state entity for allegedly tortious statements about an employee's work is effectively a suit against the state. Wozniak contends that his suit is not effectively against the state because Conry's statements regarding him did not arise out of a duty imposed solely by virtue of Conry's employment; instead, those statements arose out of a duty imposed on the general public not to interfere with others' contractual relationships. Conry contends that a suit against a state employee constitutes a suit against the state as long as the employee acted within the [***6] scope of his governmental authority when engaging in the conduct giving rise to the suit. See *Robb v. Sutton*, 147 Ill. App. 3d 710, 716, 498 N.E.2d 267, 272, 101 Ill. Dec. 85 (1986). Accordingly, Conry contends that the circuit court has no jurisdiction in this case because his statements regarding Wozniak were made within the scope of his employment at the University.

[HN1] Section 8 of the Act provides, in pertinent part, as follows:

"The [Court of Claims] shall have exclusive jurisdiction to hear and determine the following matters:

[**1258] (a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency *** or claims for expenses in civil litigation.

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against *** the [Board] ***." 705 ILCS 505/8(a), (d) (West Supp. 1995).

[HN2] Determining whether an action constitutes a suit against the state turns upon an analysis of the issues involved and the relief sought, rather than the [***7] formal designation of the parties. *Healy v. Vaupel*, 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247, 140 Ill. Dec. 368 (1990). In *Currie*, the supreme court specifically held that a state employee is not immunized by sovereign immunity for his own acts of negligence merely [*133] because he was acting within the scope of his employment. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980; see also *Healy*, 133 Ill. 2d at 312-13, 549 N.E.2d at 1249 (finding that a suit was effectively against the state, not

288 Ill. App. 3d 129, *; 679 N.E.2d 1255, **;
1997 Ill. App. LEXIS 268, ***; 223 Ill. Dec. 482

an individual coach at a state university, for violation of a duty identical to duties imposed on coaches at private universities, cited with approval in *Currie,* 148 Ill. 2d at 165-66, 592 N.E.2d at 983. Instead, the supreme court concluded that where a state employee, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his state employment, a suit against him will not be shielded by sovereign immunity. *Currie,* 148 Ill. 2d at 159-60, 592 N.E.2d at 980.

Although Conry's statements regarding Wozniak may have been made within the scope of his employment at the University, Wozniak argues nonetheless that they violated [***8] a duty imposed on the general public not to interfere with others' contractual relationships. Wozniak asserts that because this duty is not imposed solely because of Conry's employment, the suit was not effectively against the state.

In *Currie,* the supreme court also recognized that [HN3] a suit against a state employee in his individual capacity constitutes a claim against the state when a judgment for the plaintiff could control the state's actions or subject it to liability. *Currie,* 148 Ill. 2d at 158, 592 N.E.2d at 980. This rule "protects the State from interference in its performance of the functions of government and preserves its control over State coffers." *S.J. Groves & Sons Co. v. State of Illinois,* 93 Ill. 2d 397, 401, 444 N.E.2d 131, 133, 67 Ill. Dec. 92 (1982), *overruled on other grounds, Rossetti Contracting Co. v. Court of Claims,* 109 Ill. 2d 72, 485 N.E.2d 332, 92 Ill. Dec. 521 (1985).

A suit against a state employee controls the state's actions when the relief sought would limit the ability of the employee to engage in lawful activity on behalf of the state. See *Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois University,* [***9] 248 Ill. App. 3d 599, 609, 618 N.E.2d 694, 701, 188 Ill. Dec. 124 (1993). The threat of private suits against supervisors for work-related statements about those under their authority clearly would affect the way supervisors communicate, allocate tasks, and make employment decisions. Accordingly, when a supervisor for a state department or entity is sued by an employee for statements regarding the employee's work-related conduct and pending personnel decisions, the suit necessarily threatens to control the actions of the state. It does not matter if, as here, the plaintiff alleges the statements were knowingly false. See *Rembis v. Board of Trustees of the University of Illinois,* 249 Ill. App. 3d 1, 4, 618 N.E.2d 797, 799, 188 Ill. Dec. 227 (1993) (notwithstanding *dicta* in *Robb* (147 Ill. App. 3d at 714, 498 N.E.2d at 271)). Instead, the relevant inquiry [*134] is whether the supervisor would be acting within the scope of his duties by making truthful statements of the general type al-

leged. *Cf. President Lincoln Hotel Venture v. Bank One, Springfield,* 271 Ill. App. 3d 1048, 1057, 649 N.E.2d 432, 438-39, 208 Ill. Dec. 376 (1994) (focusing on whether individual defendant [**1259] had authority [***10] to take general type of action giving rise to contract claim, not whether action violated contract).

