James R. Rogers/SBN 99102
LAW OFFICES OF JAMES R. ROGERS
125 S. Highway 101, Suite 101
Solana Beach, CA 92075
Telephone: 858-792-9900
Facsimile: 858-792-9509

Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
and
FOUNDATION FOR ADVANCEMENT OF
INTERNATIONAL MEDICAL EDUCATION
AND RESEARCH
erroneously sued as
FOUNDATION FOR ADVANCEMENT OF
MEDICAL EDUCATION AND RESEARCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ST.LUKE SCHOOL OF MEDICINE, et al. | Case No. CV-11-06322RGK (SHx) |
| Plaintiff(s) | DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| REPUBLIC OF LIBERIA, et al. | [F.R.C.P. 12(b)(6)] |
| Defendants. | Date:        February 27, 2012 |
| | Time:        9:00 a.m. |
| | Courtroom:   850 |

    Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL

GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF

INTERNATIONAL MEDICAL EDUCATION AND RESEARCH erroneously

1 | sued as FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION
2 | AND RESEARCH ("FAIMER") submit the following memorandum of points and
3 | authorities in support of their motion to dismiss for lack of subject matter
4 | jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(1) and for
5 | failure to state a claim pursuant to Federal Rules of Civil Procedure section
6 | 12(b)(6).
7 | ///
8 | ///
9 | ///
10 | ///
11 | ///
12 | ///
13 | ///
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

# Table of Contents

**Page**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT…………………………

II.  STATEMENT OF FACTS……………………………………………………….

III.  THIS COURT SHOULD GRANT MOVING DEFENDANTS'
MOTION BECAUSE PLAINTIFF ALLEGES NO FACTS UPON
WHICH A CLAIM OF RELIEF CAN BE GRANTED……………………………

IV.  CONCLUSION……………………………………………………………….

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**Table of Authorities**

2

**Page**

3

**Cases**

4

*Blatty v. New York Times Co.*

5

  (1986) 42 Cal. 3d 1033...................................................................9

6

*Nat'l Collegiate Athletic Ass. v. Tarkanian*

7

  (1988) 488 U.S. 179.......................................................................13

8

*Pond v. General Electric Co.*

9

  (1958) 256 F.2d 824........................................................................9

10

11

12

**Statutes**

13

California Code of Civil Procedure

14

  Section 335.1..............................................................12, 15, 17

15

  Section 338(c)...............................................................................14

16

  Section 338(d)...............................................................................11

17

  Section 339(1)...............................................................................11

18

  Section 340(c)......................................................................9, 10, 11

19

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

# I.

## <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

The subject complaint seeks recovery on various theories.  These theories listed below are the ones alleged in the body of the complaint commencing page 65, line 4 through page 90, line 11.

1.  Libel

2.  Trade libel;

3.  Intentional Interference with Prospective Business Advantage;

4.  Conspiracy;

5.  Treaty Violations;

6.  Fraud;

7.  Deprivation of Rights Under Color of Law;

8.  Negligence;

9.  Due Process;

10.  Equal Protection;

11.  Conspiracy of Commit Civil Rights Violations;

12.  Conversion

13.  Intentional Infliction of Emotional Distress;

14.  Negligent Infliction of Emotional Distress;

15.  Threats and Extortion Against Foreign Officials;

16.  Mail Fraud;

17.  Internet Stalking;

18.  Internet Hacking and Cyberterrorism;

19.  Copyright;

20.  Invasion of Privacy;

21.  Loss of Consortium.

All of the above causes of action fail to state a claim upon which relief can be granted as they relate to moving defendants ECFMG and FAIMER.  The majority of them do not actually even involve allegations made against ECFMG and FAIMER.  Furthermore, a large number, if not all of the above claims are time-barred under applicable statutes of limitations.

## II.

## STATEMENT OF FACTS

Plaintiffs allege in paragraph 3 that the Education Commission for Foreign Medical Graduates ("ECFMG") administers the United States medical licensing examination to graduates of foreign medical education institutions.  It also alleges ECFMG qualifies foreign medical graduates for medical residency in the United States by issuing an ECFMG certificate based upon successful completion of the USMLE Step 1 and 2.

