1  JOHN R. KROGER
   Oregon Attorney General
2  SETH T. KARPINSKI, OSB #991907
   (California Bar #137748)
3  Email:  seth.t.karpinski@doj.state.or.us
   Senior Assistant Attorney General
4  Oregon Department of Justice
   1162 Court Street NE
5  Salem, OR 97301-4096
   Telephone: (503) 947-4700
6  Fax: (503) 947-4792

7  Attorneys for Defendants Alan Contreras and State of Oregon, Office of Degree
   Authorization
8

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12             WESTERN DIVISION - LOS ANGELES

13
   JERROLL B.R. DOLPHIN,              | Case No. 2:11-cv-06322-RGK-SH
14
              Plaintiff,              | MEMORANDUM IN SUPPORT OF
15                                    | MOTION TO DISMISS BY STATE
                                      | DEFENDANTS PURSUANT
16     v.                            | TO F.R.C.P. 12(b)(2), (5), and (6).

17  REPUBLIC OF LIBERIA, et al.,      | DATE:  February 27, 2012
18              Defendants.           | TIME:   9:00 a.m.
                                      | JUDGE:  Honorable R. Gary Klausner
19

20          Defendants Alan Contreras and State of Oregon, Office of Degree

21  Authorization (hereafter collectively "State Defendants") move to dismiss the

22  action because:

23     1. State Defendants have not been properly served as shown by the attached

24        affidavits of Jessica McKie, Jennifer Diallo, and Alan Contreras;

25     2. State Defendants are not subject to the personal jurisdiction of this court;

26        and

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                    Page 1

1    3. Plaintiff has failed to state a claim upon which relief can be granted because

2       Defendant State of Oregon, Office of Degree Authorization (hereafter,

3       "ODA"), and Defendant Contreras, in his official capacity only, are immune

4       from suit pursuant to the Eleventh Amendment; and Plaintiff fails to allege

5       any action by Contreras in his individual capacity.

6  **I.    Factual Allegations**

7         Plaintiff filed his Complaint on August 1, 2011. Affidavit of Jessica McKie

8  filed with this motion (McKie Aff.) ¶2, Exh. A. As of January 13, 2012, Plaintiff

9  has not filed proof of service with the court for State Defendants. McKie Aff. ¶3,

10 Exh. A.

11        On or about November 28, 2011, the Oregon Office of Degree Authorization

12 received a copy of a summons, proof of service for Alan Contreras, and complaint

13 for United States District Court, Central District of California, Case No. CV 11-

14 06322. Affidavit of Jennifer Diallo filed with this motion (Diallo Aff.)  ¶2, Exh. B.

15 The documents were mailed to 1500 Valley River Dr. Suite 100, Eugene, Oregon

16 97401 which is the address for ODA. Diallo Aff. ¶3, Exh. B. The documents were

17 sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking

18 information or return receipt. Diallo Aff. ¶4, Exh. C.

19        Plaintiff's proof of service for Alan Contreras claims that Alan Contreras

20 was served by mail at 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 on

21 November 25 or 28, 2011. McKie Aff. ¶4, Exh. B. No one at ODA is authorized

22 to accept service on behalf of the State of Oregon or Alan Contreras.  McKie Aff.

23 ¶5; Diallo Aff. ¶5. Alan Contreras retired from State service on March 31, 2011.

24 Affidavit of Alan Contreras filed with this motion (Contreras Aff.)  ¶1; Diallo Aff.

25 ¶6. Alan Contreras has not received a summons or complaint from Plaintiff in

26 regards to this case. Contreras Aff. ¶2.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                              Page 2

1    Plaintiff's numerous claims against State Defendants are based on only three
2 allegations which are repeated throughout the complaint: (1) that Contreras
3 published a "diploma mill" list on the State of Oregon, Office of Degree
4 Authorization's website (*see, e.g.,* Compl. p. 16, ¶ T); (2) that Contreras sent a
5 letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,*
6 Compl. p. 68, ¶ 173); and (3) that ODA housed an article by George Gollin on its
7 website (see e.g., Compl. p. 57, ¶ 128).

