JOHN R. KROGER
Oregon Attorney General
SETH T. KARPINSKI, OSB #991907
(California Bar #137748)
Email:  seth.t.karpinski@doj.state.or.us
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792

Attorneys for Defendants Alan Contreras and State of Oregon, Office of Degree Authorization

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| JERROLL B.R. DOLPHIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REPUBLIC OF LIBERIA, et al.,<br><br>　　　　Defendants. | Case No. 2:11-cv-06322-RGK-SH<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)<br><br>DATE:　February 27, 2012<br>TIME:　9:00 a.m.<br>JUDGE:  Honorable R. Gary Klausner |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4

**TABLE OF CONTENTS**

I.   Introduction .................................................................................................. 1

II.  Factual Allegations ...................................................................................... 1

III. Motion to Dismiss Standard ......................................................................... 2

IV.  Argument ...................................................................................................... 3

   A.  State Defendants have not been properly served ................................ 3

       1.  Plaintiff has failed to properly serve the State of Oregon .......... 4

       2.  Plaintiff has failed to properly serve Contreras .......................... 4

   B.  State Defendants are not subject to the jurisdiction of this court ......... 6

       1.  Purposeful Availment .................................................................. 7

       2.  There Must be Forum-Related Activity by the Defendant ......... 8

   C.  Plaintiff has failed to state a claim upon which relief can be
       granted .................................................................................................. 9

       1.  Plaintiff's federal and state claims against the State and
           Contreras in his official capacity are barred by the
           Eleventh Amendment ................................................................... 9

       2.  Plaintiff fails to allege any action by Contreras in his
           individual capacity to support his federal or state law
           claims .......................................................................................... 10

V.   Conclusion .................................................................................................. 11

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                              Page i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) .................................. 3

*Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082 (9th Cir. 2000) .................. 6, 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................. 3

*Blair v. Toran*, CV-99-956-ST, 1999 U.S. Dist. LEXIS 20033 (D. Or. Dec. 2, 1999) ................. 10

California Rules of Civil Procedure § 410.10 ............................................................................. 9

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997) ............................................ 9

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988) ..................................................................................................................... 3

*Doe v. American National Red Cross*, 112 F.3d 1048 (9th Cir. 1997) ....................................... 8

*Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed.842 (1890) ........................................... 10

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ......................................................... 2

*Levine v. Diamamthuset, Inc.*, 950 F.2d 1478 (9th Cir. 1991) .................................................... 2

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) ................................................. 3

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ............................................................ 3

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984) ................................................................................................................. 10

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ............................... 3, 10

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996) ................................................................................................................................. 10

*Stone v. State of Texas*, 76 Cal.App.4th 1043, 90 Cal.Rptr.2d 657 (1999) ............................ 6, 7

*Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987) ...................................... 3

*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 58 Cal.Rptr.2d 899, 926 P.2d 1085 (1996) ................................................................................................................. 7

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ................................................................................................................................. 10

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) ................................................. 7, 8

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Penn. 1997) ........ 9

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4      Page ii

**Other Authorities**

2A J. Moore, *Moore's Fed. Practice* ¶12.08 at 2271 (2d ed. 1982) .......................... 3, 10

Fed. R. Civ. P. 4(k) ............................................................................................................ 6

Fed. R. Civ. P. 4(k)(1)(A) ................................................................................................. 6

**Rules and Regulations**

California Code of Civil Procedure § 415.10 ................................................................. 5

California Code of Civil Procedure § 415.20 ................................................................. 5

California Code of Civil Procedure § 415.40 ................................................................. 5

California Code of Civil Procedure § 416.90 ................................................................. 5

Fed, R. Civ. P. 4j (2) ......................................................................................................... 4

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 2, 6

Fed. R. Civ. P. 12(b)(5) ................................................................................................ 2, 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2, 9

Fed. R. Civ. P. 4 ........................................................................................................... 3, 4

Fed. R. Civ. P. 4(e) ........................................................................................................... 4

