**Exhibit 5 - 18 Jan 2005 NCHE letter to Madame Carole Bede, ECFMG**



REPUBLIC OF LIBERIA
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa



OFFICE OF THE EXECUTIVE DIRECTOR

January 18, 2005

Madame Carole Bede

Senior Research Analyst

International Medical Education Directory

Foundation of Advancement of International Medical Education and Research

3634 Market Street, 4th Floor, Philadelphia, PA 19104-2685

Re:   St. Luke School of Medicine

Dear Madam Bede:

This will acknowledge receipt of your letter of inquiry dated October 28, 2004, concerning the above institution.

We regret the delay in responding to this inquiry. Meanwhile, we are pleased to provide the following information in relation to the request asked.

Although St. Luke School of Medicine did apply to the National Commission on Higher Education for recognition by government through accreditation, the Permit to operate, issued previously, only bore the signature of the former Executive Director. Instead of two signatories, especially the signature of the Chairperson of the National Commission in keeping with the ACT, which created it. The lack of two signatures made the permit inappropriate.

However, the authorities of St. Luke have now realized that they were unaware of any problem with the previous permit. They have decided to remedy the problem by completing the process of accreditation to be granted by the National Commission.

Thus, the process of accreditation and subsequent official recognition had begun with the following preliminary steps in keeping with the National Policy on Higher Education in the Republic of Liberia.

- "An individual, a group of individuals, or any entity wishing to operate a higher education institution in Liberia must apply to the National Commission on Higher Education."

  **St. Luke School of Medicine had applied and their application has been received and is being processed.**

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

- It is also stipulated in the policy that "there shall be adequate physical facilities-classrooms, laboratories tools, instruments, equipment and provision for updating the facilities, and provide expendable supplies to give students proper learning experiences essential to achieving the education philosophy and objectives of the programs."

The St. Luke School of Medicine has established an institution and is working hard towards providing the necessary physical facilities. As we speak, there is large quantity of quality medical equipment including computers, modern books, microscopes, etc, most of which had already arrived in Liberia, for classroom and other purposes, to promote learning.

"The Commission shall recommend institutions that meet the requirements to the National Legislature to be chartered; and only institutions qualified by the Commission and chartered by the National Legislature shall be issued a **TEMPORARY OPERATIONAL PERMIT PENDING THEIR ACCREDITATION**."

To conclude, The National Commission has observed that the previous attempt aimed at seeking accreditation was not done in a proper manner in that the temporary permit to operate possessed only one signature, and does not fault St. Luke authorities for this omission.

Thank you for your cooperation.

Sincerely yours,

*Isaac Roland*
Isaac Roland, Ed.D

**DIRECTOR GENERAL**

**Exhibit 6 - Adverse Letter from Madame Carole Bede, ECFMG**

**REPUBLIC OF LIBERIA**
**NATIONAL COMMISSION OF HIGH EDUCATION**

Fourth Floor, Room 407

**MINISTRY OF EDUCATION**

P. O. Box 9014

**Monrovia , Liberia , West Africa**



URGENT DISCLAIMER ON THE ILLEGAL ESTABLISHMENT AND RECOGNITION OF HIGHER EDUCATION INSTITUTIONS IN THE REPUBLIC OF LIBERIA

In order to establish a Higher Education Institution in Liberia , there are two sets of requirements: One set of requirements relates to obtaining a charter to operate from the National Legislature. The other set of requirements has to do with conformity to policies as set by the National Commission on High Education. One stipulation in these policies is that institutions seeking to be established in Liberia must meet the requirements as set out in the policy, prior to obtaining charters from the National Legislature. The policy clearly provides guidelines regarding the establishment and operation of high education institutions in the Republic of Liberia . These policy guidelines are currently available at the Commission's Secretariat.

On the contrary, the National Commission on High Education has observed with dismay that some colleges or universities have been established without going through the proper channels. For one thing charters have been granted institutions without prior clearance from the National Commission on High Education. In other cases, several institutions appear to have obtained operational permits or statements of recognition to establish and operate in the country. However, some of these documents were exclusively signed by the former Executive Director of the past administration without the approval of the Commission. Hence, the Permit signed without the approval of the Chairperson is considered invalid, and any institution in possession of such permit is not recognized by the appropriate authorities of the Commission.

Particular references are made to the St. Regis University and St. Luke Medical College that fall in this category. The St. Regis University has publicly made known to the World that it has a legal status to operate in Liberia through the permission of the Commission on High Education. This is not true. Evidence suggests that whatever documents the University claims to have obtained from the Commission were never approved by the Commission and do not bear the signature of the Chairperson. Further, these two institutions are considered Distance Education Institutions and according to the Commission's policy:

*Institutions that are distance education-related and that have approached the National Commission on Higher Education for the operation in Liberia are being processed. Since this is a new area of exploration for the Commission, the public is advised that any decisions already reached reference these Institutions are tentative and that the Commission is continuing its deliberations on these Institutions to final conclusions vis-à-vis their place in the Liberian Higher Education System.*

Accordingly, the National Commission on Higher Education, Republic of Liberia , hereby declares null and void whatever documents St. Regis University may claim to possess

emanating from the Commission until at such time when authorities of the Institution can go through the proper procedures for accreditation.

As regards the St. Luke Medical College, evidence also shows that no such college exists in Liberia ; therefore, it cannot claim to have obtained accreditation from the Commission. The Commission also nullifies the existence of such an institution in Liberia , until such time as all pertinent requirements as noted above are met. It therefore goes without saying that similar notice is being sent our to all institutions which are making claims similar to St. Regis and St. Luke that have not met the requirements as herein noted.

Signed: Isaac Roland, Ed.D. (DIRECTOR GENERAL)

Approved: D. Evelyn S. Kandakai, Ed.D. (CHAIRPERSON)

# Exhibit 7 - ATTESTATION FROM NCHE, March 2005



**REPUBLIC OF LIBERIA**
**NATIONAL COMMISSION ON HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa



March 3, 2005

## STATEMENT OF ATTESTATION

This is to attest that the **St. Luke School of Medicine** has met some acceptable requirements for the establishment and operation of Post-Secondary institution in the Republic of Liberia. The National Commission on Higher Education hereby issues this statement of recognition to operate a higher learning institution in Liberia pending the complete processing of the **Permit of Operation.**

Thank you.

Signed: *Isaac Roland*
Dr. Isaac Roland
**Director-General/NCHE**

# Exhibit 8 - 12 March 2005 NCHE Letter to Madame Carole Bede




REPUBLIC OF LIBERIA
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa

OFFICE OF THE DIRECTOR GENERAL

March 12, 2005

Madame Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation of Advancement of International Medical Education and Research
3634 Market Street, 4th Floor
Philadelphia, PA 19104-2685

**Re:    St. Luke School of Medicine**

Dear Madam Bede:

This letter acknowledges receipt of your letter of inquiry dated January 11, 2005, concerning the above institution.

Again, we regret the delay in responding to this inquiry.  We are pleased to provide the following information in relation to the questions posed.

1.    Is the St. Luke School of Medicine currently recognized by the government of Liberia for award of the Doctor of Medicine degree?

      Yes.  St. Luke School of Medicine is recognized by the government of Liberia to award Doctor of Medicine degrees.  The process of reaccredidation is ongoing.  St. Luke School of Medicine has been issued an ATTESTATION, and is waiting for the new PERMIT TO OPERATE.

2.    On what date was recognition granted?

      Recognition was granted from August 1, 2000 by the National Legislature of the Republic of Liberia.

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

3.   If the St. Luke School of Medicine is not presently recognized by the government of Liberia for award of the Doctor of Medicine degree was the school previously granted recognition that has since been withdrawn? If so, please state the effective dates of the period of previous recognition.

Liberia presently recognizes St. Luke School of Medicine.

4,   If St. Luke School of Medicine was never granted any form of recognition by the government of Liberia for award of the Doctor of Medicine degree, what was the reason for the request to the World Health Organization to list the school in their publications?

The government of Liberia previously recognized St. Luke School of Medicine.

I thank you for your inquiry and your cooperation.

Sincerely yours,

Isaac Roland, Ed.D.

DIRECTOR GENERAL

**Exhibit 9 – Receipt for Payment of LMB's Inspection Fee**

**Exhibit 10 – Liberian Medical Board Assessment of SLSOM Campus**



**REPUBLIC OF LIBERIA**
# LIBERIA   MEDICAL BOARD
**MINISTRY OF HEALTH & SOCIAL WELFARE**
**P. O. BOX 10-9009**
**1000 MONROVIA 10, LIBERIA**

Ref

Tel

March 22, 2005

Dr. Jerroll Dolphin
President
St. Luke School of Medicine
Monrovia, Liberia

Dear Dr. Dolphin:

RE: <u>ASSESSMENT OF ST. LUKE SCHOOL OF MEDICINE</u>

In response to your letter of invitation, dated March 8, 2005, I am pleased to inform you that having assessed the premises of the proposed "St. Luke School of Medicine", we observed that the building for the school is still undergoing major renovation. There is no document on the school (hand book, curriculum, etc.), library and laboratories are not set up. The site is not representative of a Medical School, list of faculty and staff, etc, etc. When these concerns are addressed, the Board shall re-visit the site to determine if the school can be granted permit to start the admission process.

With regards.

