JOHN R. KROGER
Oregon Attorney General
SETH T. KARPINSKI, OSB #991907
(California Bar #137748)
Email: seth.t.karpinski@doj.state.or.us
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792

Attorneys for Defendants Alan Contreras and State of Oregon, Office of Degree Authorization

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| JERROLL B.R. DOLPHIN,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC OF LIBERIA, et al.,<br><br>Defendants. | Case No. 2:11-cv-06322-RGK-SH<br><br>MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)<br><br>DATE: March 26, 2012<br>TIME: 9:00 a.m.<br>JUDGE: Honorable R. Gary Klausner |

**TABLE OF CONTENTS**

I. Introduction ................................................................................................. 1

II. Factual Allegations ..................................................................................... 1

III. Motion to Dismiss Standard ....................................................................... 2

IV. Argument .................................................................................................... 4

    A. State Defendants have not been properly served ................................. 4

        1. Plaintiff has failed to properly serve the State of Oregon .......... 4

        2. Plaintiff has failed to properly serve Contreras ......................... 5

    B. State Defendants are not subject to the jurisdiction of this court ......... 6

        1. Purposeful Availment ................................................................ 8

        2. There Must be Forum-Related Activity by the Defendant ......... 9

    C. Plaintiff has failed to state a claim upon which relief can be granted ...................................................................................................... 10

        1. Plaintiff's federal and state claims against the State and Contreras in his official capacity are barred by the Eleventh Amendment ................................................................................ 10

        2. Plaintiff's state claims against Contreras in his individual capacity are barred by the Oregon Tort Claims Act and the Eleventh Amendment ........................................................ 11

        3. Plaintiff's state claims against State Defendants are barred by the notice requirement of the Oregon Tort Claims Act ............................................................................................ 11

        4. Plaintiff fails to allege any action by Contreras in his individual capacity to support his federal or state law claims ......................................................................................... 12

    D. Defendant Contreras is entitled to qualified immunity from Plaintiff's federal §1983 claims ........................................................... 13

V. Conclusion ................................................................................................ 15

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1            Page i

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987) .................................................................. 16, 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ................................ 4

*Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985) .................................................................. 17

*Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082 (9th Cir. 2000) ............ 8, 9, 10, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..................... 4

*Blair v. Toran*, CV-99-956-ST, 1999 U.S. Dist. LEXIS 20033(D. Or. Dec. 2, 1999) .................. 13

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997) ............................................ 12

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685 (9th Cir. 1988) ............................................................................................................. 4

*Doe v. American National Red Cross*, 112 F.3d 1048 (9th Cir. 1997) ........................................ 11

*Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993) .......................................................................... 13

*Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed.842 (1890) ............................................. 12

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................................................................... passim

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) ............................................................ 3

*Levine v. Diamamthuset, Inc.*, 950 F.2d 1478 (9th Cir. 1991) ....................................................... 3

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) .................................................... 3

*Mitchell v. Forsyth*, 472 U.S. 511, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985) ............................. 16

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009) ............................................................... 4

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984) ........................................................................................................... 12

*Procunier v. Navarette*, 434 U.S. 555 (1978) .............................................................................. 17

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ................................. 3, 14

*Saucier v. Katz*, 533 U.S. 194 (2001) ............................................................................. 16, 17, 18

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996) ........................................................................................................................ 12

*Siegert v. Gilley*, 500 U.S. 226 (1991) ........................................................................................ 16

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

*Stone v. State of Texas*, 76 Cal.App.4th 1043, 90 Cal.Rptr.2d 657 (1999) ............................ 8, 9

*Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187 (9th Cir. 1987) ...................................... 3

*Tyree v. Tyree*, 116 Or App 317, 840 P.2d 1378 (1992), *rev denied* 35 Or 644 (1993) ............... 14

*Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 58 Cal.Rptr.2d 899, 926 P.2d 1085 (1996) ........................................................................................................................ 9

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ............................................................................................................................ 12, 15

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) ........................................... 9, 10