However, this rule--that a suit against a state employee constitutes a suit against the state when a judgment for a plaintiff could control the state's actions--is not without limits. Whenever a state employee performs illegally, unconstitutionally, or without authority, a suit may still be maintained against the employee in his individual capacity and does not constitute an action against the State of Illinois. *Sass v. Kramer,* 72 Ill. 2d 485, 492, 381 N.E.2d 975, 977, 21 Ill. Dec. 528 (1978); *Village of Riverwoods v. BG Ltd Partnership.,* 276 Ill. App. 3d 720, 725, 658 N.E.2d 1261, 1265-66, 213 Ill. Dec. 240 (1995).

Here, Conry's conduct goes to the *core* of the state's ability to control its own affairs. A state is a purely legal entity that can act only through its agents. See *Local 3236 v. Illinois State Board of Education,* 121 Ill. App. 3d 160, 164-65, 459 N.E.2d 300, 303, 76 Ill. Dec. 663 (1984). Almost every aspect of every employment relationship with the state manifests itself through the immediate working relationships between co-workers, supervisors, and fellow [***11] state agents. Therefore, limiting the actions of state employees acts to control the actions of the state. *Currie,* 148 Ill. 2d at 159-60, 592 N.E.2d at 980.

To allow Wozniak's suit against Conry in his individual capacity clearly would limit Conry's ability to engage in lawful activity on behalf of the University--namely, to communicate, allocate tasks, and make personnel and other employment decisions. Conry's comments, which were within the scope of his employment, related to the employment relationship between Wozniak and the University. One comment concerned the Dean's response to Wozniak's alleged misconduct. The rest of Conry's comments involved Wozniak's performance as a teacher and supervisor. A judgment for Wozniak would directly influence Conry's ability as a state employee to handle departmental personnel issues. Accordingly, this suit threatens to control the actions of the state.

[HN4] Suits against supervisors of state departments or state agencies for statements they would not be authorized by their position to make--even if the statements were true--are only indirectly related to the employment relationship and are unlikely to control the actions [*135] of the state. See [***12] *Robb,* 147 Ill. App. 3d at 715, 498 N.E.2d at 272. This factor distinguishes *Ritchey v. Maksin,* 49 Ill. App. 3d 974, 365 N.E.2d 127,

288 Ill. App. 3d 129, *; 679 N.E.2d 1255, **;
1997 Ill. App. LEXIS 268, ***; 223 Ill. Dec. 482

7 Ill. Dec. 842 (1977), *rev'd on other grounds,* 71 Ill. 2d 470, 376 N.E.2d 991, 17 Ill. Dec. 662 (1978), relied on by Wozniak. In that case, the fifth district held that a meat inspector can be sued individually for tortiously initiating false criminal charges and making false public accusations because initiating criminal charges and making public statements were not part of his normal duties. *Ritchey,* 49 Ill. App. 3d at 975, 365 N.E.2d at 128. This factor also distinguishes *Hoffman v. Yack,* 57 Ill. App. 3d 744, 746, 373 N.E.2d 486, 488, 15 Ill. Dec. 140 (1978), in which the fifth district also held that a suit was not against the state when the defendant supervisor made personal accusations that did not relate solely to the employee's job, and the supervisor also intercepted the employee's mail.

Wozniak urges this court to adopt an alternative rule that would attribute a supervisor's conduct (in making work-related statements) to the state only if the circuit court makes some preliminary evidentiary finding regarding their truthfulness. [***13] Because Conry obviously would possess the authority to make the statements giving rise to the suit if they were true, the truthfulness of the statements would then become dispositive of the circuit court's jurisdiction. However, jurisdiction generally does not turn on the merits of the underlying claim. See *People of the State of California v. Western Tire Auto Stores, Inc.,* 32 Ill. 2d 527, 531, 207 N.E.2d 474, 476-77 (1965); 3 R. Michael, Illinois prac-

tice §§ 6.2, 6.5, at 60, 68 (1989). Because courts look only to the complaint to determine if sovereign immunity attaches, we decline to adopt the rule Wozniak urges. *Cf. Christiansen v. Masse,* 279 Ill. App. 3d 162, 169, 664 N.E.2d 314, 319, 215 Ill. Dec. 917 (1996); *President Lincoln Hotel,* 271 Ill. App. 3d at 1056, [**1260] 649 N.E.2d at 438.

To summarize our holding, the Court of Claims provides the only forum for a suit against a supervisor of a state department or agency for making statements regarding pending personnel decisions and work-related conduct about an employee under his or her supervision. Such statements are within the scope of the supervisor's duties as a state employee. While acting within the scope of one's employment [***14] is not usually enough to satisfy the analysis set forth by the supreme court in *Currie,* it is sufficient in this context, because any limit on such a supervisor's ability to make such statements would necessarily control the actions of the state.

[*136]  III. CONCLUSION

For the reasons stated, we affirm the circuit court's dismissal for lack of jurisdiction.

Affirmed.

GARMAN and COOK, JJ., concur.