Foundation for Advancement of International Medical Education and Research ("FAIMER") is alleged to be an ECFMG agency that maintains "the International Medical Education Directory 'IMED'".  The IMED is currently the sole source for listing qualified foreign medical students in the United States.  The introduction commencing on page 17, line 22 summarizes the factual foundation of each and every claim alleged by plaintiff.  It states the following:

In 2005, organized conspirators and government officials, who were angered because St. Luke School of Medicine ('SLSOM') refused to pay bribes, attacked SLSOM in the media and internet.

When Dr. Dolphin refused to pay the bribe
demands, these same public officials began
making false public statements to the media, and
sending letters with false statements worldwide to
principle [sic] agencies involved in the recognition
and listing of medical degrees and medical
licenses."

The allegations relating to ECFMG or FAIMER first begin at page 22. Up to that point, the allegations are more like a diary of the interactions between plaintiff Dolphin and the various Liberian governmental agencies. In short, plaintiff claims that because he refused to pay a bribe to certain officials at the National Commission on Higher Education (a Liberian agency), this agency issued a letter dated April 11, 2005 which stated SLSOM "does not exist" and was a "computer school". It is alleged upon receipt of the letter ECFMG, without corroboration of the evidence or claim stated in the letter, immediately withdrew SLSOM from the IMED and cancelled the USMLE test results for all of its students and graduates past and present. It should be noted that on March 12, 2005 (Exhibit 9 to the complaint) the Liberian National Commission on Higher Education responded to a letter from ECFMG. This letter was in response to a January 11, 2005 letter that makes reference to four questions posed to Liberian Commission. These were the same questions posed to the Liberian Commission on January 26, 2006 which never resulted in any response from the Liberian Commission.

On page 22, line 20 of the complaint, plaintiff makes reference to a January 20, 2005, letter from ECFMG to Dr. Jerroll Dolphin alleging that ECFMG and FAIMER "received an unsigned and undated statement" from the Liberian National Commission stating that SLSOM was not registered or accredited in Liberia, and that this letter is what caused SLSOM to be removed from the IMED

listing.  Plaintiff references exhibit 5 to the complaint in support of this assertion, however moving defendants have not found any such letter attached to the complaint.

In paragraph 107 (p 51) it is alleged that on October 3, 2005 the National Commission on Higher Education for Liberia sent a letter to ECFMG stating as follows:

> Based upon the ruling of the Supreme Court of the Republic of Liberia regarding St. Luke School of Medicine, the court has ordered the medical school reinstated to its previous status it was during the accreditation process.  Abiding by the Supreme Court order, the National Commission of Higher Education hereby revokes the letter of April 11, 2005 (paragraph 12), which denied the existence of St. Luke School of Medicine and further advises that is should continue its existence . . . .  We also request that the St. Luke School of Medicine be included in the International Medical Education Directory as it was previously."  [This is attached as Exhibit 18.]

Plaintiffs allege that ECFMG completely disregarded the NCHE letter. SLSOM was not listed on the IMED as it was previously and has not been since.

On January 26, 2006 ECFMG sent a letter to Dr. Isaac Roland at the Liberian National Commission of Higher Education making the following inquiries:

> 1. What is the status of the medical degrees awarded by St. Luke School of Medicine for the

years 2000-2005; are holders of degrees issued
during those years recognized as physicians by the
government of Liberia, and are they eligible to
apply for medical licensure in Liberia.

2.  Are graduates of St. Luke School of Medicine
who received their medical degrees beginning
January 2006 eligible for medical license in
Liberia?  If so, as of what date are (or will) these
graduates be eligible for medical licensure in
Liberia?

3.  Please confirm that instruction has begun at the
campus of St. Luke School of Medicine in Gaye
Town, Monrovia on the date of which the
instruction began.

Plaintiffs allege in paragraph 113 (p 52) that the Liberian National
Commission of Higher Education never responded to ECFMG's January 26, 2006
letter.