8 **II.    Motion to Dismiss Standard**

9    Fed. R. Civ. P. 12(b)(5) requires dismissal for insufficient service of process.
10 Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of personal
11 jurisdiction.   Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure
12 to state a claim upon which relief can be granted.  Only facts as set forth in the
13 complaint are relevant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
14 While State Defendants reject the truthfulness of many of Plaintiff's factual
15 assertions, the Court's review is limited to the face of the complaint, documents
16 referenced by the complaint, and matters of which the Court may take judicial
17 notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re*
18 *Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp.*
19 *v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  A complaint may be dismissed as
20 a matter of law for two reasons: (1) lack of a cognizable legal theory or (2)
21 insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter*
22 *Reynolds, Inc.*, 749 F2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's*
23 *Fed. Practice* ¶12.08 at 2271 (2d ed. 1982)).  When a court considers a motion to
24 dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun*
25 *Savings & Loan Ass'n v. Dierdorff*, 825 F2d 187, 191 (9th Cir. 1987).
26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                         Page 3

1    Conclusory or implausible allegations are not sufficient to avoid dismissal.

2  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v.*

3  *Twombly*, 550 U.S. 544, 555 (2007).  Thus, "for a complaint to survive a motion to

4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

5  content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

6  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

7  **III.   Argument**

8         **A.   State Defendants have not been properly served.**

9         Plaintiff has failed to properly serve State Defendants.  Fed. R. Civ. P.

10  12(b)(5) requires dismissal for insufficient service of process.  A federal court does

11  not have jurisdiction over a defendant unless the defendant has been served

12  properly under FRCP 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized*

13  *Technologies, Inc.*, 840 F2d 685, 688 (9th Cir., 1988).  Without substantial

14  compliance with Rule 4, "neither actual notice nor simply naming the defendant in

15  the complaint will provide personal jurisdiction."  *Id*.  The time limit for service is

16  120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Plaintiff filed his

17  complaint on August 1, 2011.  Exh. A.   To date, Plaintiff has failed to properly

18  serve State Defendants as outlined below.  Therefore, Plaintiff has failed to timely

19  serve State Defendants and his action should be dismissed as to State Defendants.

20         **1.   Plaintiff has failed to properly serve the State of Oregon, Office of**
            **Degree Authorization**.
21
         Pursuant to FRCP 4j (2), a State must be served by, "delivering a copy of the
22
    summons and of the complaint to its chief executive officer"; or "serving a copy of
23
    each in the manner prescribed by that state's law for serving a summons or like
24
    process on such a defendant.  Pursuant to ORCP D(3)(g), the State must be served
25
    by personal service upon the Attorney General or by leaving true copies of the
26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 4

1 summons and the complaint at the Attorney General's office with a deputy,

2 assistant, or clerk.  Here, Plaintiff mailed a copy of the summons and complaint to

3 the Office of Degree Authorization (Diallo Aff. ¶¶2 and 3, Exh. B), not its chief

4 executive officer or the Attorney General, which fails to satisfy the requirements of

5 the federal or state rules for service.  Therefore, Plaintiff has failed to properly

6 serve the State and Plaintiff's action should be dismissed as to the State of Oregon,

7 Office of Degree Authorization.

8      **2.    Plaintiff has failed to properly serve Contreras.**

9      Pursuant to FRCP 4(e), an individual in the United States must be served by

10 service in accordance with state law where the district court is located or where

11 service is made, or by a method authorized by FRCP 4.  For an individual in the

12 United States, FRCP 4(e) authorizes service of process by personal service on the

13 defendant, or by leaving a copy of the summons and complaint with someone

14 residing at the individual defendant's dwelling, or by delivery to an agent

15 authorized to receive service.  Under Oregon law, an individual defendant may be

16 served:

17      [B]y personal delivery of true copies of the summons and the complaint to
such defendant or other person authorized by appointment or law to receive
18      service of summons on behalf of such defendant, by substituted service, or
by office service. Service may also be made upon an individual defendant to
19      whom neither subparagraph (ii) nor (iii) of this paragraph applies by a
mailing made in accordance with paragraph (2)(d) of this section provided
20      the defendant signs a receipt for the certified, registered, or express mailing,
in which case service shall be complete on the date on which the defendant
21      signs a receipt for the mailing. Or. R. Civ. Pro. 7(D)(3)(a)(i).

22 Oregon law further provides that:

23      When required or allowed by this rule or by statute, except as otherwise
permitted, service by mail shall be made by mailing true copies of the
24      summons and the complaint to the defendant by first class mail and by any
of the following: certified, registered, or express mail with return receipt
25      requested. Or. R. Civ. Pro. 7(D)(2)(d)(i).

26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                          Page 5

1   Pursuant to California Code of Civil Procedure § 415.40:

2       A summons may be served on a person outside this state in any manner
    provided by this article or by sending a copy of the summons and of the
3       complaint to the person to be served by first-class mail, postage prepaid,
    requiring a return receipt.
4

5       The California Code of Civil Procedure permits service by personal delivery

6   to the defendant or a person authorized by him to receive service of process (§§

7   415.10; 416.90); by leaving a copy at the defendant's office, mailing address, or

8   dwelling and thereafter mailing a copy to that location (§ 415.20).