Fed. R. Civ. P. 4(m) .......................................................................................................... 3

Or. R. Civ. Pro. 7(D)(2)(d)(i) ........................................................................................... 5

Or. R. Civ. Pro. 7(D)(3)(a)(i) ........................................................................................... 5

Oregon Rule of Civil Procedure (Or. R. Civ. Pro.) D(3)(g) ............................................ 4

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                Page iii

## I. Introduction

Defendants Alan Contreras and State of Oregon, Office of Degree Authorization (hereafter collectively "State Defendants") move to dismiss the action because:

1. State Defendants have not been properly served as shown by the attached affidavits of Jessica McKie, Jennifer Diallo, and Alan Contreras;

2. State Defendants are not subject to the personal jurisdiction of this court; and

3. Plaintiff has failed to state a claim upon which relief can be granted because Defendant State of Oregon, Office of Degree Authorization (hereafter, "ODA"), and Defendant Contreras, in his official capacity only, are immune from suit pursuant to the Eleventh Amendment; and Plaintiff fails to allege any action by Contreras in his individual capacity.

## II. Factual Allegations

Plaintiff filed his Complaint on August 1, 2011. Affidavit of Jessica McKie filed with this motion (McKie Aff.) ¶2, Exh. A. As of January 13, 2012, Plaintiff has not filed proof of service with the court for State Defendants. McKie Aff. ¶3, Exh. A.

On or about November 28, 2011, the Oregon Office of Degree Authorization received a copy of a summons, proof of service for Alan Contreras, and complaint for United States District Court, Central District of California, Case No. CV 11-06322. Affidavit of Jennifer Diallo filed with this motion (Diallo Aff.) ¶2, Exh. B. The documents were mailed to 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 which is the address for ODA. Diallo Aff. ¶3, Exh. B. The documents were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking information or return receipt. Diallo Aff. ¶4, Exh. C.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4           Page 1

## I. Introduction

Defendants Alan Contreras and State of Oregon, Office of Degree Authorization (hereafter collectively "State Defendants") move to dismiss the action because:

1. State Defendants have not been properly served as shown by the attached affidavits of Jessica McKie, Jennifer Diallo, and Alan Contreras;

2. State Defendants are not subject to the personal jurisdiction of this court; and

3. Plaintiff has failed to state a claim upon which relief can be granted because Defendant State of Oregon, Office of Degree Authorization (hereafter, "ODA"), and Defendant Contreras, in his official capacity only, are immune from suit pursuant to the Eleventh Amendment; and Plaintiff fails to allege any action by Contreras in his individual capacity.

## II. Factual Allegations

Plaintiff filed his Complaint on August 1, 2011. Affidavit of Jessica McKie filed with this motion (McKie Aff.) ¶2, Exh. A. As of January 13, 2012, Plaintiff has not filed proof of service with the court for State Defendants. McKie Aff. ¶3, Exh. A.

On or about November 28, 2011, the Oregon Office of Degree Authorization received a copy of a summons, proof of service for Alan Contreras, and complaint for United States District Court, Central District of California, Case No. CV 11-06322. Affidavit of Jennifer Diallo filed with this motion (Diallo Aff.) ¶2, Exh. B. The documents were mailed to 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 which is the address for ODA. Diallo Aff. ¶3, Exh. B. The documents were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking information or return receipt. Diallo Aff. ¶4, Exh. C.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                    Page 1