Sincerely yours,

Horatius C. Browne, MD, MS, FWACS
CHAIRMAN, LIBERIA MEDICAL BOARD

**Exhibit 11 - NCHE "Computer School" Letter to ECFMG**

APR. 27. 2005  8:40AM   ECFMG 215 387 9963          NO. 90   P. 1

# FAIMER®

## Foundation for Advancement of
## International Medical Education and Research

3624 Market Street
4th Floor
Philadelphia, PA 19104-2685
USA

215-823-2268
215-386-9767 (FAX)
www.faimer.org

**PRESIDENT**
John J. Norcini, Ph.D.

**CHAIR**
James A. Hallock, M.D.

**VICE CHAIR**
Donald O. Nutter, M.D.

**SECRETARY**
Sharon Wood-Dauphinee, Ph.D.

**TREASURER**
Dennis M. Donohue, C.P.A.

**BOARD OF DIRECTORS**
Busharat Ahmad, M.D., F.A.C.S.
Ms. Suzanne T. Anderson
Sandra T. Barnes, M.D.
Joel A. DeLisa, M.D., M.S.
Richard R. Eakin, Ph.D.
Lynn O. Fleisher, Ph.D., J.D.
James A. Hallock, M.D.
Arthur Kaufman, M.D.
Ian D. Krantz, M.D.
John J. Norcini, Ph.D.
Donald O. Nutter, M.D.
Richard J. Schmid
Jamaheer Teleb, M.B., B.S.
Douglas W. Voth, M.D.
Sharon Wood-Dauphinee, Ph.D.

### FAX TRANSMISSION
### INTERNATIONAL MEDICAL EDUCATION DIRECTORY
### (IMED)
### FAX NUMBER 215-386-9767

| | |
|---|---|
| Date: | April 27, 2005 |
| To: | St. Luke School of Medicine |
| From: | Carole Bede<br>Senior Research Analyst<br>*International Medical Education Directory* |
| Subject: | National Commission of Higher Education<br>Liberia |
| Total Number of Pages: | 4 |

Message:

*FAIMER is a non-profit foundation of the Educational Commission for Foreign Medical Graduates that is committed to advancing international medical education.*

04/27/2005 13:58 13235652724 SLUSUM

APR. 27. 2005 8:40AM ECFMG 215 387 9963 NO. 90 P. 2

 **EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES**

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● FAX: 215-386-9767 ● INTERNET: www.ecfmg.org

April 27, 2005

St. Luke School of Medicine
8516 11th Avenue, 2nd Floor
Inglewood Ca 90305

Dear Sir or Madam:

In December, 2004, ECFMG and FAIMER received information that St. Luke School of Medicine might not be recognized by the National Commission of Higher Education and the Government of Liberia. FAIMER subsequently wrote to the National Commission of Higher Education of Liberia for additional information

On March 18, 2005 FAIMER received re-confirmation from the National Commission of Higher Education, Ministry of Education, Liberia, that St. Luke School of Medicine was granted recognition by the National Legislature of Liberia from August 1, 2000. St. Luke School of Medicine Liberia continued to be listed in IMED with "current" graduation years.

However, on April 25, 2005, FAIMER received a letter dated April 11, 2005, from Isaac Roland, Ed.D., Director-General, National Commission of Higher Education, Ministry of Education, Liberia. In his letter, Dr. Roland stated that although the Commission had issued a "letter of attestation to St. Luke School of Medicine," after investigation, it has been determined that St. Luke School of Medicine does not exist in the Republic of Liberia and that "the Secretariat of the National Commission therefore revokes the attestation effective immediately." A copy of this letter is enclosed.

Therefore, although previously listed in IMED, St. Luke School of Medicine Liberia is no longer listed in IMED and students and graduates of the school are not eligible for the USMLE or for ECFMG certification.

Sincerely,

Carole Bede

Carole Bede
Senior Research Analyst
Registration and Credentialing Services

*ECFMG® is an organization committed to promoting excellence in international medical education.*

04/27/2005  13:58    13235652724              SLUSUM
APR. 27. 2005  8:40AM    ECFMG 215 387 9963              NO. 90    P. 3



**REPUBLIC OF LIBERIA**
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
**MINISTRY OF EDUCATION**
P.O. Box 9014
**Monrovia, Liberia, West Africa**

OFFICE OF THE DIRECTOR GENERAL

April 11, 2005

Madam Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation for Advancement of
International Medical Education and Research
3824 Market Street
4th Floor
Philadelphia, PA 19104 - 2685
U. S. A.

RECEIVED

APR 25 2005

ECFMG
CREDENTIALS

Dear Madam Bede:

Recent investigation by the National Transitional Legislative Assembly joint Standing Committees on Health & Social Welfare and Education regarding the existence of the St. Luke School of Medicine, substantiated by valid documentary evidence has revealed, beyond all reasonable doubts, that such school does not exist in the Republic of Liberia.

Although the National Commission on Higher Education had previously issued and urgent disclaimer notice to the St. Luke School of Medicine to stop awarding level degrees through distance education, the authorities however later appealed to the Commission to operate a Computer School. The Commission then issued a letter of attestation to St. Luke School of Medicine indtead of St. Luke School... The NTLA Committees observed that the Secretatiate of the Commission made an error by issuing the attestation. In fact, the Commission has never issued any Official Temporary Operational Permit to St. Luke School of Medicune to operate in Liberia.

In view of the foregoing anomally, the Commission is in full agreement with the NTLA Committees that the so-called St. Luke School of Medicine or "College" or "University" does not exist in the Republic of Liberia. The Secretariat of the National Commission therefore revokes the attestation effectively immediately.

Thank your very much.

Sincerely yours,

Isaac Roland, Ed.D.
DIRECTOR - GENERAL

CC:  The Chairman, NTLA Joint Committees On Health
     And Education

     The Chairperson,
     National Commission on Higher Education

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

04/27/2005  13:58    13235652724                 SLUSOM

APR. 27. 2005  8:41AM    ECFMG 215 387 9963                          NO. 90   P. 4

. . 2 . .

The Dean
A. M. Dogliotti  College of Medicine
University of Liberia

# Exhibit 12 – TEXT OF SLSOM "WRIT OF PROHIBITION" PETITION

IN THE SUPREME COURT OF THE REPUBLIC OF LIBERIA
SITTING IN IT'S A.D. 2005 MARCH TERM.

CHAMBERS...........................CAMPBELL...............JUSTICE

| | |
|---|---|
| St. Luke School of Medicine by & thru ) | |
| Its President, Dr. Jerroll B.R. Dolphin, ) | |
| M.D., of the City of Monrovia, R.L... ) | |
| ........................PETITIONER ) | |
| ) | |
| V E R S U S ) | |
| ) **PETITION FOR A WRIT** | |
| The Government of Liberia by & thru ) **OF** | |
| The Ministry of Justice & the Ministry ) **PROHIBITION** | |
| Of Education & the 5 – man Committee ) | |
| Represented by its Chairman of the City ) | |
| Of Monrovia, R.L.....RESPONDENTS ) | |

PETITIONER'S PETITION

Petitioner most respectfully petitioning of and against Respondents showeth reasons therefor, to wit:

- That Petitioner, by Legislative Enactment approved April 24, 2003, and published on August 8, 2003, is a duly accredited legal entity existing under such Act (Law) with all rights and privileges to exist and operate a medical school within the Republic of Liberia, as will evidentially appear from photocopies of said Act hereto annexed and marked exhibit "A" and formal approval letter signed by the Chief Executive of Liberia, marked exhibit "B " hereof.

EXHIBITS          PAGE 27 OF 131

- That following its incorporation it was duly recognized and accredited by the various appropriate authorized functionaries of Government including the Ministry of Health and Social Welfare by & thru Minister Peter Coleman, MD, through a communication bearing date August 15, 2000, relevant excerpt of which reads verbatim:

*REPUBLIC OF LIBERIA*

*MINISTRY OF HEALTH & SOCIAL WELFARE*
*P.O. BOX 10-0000*
*1000 – MONROVIA, 10 – LIBERIA*
*WEST AFRICA*

*AUGUST 15, 2005*

*OFFICE OF THE MINISTER*
*MH&SW/GOL/PSC – M/1255/"00/RL*

*Mr. Sandra Dumont*
*HDP ASU/HQ*
*World Health Organization*
*CH – 1211, Geneva 27, Switzerland*

*Dear Madam:*

*This is to certify that the government of Liberia has accredited the St. Luke School of Medicine to operate within the Republic of Liberia. This Medical School will grant four-year Doctor of Medicine (MD) and is regulated through the Ministry of Health.*

*The date of accreditation is effective August 1, 2000.*

It is our hope that this information will be useful and that all necessary courtesies will be accorded the above mentioned Medical School.

Kind regards.

Sincerely yours,

Peter Coleman, MD, MS/FWAC
Minister

EXHIBITS          PAGE 28 OF 131

And attached hereto as exhibit "C" hereof.

Also,  Statement of Attestation dated March 3, 2005 duly issued and signed by Dr. Isaac Roland, Director General of NCHE, for and behalf of the said National Commission on Higher Education and a  Permit issued on September 17, 2002 by the National Commission on Higher Education, hereto attached and marked exhibits "D" & "E" respectively.

- That subsequent to the foregoing, Petitioner was duly granted a Charter by the Legislative Enactment proffered supra, thus authorizing it to exist and operate in Liberia as an educational Institution and/or medical school..

- That having been granted the right to operate as a school of medicine, Petitioner opened an office and began to identify a commodious and conducive space befitting of such an Institution, having already imported valuable medical pieces of equipment, as will evidentially appear from photocopies of an Articles of Incorporation and Lease Agreement hereto attached as exhibits "F" & "G" respectively.