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Penn. 1997) ... 11, 12

**Rules**

2A J. Moore, *Moore's Fed. Practice* ¶12.08 (2d ed. 1982) ............................................ 3, 12

**Treatises**

California Code of Civil Procedure § 410.10 ............................................................................ 9

California Code of Civil Procedure § 415.10 ............................................................................ 6

California Code of Civil Procedure § 415.20 ............................................................................ 6

California Code of Civil Procedure § 415.40 ............................................................................ 5

California Code of Civil Procedure § 416.90 ............................................................................ 6

Fed. R. Civ. P. 4j (2) ................................................................................................................. 4

Fed. R. Civ. P. 12(b)(2) .......................................................................................................... 2, 6

Fed. R. Civ. P. 12(b)(5) .......................................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 2, 3, 10, 13

Fed. R. Civ. P. 4 ..................................................................................................................... 4, 5

Fed. R. Civ. P. 4(e) ..................................................................................................................... 5

Fed. R. Civ. P. 4(k) .................................................................................................................... 6

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................................................... 7

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                               Page iii

| | | |
|---|---|---|
| 1 | Fed. R. Civ. P. 4(m) | 4 |
| 2 | Or. R. Civ. Pro. 7(D)(2)(d)(i) | 5 |
| 3 | Or. R. Civ. Pro. 7(D)(3)(a)(i) | 5 |
| 4 | Oregon Rule of Civil Procedure (Or. R. Civ. Pro.) D(3)(g) | 4 |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

## I. Introduction

Defendants Alan Contreras and State of Oregon, Office of Degree Authorization (hereafter collectively "State Defendants") move to dismiss the action because:

1. Oregon Defendants have not been properly served as shown by the Affidavits of Jessica McKie, Jennifer Diallo, and Alan Contreras;
2. Oregon Defendants are not subject to the personal jurisdiction of this court; and
3. Plaintiff has failed to state a claim upon which relief can be granted because Defendant State of Oregon, Office of Degree Authorization (hereafter, "ODA"), and Defendant Contreras, in his official capacity only, are immune from suit pursuant to the Eleventh Amendment; Plaintiff's state law claims against Contreras in his individual capacity are barred by the Oregon Tort Claims Act and the Eleventh Amendment; Plaintiff's state law claims are barred by the notice requirement of the Oregon Tort Claims Act; and Plaintiff fails to allege any action by Contreras in his individual capacity.
4. Defendant Contreras is entitled to qualified immunity as to Plaintiff's federal claims.

## II. Factual Allegations

Plaintiff filed his First Amended Complaint on February 8, 2012. Affidavit of Jessica McKie filed with this motion (McKie Aff.) ¶2, Exh. A. To date, Plaintiff has not filed proof of service with the court for Oregon Defendants. McKie Aff. ¶3, Exh. A.

On or about November 28, 2011, the Oregon Office of Degree Authorization received a copy of a summons, proof of service for Alan Contreras, and complaint for United States District Court, Central District of California, Case No. CV 11-

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                                Page 1

06322. Affidavit of Jennifer Diallo (Diallo Aff.) ¶2, Exh. B, previously filed as Docket #41 and included as Exhibit D attached to McKie Aff. ¶6. The documents were mailed to 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 which is the address for ODA. Diallo Aff. ¶3, Exh. B. The documents were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking information or return receipt. Diallo Aff. ¶4, Exh. C.

Plaintiff's alleged proof of service for Alan Contreras was mailed to 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 on November 25 or 28, 2011. McKie Aff. ¶4, Exh. B. No one at ODA is authorized to accept service on behalf of the State of Oregon or Alan Contreras. McKie Aff. ¶5; Diallo Aff. ¶5. Alan Contreras retired from State service on March 31, 2011. Affidavit of Alan Contreras (Contreras Aff.) ¶1, previously filed as Docket #42 and included as Exhibit E attached to McKie Aff. ¶7. Alan Contreras has not received a summons or complaint from Plaintiff in regards to this case. Contreras Aff. ¶2.