## III.

## NO FACTS ALLEGED AGAINST MOVING PARTY TO SUPPORT
## ANY OF THE CLAIMS FOR RELIEF ASSERTED BY PLAINTIFF

### A.  *Libel*

Commencing at page 65, paragraph 157 plaintiffs allege their "libel" claim.
However, only one of the allegations relating to the libel has anything to do with
ECFMG or FAIMER.  In paragraph 180 of the complaint plaintiff alleges that
ECFMG and FAIMER were "complicit in the libel" because they removed
SLSOM from the IMED list upon receipt of allegedly defamatory statements made
by the Liberian National Commission on Higher Education.  ECFMG does not
contest that SLSOM was removed from the IMED list, but this act does not qualify

as a statement that refers to plaintiff, as it is merely an omission of SLSOM's name from the IMED list.  (*Blatty v. New York Times Co.*, 42 Cal. 3d 1033, 1048, (1986); *see also*, *Pond v. General Electric Company*, 256 F.2d 824 (1958) [holding that employer's failure to make statements that former employee was honest and hardworking to potential new employers was not libel].)  Plaintiffs also allege at paragraphs 157 and 176 of the complaint that "defendants made public statements" and "defendants made false statements", however nowhere is it alleged that ECFMG or FAIMER made any such statements.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the one year statute of limitations provided by California Code of Civil Procedure section 340(c).

**B.     Trade Libel**

Commencing at page 71, paragraph 188 plaintiffs allege their "trade libel" claim.  However, none of the allegations relating to trade libel have anything to do with ECFMG or FAIMER.  While plaintiffs do allege at paragraphs 189 of the complaint plaintiffs allege that "defendants made public statements" and "defendants made false statements", nowhere is it alleged that ECFMG or FAIMER made any such statements.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the one year statute of limitations provided by California Code of Civil Procedure section 340(c).

**C.     Intentional Interference with Prospective Economic Business Advantage**

At page 71, paragraph 190, plaintiff alleges the cause of action for intentional interference with a prospective business advantage.  It is alleged that "defendants, and each of them, were aware of SLSOM's economic relationship with the Republic of Liberia, ECFMG, potential medical students worldwide and

World Health Organization, by virtue of enabling documents."  Then plaintiffs allege that "defendants false public statements were designed to disrupt SLSOM's worldwide economic relationship.  Plaintiffs further allege that "defendants false public statements cause ECFMG to permanently remove SLSOM from the IMED, even after a Liberian Supreme Court order and several subsequent NCHE letters requested that SLSOM be reinstated.  As a consequence of SLSOM's removal from the IMED, medical students lost jobs, residencies and positions.  Additionally, medical students had legitimately earned licenses revoked and properly earned degrees invalidated, as set forth in Exhibit 1."

This claim for relief is premised upon false public statements.  Again, there are no allegations that ECFMG of FAIMER made any false statements about plaintiffs.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the two-year statute of limitations provided by California Code of Civil Procedure section 339(1).

**D.    *Conspiracy***

At page 73, paragraph 195, plaintiff alleges conspiracy to defame Dr. Dolphin and SLSOM.  The complaint offers no supporting facts for this cause of action.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the one year statute of limitations provided by California Code of Civil Procedure section 340(c).

**E.    *Treaty Violations***

Page 73, paragraph 196, alleges violations of the "Friendship Treaty".  This has nothing to do with ECFMG or FAIMER, and is only alleged against "Liberian Defendants".

*F.*   *Fraud*

At page 73, paragraph 197, plaintiff alleges fraud based on allegedly defamatory statements made by certain defendants.  Once again, plaintiff does not allege that moving defendants ECFMG and FAIMER made any defamatory statements.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the three year statute of limitations provided by California Code of Civil Procedure section 338(d)

*G.*   *Deprivation of Rights under Color of Law*

At page 79, paragraph 222, plaintiff alleges that defendants deprived him of his constitutional rights.  Plaintiff does not make these allegations against defendants ECFMG and FAIMER, both of which are non-profit corporations, and would not be appropriate defendants in a claim of deprivation of rights under color of law.