9       Here, the Office of Degree Authorization received a copy of the summons

10  and complaint on or about November 28, 2011.  Diallo Aff. ¶2.  The documents

11  were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no

12  tracking information or return receipt.  Diallo Aff. ¶4, Exh. C.  Plaintiff's proof of

13  service for Alan Contreras claims that Alan Contreras was served by mail at 1500

14  Valley River Dr. Suite 100, Eugene, Oregon 97401 on November 25 or 28, 2011.

15  McKie Aff. ¶4, Exh. B.  The above address is for ODA.  Diallo Aff. ¶3.  Alan

16  Contreras has not received a summons or complaint from Plaintiff in regards to this

17  case.  Contreras Aff. ¶2.

18      Ignoring Plaintiff's failure to comply with the return receipt requirement

19  when mailing under the rules above (Diallo Aff. ¶4, Exh. C), the only form of

20  service Plaintiff could possibly have satisfied under any of the above rules was

21  office service.  However, Defendant Contreras retired from State service on March

22  31, 2011.  Contreras Aff. ¶1; Diallo Affid. ¶6.  As a result, ODA was not

23  Defendant Contreras's office when the summons and complaint were allegedly

24  mailed, or when they were received by ODA.  Therefore, Plaintiff has failed to

25  properly serve Defendant Contreras, and Plaintiff's action against him should be

26  dismissed.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

1      **B.    State Defendants are not subject to the jurisdiction of this court.**

2          Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of

3    personal jurisdiction.   The parameters of personal jurisdiction are set forth in Rule

4    4(k) of the Federal Rules of Civil Procedure.   Whether or not personal jurisdiction

5    exists in this Court over State Defendants is determined by the provisions of Rule

6    4(k)(1)(A), *i.e.*, would State Defendants be subject to the jurisdiction of a court of

7    general jurisdiction in California?

8          California permits the exercise of personal jurisdiction to the full extent

9    permitted by due process. *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1047, 90

10   Cal.Rptr.2d 657 (1999) ["California's long-arm statute permits courts to exercise

11   jurisdiction over nonresidents on any basis not inconsistent with federal or state

12   constitutions.  (Code Civ. Proc. 410.10.)"]

13         Whether a California court would have personal jurisdiction over State

14   Defendants is dependent upon whether the plaintiff has alleged "minimum

15   contacts" between State Defendants and the State of California for purposes of

16   general or specific jurisdiction. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*,

17   223 F.3d 1082, 1086 (9th Cir. 2000).   As noted by the *Stone* court, "When a

18   defendant moves to quash service of process on jurisdictional grounds, the plaintiff

19   has the initial burden of demonstrating facts justifying the exercise of

20   jurisdiction." *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1048, 90 Cal.Rptr.2d

21   657 (1999).

22         General jurisdiction requires that the contacts be of the sort that approximate

23   physical presence. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082,

24   1086 (9th Cir. 2000).  There are no facts alleged in the Complaint that suggest that

25   Plaintiff is claiming general jurisdiction over State Defendants.

26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 7

1    Absent general jurisdiction, the California Supreme Court has determined

2 that a defendant "still may be subject to specific jurisdiction of the forum, if the

3 defendant has purposefully availed himself or herself of forum benefits [citation],

4 and the 'controversy is related to or "arises out of" a defendant's contacts with the

5 forum.'" *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 446, 58

6 Cal.Rptr.2d 899, 926 P.2d 1085 (1996). Federal courts are in accord.

7    The Ninth Circuit, in *Bancroft*, explained that in order for there to be

8 specific jurisdiction: (1) the defendant must have performed some act or

9 consummated some transaction within the forum or otherwise purposely availed

10 itself of the privileges of conducting activities in the forum; (2) the claim must

11 arise out of or result from the defendant's forum related activities; and (3) the

12 exercise of jurisdiction must be reasonable. *Ziegler v. Indian River County*, 64

13 F.3d 470, 474 (9th Cir. 1995).

14    **1.    Purposeful Availment.**

15    The "purposeful availment" prong of the first element of the specific

16 jurisdiction analysis may be met in a tort case by what is called an "effects test" if

17 the defendant (1) committed an intentional act that was (2) expressly aimed at the

18 forum state, and (3) caused harm, the brunt of which is suffered and which the

19 defendant knows is likely to have been suffered in the forum state. *Bancroft &*

20 *Masters, Inc., supra,* 223 F.3d at 1087. The Ninth Circuit has also noted that the

21 effects test "cannot stand for the broad proposition that a foreign act with

22 foreseeable effects in the forum state always gives rise to specific jurisdiction."