1  Plaintiff's proof of service for Alan Contreras claims that Alan Contreras
2  was served by mail at 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 on
3  November 25 or 28, 2011. McKie Aff. ¶4, Exh. B. No one at ODA is authorized
4  to accept service on behalf of the State of Oregon or Alan Contreras. McKie Aff.
5  ¶5; Diallo Aff. ¶5. Alan Contreras retired from State service on March 31, 2011.
6  Affidavit of Alan Contreras filed with this motion (Contreras Aff.) ¶1; Diallo Aff.
7  ¶6. Alan Contreras has not received a summons or complaint from Plaintiff in
8  regards to this case. Contreras Aff. ¶2.
9  Plaintiff's numerous claims against State Defendants are based on only three
10 allegations which are repeated throughout the complaint: (1) that Contreras
11 published a "diploma mill" list on the State of Oregon, Office of Degree
12 Authorization's website (*see, e.g.,* Compl. p. 16, ¶ T); (2) that Contreras sent a
13 letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,*
14 Compl. p. 68, ¶ 173); and (3) that ODA housed an article by George Gollin on its
15 website (see e.g., Compl. p. 57, ¶ 128).

16 **III. Motion to Dismiss Standard**

17  Fed. R. Civ. P. 12(b)(5) requires dismissal for insufficient service of process.
18 Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of personal
19 jurisdiction. Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure
20 to state a claim upon which relief can be granted. Only facts as set forth in the
21 complaint are relevant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
22 While State Defendants reject the truthfulness of many of Plaintiff's factual
23 assertions, the Court's review is limited to the face of the complaint, documents
24 referenced by the complaint, and matters of which the Court may take judicial
25 notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re*
26 *Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp.*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                                    Page 2

1  *v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A complaint may be dismissed as
2  a matter of law for two reasons: (1) lack of a cognizable legal theory or (2)
3  insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter*
4  *Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's*
5  *Fed. Practice* ¶12.08 at 2271 (2d ed. 1982)). When a court considers a motion to
6  dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun*
7  *Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).
8    Conclusory or implausible allegations are not sufficient to avoid dismissal.
9  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009);
10 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929
11 (2007). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory
12 'factual content,' and reasonable inferences from that content, must be plausibly
13 suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*,
14 572 F.3d 962, 969 (9th Cir. 2009).

15 **IV. Argument**

16    **A.  State Defendants have not been properly served.**

17    Plaintiff has failed to properly serve State Defendants. Fed. R. Civ. P.
18 12(b)(5) requires dismissal for insufficient service of process. A federal court does
19 not have jurisdiction over a defendant unless the defendant has been served
20 properly under FRCP 4. *Direct Mail Specialists, Inc. v. Eclat Computerized*
21 *Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial
22 compliance with Rule 4, "neither actual notice nor simply naming the defendant in
23 the complaint will provide personal jurisdiction." *Id.* The time limit for service is
24 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Plaintiff filed his
25 complaint on August 1, 2011. Exh. A. To date, Plaintiff has failed to properly
26

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4                              Page 3

serve State Defendants as outlined below. Therefore, Plaintiff has failed to timely serve State Defendants and his action should be dismissed as to State Defendants.

### 1. Plaintiff has failed to properly serve the State of Oregon.

Pursuant to FRCP 4j (2), a State must be served by, "delivering a copy of the summons and of the complaint to its chief executive officer"; or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Pursuant to Oregon Rule of Civil Procedure (ORCP) D(3)(g), the State must be served by personal service upon the Attorney General or by leaving true copies of the summons and the complaint at the Attorney General's office with a deputy, assistant, or clerk. Here, Plaintiff mailed a copy of the summons and complaint to the Office of Degree Authorization (Diallo Aff. ¶¶2 and 3, Exh. B), not its chief executive officer or the Attorney General, which fails to satisfy the requirements of the federal or state rules for service. Therefore, Plaintiff has failed to properly serve the State and Plaintiff's action should be dismissed as to the State of Oregon, Office of Degree Authorization.