- That Respondent being the second Branch of Government divested of the constitutional mandate and authority to annul, abrogate, invalidate and declare any Act or Law null and void ab initio, has arrogated unto itself the sole power of publicly declaring a Legislative Act null and void, by which it has grossly usurped the function of the Judiciary by unconstitutionally nullifying the Act creating Petitioner and granting it charter to exist and operate as a legal entity, without due process of law. Quoted hereunder verbatim is the unconstitutional Executive Decision of Respondent:

*"REPUBLIC OF LIBERIA*
*PUBLIC AFFAIRS*

*MINISTRY OF INFORMATION, CULTURE AND TOURISM*
*P.O. BOX 10-9021 – CAPITOL HILL*
*1000 MONROVIA, 10 LIBERIA*

*Office Of The Director Of Public Affairs*

**PRESS RELEASE**

**MICAT/MONROVIA/JULY 15 2005: –** *The Government of Liberia Has ordered the immediate closure of the St. Luke School of Medicine for illegally operating in the Country.*

EXHIBITS          PAGE 29 OF 131

*According to an information Ministry release issued today. The
Government's decision is based on the findings and recommendations of a five – member
committee constituted last March to probe the existence of St. Luke.*

*A full criminal investigation is to be conducted against the proprietor of the school and others
who may have knowingly aided the process of opening the school.*

*All medical degrees issued by St. Luke School of Medicine are nullified and the school
pronounced non – existent in Liberia, in keeping with the committee's recommendations
approved by the Chairman of the National Transitional Government of Liberia. His Excellency
Charles Gyude Bryant.*

*The committee had observed that an Act to Incorporate St. Luke was approved in 2003, but was
never enacted by the legislature in session.*

*The cabinet committee further observed that the St. Luke School issued medical degrees in
December 2001, January 2002, June 2002, August 2002, February 2003 and June 2003 when
Monrovia was under attack.*

*The Cabinet Committee chaired by Justice Minister Kabineh Ja'neh, included Education
Minister Evelyn Kandakai, Transport Minister Vamba Kanneh, Health Minister Peter Coleman
and the Director – General of the Cabinet, Hon. Soko V. Sackor.*

*Signed:  Director of Public Affairs"*

Also attached hereto as exhibit "H" is photocopy of said decision.

- That by operation of Law and under the doctrine of Separation of power, the Executive
  Branch of Government wantonly lacks the authority to abrogate any Act of the
  Legislature or to say the least to investigate and invalidate any Law, however odious it
  be, except the Judicial Branch which shall do so through judicial review. Hence, the
  Respondent utterly violated the constitution of Liberia when it declared the subject Act
  fraudulent and subsequently ordered the closure of the office of Petitioner, even without
  due process of Law.

- That in furtherance of Respondent's unconstitutional act, it has ordered the arrest and
  incarceration of Petitioner's officers without recourse to judicial proceeding through due
  process of law.

EXHIBITS          PAGE 30 OF 131

Wherefore, Petitioner prays that this Honorable Court will prohibit Respondent from invalidating, nullifying and declaring null and void its legal charter or Legislative Enactment and to further prohibit Respondent from closing down its offices and to undo those acts done by Respondent appertaining thereto, without jurisdiction; and to further grant unto Petitioner such relief justice and right may demand in the premises.

Dated this 21 day of
July, A.D. 2005

Respectfully submitted
Petitioner by & thru its
Legal Counsel:


_____
Francis Y.S. Garlawolu
**COUNSELLOR-AT-LAW**


$5.00 Revenue Stamp affixed hereto on the original.
REPUBLIC OF LIBERIA      )   IN THE OFFICE OF THE JUSTICE OF THE PEACE
MONTSERRADO COUNTY)   FOR MONTSERRADO COUNTY, R.L.


| | |
|---|---|
| St. Luke School of Medicine by & thru | ) |
| Its President, Dr. Jerroll B.R. Dolphin, | ) |
| M.D., of the City of Monrovia, R.L… | ) |
| …………………….PETITIONER | ) |
| | ) |
| V E R S U S | ) |
| | ) **PETITION FOR A WRIT** |
| The Government of Liberia by & thru | )     **OF** |
| The Ministry of Justice & the Ministry | ) **PROHIBITION** |
| Of Education & the 5 – man Committee | ) |
| Represented by its Chairman of the City | ) |
| Of Monrovia, R.L.….RESPONDENTS | ) |


EXHIBITS          PAGE 31 OF 131

**PETITIONER'S AFFIDAVIT**

**PERSONALLY APPEARED BEFORE ME**, a duly qualified and commissioned Justice of the Peace for the City of Monrovia, Montserrado County, Republic of Liberia, Jerroll B.R. Dolphin, M.D, Petitioner in the above entitled cause of action and made oath according to law and facts that every and singular the allegation as contained in the annexed PETITIONER'S PETITION are true and correct to the best of his knowledge and belief and as to those matters of information received he verily believes them to be true and correct.

Sworn and subscribed to before me
This 21ˢᵗ day of July A.D. 2005

_____
Justice of the Peace for Montserrado
County, Republic of Liberia

_____
Jerroll B.R. Dolphin, M.D
PETITIONER

$5.00 Revenue Stamp affixed hereto on the original.

EXHIBITS        PAGE 32 OF 131

# Exhibit 13 - Madame Carole Bede's Denial of NCHE Request to Restore SLSOM's IMED Listing

January 24, 2006

Isaac Roland, Ed.D.
Director General
National Commission of Higher Education
Broad Street, 4th Floor, Room 407
Monrovia
Liberia

Re: St. Luke School of Medicine

Dear Dr. Roland:

Thank you for your letter of December 7, 2005 concerning the status of St. Luke School of Medicine.

In your letter, you stated that after inspection of the medical school's campus by the National Commission on Higher Education, a Temporary Permit to Operate would be issued for resumption of instruction at the medical school in January 2006.

According to information previously received by FAIMER, the first permit to operate was granted to St. Luke School of Medicine by the government of Liberia in 2000. The permit to operate was revoked in April 2005 and reinstated in October 2005. Consequently, we are writing to ask that you or a member of your staff write to FAIMER as soon as possible to provide the following information:

2. What is the status of medical degrees awarded by St. Luke School of Medicine for the years 2000 to 2005? Are holders of degrees issued during those years recognized as physicians by the government of Liberia, and are they eligible to apply for medical licensure in Liberia?

3. Are graduates of St. Luke School of Medicine who receive their medical degrees beginning January 2006 eligible for medical licensure in Liberia? If so, as of what date are (or will) these graduates be eligible for medical licensure in Liberia?

EXHIBITS            PAGE 33 OF 131

4.  Please confirm that instruction has begun at the campus of St. Luke School of Medicine in Gaye Town, Monrovia, and the date on which instruction began.

5.

Your assistance is greatly appreciated.  If possible, please reply by fax to +215-386-9767.


Sincerely,


Carole Bede
Senior Research Analyst
*International Medical Education Directory*

EXHIBITS          PAGE 34 OF 131

# Exhibit 14 - Liberia Supreme Court 'Stay Order' and Hearing Issued July 22, 2005

OFFICE OF THE CLERK
SUPREME COURT OF LIBERIA
TEMPLE OF JUSTICE
MONROVIA, LIBERIA

July 22, 2005

The Honourable Minister
Minister of Education
Ministry of Education
Monrovia, Liberia

Dear Madam Minister:

By directive of His Honour Kabuneh P. Campbell, Associate Justice presiding in Chambers, you are hereby cited to a conference with his Honour on Monday, July 25, 2005, at the hour of 4:00 p.m., in connection with the case:

| | |
|---|---|
| St. Luke School of Medicine by & thru its President, Dr. Jerrell B.K. Dolphin, M.D., of the City of Monrovia, R.L...........PETITIONER | PETITION FOR A WRIT OF PROHIBITION |
| Versus | |
| The Government of Liberia by & thru the Ministry of Justice & the Ministry of Education & the 5 — man Committee represented by its Chairman of the City of Monrovia, R.L....,RESPONDENTS | |

Meanwhile, you are hereby ordered to stay further action in this matter pending the outcome of the conference.

Kind regards,

Very truly yours,

Harlan U. Bryant
CLERK, SUPREME COURT OF LIBERIA

S E A L:

HUB/sjp

# Exhibit 15 - Liberia Supreme Court 'Conference' Scheduled on Aug 4, for Aug 10, 2005

OFFICE OF THE CLERK
SUPREME COURT OF LIBERIA
TEMPLE OF JUSTICE
MONROVIA, LIBERIA

August 4, 2005

The Honourable Minister
Minister of Justice
Ministry of Justice
Monrovia, Liberia

Dear Mr. Minister:

IN RE: St. Luke School of Medicine by & )PETITION FOR
thru its President, Dr. Jerroll )A WRIT OF
B.R. Dolphin, M.D., of the City of )PROHIBITION
Monrovia, R.L..........PETITIONER )

Versus )

The Government of Liberia & )
thru the Ministry of Justice & the )
Ministry of Education & the 5 - man )
Committee represented by its Chair- )
man of the City of Monrovia, R.L. )
....................,RESPONDENTS )

By directive of His Honour Ishmael P. Campbell, Associate
Justice presiding in Chambers, you are hereby cited to a con-
ference with His Honour on Wednesday, August 10, 2005, at the
hour of 1:00 p.m., in connection with the above captioned case.

Kind regards.