As in Plaintiff's original Complaint, Plaintiff's numerous claims against Oregon Defendants are based on only three factual allegations which are repeated throughout the complaint: (1) that Contreras published a "diploma mill" list on the State of Oregon, Office of Degree Authorization's website (*see, e.g.,* Compl. ¶ 31); (2) that Contreras sent a letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,* Compl. ¶ 2); and (3) that ODA housed an article by George Gollin on its website (see e.g., Compl. ¶ 163).

## III. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(5) requires dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure to state a claim upon which relief can be granted.

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1　　　　　　　　　　Page 2

Only facts as set forth in the complaint are relevant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). While Oregon Defendants reject the truthfulness of many of Plaintiff's factual assertions, the Court's review is limited to the face of the complaint, documents referenced by the complaint, and matters of which the Court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's Fed. Practice* ¶12.08 at 2271 (2d ed. 1982)). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

Conclusory or implausible allegations are not sufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

A plaintiff's bare allegations that government officials acted with a bad motive should be disregarded. The Court has clearly stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982).

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1      Page 3

## IV. Argument

### A. Oregon Defendants have not been properly served.

Plaintiff has failed to properly serve Oregon Defendants. Fed. R. Civ. P. 12(b)(5) requires dismissal for insufficient service of process. A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under FRCP 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Without substantial compliance with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* The time limit for service is 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Plaintiff filed his original complaint on August 1, 2011. Exh. A. To date, Plaintiff has failed to properly serve Oregon Defendants as outlined below. Therefore, Plaintiff has failed to timely serve Oregon Defendants and his action should be dismissed as to Oregon Defendants.

#### 1. Plaintiff has failed to properly serve the State of Oregon.

Pursuant to FRCP 4j (2), a State must be served by, "delivering a copy of the summons and of the complaint to its chief executive officer"; or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Pursuant to Oregon Rule of Civil Procedure (ORCP) D(3)(g), the State must be served by personal service upon the Attorney General or by leaving true copies of the summons and the complaint at the Attorney General's office with a deputy, assistant, or clerk. Here, Plaintiff mailed a copy of the summons and complaint to the Office of Degree Authorization (Diallo Aff. ¶¶2 and 3, Exh. B), not its chief executive officer or the Attorney General, which fails to satisfy the requirements of the federal or state rules for service. Therefore,

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                                    Page 4

Plaintiff has failed to properly serve the State and Plaintiff's action should be dismissed as to the State of Oregon, Office of Degree Authorization.

### 2. Plaintiff has failed to properly serve Contreras.

Pursuant to FRCP 4(e), an individual in the United States must be served by service in accordance with state law where the district court is located or where service is made, or by a method authorized by FRCP 4. For an individual in the United States, FRCP 4(e) authorizes service of process by personal service on the defendant, or by leaving a copy of the summons and complaint with someone residing at the individual defendant's dwelling, or by delivery to an agent authorized to receive service. Under Oregon law, an individual defendant may be served:

> [B]y personal delivery of true copies of the summons and the complaint to such defendant or other person authorized by appointment or law to receive service of summons on behalf of such defendant, by substituted service, or by office service. Service may also be made upon an individual defendant to whom neither subparagraph (ii) nor (iii) of this paragraph applies by a mailing made in accordance with paragraph (2)(d) of this section provided the defendant signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing. Or. R. Civ. Pro. 7(D)(3)(a)(i).

Oregon law further provides that:

> When required or allowed by this rule or by statute, except as otherwise permitted, service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested. Or. R. Civ. Pro. 7(D)(2)(d)(i).

Pursuant to California Code of Civil Procedure § 415.40:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1          Page 5

The California Code of Civil Procedure permits service by personal delivery to the defendant or a person authorized by him to receive service of process (§§ 415.10; 416.90); by leaving a copy at the defendant's office, mailing address, or dwelling and thereafter mailing a copy to that location (§ 415.20).