*H.*   *Negligence*

Plaintiffs allege a general negligence theory in paragraph 224.  They allege "defendants owed a duty to plaintiffs to insure that plaintiffs not be deprived of life, liberty, or property without due process of law."  They further allege that "defendants, by failing to present any meaningful evidence to support the accusation against plaintiffs, breached its duty to provide plaintiff with due process of law.  Defendants breach caused SLSOM to be removed from IMED, effectively nullifying medical student's degrees and medical licensing examination scores.  [It should be noted that the due process referred to here is the due process exercised in Liberia, not the United States.]

Simply put, ECFMG and FAIMER, both non-profit corporations, cannot negligently deprive plaintiffs of their due process rights.  Indeed, the alleged due

process violations in the complaint arise out of the Liberian government's conduct, not that of ECFMG or FAIMER.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the two year statute of limitations provided by California Code of Civil Procedure section 335.1.

**I.   *Due Process Violation***

At page 79, paragraph 226, plaintiff alleges due process as a count/cause of action.  He alleges that no person shall be deprived of life, liberty or property without due process of law.  Then quotes that each high contracting party "shall receive within the territories of the other upon submitting to conditions imposed upon its nationals the most constant protection and security for their person and property."

The crux of the alleged due process violation, as alleged by plaintiffs, is contained in paragraph 230 wherein it is stated – "Defendants, by failing to present at any hearing any meaningful evidence to support their accusations against plaintiffs before illegally dismantling SLSOM, breached its duty to provide Plaintiffs with due process of law, and treated Plaintiffs differently that A.M. Dogliotti, a similarly situated medical school that suffered none of the harms to which SLSOM was subjected.  Defendants breach caused SLSOM to be removed from IMED . . . ."

Thus, the alleged due process violations arise out of actions taken by certain governmental officials in Liberia. There are no allegations, nor can there be, that ECFMG and FAIMER, both non-profit corporations, have deprived plaintiffs of their due process rights and as a result somehow converted property.  (*Nat'l Collegiate Athletic Ass. v. Tarkanian*, 488 U.S. 179 (1988).)

**J.   *Equal Protection Violation***

Paragraph 233 alleges equal protection violations.  It alleges that "no state shall . . . deny to any person within its jurisdiction equal protection of laws."  Then plaintiff cites to the friendship treaty stating "the nationals of high contracting party shall receive within the territories of the other, upon submitting to particular conditions imposed upon its nationals."

Essentially, this claim for relief alleges the same conduct used to support plaintiff's due process allegations and is therefore equally deficient.

## K.   Conspiracy to Commit Civil Rights Violations

Page 83, paragraph 238 alleges conspiracy to commit civil rights violations. It is alleged that "defendant Dr. Isaac Roland, Mohammed Sheriff, Dr. Evelyn Kondakaie, Dr. Horatius Browne and Dr. Benson Barh each conspired with one another to denigrate SLSOM's reputation in an effort to secure bribes.  Then plaintiff alleges that "all defendants were aware of SLSOM's legitimate status and sought to discredit SLSOM to secure monthly bribes."

Again, the conduct supporting this legal theory involves the Liberian officials and/or government, not ECFMG of FAIMER.

## L.   Conversion

Paragraph 247 alleges conversion.  Plaintiff alleges that their property "shall not be taken without due process of law and without payment or just compensation."  They further allege that the "nationals of each High Contracting Party shall receive within the territories of the other upon submitting to conditions imposed upon the nationals the most constant protection and security for their personal property."  Then plaintiffs allege that defendants through its arbitrary hearings and decision making effectively converted plaintiffs' property.

There are no allegations, nor can there be, that ECFMG and FAIMER, both non-profit corporations, have deprived plaintiffs of their due process rights and as a result somehow converted property.  Indeed, the alleged due process violations in

the complaint arise out of the Liberian governments conduct, not ECFMG or FAIMER.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the three year statute of limitations provided by California Code of Civil Procedure section 338(c).

**M.    *Intentional Infliction of Emotional Distress***

Paragraph 251 sets forth plaintiffs' intentional infliction of emotional distress theory.  This essentially incorporated the prior allegations.  Plaintiffs allege that "defendants intentionally took Dr. Dolphin's passport and prevented him from traveling on two separate occasions to visit his wife and family."