23 *Id.* There must be "something more." *Id.* The something more involves the

24 "express aiming" at the forum state. That term does not define itself, but the cases

25 indicate that the term "encompasses wrongful conduct individually targeting a

26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                              Page 8

1  known forum resident." *Id.* It must be distinguished from "untargeted
2  negligence." *Id.* at 1087-88.

3  It is the presence of individualized targeting of a known forum resident that
4  separates the cases finding jurisdiction under the effects test from those cases in
5  which the effects test is unsatisfied. *Id.* at 1088. Plaintiff makes just three factual
6  allegations of action by State Defendants in the complaint: (1) that Contreras
7  published a "diploma mill" list on the State of Oregon, Office of Degree
8  Authorization's website (*see, e.g.*, Compl. p. 16, ¶ T); (2) that Contreras sent a
9  letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.*,
10 Compl. p. 68, ¶ 173); and (3) that ODA housed an article by George Gollin on its
11 website (see e.g., Compl. P. 57, ¶ 128). These allegations fail to demonstrate that
12 State Defendants purposely availed themselves of California law. *Ziegler, supra,*
13 64 F.3d at 474; *Stone, supra*, 76 Cal.App.4th at 1048. Therefore, Plaintiff has not
14 met his burden.

15 **2.    There Must be Forum-Related Activity by the Defendant.**

16 The second prong of the specific jurisdiction test requires that the claim
17 arises out of or results from the defendant's forum-related activities. In the Ninth
18 Circuit, this involves a "but-for" test. *Bancroft & Masters, Inc., supra,* 223 F.3d at
19 1088. The test is not met if the causal connection is significantly attenuated. *Doe*
20 *v. American National Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). In this
21 case, Plaintiff makes no allegations that tie State Defendants to California in any
22 way.

23 California courts are authorized to exercise jurisdiction "on any basis not
24 inconsistent with the Constitution of [California] or of the United States."
25 California Rules of Civil Procedure §410.10. The Fourteenth Amendment limits
26 the extent of personal jurisdiction to those instances that do not violate Due

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 9

1  Process rights.  Plaintiff alleges that State Defendants published content at

2  http://www.osac.state.or.us/oda/unaccredited.aspx.  This website allows materials

3  to be accessed from any Internet-ready computer.  No information or materials are

4  sold via this website and there are no interactive features.  "A passive website that

5  does little more than make information available to those who are interested in it is

6  not grounds for the exercise of personal jurisdiction." *Zippo Manufacturing Co. v.*

7  *Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1121 (W.D. Penn. 1997).  See also

8  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997).  (Adopting the

9  *Zippo* standard in the Ninth Circuit).  As Plaintiff has failed to establish personal

10  jurisdiction in a California court over State Defendants, Plaintiff's claims against

11  them should be dismissed.

12      **C. Plaintiff has failed to state a claim upon which relief can be granted.**

13      **1.    Plaintiff's federal and state claims against the State and**
        **Contreras in his official capacity are barred by the Eleventh**
14      **Amendment.**

15      Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure to state

16  a claim upon which relief can be granted.  Under the Eleventh Amendment to the

17  U.S. Constitution, federal courts may not entertain a lawsuit brought by a citizen

18  against a State, its agencies, or departments without the State's consent. *Seminole*

19  *Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114 (1996), *citing Hans v.*

20  *Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504 (1890); *Pennhurst State School & Hosp. v.*

21  *Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900 (1984).  Eleventh Amendment

22  immunity applies to individuals acting in their official capacity. *Will v. Michigan*

23  *Dept. of State Police*, 491 U.S. 58, 71 (1989) (a suit against state officials in their

24  official capacities is not a suit against the officials but rather is a suit against the

25  officials' offices and, thus, is no different from a suit against the State itself).

26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 10

1    "Although the State of Oregon has consented to be sued in Oregon courts for

2    the torts committed by its employees, officers, or agents while acting within the

3    course and scope of their employment under the OTCA, it has not consented to be

4    sued in federal courts for those torts." *Blair v. Toran*, CV-99-956-ST, 1999 U.S.

5    Dist. LEXIS 20033, at *69 (D. Or. Dec. 2, 1999). As the State has not expressly

6    consented to be sued by Plaintiff in a federal court, all of Plaintiff's claims against

7    the State, and Contreras in his official capacity, must be dismissed pursuant to the

8    Eleventh Amendment.

9    **2.    Plaintiff fails to allege any action by Contreras in his individual
         capacity to support his federal or state law claims**.