### 2. Plaintiff has failed to properly serve Contreras.

Pursuant to FRCP 4(e), an individual in the United States must be served by service in accordance with state law where the district court is located or where service is made, or by a method authorized by FRCP 4. For an individual in the United States, FRCP 4(e) authorizes service of process by personal service on the defendant, or by leaving a copy of the summons and complaint with someone residing at the individual defendant's dwelling, or by delivery to an agent authorized to receive service. Under Oregon law, an individual defendant may be served:

> [B]y personal delivery of true copies of the summons and the complaint to such defendant or other person authorized by appointment or law to receive service of summons on behalf of such defendant, by

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4      Page 4

substituted service, or by office service. Service may also be made upon an individual defendant to whom neither subparagraph (ii) nor (iii) of this paragraph applies by a mailing made in accordance with paragraph (2)(d) of this section provided the defendant signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing. Or. R. Civ. Pro. 7(D)(3)(a)(i).

Oregon law further provides that:

> When required or allowed by this rule or by statute, except as otherwise permitted, service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested. Or. R. Civ. Pro. 7(D)(2)(d)(i).

Pursuant to California Code of Civil Procedure § 415.40:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.

The California Code of Civil Procedure permits service by personal delivery to the defendant or a person authorized by him to receive service of process (§§ 415.10; 416.90); by leaving a copy at the defendant's office, mailing address, or dwelling and thereafter mailing a copy to that location (§ 415.20).

Here, the Office of Degree Authorization received a copy of the summons and complaint on or about November 28, 2011. Diallo Aff. ¶2. The documents were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking information or return receipt. Diallo Aff. ¶4, Exh. C. Plaintiff's proof of service for Alan Contreras claims that Alan Contreras was served by mail at 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 on November 25 or 28, 2011. McKie Aff. ¶4, Exh. B. The above address is for ODA. Diallo Aff. ¶3. Alan Contreras has not received a summons or complaint from Plaintiff in regards to this case. Contreras Aff. ¶2.

Ignoring Plaintiff's failure to comply with the return receipt requirement when mailing under the rules above (Diallo Aff. ¶4, Exh. C), the only form of

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4    Page 5

service Plaintiff could possibly have satisfied under any of the above rules was office service. However, Defendant Contreras retired from State service on March 31, 2011. Contreras Aff. ¶1; Diallo Affid. ¶6. As a result, ODA was not Defendant Contreras's office when the summons and complaint were allegedly mailed, or when they were received by ODA. Therefore, Plaintiff has failed to properly serve Defendant Contreras, and Plaintiff's action against him should be dismissed.

### B. State Defendants are not subject to the jurisdiction of this court.

Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of personal jurisdiction. The parameters of personal jurisdiction are set forth in Rule 4(k) of the Federal Rules of Civil Procedure. Whether or not personal jurisdiction exists in this Court over State Defendants is determined by the provisions of Rule 4(k)(1)(A), *i.e.*, would State Defendants be subject to the jurisdiction of a court of general jurisdiction in California?

California permits the exercise of personal jurisdiction to the full extent permitted by due process. *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1047, 90 Cal.Rptr.2d 657 (1999) ["California's long-arm statute permits courts to exercise jurisdiction over nonresidents on any basis not inconsistent with federal or state constitutions. (Code Civ. Proc. 410.10.)"]

Whether a California court would have personal jurisdiction over State Defendants is dependent upon whether the plaintiff has alleged "minimum contacts" between State Defendants and the State of California for purposes of general or specific jurisdiction. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). As noted by the *Stone* court, "When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4

Page 6

jurisdiction." *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1048, 90 Cal.Rptr.2d 657 (1999).

General jurisdiction requires that the contacts be of the sort that approximate physical presence. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). There are no facts alleged in the Complaint that suggest that Plaintiff is claiming general jurisdiction over State Defendants.

Absent general jurisdiction, the California Supreme Court has determined that a defendant "still may be subject to specific jurisdiction of the forum, if the defendant has purposefully availed himself or herself of forum benefits [citation], and the 'controversy is related to or "arises out of" a defendant's contacts with the forum.'" *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 446, 58 Cal.Rptr.2d 899, 926 P.2d 1085 (1996). Federal courts are in accord.