Very truly yours,

Martha G. Bryant
CLERK, SUPREME COURT OF LIBERIA

S E A L:

MGB/sjp

# Exhibit 16 - Liberia Supreme Court Restores SLSOM's Accreditation on Aug 10, 2005 Order

IN THE HONOURABLE SUPREME COURT OF THE REPUBLIC OF LIBERIA
MARCH TERM, A.D. 2005

| CHAMBERS | JUSTICE | CAMPBELL |
|---|---|---|

St. Luke School of Medicine by & thru its President, Dr.
Jerrell B.R. Dolphin, M.D., of the City of Monrovia,
Liberia,.........................................PETITIONER

       )PETITION FOR
       )A WRIT OF
       )PROHIBITION

Versus

The Government of Liberia by & thru the Ministry of Justice)
& the Ministry of Education & the 5 - man Committee repre-
sented by its Chairman of the City of Monrovia, R.L.
.........................................RESPONDENTS )

REPUBLIC OF LIBERIA
TO: BRIG./GENERAL AMOS B. KESSER DICKSON, SR.
MARSHAL, SUPREME COURT OF LIBERIA, OR HIS DEPUTY
MONROVIA

G R E E T I N G S:

YOU ARE HEREBY COMMANDED to notify the Government of Liberia by and thru
the Ministry of Justice, the Ministry of Education and the Five (5) man Com-
mittee represented by its Chairman, Monrovia, Liberia, RESPONDENTS in the
above entitled cause of action to appear before His Honour Ishmael P. Campbell,
Associate Justice of the Republic of Liberia, presiding in Chambers at the
Supreme Court Room, Temple of Justice, on the 20th Day of August, A.D. 2005,
at the hour of 9:00 a.m., to show cause why PETITIONER'S PETITION as prayed
for should not be granted; and to require the RESPONDENTS herein above to
send up to the Chambers of the Supreme Court a full and complete copy of the
proceedings at issue; and

YOU ARE FURTHER COMMANDED to instruct the RESPONDENTS herein to file
their RETURNS to this Writ in the Office of the Clerk of this Honourable
Court on or before the said 20th Day of August, A.D. 2005; and stay all
further proceedings until otherwise ordered and the Petitioner is to return
to Status Quo Ante.

To read to them the original and leave a copy of the Writ together with
a copy of the PETITION with the RESPONDENTS each; and

As to when and how you shall have served this Writ, you will make known
by filing your RETURNS officially thereto on the back of the original Writ
in the Office of the Clerk of this Honourable Court on or before the said
20th Day of August, A.D. 2005.

AND FOR SO DOING, THIS SHALL CONSTITUTE YOUR LEGAL AND SUFFICIENT
AUTHORITY.

GIVEN UNDER MY HAND AND SEAL
OF THE HONOURABLE SUPREME
COURT THIS 10TH DAY OF AUGUST,
A.D. 2005.

S E A L:

Martha C. Bryant
CLERK, SUPREME COURT OF LIBERIA

MCB:mjp

# Exhibit 17 - Liberia Government Defaults-Liberia Supreme Court Issues Default Certificate to SLSOM

### CLERK'S CERTIFICATE

| | |
|---|---|
| IN RE: St. Luke School of Medicine by & thru its President, Dr. Jerrell B.R. Delphin, M.D., of the City of Monrovia, Liberia.............PETITIONER | )PETITION FOR<br>) A WRIT OF<br>)PROHIBITION<br>)<br>) |
| Versus | )<br>) |
| The Government of Liberia by & thru the Ministry of Justice & the Ministry of Education & the 5 - man Committee represented by its Chairman of the City of Monrovia, R. L. ....................RESPONDENTS | )<br>)<br>)<br>)<br>)<br>)<br>) |

A careful perusal of the records in the above entitled cause of action, reveals that there are no RETURNS filed by the Respondents up to the issuance of this Certificate.

Hence, this Certificate.

GIVEN UNDER MY HAND AND
SEAL OF THE HONOURABLE
SUPREME COURT THIS 22ND
DAY OF AUGUST, A.D. 2005.

S E A L:

Martha G. Bryant
CLERK, SUPREME COURT OF LIBERIA

# Exhibit 18 - NCHE Requests ECFMG-IMED to Restore SLSOM's Previous Status in IMED



REPUBLIC OF LIBERIA
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa

OFFICE OF THE DIRECTOR GENERAL

October 3, 2005

Madame Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation for Advancement of International Education and Research
3824 Market Street, 4th Floor
Philadelphia, PA 19104-2685
U.S.A.

Dear Madame Bede:

Based upon the ruling of the Supreme Court of the Republic of Liberia regarding the St. Luke School of Medicine, the court has ordered the medical school reinstated to its previous status it was during the accreditation process.

Abiding by the Supreme Court order, the National Commission on Higher Education hereby revokes the letter, dated April 11, 2005, which denied the existence of St. Luke School of Medicine and further advises that it should continue its existence.

We also request that the St. Luke School of Medicine be included in the International Medical Education Directory as it was previously.

Thank you very much for your cooperation.

*Isaac Roland*

Isaac Roland, Ed.D.
Executive Director
National Commission on Higher Education
Republic of Liberia

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

# Exhibit 19 - NCHE Second Request for ECFMG-IMED to Restore SLSOM's Previous Status in IMED



REPUBLIC OF LIBERIA
**NATIONAL COMMISSION OF HIGHER EDUCATION**
Fourth Floor, Room 407
MINISTRY OF EDUCATION
P.O. Box 9014
Monrovia, Liberia, West Africa

OFFICE OF THE DIRECTOR GENERAL

December 7, 2005

Madame Carole Bede
Senior Research Analyst
International Medical Education Directory
Foundation for Advancement of International Medical Education and Research
3624 Market Street, 4th Floor
Philadelphia, PA 19104-2685
U.S.A.

Dear Madame Bede,

This letter acknowledges receipt of your letter dated October 19, 2005, requesting our advice on the current status of St. Luke School of Medicine and its presence in Liberia.

I, therefore, write to inform you that a campus of the St. Luke School of Medicine has been formally established in Gaye Town, Monrovia. The National Commission on Higher Education has inspected the campus before, and re-inspected it recently, and found it to be satisfactory and ready to operate.

Meanwhile, a Temporary Permit to Operate will be issued by the Commission for resumption of instruction in January 2006.

Thank you very much for your kind cooperation.

Sincerely yours,

Isaac Roland, Ed.D.
Director General
National Commission on Higher Education
Republic of Liberia

MOTTO: Promoting Quality and Equal Higher Educational Opportunities.

# Exhibit 20  - Benson Barh Fired by President Sirleaf for Corruption

**Monday, June 12, 2006**

## ELLEN'S AXE FALLS!

**Swoops Upon Commerce, Health, Transport, and Finance Ministries**

**26 In Anti-Corruption, Administration Dragnets**

From campaign trails across the country to inauguration on to the onset of her administration, President Ellen Johnson Sirleaf remained undaunted about stabbing corruption in back.

Notwithstanding the level to which the political commitment raised the expectation of the Liberian people who know very well the effect of corruption on the growth and development of the nation, no one has seen much action in that direction, prompting murmuring and gossips amongst government critics, good governance crusaders, and international monitors about business remaining as usual.

But just before these groups started to adapt their suspicions as the truth, the Sirleaf Administration has lurched for its seemingly active slumber, taking some 28 alleged malefactors into a dragnet for corruption and presumably inefficiency.

"But will that alone help rid the government of these individuals?" **The Analyst Staff Writer** has been probing into the dismissals and transfers vis-à-vis pages from the past.

President Ellen Johnson-Sirleaf has dismissed three senior officials of government,  endorsed the dismissal of five civil servants, approved the transfer of 18, and ordered legal action against several yet-to-be-identified others.

The presidential press release which announced the multiple actions, yesterday, said those dismissed were Assistant Minister for Commerce for, Ministry of Commerce and Industry, Aaron Mathies; **Deputy Minister and Chief Medical Officer, Ministry of Health & Social Welfare, Dr. Benson Barh,** and the  Chairman of Civil Aviation Authority, Ministry of Transport.

These senior officials of government were dismissed, according to the presidential release, for acts of impropriety that the President said were not consistent with the principles of their offices.

The release gave no further details, but observers said the President has held fiscal transparency, accountability, respect for human rights, the avoidance of corruption and corrupt practices including misfeasance, and prudent management of state resources as proprieties that must serve as the guiding principles of every agency of government.

They therefore hold that those dismissed may have contravened one, two, or all of these principles with corruption and the siphoning of public property being amongst the highest possibilities.

In addition to the direct dismissals, the President also endorsed the request of Finance Minister, Antoinette Sayeh, to dismiss Joemagaria Teld who is the senior collector of the Ganta Collector and his two deputies Joseph Gbollie and Wille A. Kaibay.

Also endorsed for dismissal supposedly from the Bureau of Excise at the Ministry of Finance were senior economist/MFU, Jesse Mulbah, Sr., and the supervisor of foreign travel, Stanley T. Beh.

The release was silent on exactly what necessitated the dismissal of the revenue collectors all of who came from the Ganta Collectorate in Nimba. The Ganta Collectorate, which collects revenue from the border point with neighboring Guinea, is said to be the busiest dealing with several trans-border traders daily.

The collectorate was in the news recently for the mismanagement and misappropriation of large volume of revenue collected in excise, immigration, and other revenue collection activities.

Beside the Ganta Collectorate dismissals, President Sirleaf approved Minister Sayeh's request to transfer eight personnel from the Freeport of Monrovia amongst them Maliki Dukuly who served as chief examiner, Mary Wilson who served as director of liquidation, Varney Conneh who served as deputy collector for operations, and Tarnue Gowolo who served as chief ministerial.