Here, the Office of Degree Authorization received a copy of the summons and complaint on or about November 28, 2011. Diallo Aff. ¶2. The documents were sent by U.S.P.S. Priority Mail, in a Medium Flat Rate Box and had no tracking information or return receipt. Diallo Aff. ¶4, Exh. C. Plaintiff's proof of service for Alan Contreras claims that Alan Contreras was served by mail at 1500 Valley River Dr. Suite 100, Eugene, Oregon 97401 on November 25 or 28, 2011. McKie Aff. ¶4, Exh. B. The above address is for ODA. Diallo Aff. ¶3. Alan Contreras has not received a summons or complaint from Plaintiff in regards to this case. Contreras Aff. ¶2.

Ignoring Plaintiff's failure to comply with the requirements when mailing under the rules above (Diallo Aff. ¶4, Exh. C), the only form of service Plaintiff could possibly have satisfied under any of the above rules was office service. However, Defendant Contreras retired from State service on March 31, 2011. Contreras Aff. ¶1; Diallo Affid. ¶6. As a result, ODA was not Defendant Contreras's office when the summons and complaint were allegedly mailed, or when they were received by ODA. Therefore, Plaintiff has failed to properly serve Defendant Contreras, and Plaintiff's action against him should be dismissed.

**B.  Oregon Defendants are not subject to the jurisdiction of this court.**

Fed. R. Civ. P. 12(b)(2) requires dismissal of a complaint for lack of personal jurisdiction. The parameters of personal jurisdiction are set forth in Rule (k) of the Federal Rules of Civil Procedure. Whether or not personal

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                    Page 6

1 jurisdiction exists in this Court over Oregon Defendants is determined by the
2 provisions of Rule 4(k)(1)(A), *i.e.*, would Oregon Defendants be subject to the
3 jurisdiction of a court of general jurisdiction in California?

4 California permits the exercise of personal jurisdiction to the full extent
5 permitted by due process. *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1047, 90
6 Cal.Rptr.2d 657 (1999) ["California's long-arm statute permits courts to exercise
7 jurisdiction over nonresidents on any basis not inconsistent with federal or state
8 constitutions. (Code Civ. Proc. 410.10.)"]

9 Whether a California court would have personal jurisdiction over Oregon
10 Defendants is dependent upon whether the plaintiff has alleged "minimum
11 contacts" between Oregon Defendants and the State of California for purposes of
12 general or specific jurisdiction. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*,
13 223 F.3d 1082, 1086 (9th Cir. 2000). As noted by the *Stone* court, "When a
14 defendant moves to quash service of process on jurisdictional grounds, the plaintiff
15 has the initial burden of demonstrating facts justifying the exercise of
16 jurisdiction." *Stone v. State of Texas*, 76 Cal.App.4th 1043, 1048, 90 Cal.Rptr.2d
17 657 (1999).

18 General jurisdiction requires that the contacts be of the sort that approximate
19 physical presence. *Bancroft & Masters, Inc., v. Augusta Nat., Inc.*, 223 F.3d 1082,
20 1086 (9th Cir. 2000). There are no facts alleged in the Complaint that suggest that
21 Plaintiff is claiming general jurisdiction over Oregon Defendants.

22 Absent general jurisdiction, the California Supreme Court has determined
23 that a defendant "still may be subject to specific jurisdiction of the forum, if the
24 defendant has purposefully availed himself or herself of forum benefits [citation],
25 and the 'controversy is related to or "arises out of" a defendant's contacts with the
26

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1            Page 7

1 forum.'" *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 446, 58
2 Cal.Rptr.2d 899, 926 P.2d 1085 (1996). Federal courts are in accord.
3       The Ninth Circuit, in *Bancroft*, explained that in order for there to be
4 specific jurisdiction: (1) the defendant must have performed some act or
5 consummated some transaction within the forum or otherwise purposely availed
6 itself of the privileges of conducting activities in the forum; (2) the claim must
7 arise out of or result from the defendant's forum related activities; and (3) the
8 exercise of jurisdiction must be reasonable. *Ziegler v. Indian River County*, 64
9 F.3d 470, 474 (9th Cir. 1995).