Little need be said other than there are no allegations against ECFMG or FAIMER supporting such claim for relief.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to a statute of limitations no longer than the 2-year statute of limitations provided by California Code of Civil Procedure section 335.1.

**N.    *Negligent Infliction of Emotional Distress***

At page 86, paragraph 253, plaintiffs allege their claim for negligent infliction of emotional distress.  This is essentially the same allegation for the intentional infliction and is equally legally and factually deficient.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the two year statute of limitations provided by California Code of Civil Procedure section 335.1.

**O.    *Threats and Extortion Against Foreign Officials***

At page 86, paragraph 255, plaintiffs allege their claim for threats and extortion against foreign officials.  Plaintiffs allege that letters were sent "to foreign officials with threats of extortion if SLSOM was accredited…"

There are no allegations against ECFMG or FAIMER supporting such claim for relief.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the two year statute of limitations provided by California Code of Civil Procedure section 335.1.

**P.     *Mail Fraud***

In paragraph 257, plaintiffs allege that defendants committed mail fraud by mailing threatening communications.  Plaintiffs state that they "used the United States Postal Service to physically transmit their fraudulent documentation…"

There are no allegations against ECFMG or FAIMER supporting such claim for relief.

**Q.     *Internet Stalking***

In paragraph 259, plaintiffs allege that defendants committed the crime of internet stalking.  Plaintiffs state that defendant "has obtained one of Dr. Dolphin's private pictures from FaceBook.com."  However, there are no allegations against ECFMG or FAIMER supporting such a claim for relief.

**R.     *Internet Hacking and Cyberterrorism***

At page 88, paragraph 261, plaintiffs allege a cause of action for internet hacking and cyberterrorism.  Paragraph 261 alleges that "Gollin hacked into SLSOM's website to obtain password protected information…, falsely stating that it is also in public domain."

There are no allegations, however, against ECFMG or FAIMER supporting such a claim for relief.

**S.     *Copyright Violation***

Page 89, paragraph 264 alleges copyright violations, stating that "Defendant Gollin on numerous occasions has taken SLSOM publications, written by Dr. Dolphin,…"  However, there are no allegations against ECFMG or FAIMER supporting such a claim for relief.

**T.     *Invasion of Privacy***

In paragraph 266, plaintiffs allege a cause of action for invasion of privacy. This essentially incorporates similar allegations as in the prior claims for internet stalking and hacking, and is equally legally and factually deficient.  Furthermore, there are no allegations against ECFMG or FAIMER supporting a claim for relief.

**U.     *Loss of Consortium***

At page 90, paragraph 267, plaintiff claims loss of consortium.  He claims that all the defendants' trade libel and negligence caused plaintiff's wife to leave him.

A loss of consortium claim is not a direct claim, it is a derivative one brought by the victims spouse.  Thus, even assuming this is a legally viable claim it is one that could be brought by Dr. Dolphin's wife, not Dr. Dolphin.

In any event, even assuming plaintiffs adequately allege facts to support a claim within this cause of action, none of the events related to this claim occurred later than 2006, and thus it is time barred pursuant to the two year statute of limitations provided by California Code of Civil Procedure section 335.1.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants ECFMG and FAIMER move this Court for an order dismissing this case pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to F.R.C.P. 12(b)(6) for plaintiffs' failure to state a claim.

Dated:          January 13, 2012          LAW OFFICES OF JAMES R. ROGERS

1
2                                                    *James R. Rogers*
3                              By: _____
4                                   James R. Rogers, Esq.
5                                   Attorneys for Defendants
                                    EDUCATIONAL COMMISSION FOR
6                                   FOREIGN MEDICAL GRADUATES
7                                   and
                                    FOUNDATION FOR ADVANCEMENT
8                                   OF INTERNATIONAL MEDICAL
9                                   EDUCATION AND RESEARCH
                                    erroneously sued as
10                                  FOUNDATION FOR ADVANCEMENT
11                                  OF MEDICAL EDUCATION AND
                                    RESEARCH
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28