10

11   A complaint may be dismissed as a matter of law for insufficient facts under

12   a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F2d 530,

13   533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's Fed. Practice* ¶12.08 at 2271

14   (2d ed. 1982)). A plaintiff may bring a 42 U.S.C. §1983 claim against a person

15   who deprives them of their constitutional rights under color of state law. To do

16   that, a plaintiff must bring a claim against the person in his individual capacity.

17   *Will*, 491 U.S. at 71. Plaintiff names Contreras in his individual capacity, but

18   alleges only two official actions by Contreras in his Complaint: (1) that Contreras

19   published a "diploma mill" list on the State of Oregon, Office of Degree

20   Authorization's website (*see, e.g.,* Compl. p. 16, ¶ T); and (2) that Contreras sent a

21   letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,*

22   Compl. p. 68, ¶ 173). Both of these actions were official acts taken by Contreras

23   as Director of the Office of Degree Authorization. As a result, Plaintiff fails to

24   allege any action by Contreras in his individual capacity and any §1983 claim must

25   fail. Furthermore, because Plaintiff fails to allege any action by Contreras in his

26   individual capacity, Plaintiff alleges no facts in support of his state law claims

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 11

1   against Contreras in his individual capacity and all state law claims against him

2   must fail.

3   **CONCLUSION**

4        For the foregoing reasons, Plaintiff's claims against State Defendants should

5   be dismissed.

6        DATED this 18 day of January, 2012.

7                      Respectfully submitted,

8                      JOHN R. KROGER
                           Attorney General

9

10

11                     SETH T. KARPINSKI #Cal. Bar #137748

12                     Senior Assistant Attorney General
                         Trial Attorney

13                     Tel (503)947-4700
                         Fax (503) 947-4792

14                     seth.t.karpinski@doj.state.or.us
                         Of Attorneys for Defendants Alan

15                             Contreras and State of Oregon, Office
                             of Degree Authorization

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

# CERTIFICATE OF SERVICE

I certify that on January 18, 2012, I served the foregoing MEMORANDUM IN

SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO

F.R.C.P. 12(b)(2), (5), and (6) upon the parties hereto by the method indicated below, and

addressed to the following:

Dr. Jerroll B. R. Dolphin
P.O. Box 941009
Los Angeles, CA 90064
(323) 345-1230
    Plaintiff on behalf of himself, Robert
    Farmer, on behalf of a class action

    \_\_\_ HAND DELIVERY
    \_x\_ MAIL DELIVERY
    \_\_\_ OVERNIGHT MAIL
    \_\_\_ TELECOPY (FAX)
    \_\_\_ E-MAIL
    \_\_\_ E-FILE

Larry D. Walls
The Law Office of Larry D. Walls
9025 Wilshire Blvd Penthouse Suite
Los Angeles, CA 90043
(310) 275-4229
    Of Attorneys for Plaintiff

    \_\_\_ HAND DELIVERY
    \_\_\_ MAIL DELIVERY
    \_\_\_ OVERNIGHT MAIL
    \_\_\_ TELECOPY (FAX) (323) 296-2153
    \_\_\_ E-MAIL larrywalls@sbcglobal.net
    ✔ E-FILE

Nicole C Rivas
Alston & Bird LLP
333 South Hope Street 16th Floor
Los Angeles, CA 90071
213-576-1000
    Of Attorneys for Dr George Gollin,
    and University of Illinois-Urbana
    Champaign

    \_\_\_ HAND DELIVERY
    \_\_\_ MAIL DELIVERY
    \_\_\_ OVERNIGHT MAIL
    \_\_\_ TELECOPY (FAX) 213-576-1100
    \_\_\_ E-MAIL nicole.rivas@alston.com
    ✔ E-FILE

///

///

///

///

///

///

///

Page 1 -  CERTIFICATE OF SERVICE
STK/cbh/3172241-v1

James R Rogers
James R Rogers Law Offices
125 South Highway 101 Suite 101
Solana Beach, CA 92075
858-792-9900
    Of Attorneys for Educational
    Commission for Foreign Medical
    Graduates, and Foundation for
    Advancement of Medical Education
    and Research

\_\_\_ HAND DELIVERY
\_\_\_ MAIL DELIVERY
\_\_\_ OVERNIGHT MAIL
\_\_\_ TELECOPY (FAX) 858-792-9509
\_\_\_ E-MAIL jrogers@jrrlaw.net
✓ E-FILE


SETH T. KARPINSKI OSB #991907
(California Bar #137748)
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
seth.t.karpinski@doj.state.or.us
Of Attorneys for Defendants Alan Contreras and
    State of Oregon, Office of Degree
    Authorization

Page 2 -   CERTIFICATE OF SERVICE
STK/cbh/3172241-v1