The Ninth Circuit, in *Bancroft*, explained that in order for there to be specific jurisdiction: (1) the defendant must have performed some act or consummated some transaction within the forum or otherwise purposely availed itself of the privileges of conducting activities in the forum; (2) the claim must arise out of or result from the defendant's forum related activities; and (3) the exercise of jurisdiction must be reasonable. *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).

### 1. Purposeful Availment.

The "purposeful availment" prong of the first element of the specific jurisdiction analysis may be met in a tort case by what is called an "effects test" if the defendant (1) committed an intentional act that was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to have been suffered in the forum state. *Bancroft & Masters, Inc., supra,* 223 F.3d at 1087. The Ninth Circuit has also noted that the

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4    Page 7

effects test "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Id.* There must be "something more." *Id.* The something more involves the "express aiming" at the forum state. That term does not define itself, but the cases indicate that the term "encompasses wrongful conduct individually targeting a known forum resident." *Id.* It must be distinguished from "untargeted negligence." *Id.* at 1087-88.

It is the presence of individualized targeting of a known forum resident that separates the cases finding jurisdiction under the effects test from those cases in which the effects test is unsatisfied. *Id.* at 1088. Plaintiff makes just three factual allegations of action by State Defendants in the complaint: (1) that Contreras published a "diploma mill" list on the State of Oregon, Office of Degree Authorization's website (*see, e.g.*, Compl. p. 16, ¶ T); (2) that Contreras sent a letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.*, Compl. p. 68, ¶ 173); and (3) that ODA housed an article by George Gollin on its website (see e.g., Compl. P. 57, ¶ 128). These allegations fail to demonstrate that State Defendants purposely availed themselves of California law. *Ziegler, supra,* 64 F.3d at 474; *Stone, supra,* 76 Cal.App.4th at 1048. Therefore, Plaintiff has not met his burden.

### 2. There Must be Forum-Related Activity by the Defendant.

The second prong of the specific jurisdiction test requires that the claim arises out of or results from the defendant's forum-related activities. In the Ninth Circuit, this involves a "but-for" test. *Bancroft & Masters, Inc., supra,* 223 F.3d at 1088. The test is not met if the causal connection is significantly attenuated. *Doe v. American National Red Cross,* 112 F.3d 1048, 1051 (9th Cir. 1997). In this

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4     Page 8

case, Plaintiff makes no allegations that tie State Defendants to California in any way.

California courts are authorized to exercise jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." California Rules of Civil Procedure § 410.10. The Fourteenth Amendment limits the extent of personal jurisdiction to those instances that do not violate Due Process rights. Plaintiff alleges that State Defendants published content at http://www.osac.state.or.us/oda/unaccredited.aspx. This website allows materials to be accessed from any Internet-ready computer. No information or materials are sold via this website and there are no interactive features. "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1121 (W.D. Penn. 1997). See also *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997). (Adopting the *Zippo* standard in the Ninth Circuit). As Plaintiff has failed to establish personal jurisdiction in a California court over State Defendants, Plaintiff's claims against them should be dismissed.

**C.  Plaintiff has failed to state a claim upon which relief can be granted.**

    **1.  Plaintiff's federal and state claims against the State and Contreras in his official capacity are barred by the Eleventh Amendment.**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure to state a claim upon which relief can be granted. Under the Eleventh Amendment to the U.S. Constitution, federal courts may not entertain a lawsuit brought by a citizen against a State, its agencies, or departments without the State's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L.Ed.2d 252

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4      Page 9

(1996), *citing Hans v. Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504, 33 L.Ed.842 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). Eleventh Amendment immunity applies to individuals acting in their official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (a suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the State itself).

"Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, CV-99-956-ST, 1999 U.S. Dist. LEXIS 20033, at *69 (D. Or. Dec. 2, 1999). As the State has not expressly consented to be sued by Plaintiff in a federal court, all of Plaintiff's claims against the State, and Contreras in his official capacity, must be dismissed pursuant to the Eleventh Amendment.

### 2. Plaintiff fails to allege any action by Contreras in his individual capacity to support his federal or state law claims.