Others were Akoi Gawolo who served as chief wharfinger, Alvin Gaye who served as deputy chief wharfinger for administration, Richard N. Gaye who served as chief boarding officer, Flomo Johnson who served as deputy chief examiner for administration, and David Meanyean who served

as senior examiner for BIVAC Warehouse.

In the President's first ever swoop on corruption; she also approved the transfer from the head office of Mulbah Gouyou who served as deputy comptroller, Mulbah Kpassaquoi who served as deputy director of the Bureau of General Audit (BGA), Mayabah S. Bayour who served as special project officer, and Mohammed S. Saysay who served as executive assistant.

Others approved for transfer were Musa M. Sheriff who served as computer operator, Sekou Saysay who served as driver, and Matalie Kanneh, Catherine Saysay, and Ismail Jabateh all of who served as office assistants.

The release said the dismissals and transfers were not ends in themselves but part of the larger and far-reaching plan by President Sirleaf to fulfill the pledge to fight corruption in government.

As further manifestation of the attempt to fulfill that pledge, the release said, President Sirleaf has begun the publication of several audit reports for the public.

The first of these reports concerned the audit of the Ministry of Finance and government's procurement arm, the General Services Agency (GSA), which revealed that 132 vehicles paid for by the government of Liberia were unidentifiable for lack of transaction records and cooperation from suspected vehicle dealers.

It is not clear which audit report or group of audit reports would come next, but the release said the President would not be content with the mere publication of the reports. It said she has already instructed the Ministry of Justice to conclude actions on several of these audit reports and identify for prosecution individuals who have committed grave abuse of the public trust.

The release made no reference to timetable for these activities, which many believe would add significance to the dismissals and transfers being announced. But it noted, "The President once again reiterates her pledge to the Liberia people that she will fight corruption in government and will separate the officials who abuse the public trust."

Even though the President's action, whatever the gravity of the prompter, appears swift, timely, and in tune with the administration's pledge to rid public offices of debilitating corruption, observers say it was too early to jubilate.

"The reason is," Jubah Tamba of Sinkor Old Road said using a popular Liberian adage, "when you praise white chicken for being spotless while it is still hanging around a bowl of red oil, it may become egoistic, careless, and most likely to fall into the palm oil and turn red."

He said the government has only being in power for six months and that while most of these months were characterized by news of corruption on the level of the previous administration, it was only now that the government was taking what he called "low-key" action.

On a more serious note, according Jeremiah V. Taryee, it was too early to praise the government because in his view, such actions were taken by past regimes without necessarily producing the desired effects.

"We saw individuals dismissed for corruption and incompetence. But what invariably followed these dismissals from administration to administration dating back to the Tolbert administration is that no sooner were these public servants dismissed than they were reemployed in higher positions," he said.

He said whether or not similar actions taken, then, were prompted by lack of qualified personnel to replace the dismissed, post-dismissal probe results that exonerated the dismissed officials, or presidential change of heart propelled by inner circle politics that ran deep into the social fabric of society is not clear.

But one thing that was clear, according to him, was the dismissed officials came back into government without explanation to the public bringing with them the stigma of corruption, vengeance for being unjustly dismissed, and feelings of vulnerability, and therefore prepared to grab as much as possible before the next dismissal is announced at the behest of the chief executive.

"This is the backbone of corruption: the job insecurity amongst political appointees who were dismissed as scapegoats or shifted around in circles to show that the president was doing something about corruption and inefficiency when the idea was to prove who is in charge and who is the only rooster in town," said Taryee.

It was once said during the Tolbert administration that individuals who were sacked for lateness in the morning were candidates for appointment by the afternoon hours to the extent that the president lost track of those dismissed.

Former presidents Doe and Taylor were also not freed of appointment and dismissals that were ends in themselves and therefore left the impression that they were political jockeys' rather serious attempts to address the problems of government.

"You know the government is like a football game with several competent persons on the bench. You have to make substitution," former President Charles Taylor once told journalists during one of his tête-à-têtes at the Executive Mansion.

What has never followed these presidential dismissals for which some hold them as witch-hunting and dismissals to give opportunities to supporters and partisans, according to observers, was prosecution in a court of competent jurisdiction to establish guilt and prescribe the appropriate legal remedy.

Now that President has taken the first step along those lines, analysts say, the distinguishing mark would be whether or not she follows through with the announcement ordering the Justice Ministry to prepare legal action for individuals that will be in the wrong.

The announcement made specific reference to those charged with wrongdoing in the audit reports, but whether that precludes those being dismissed for corruption is not clear.

Observers however believe that that will be made clear in the next few weeks when the actions announced are taken up. "But will the cycle of transfers and dismissals and reappointment with promotion ever be broken?" is the million-dollar question.

Copyright © 2006 - The Analyst Newspaper - All rights reserved

# Exhibit 21 - SLSOM's Civil Law Court Petition

St. Luke School of Medicine
Represented by and thru its President, Jerroll
Delphin and all of its officials/ authorized Agent
                                    PLAINTIFF

        VERSUS

The Ministry of Health & Social Welfare
Represented by and thru its Minister and The
Ministry of Education, represented by and thru
It s Minister and all of their principal Deputies,
And all of those working under the scope of
Authority  Republic of Liberia
                                DEFENDANTS

*Filed  Sept. 15,
2006, at 3:38 pm
By Clerk of Court*

ACTION  DAMAGES FOR WRONG

PLAINTIFF'S COMPLAINT

Plaintiff in the above-entitled cause of Action, complains against the within named
Defendants for reason legally showeth unto Your Honor, to wit: -

1    That Plaintiff is a registered business and medical school entity/ Institution operating
     under the Liberia Business Association Laws. Photo copies of the Articles of
     Incorporation plus letters of accreditation from the Ministry of Health and Social
     Welfare are hereto attach and marked as exhibit P/1 in bulk to form part of this
     Complaint

2    Plaintiff further says and submits that to authenticate the credibility of Plaintiff a
     Legislation was past, sign into law by the than Liberian President and subsequently
     printed into hand Bill  Photo copies of said instruments are herewith attached. and
     marked P/2 in bulk to form part of this Complaint

3    Plaintiff says and submits that since its accreditation by the relevant authorized
     authorities and Agencies of Government coupled with the Legislative Enactment
     none of which stated herein had been withdrawn or nullify by the Government of
     Liberia in keeping with the due process of law thus creating the atmosphere for
     Plaintiff to operate her school semesters and years and to put forth graduates while
     other students being enrolled. Plaintiff gives notice to Court to produce additional
     living and documentary evidence at the Trial in connection with the herein case

4    Plaintiff contends and says that to her greatest dismay and surprise, the Defendants
     under an organized unlawful and illegal scheme prompt and subjected Plaintiff to
     public ridicule, degradization, hardship and damage the face of said Institution, and
     ignored all of the instruments and accreditation Plaintiff have. and without any

regards for or to the law controlling, denounced the credibility of Plaintiff eventhough, the Legislative Enactment of St. Luke School of Medicine remains unratified and the accreditation along with the Articles of Incorporation unrevoked since then upto and including the filing of this complaint, as in keeping with the laws of the Republic of Liberia.

5. Plaintiff says and contends that as a result of Defendant's direct conduct, the credibility of Plaintiff has been questioned in some quarter and rejected in other quarters both within and out of Liberia thereby causing students who are presently been enrolled to abscorn the Institution/ University demanding US$ 500, 000.00 United States Dollars as refund for expenses incurred at the Plaintiff's University plus LD$ 1, 500, 000.00 Liberian dollars for the inconveniences suffered as a result of the abrupt closure of said University which amount Plaintiff seeks to recover from the Defendants. Plaintiff gives notice to prove same during trial.

WHEREFORE, and in view of the foregoing, Plaintiff brings this Action of Damages for Wrong against the within named Defendants, praying Your Honor to hold Defendants to pay unto Plaintiff the amount of US$ 500,000.00 United States Dollars plus LD$ 1, 500,000.00 Liberian dollars as special damages plus US$ 115,000,000.00 United States dollars as general damage and grant unto Plaintiff any and all further relief as the end of justice demand.

RESPECTFULLY SUBMITTED
The above named Plaintiff
By and thru Her Legal Counsel
WEAH AND ASSOCIATES LAW OFFICES
109 ASHMUN STREET, MONROVIA, LIBERIA.

ATTORNEYS AND COUNSELLORS-AT-LAW

Dated this 4th day of

September, A.D. 2006

$.4.00 Revenue stamp affixed on
the original copy.