      **1.   Purposeful Availment.**

11       The "purposeful availment" prong of the first element of the specific
12 jurisdiction analysis may be met in a tort case by what is called an "effects test" if
13 the defendant (1) committed an intentional act that was (2) expressly aimed at the
14 forum state, and (3) caused harm, the brunt of which is suffered and which the
15 defendant knows is likely to have been suffered in the forum state. *Bancroft &*
16 *Masters, Inc., supra,* 223 F.3d at 1087. The Ninth Circuit has also noted that the
17 effects test "cannot stand for the broad proposition that a foreign act with
18 foreseeable effects in the forum state always gives rise to specific jurisdiction."
19 *Id.* There must be "something more." *Id.* The something more involves the
20 "express aiming" at the forum state. That term does not define itself, but the cases
21 indicate that the term "encompasses wrongful conduct individually targeting a
22 known forum resident." *Id.* It must be distinguished from "untargeted
23 negligence." *Id.* at 1087-88.
24       It is the presence of individualized targeting of a known forum resident that
25 separates the cases finding jurisdiction under the effects test from those cases in
26 which the effects test is unsatisfied. *Id.* at 1088. Plaintiff makes just three factual

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1       Page 8

allegations of action by Oregon Defendants in the complaint: (1) that Contreras published a "diploma mill" list on the State of Oregon, Office of Degree Authorization's website (*see, e.g.,* Compl. ¶ 31); (2) that Contreras sent a letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,* Compl. ¶ 2); and (3) that ODA housed an article by George Gollin on its website (see e.g., Compl. ¶ 163). These allegations fail to demonstrate that Oregon Defendants purposely availed themselves of California law. *Ziegler, supra,* 64 F.3d at 474; *Stone, supra,* 76 Cal.App.4th at 1048. Therefore, Plaintiff has not met his burden.

### 2. There Must be Forum-Related Activity by the Defendant.

The second prong of the specific jurisdiction test requires that the claim arises out of or results from the defendant's forum-related activities. In the Ninth Circuit, this involves a "but-for" test. *Bancroft & Masters, Inc., supra,* 223 F.3d at 1088. The test is not met if the causal connection is significantly attenuated. *Doe v. American National Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997). In this case, Plaintiff makes no allegations that tie Oregon Defendants to California in any way.

California courts are authorized to exercise jurisdiction "on any basis not inconsistent with the Constitution of [California] or of the United States." California Code of Civil Procedure § 410.10. The Fourteenth Amendment limits the extent of personal jurisdiction to those instances that do not violate Due Process rights. Plaintiff alleges that Oregon Defendants published content at http://www.osac.state.or.us/oda/unaccredited.aspx. This website allows materials to be accessed from any Internet-ready computer. No information or materials are sold via this website and there are no interactive features. "A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction." *Zippo Manufacturing Co. v.*

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                    Page 9

*Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1121 (W.D. Penn. 1997). See also *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (C.A.9 Ariz. 1997). (Adopting the *Zippo* standard in the Ninth Circuit). As Plaintiff has failed to establish personal jurisdiction in a California court over Oregon Defendants, Plaintiff's claims against them should be dismissed.

### C. Plaintiff has failed to state a claim upon which relief can be granted.

#### 1. Plaintiff's federal and state claims against the State and Contreras in his official capacity are barred by the Eleventh Amendment.

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure to state a claim upon which relief can be granted. Under the Eleventh Amendment to the U.S. Constitution, federal courts may not entertain a lawsuit brought by a citizen against a State, its agencies, or departments without the State's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996), *citing Hans v. Louisiana*, 134 U.S. 1, 13, 10 S. Ct. 504, 33 L.Ed.842 (1890); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). Eleventh Amendment immunity applies to individuals acting in their official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (a suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the State itself).