A complaint may be dismissed as a matter of law for insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's Fed. Practice* ¶12.08 at 2271 (2d ed. 1982)). A plaintiff may bring a 42 U.S.C. §1983 claim against a person who deprives them of their constitutional rights under color of state law. To do that, a plaintiff must bring a claim against the person in his individual capacity. *Will, supra,* 491 U.S. at 71. Plaintiff names Contreras in his individual capacity, but alleges only two official actions by Contreras in his Complaint: (1) that

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4　　　　　　　　　　　Page 10

1  Contreras published a "diploma mill" list on the State of Oregon, Office of Degree
2  Authorization's website (*see, e.g.,* Compl. p. 16, ¶ T); and (2) that Contreras sent a
3  letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,*
4  Compl. p. 68, ¶ 173). Both of these actions were official acts taken by Contreras
5  as Director of the Office of Degree Authorization. As a result, Plaintiff fails to
6  allege any action by Contreras in his individual capacity and any § 1983 claim
7  must fail. Furthermore, because Plaintiff fails to allege any action by Contreras in
8  his individual capacity, Plaintiff alleges no facts in support of his state law claims
9  against Contreras in his individual capacity and all state law claims against him
10 must fail.

## V. Conclusion

For the foregoing reasons, Plaintiff's claims against State Defendants should be dismissed.

DATED this 20 day of January, 2012.

Respectfully submitted,

JOHN R. KROGER
Attorney General


SETH T. KARPINSKI #Cal. Bar #137748
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
seth.t.karpinski@doj.state.or.us
Of Attorneys for Defendants Alan
   Contreras and State of Oregon, Office
   of Degree Authorization

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT
TO F.R.C.P. 12(b)(2), (5), and (6).

3154225-v4

Page 11

# CERTIFICATE OF SERVICE

      I certify that on January **20**, 2012, I served the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY STATE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6) upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Dr. Jerroll B. R. Dolphin<br>P.O. Box 941009<br>Los Angeles, CA 90064<br>(323) 345-1230<br>    Plaintiff on behalf of himself, Robert<br>    Farmer, on behalf of a class action | ___ HAND DELIVERY<br>_x_ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL<br>___ E-FILE |
| Larry D. Walls<br>The Law Office of Larry D. Walls<br>9025 Wilshire Blvd Penthouse Suite<br>Los Angeles, CA 90043<br>(310) 275-4229<br>    Of Attorneys for Plaintiff | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX) (323) 296-2153<br>___ E-MAIL larrywalls@sbcglobal.net<br>✓ E-FILE |
| Nicole C Rivas<br>Alston & Bird LLP<br>333 South Hope Street 16th Floor<br>Los Angeles, CA 90071<br>213-576-1000<br>    Of Attorneys for Dr George Gollin,<br>    and University of Illinois-Urbana<br>    Champaign | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX) 213-576-1100<br>___ E-MAIL nicole.rivas@alston.com<br>✓ E-FILE |

///

///

///

///

///

///

///

Page 1 -   CERTIFICATE OF SERVICE
STK/cbh/3172241-v1

| | |
|---|---|
| James R Rogers<br>James R Rogers Law Offices<br>125 South Highway 101 Suite 101<br>Solana Beach, CA 92075<br>858-792-9900<br>    Of Attorneys for Educational<br>    Commission for Foreign Medical<br>    Graduates, and Foundation for<br>    Advancement of Medical Education<br>    and Research | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX) 858-792-9509<br>___ E-MAIL jrogers@jrrlaw.net<br>_X_ E-FILE |

*[signature]*

SETH T. KARPINSKI OSB #991907
(California Bar #137748)
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
seth.t.karpinski@doj.state.or.us
Of Attorneys for Defendants Alan Contreras and
    State of Oregon, Office of Degree
    Authorization

Page 2 -   CERTIFICATE OF SERVICE
           STK/cbh/3172241-v1