REPUBLIC OF LIBERIA   )        IN THE OFFICE OF THE JUSTICE OF PEACE FOR
MONTSERRADO COUNTY)        MONTSERRADO COUNTY, CITY OF MONROVIA,
                                              LIBERIA

St. Luke School of Medicine                              )
Represented by and thru its President, Jerroll           )
Dolphin and all of its officials/ authorized Agent       )
                                      PLAINTIFF          )
                                                         )
              VERSUS                                      )        ACTION   DAMAGES FOR WRONG
                                                         )
The Ministry of Health & Social Welfare,                 )
Represented by and thru its Minister and The             )
Ministry of Education, represented by and thru           )
It's Minister and all of their principal Deputies,       )
And all of those working under the scope of              )
Authority, Republic of Liberia,                          )
                                 DEFENDANTS              )


## PLAINTIFF'S AFFIDAVIT

PRESONALLY APPEARED BEFORE ME, the undersigned, a duly qualified Justice of the Peace

for Montserrado County, at my office in the City of Monrovia, Liberia Counsellor Ignatius N  Weah,

one of counsel of PLAINTIFF in the above entitled cause of action and made Oath according to the

law and facts as set forth and contained in the annexed PLAINTIFF'S COMPLAINT, are true and

correct to the best of his knowledge and belief, and as these matters of information received, he

verify believes them to be true and correct


                                            SWORN AND SUBSCRIBED TO BEFORE ME
                                            THIS 4th DAY OF September, A.D. 2006


                                            JUSTICE OF THE PEACE MONT  CO  RL


CLLR  IGNATIUS N  WEAH ONE OF
COUNSEL FOR PLAINTIFF / DEPONENT



                    L$ 5.00 Revenue stamp affixed on the original

BEFORE HIS HONOR  EMERY S PAYE

ASSIGNED CIRCUIT JUDGE

*filed Sept. 13, 2006,*
*at 3:38 pm*
*(the Clerk of Court*

St. Luke School of Medicine )
Represented by and thru its President  Jerroll )
Dolphin and all of its officials  Authorized Agent )
PLAINTIFF )
)
VERSES )       ACTION  DAMAGES FOR WRONG
)
The Ministry of Health & Social Welfare )
Represented by and thru its Minister and The )
Ministry of Education, represented by and thru )
Its Minister and all of their principal Deputies, )
And all of those working under the scope of )
Authority  Republic of Liberia. )
DEFENDANTS )

## PLAINTIFF'S WRITTEN DIRECTION

The Clerk of Court
Sixth Judicial Circuit
Civil Law Court
Montserrado County
Republic of Liberia

Madam Clerk of Court

Upon the receipt of Plaintiff's Complaint, Affidavit and other relevant documents along with your usual filling fees, you will docket the said cause of action in the September Term A.D. 2006 of the Civil Law Court Sixth Judicial Circuit, Montserrado County, same being the 18th day of September, A.D 2006

You will also issue a writ of summons directed to the Sheriff of this Honorable Court to summons the within named Defendants to appear and / or file their Answers to Plaintiff's Complaint on the 14th day of September, A.D 2006  That failure on the part of the Defendants to appear and / or Answer JUDGMENT BY DEFULT SHALL BE rendered against them

You will also insert a clause in the said writ of summons commanding the Sheriff to make her final returns endorsed on the back of said writ of summons as to the form and manner of service on or before the said 14th day of September, A.D 2006

AND FOR SO DOING, THIS SHALL CONSTITUTE YOUR LEGAL AND SUFFICIENT AUTHORITY

RESPECTFULLY SUBMITTED
St  Luke School of Medicine
Represented by and thru its President
Jerroll Dolphin and all of its Officials / Authorized
Agents, PLAINTIFF, BY AND THRU THE
WEAH AND ASSOCIATES LAW OFFICE

Dated 4th day of
September, A D  2006

COUNSELLORS & ATTORNEYS AT-LAW

# Exhibit 22 - Ministry of Health & Social Welfare Answer to SLSOM's "Damages for Wrong" Complaint

REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPT. TERM, A.D. 2006

## BEFORE HIS HONOUR:   EMERY S. PAYE .....ASSIGNED CIRCUIT JUDGE

IN RE:     St. Luke School of Medicine...........)
           Represented by and thru its             )
           President, Jerroll Dolphin and          )
           all of its officials authorized Agents  )
           all of the City of Monrovia,            )
           Liberia.....................PLAINTIFF)
                                                   )
           VERSUS                                  )     ACTION OF DAMAGES FOR WRONG
                                                   )
           The Ministry of Health & Social         )
           Welfare, represented by and thru        )
           its Minister and the Minister of        )
           Education thru its Minister and all     )
           those working under the scope of        )
           authority, RI.......DEFENDANTS)

## CO-DEFENDANT HEALTH MINISTRY'S ANSWER

CO-DEFENDANT, MINISTRY OF HEALTH AND SOCIAL WELFARE, R.L., in the above entitled cause of Action answers the Plaintiff in the manner and form showeth as follows, to wit:

1. That because as to the entire compliant of the Plaintiff, Co-Defendant, Ministry of Health & Social Welfare submits and contends that same is patently evasive, inconsistent and contradictory, and therefore does not present a clear-cut friable issue. Wherefore Co-Defendant prays court that the complaint, being thus evasive and self-contradictory, be dismissed and Plaintiff made to pay the costs of these proceedings.

2. That because further above, Co-Defendant submits and contends that it is against public policy that people who are duly appointed and commissioned to serve the public would plan, connive and engage in the most wanton dangerous enterprise and moral decadency by supporting, misrepresenting, misleading and fraudulently creating the atmosphere that leads the public to commit general suicide by the use of their knowledge in the medical profession and through the issuance of medical degree to non-qualified individuals purporting to be graduates of a medical school that does not in fact exist at all

3. That also because as to counts one (1) and (2) of the compliant, Co-Defendant submits and contends that said counts of the complaint are also fatally defective and bad in that Exhibits "P/1" and "P/2", the foundation stone of the entire Action of Damages for Wrong, is irreceivable in any court of justice in this Republic; for said Exhibits "P/1" & "P/2" which purport to be an alleged articles of incorporation and Hand Bill of legislative enactment constitute all fundamental elements of fraud and misrepresentation both in law and facts. Co-Defendant submits that said Exhibits not having met the requirements of law for their validity cannot and will not be an exhibit in support of any pleading in law and equity, for they are null and void ab initio. Hence, Co-Defendant prays Your Honour to dismiss Plaintiff's complaint in its entirety.

4. That also because as to the entire five(5) counts complaint, Co-Defendant submits and contends that the Complainant in the instant case lacks legal capacity to institute this Action of Damages for Wrong because, the non-existence of the so-called St. Luke School of Medicine both de facto and de jure within the Republic of Liberia, the alleged articles of incorporation and legislative enactment not being in line with law, Plaintiff's complaint must crumble as a matter of law because, the both documents have been denounced to be false documents by NTLA and the Ministry of Foreign Affairs of the Republic of Liberia. Attached hereto is a copy of the House Committee report which conducted investigation on the alleged establishment of St. Luke School of Medicine, marked as Exhibit "A" to form a material and cogent part of this Answer.

5. That also because as to the five (5) counts complaint of the Plaintiff, Co-Defendant submits and contends that the so-called incorporators of the Articles of Incorporation of St. Luke School of Medicine, including Dr. Jerroll Dolphin, Dr. Meimei Dukuly and Mr. Frank E. Teah, Jr. and Dr. Peter S. Coleman, are all 419 gang of four in the medical field

- 2 -

of Liberia who are ready and prepared to mortgage the health and well-being of the people of this country in order to promote their own individual selfish gains at the expense of the medical profession.

6.  That because also as to the entire complaint of the Plaintiff, Co-defendant submits and contends that she will apply to the law that the so-called Plaintiff and all of its officers be charged with a criminal offense for falsification of government documents, with specific reference to the Articles of Incorporation of St. Luke School of Medicine and the alleged legislative enactment to establish St. Luke School of Medicine, and that the so-called incorporators being more dangerous than the war-lords in the Liberian civil war, be arrested and turned over to the special tribunal in Sierra Leone for their attempt to commit and plan genocide through the use of medical knowledge against the people of Liberia.

7.  That also because as to counts four (4) and five (5) of Plaintiff's complaint, Co-Defendant submit and contends that said counts of the complaint are fatally defective and bad for pleading negative pregnant in that, while the burden of proof, while the burden of proof is non-existence of the so called St. Luke School of Medicine, yes, and still in the prayer of complaint the Plaintiff is claiming the amount of US$500,000.00 and L$1,500,000,00 and as special damages plus  US$115,000,000.00 as general damages in favor of an organization that does not exist de jure and de facto.  Co-Defendant therefore submits and prays that the complaint being thus dismissably defective and bad, be ruled out of court and Plaintiff made to pay the costs of these proceedings.

8.  That because further above, Co-Defendant Ministry of Health & Social Welfare says that the entire complaint is merely public relations exercise on the part of St. Luke School of Medicine Incorporators to gain sympathy from the general public for the heinous medical offense or wrong doing they have committed against the people of this country.

9.  And that also because as to counts three (3) and four(4), and therefore the entire complaint, are irreconcilably inconsistent, self-contradictory and repugnant one to the other, in that, whereas the Plaintiff is alleging that the students at the so-called institution/university have absconded and are demanding a refund of US$500,000.00 and L$1,500,000.00 for inconveniences suffered as a result of the abrupt closure of said university, yet, in the prayer of the complaint the Plaintiff is demanding US$500,000.00 plus L$1,500,000.00 and US$115,000,000.00 shamelessly for what reasons only God knows.  Because of this unorthodox mode of pleading, born of a crafty design to extort public funds, Co-Defendant prays that the entire complaint be dismissed and the Plaintiff made to pay the costs of these proceedings.

10.  That because further to the above, Co-Defendant submits and contends that the only legal agency authorized by law to publish acts passed by the Legislature of the Republic of Liberia is the Foreign Ministry of the Republic of Liberia.  Former Senator Beatrice Sherman has no legal authority to publish any act on behalf of the Government of Liberia, as was the case involving the so-called St. Luke School of Medicine legislative enactment of April 24, 2003.