"Although the State of Oregon has consented to be sued in Oregon courts for the torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the OTCA, it has not consented to be sued in federal courts for those torts." *Blair v. Toran*, CV-99-956-ST, 1999 U.S.

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                    Page 10

Dist. LEXIS 20033, at *69 (D. Or. Dec. 2, 1999). As the State has not expressly consented to be sued by Plaintiff in a federal court, all of Plaintiff's state and federal claims against the State, and Contreras in his official capacity, must be dismissed pursuant to the Eleventh Amendment.

### 2. Plaintiff's state claims against Contreras in his individual capacity are barred by the Oregon Tort Claims Act and the Eleventh Amendment.

Plaintiff's state law claims against Contreras in his individual capacity fail because the State and its employees are entitled to absolute immunity from state law claims, pursuant to the Oregon Tort Claims Act and the Eleventh Amendment. *See* ORS 30.265 (the state must be substituted as the sole defendant for any state law claims made against state employees); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir 1993) (holding that the state is immune from suit in federal court pursuant to the Eleventh Amendment). Consequently, this Court should dismiss all state law claims.

### 3. Plaintiff's state claims against Oregon Defendants are barred by the notice requirement of the Oregon Tort Claims Act.

Plaintiff's state law claims against Oregon Defendants fail because he failed to comply with the notice requirements set forth in the Oregon Tort Claims Act ("OTCA"). There is no allegation in the *First Amended Complaint* that tort notice was provided to the State related to the claims against Oregon Defendants. OTCA requires that notice of a claim against a public body or officer is given within 180 days of the alleged loss or injury. ORS 30.275(2). "The requirement that notice be given timely is a substantive condition precedent to recover under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree,* 116 Or App 317, 320, 840 P.2d 1378 (1992), *rev denied* 35 Or 644

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                   Page 11

(1993). Because Plaintiff failed to provide timely tort claim notice on his state law claims, they fail as a matter of law.

### 4. Plaintiff fails to allege any action by Contreras in his individual capacity to support his federal or state law claims.

A complaint may be dismissed as a matter of law for insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, *Moore's Fed. Practice* ¶12.08 at 2271 (2d ed. 1982)). A plaintiff may bring a 42 U.S.C. §1983 claim against a person who deprives them of their constitutional rights under color of state law. To do that, a plaintiff must bring a claim against the person in his individual capacity. *Will, supra,* 491 U.S. at 71. Plaintiff names Contreras in his individual capacity, but alleges only official actions by Contreras in his Complaint: (1) that Contreras published a "diploma mill" list on the State of Oregon, Office of Degree Authorization's website (*see, e.g.,* Compl. ¶ 31); (2) that Contreras sent a letter to the National Accreditation Board of the Republic of Ghana (*see, e.g.,* Compl. ¶ 2); and (3) that ODA housed an article by George Gollin on its website (*see e.g.,* Compl. ¶ 163). Plaintiff admits these actions were official acts taken by Contreras as Director of the Office of Degree Authorization. See e.g. Compl. ¶¶ 234 and 304. Plaintiff's remaining bare allegations that Contreras acted with a bad motive towards Plaintiff should be disregarded. *See e.g.* Compl. ¶¶ 2, 3, and 369. The Court has clearly stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-818 (1982). As a result, Plaintiff fails to allege any action by Contreras in his individual capacity and any § 1983 claim must fail. Furthermore, because Plaintiff fails to allege any action by Contreras in his individual capacity, Plaintiff alleges no facts in support

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1                     Page 12

1 of his state law claims against Contreras in his individual capacity and all state law
2 claims against him must fail.

### D. Defendant Contreras is entitled to qualified immunity from Plaintiff's federal §1983 claims.

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint for failure to state a claim upon which relief can be granted. Qualified immunity relieves state officials from the burden of defending a suit for damages if a reasonable official in the particular circumstances could have believed that his conduct was lawful in light of clearly established law. *Pearson v. Callahan*, 555 U.S. 223, 243-244 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Entitlement to qualified immunity is a question that must be considered prior to the suit moving forward against state defendants. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). The Supreme Court has stated that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.* at 232. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). Consequently, an early determination is favored. In *Mitchell*, the Court recognized that, if the district court determines that an official is entitled to qualified immunity on any claim for damages pursuant to 42 U.S.C. § 1983, the court should dismiss the claim prior to discovery.