11.  That also because Co-Defendant further submits and contends that it was impossible during August 7, 2003 for former President Charles Taylor of Liberia to have signed any act passed by the Legislature at that time when in fact the Legislature was completely out and the former President under the greatest international pressure which led to his departure on August 11, 2003.  Between August 7, 2003 to August 11, 2003 former President Taylor was no longer in charge of things in Liberia.  As such it was impossible for him to even contemplate signing an act to establish a school when his own future in Liberia was no longer certain.  Who there see Former President Taylor between August 7 and August 11, 2003?

12.  That because further to the entire complaint of the Plaintiff, Co-Defendant submits and contends that the President of the so-called St. Luke School of Medicine, Dr. Jerroll Dolphin, who was in the country without work permit, Resident Permit and license to practice medicine within the Republic of Liberia, could not have established any legal institution without being legally qualified to do so.  In the absence of the required documents mentioned supra, Dr. Dolphin is without legal capacity and authority to establish any institution in Liberia as an alien.

- 3 -

13    That also because further to the above, Co-Defendant submits and contends that it is unfortunate and highly regrettable that Liberians like Dr. Peter Coleman, Dr. Menmei Dukuly and Mr. Frank Teah would heartlessly and shamelessly abuse the medical profession by issuing medical degrees to individuals as graduates of a medical school that does not exist. More besides, how could St. Luke School of Medicine award medical degrees to graduates of said school in 2001, 2002, 2003, for a school that was allegedly established in 2000? Can anybody with a sound mind award a medical degree to a graduate who has studied for one (1) year only? Co-Defendant gives notice that at the trial she will produce more documentary evidence in support of this Answer.

14    Co-Defendant hereby denies all and singular the averments as contained in the Plaintiff's complaint that is not specifically traversed in this Answer.

WHEREFORE, AND IN VIEW OF THE FOREGOING, Co-Defendant Ministry of Health and Social Welfare, R.L. prays Your Honour to deny and dismiss Plaintiff's complaint in its entirety, rule costs of these proceedings against the Plaintiff and grant unto Co-Defendant all further relief as Your Honour my deem just, legal and equitable in the instant.

Respectfully submitted,
Co Defendant Ministry of Health & Social Welfare,
By and thru its Legal Counsel,
TEPLAY AND ASSOCIATES

Fomba O. Sherif
COUNSELLOR-AT-LAW



Dated this 26th day of September, A.D. 2006

$5.00 Revenue Stamps Affixed on the Original



## CO-DEFENDANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia, at my Office in the City of Monrovia, Liberia, Fomba O. Sherif, COUNSELLOR-AT-LAW and one of Counsel for Co-Defendant Ministry of Health & Social Welfare and made Oath According to Law that all and singular the allegations of facts and law as are seth forth and contained in the foregoing and annexed CO-DEFENDANT'S ANSWER are true and correct to the best of his knowledge and belief, and as to those matters of information thereto relating as relied upon, he verily believes them to be true and correct.

 

SWORN AND SUBSCRIBED TO BEFORE ME AT MY IN THE CITY OF MONROVIA, LIBERIA THIS 20th DAY OF SEPTEMBER, A.D 2006

JUSTICE OF THE PEACE, MONT. CO., R.L.

Fomba O. Sherif
COUNSELLOR-AT-LAW & ONE OF COUNSEL
FOR CO-DEFENDANT   DEPONENT/AFFIANT

$5.00 Revenue Stamps affixed on the original

REPUBLIC OF LIBERIA)   IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPT. TERM, A.D. 2006

## BEFORE HIS HONOUR:   EMERY S. PAYE, ...ASSIGNED CIRCUIT JUDGE

The Ministry of Health & Social       )
Welfare, represented by & thru          )
its Minister. . . . . . . . . . MOVANT)
                                        )
             **VERSUS**       )        **MOTION TO DISMISS**
                                        )
St. Luke School of Medicine,           )
represented by & thru its President,   )
Jerroll Dolphin and all of its officials )
authorized Agents, all of the City of  )
Monrovia,                              )
Liberia       **RESPONDENTS**       )

## GROWING OUT OF THE CASE:

St. Luke School of Medicine            )
Represented by & thru its              )
President, Jerroll Dolphin and all of  )
its officials authorized Agents, all of )
the City of Monrovia,                  )
Liberia .        **PLAINTIFF** )
                                        )
             **VERSUS**       )        **ACTION OF DAMAGES FOR WRONG**
                                        )
The Ministry of Health & Social        )
Welfare, represented by and thru       )
its Minister and the Minister of       )
Education thru its Minister and all    )
those working under the scope of       )
authority.                             )
R.L. . . . . . . . . . ....DEFENDANTS)

## MOVANT'S MOTION

MOVANT IN THE ABOVE ENTITLED CAUSE OF ACTION, most respectfully moves this Honourable Court for a dismissal of Respondent/Plaintiff's Action of Damages for Wrong and for the factual and legal reasons showeth as follows

1    That because Movant submits and contends that the Respondent St. Luke School of Medicine lacks legal capacity to institute any action in this Republic, said institute not being a lawful and legal entity operating under the laws of Liberia, and that the laws of Liberia cannot condone, sanction support and ratify any illegality and nobody can benefit from its own illegal acts.

2    That the Respondent/Plaintiff being and having been falsely created by its 419 incorporators in persons of Dr Jerroll Dolphin, Dr. Meimei Dukuly, Mr. Frank E. Teah as well as their PROVOST Dr. Peter Coleman, under the most dubious criminal circumstances, said institution cannot benefit from its own illegal acts, fraud and misrepresentation.

3    That because only the ministry of Foreign Affairs of the Republic of Liberia is authorized by law to publish all legislative enactments in HANDBILL and to approve articles of incorporation to establish legal entities under the Association Laws of Liberia; both the House of Representatives (NTLA) and the Foreign Ministry of Liberia having denied the legal existence of the so-called St. Luke School of Medicine within the Republic of Liberia, said bogus St. Luke School of Medicine cannot now benefit from its own illegality because, for what is not done legally is not done at all, and that Respondent is 419 institution/university organized by the gang of four fraud sters including Peter s. Coleman, Meimei Dukuly, Jerroll Dolphin and Frank E. Teah, must be arrested for planning a time bomb to exterminate the entire population of Liberia by means of spreading medical virus as graduates of medical school or doctors.

# Exhibit 23 - Ministry of Education Answer to SLSOM's "Damages for Wrong" Complaint

REPUBLIC OF LIBERIA     )     IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT
MONTSERRADO COUNTY)         MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                            TERM A. D. 2006.

BEFORE HIS HONOR:     EMERY S. PAYE ........................................ASSIGNED CIRCUIT JUDGE

St. Luke School of Medicine                      )
Represented by and thru its President, Jerroll   )
Dolphin and all of its officials/ authorized Agent )
.................................PLANTIFF         )
                                                 )          ACTION:   **DAMAGES FOR WRONG**
         VERSUS                                  )
The Ministry of Health & Social Welfare          )
Represented by and thru its Minister and The     )
Ministry of Education, represented by and thru   )
it's Minister and all of their principal Deputies, )
and all of those working under the cope of       )
authority, Republic of Liberia,                  )
........................................DEFENDANTS )

## DEFENDANT'S ANSWER

Defendant, Ministry of Education, in the above captioned cause of action denies the legal sufficiency of plaintiff's complaint and therefore requests this honorable Court to dismiss and over rule said complaint for reasons, both factual and legal, as shown below to wit:

1.  That as to count one of plaintiff's complaint, defendant says that the school was incorporated under the laws of the Republic of Liberia but Article III of said articles has been violated for the fact that the school did engage in an unlawful act by issuing Fake Degrees to Students. This defendant stands ready to prove at trial.

2.  That the acts of the school rely upon was enacted in violation of the rule or policy of the National Commission on Higher Education; this defendant stand ready to proof at trial.

3.  That the Temporary Permit to operate St. Luke School of Medicine in the Republic of Liberia was obtained through fraud: This defendant stands ready to prove during trial by producing both living and documentary evidences.

4.  That Section One of the act of St. Luke admits that the School was established on the first of August 2000 and incorporated August 22, 2001; meaning; the school was illegally operating before it was enacted on August 8, 2003 by the Legislature which was approved April 24, 2003.

5.  That the School claimed to have campus at Gaye Town in 2005, but issued degrees before 2005 and attached a Lease Agreement for a building on Broad Street known and called Luke Building. This defendant stands ready to prove at trial by producing both living, oral and documentary evidences.

4    That because Movant further prays court to order and declared null and void the articles of incorporation as well as the alleged legislative enactment which was never the end product of NTLA, as alleged by Respondent/Plaintiff in its complaint. Movant gives notice that at trial he will produce copy of take medical degree issued to the so-called graduates of St. Luke School of Medicine, even though, the school does not exist de jure and de facto. See attached copy of NTLA Report.

WHEREFORE, AND IN VIEW OF THE FOREGOING, MOVANT most respectfully prays court to deny and dismiss Respondent/Plaintiff's complaint in its entirety, rule costs of these proceedings against the Respondent, order the so-called St. Luke School of Medicine Closed, and grant unto Movant all further relief as Your Honour may deem just, legal, transparent and equitable in the instant.

 

Respectfully submitted.
The above named MOVANT,
By & thru its Legal Counsel,
TULAY & ASSOCIATES

Fomba O. Sherif
COUNSEL-AT-LAW

Dated this 20th day of September AD 2000

$5.00 Revenue Stamps affixed on the Original.

## MOVANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, Republic of Liberia, at my office in the City of Monrovia, Liberia, Fomba O. Sherif, COUNSELLOR-AT-LAW and one of Counsel for MOVANT in the above entitled cause of Action and Made Oath according to law that all and singular the allegations of facts and law as are setforth and contained in the foregoing and annexed MOVANT'S MOTION TO DISMISS are true and correct to the best of his knowledge and belief, and as to those matters of information thereto relating as relied upon, he verily believes them to be true and correct.



SWORN AND SUBSCRIBED TO BEFORE ME AT THE OFFICE IN THE CITY OF MONROVIA, LIBERIA THIS 28th DAY OF SEPTEMBER AD 2000

JUSTICE OF THE PEACE MONT.CO., R.L.

Fomba O. Sherif
COUNSELLOR-AT-LAW & ONE OF COUNSEL
FOR MOVANT. .DEPONENT/AFFIANT

$5.00 Revenue Stamps affixed on the Original.



6. That the school St. Luke is operating without a campus as claimed, a requirement for the operating of medical school, contrary to information for Accreditation – Part 1 St. Like school of Medicine, Liberia 2004. Defendant will proof at trial.

ERROR: undefined
OFFENDING COMMAND: s8N0$!+JAp~
STACK:

Incorporation and an Act of St. Luke School of Medicine plus the letter from the MOH but the purpose for which the act, the letter and the Articles of Incorporation was sought was defeated by the fraudulent action of the school. Hencefore, the action of damages can not lie. This defendant is ready to proof all of these during trial by producing oral, living and documentary evidences..

8. Defendants says that Plaintiff defeated the intent and credibility it sought through Legislation by engaging itself into illegal activities. This defendant stands ready to prove during trial.

9. Defendant says further that all legal documents can be nullified by the holder through the engagement of the holder into illegal act(s). That is, whatever that is not legally done, is not done at all. This defendant is ready to proof during trial.

10. Defendant further says that, every action of the Incorporation of the Institution relating to the provision of Higher Education in Liberia was violated by St. Luke School of Medicine. Defendant gives notice to Court that it shall produce living and documentary evidence to prove it case during trial.

11. Additionally, defendant says that Plaintiff has lost nothing since indeed and infact all of its actions were illegally done to claim damages from the Ministry of Education or any other Institution.

12. Finally, defendant says that Plaintiff has failed to state any instant or act/action of defendant, Ministry of Education contrary to law that damaged the school. Hencefore claim of damages cannot lie.

Wherefore, and in view of the foregoing, defendant prays this Honorable Court to dismiss Plaintiff's complaint in its entirely and rule costs against Plaintiff and grant unto defendant any and all further relief that this Court might deem just and legal.

Respectfully submitted.

Defendant By and thru its Legal
Counsel Viama J. Blama & NELAL

$1.00 Revenue Stamp
Affixed to original.

REPUBLIC OF LIBERIA  )          IN THE OFFICE OF THE JUSTICE OF THE PEACE
MONTSERRADO COUNTY)          FOR AND IN MONTSERRADO COUNTY, LIBERIA


St. Luke School of Medicine                    )
Represented by and thru its president, Jerrol   )
Dolphin and all of its officials/authorized Agent )
.............................................PLAINTIFF )

                    **VERSUS**                  ) ACTION: **DAMAGES FOR WRONG**
                                                )
The Ministry of health & Social Welfare,        )
Represented by and thru its Minister and The    )
Ministry of Education, represented by and thru  )
It's Minister and all of their principal Deputies, )
And all of those working under the scope of     )
Authority, Republic of Liberia.                 )
...................................DEFENDANTS   )


# DEFENDANT'S AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, a duly qualified Justice of the Peace for and in Montserrado County, at my Office in the City of Monrovia, Liberia, Atty. Viama J. Blama, one of Counsels for Defendant in the above entitled cause of Action and make Oath according to law that all and singular the allegations of facts as are set forth and contained in the Defendant's Answer, are true and correct to the best of his knowledge and belief, as to those matters of information, he verily believes them to the true and correct.


                         Sworn and subscribed to before me,

                         This 27ᵗʰ day of Septbr A.D. 2006.



_____        _____
Viama J. Blama                 JUSTICE OF THE PEACE MONT. CO. R/L
ATTORNEY-AT-LAW

# Exhibit 24 - SLSOM's REPLY TO CO-DEFENDANT MINISTRY OF EDUCATION ANSWER

REPUBLIC OF LIBERIA)    IN THE CIVIL LAW COURT, SIXTH JUDICIAL CIRCUIT,
MONTSERRADO COUNTY)   MONTSERRADO COUNTY, SITTING IN ITS SEPTEMBER
                      TERM A. D. 2006.

BEFORE HIS HONOR: EMERY S. PAYE ...................   ASSIGNED CIRCUIT JUDGE

St. Luke School of Medicine
Represented by and thru its President, Jerroll
Dolphin and all of its officials/ authorized Agent
Of the City of Monrovia, Liberia........PLAINTIFF

        VERSUS

The Ministry of Health & Social Welfare,
Represented by and thru its Minister and The
Ministry of Education represented by and thru
It's Minister and all of their principal Deputies,
And all of those working under the scope of
Authority, Republic of Liberia.
                DEFENDANTS

PLAINTIFF'S REPLY TO CO- DEFENDANT MINISTRY OF EDUCATION ANSWER

Plaintiff in the above entitled cause of Action, denies the legal and factual sufficiency of Co- Defendant's Ministry of Education Answer, pray Your Honor for its dismissal in manner and form as follow, to wit: -

1. That as to the entire Co- Defendant's Ministry of Education Answer, Plaintiff says and submits that same should be dismiss, in that, the Co- Defendant Ministry of Education woefully failed, refused and neglected to traverse on any of the count, say, count (1) thru (5) of the Plaintiff's Complaint, as such, same is an admission and an incurable legal blunder. The entire Co- Defendant's Ministry of Education Answer should therefore be dismissed.

2. That as to the entire Co- Defendant's Ministry of Education Answer, Plaintiff says and avers that the failure of Co- Defendant's Ministry of Education to verify her Answer as can be seen from the attached Co- Defendant's Ministry of Education Answer is subject to dismissal and should therefore be stricken from the records of these proceedings. The entire Co- Defendant's Ministry of Education Answer should be dismissed.

3. That as to count (1) of the Co- Defendant's Ministry of Education Answer, Plaintiff contends and says that as far as her Articles or Incorporation is concerned, and the Administration of the Institution of Plaintiff, there has been no violation of any of said Articles, as such, the allegation made by Co- Defendant's Ministry of Education being naked and without any justification nor evidence thereto in support of said averment same should therefore be dismissed. Count (1) of the Co- Defendant's Ministry of Education Answer should therefore be dismissed.

4. That as to count (2) of the Co- Defendant's Ministry of Education Answer, Plaintiff says and contends said count is ridiculous and unfortunate because if the act rely upon by Plaintiff was enacted in violation of the rule or policy of the National Commission on Higher Education;

tion, said institution would not have given accreditation to Plaintiff, hence, said averment is repugnant and pregnant with deception, merely intended to mislead this honorable Court. Count (2) of the Co-Defendant's Ministry of Education Answer could therefore be dismissed.

That as to count (3) of the Co-Defendant's Ministry of Education Answer, Plaintiff vehemently opposed and reject said averment on grounds that under our law one who alleges has the burden of prove but in the instant case, the Co-Defendant's Ministry of Education has failed, refused and neglected to authenticate the alleged fraud as such, count (3) is misleading and lacks legal basis. Count (3) of the Answer should therefore be dismissed.

That as to count (4) of the Co-Defendant's Ministry of Education Answer, Plaintiff says and submits that granted and not admitting said Institution was established August 1, 2000, and incorporated August 22, 2001, same does not in any way suggest that said school in operation or running a school semester Plaintiff says that she is law abiding and that is why she obtained the necessary required documents in consonance with the Liberian Business Association Laws and as such, would not have done any thing contrary to law as alleged by co-Defendant Ministry of Education. Count (4) of the Answer should therefore be dismissed.

That as to count (5) and (6) of the Co-Defendant's Ministry of Education Answer, Plaintiff says and submits that said averments are ambiguous and incomprehensible because Plaintiff was granted letter of accreditation when all of its facilities had been inspected, as such, said accusation is muted and saturated with falsehood. Count (5) and (6) of the Answer should therefore be dismissed.

That as to count (7) and (8) of the Co-Defendant's Ministry of Education Answer, Plaintiff maintains and says that the intent and purpose of the Legislation has not been breached by Plaintiff nor has there been any point in time, Plaintiff had ever perpetrated fraud but instead, Plaintiff had met the pre-requisites as required and challenge Co-Defendant's Ministry of Education to authenticate by evidence said allegation. Plaintiff says the entire Co-Defendant's Ministry of Education Answer is saturated with falsehood and misrepresentation needless to say count (7) and (8) thereof, as such, same should be dismissed.

That as to count (9) and (10) of Co-Defendant's Ministry of Education Answer, Plaintiff maintains and says that the relief sought for her complaint is germane and in consonance with the laws of the Republic of Liberia and therefore same should not be disturbed. Further, Plaintiff contends and says that she has not gone contrary to any principles as may be required by Plaintiff to warrant the nullification of said Plaintiff's Articles of Incorporation, Letters of Accreditations and Legislative Enactment, especially without due process, Plaintiff challenges the legal validity of Co-Defendant's Ministry of Education as well as Co-Defendant's Ministry of Health and Social Welfare act denounce the existence of said Institution and the authenticate of Plaintiff's credentials which qualified Plaintiff to operate Medical school in Liberia. Count (9) and (10) of the Answer should therefore be dismissed.