Plaintiff's allegation that Oregon Defendants acted with a bad motive should be disregarded. See e.g. Compl, ¶ 221. The Court has clearly stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*, 457 U.S.

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1      Page 13

1  at 817-818. Therefore, to overcome qualified immunity, a plaintiff must show that
2  the government official's conduct violates clearly established federal statutory or
3  constitutional rights of which a reasonable person would have known. *Id.* at 818.
4        Since the decision in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), federal
5  courts had decided qualified immunity using a sequential inquiry: (1) whether the
6  facts alleged demonstrate a violation of a constitutional right and, if so, (2) whether
7  the constitutional right asserted was "clearly established" at the time of the alleged
8  misconduct. In *Pearson*, the Court explicitly held that the sequence of steps
9  required under *Saucier* "should no longer be regarded as mandatory." *Pearson*,
10 555 U.S. at 236. Rather, the Court concluded that "judges of the district courts and
11 the courts of appeals should be permitted to exercise their sound discretion in
12 deciding which of the two prongs of the qualified immunity analysis should be
13 addressed first in light of the circumstances in the particular case at hand." *Id.*
14       To overcome qualified immunity, "a plaintiff must offer more than general
15 conclusory allegations that the defendant violated his Constitutional rights."
16 *Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985). Instead, a plaintiff
17 must plead and prove that a defendant "violated a particular 'clearly established'
18 right." *Id.* (citations omitted). Defendants "cannot be expected to predict the
19 future course of constitutional law," but are not shielded from liability for acts that
20 violate clearly established constitutional rights. *Procunier v. Navarette*, 434 U.S.
21 555, 562 (1978) (citations omitted); *see also Harlow v. Fitzgerald, supra*, 457 U.S.
22 at 818. To be clearly established, "[t]he contours of the right must be sufficiently
23 clear that a reasonable official would understand that what [the official] is doing
24 violates that right." *Anderson v. Creighton, supra*, 483 U.S. at 640.
25       Here, Plaintiff alleges that Defendant Contreras acted in his official capacity
26 to (1) publish a "Diploma Mill List" (Compl. ¶31); (2) send a letter to the National

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1      Page 14

Accreditation Board of the Republic of Ghana (Compl. ¶2, Exh. 49 and 50); and (3) house an article by George Gollin on its website (Compl. ¶ 163). No reasonable official of a state office of degree authorization would understand that (1) providing information about diploma mills; (2) writing a letter to the National Accreditation Board of the Republic of Ghana ; or (3) posting a link to an article on the office website, would violate any of Plaintiff's constitutional rights.

Plaintiff's allegations that Defendant Contreras violated Oregon statutes provides no basis for Plaintiff's §1983 claims. Plaintiff must show a violation of a federal right. *Saucier*, 533 U.S. at 201.

Plaintiff's allegations that Defendant Contreras acted with a bad motive should be disregarded. *See e.g.*, Compl, ¶ 221. The Court has clearly stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*, 457 U.S. at 817-818. Therefore, Defendant Contreras is entitled to qualified immunity from Plaintiff's §1983 claims.

## V. Conclusion

For the foregoing reasons, Plaintiff's claims against Oregon Defendants should be dismissed in their entirety.

DATED this __22__ day of February, 2012.

        Respectfully submitted,

        JOHN R. KROGER
        Attorney General

        s/ Seth Throop Karpinski
        SETH T. KARPINSKI #Cal. Bar #137748
        Senior Assistant Attorney General
        seth.t.karpinski@doj.state.or.us
        Of Attorneys for Defendants Alan Contreras and State of Oregon, Office of Degree Authorization

MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2), (5), and (6)

3240006-v1      Page 15