1  James R. Rogers/SBN 99102
   jrogers@jrrlaw.net
2  Rachael H. Mills/SBN 279931
   rmills@jrrlaw.net
3  LAW OFFICES OF JAMES R. ROGERS
   125 S. Highway 101, Suite 101
4  Solana Beach, CA  92075
   Telephone:  858-792-9900
5  Facsimile:  858-792-9509

6  Attorneys for Defendants
   EDUCATIONAL COMMISSION
7  FOR FOREIGN MEDICAL GRADUATES;
8  FOUNDATION FOR ADVANCEMENT OF
9  INTERNATIONAL MEDICAL EDUCATION
   AND RESEARCH erroneously sued as
10 FOUNDATION FOR ADVANCEMENT
11 OF MEDICAL EDUCATION AND RESEARCH

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 ST.LUKE SCHOOL OF MEDICINE –  )  Case No. 11-CV-06322-RGK (SHx)
   GHANA, etc., et al.            )
16                                )  [Hon. R. Gary Klausner]
        Plaintiff(s)              )
17                                )  MEMORANDUM OF POINTS AND
                                  )  AUTHORITIES IN SUPPORT OF
18 v.                             )  MOTION TO DISMISS PLAINTIFFS'
                                  )  FIRST AMENDED COMPLAINT
19 REPUBLIC OF LIBERIA, et al.    )  FOR LACK OF PERSONAL
                                  )  JURISDICTION AND FAILURE TO
20                                )  STATE A CLAIM
                                  )  [FRCP Rule 12(b)(2) & 12(b)(6)]
21      Defendants.               )
                                  )  DATE;        April 2, 2012
22                                )  TIME:        9:00 a.m.
                                  )  COURTROOM: 950
23                                )
                                  )
24                                )
                                  )
25 _____   )  Complaint Filed: August 1, 2011

26

27

28

_____
       MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1

**<u>Table of Contents</u>**

2   Table of Authorities…………………………………………………………iv

3   I.   MOTION TO DISMISS FOR LACK OF PERSONAL

4        JURISDICTION……………………………………………………..1

5        A.   <u>ISSUES PRESENTED</u>……………………………………...1

6        B.   <u>STATEMENT OF FACTS</u>……………………………….1

7        C.   <u>APPLICABLE LAW</u>…………………………………….2

8        D.   <u>ARGUMENT</u>……………………………………………3

9             1.   <u>Moving Defendants Were Neither Served</u>

10                <u>Within the State of California, Nor Have They</u>

11                <u>Consented to Personal Jurisdiction in California</u>……..3

12             2.   <u>Moving Defendants Were Not Domiciled</u>

13                <u>Within the State of California</u>…………………………3

14             3.   <u>Moving Defendants Do Not Have "Minimum</u>

15                <u>Contacts Within the State of California</u>……………….4

16        E.   <u>CONCLUSION</u>………………………………………...4

17   II.   MOTION TO DISMISS FOR FAILURE TO

18       STATE A CLAIM…..…………………………………………5

19        A.   <u>ISSUES PRESENTED</u>…………………………………...5

20        B.   <u>STATEMENT OF FACTS</u>…………………………….6

21        C.   <u>STATUTES OF LIMITATIONS</u>…………………………9

22             1.   <u>*42 USC § 1985(3)*</u>……………………….9

23             2.   *Plaintiffs' Eighth Cause of Action*…………………...10

24                Harassment by Public Officials………………...10

25                Conversion…………………………………….10

26             3.   *Libel*………………………………………….11

27             4.   *Trade Libel and Interference in Business Advantage*..11

28             5.   *Intentional Infliction of Emotional Distress*…………11

ii

6. *Negligent Infliction of Emotional Distress*..............12

D. NO FACTS ALLEGED AGAINST THE MOVING
PARTY SUPPORT ANY OF THE CLAIMS FOR
RELIEF ASSERTED BY PLAINTIFF.......................12

1. *Causes of Action For Which  Plaintiff Makes*
*No Allegations Against Moving Parties*.................12

2. *Constitutional Violations Under 42 U.S.C.*
*§1985(3) – Conspiracy to Violate Civil Rights*.........13

3. *Harassment by Public Officials*
*(Fourteenth Amendment)*................................14

4. *Libel*..................................................14

5. *Trade Libel and Interference In Business Advantage*.....
Trade Libel.............................................16
Interference in Business Advantage.....................16

6. *Intentional Infliction of Emotional Distress*............17

7. *Negligent Infliction of Emotional Distress*..............18

III.   CONCLUSION...............................................19

# Table of Authorities

## Cases

*Alcorn v. Anbro Engineering, Inc.*
        (1970) 2 Cal.3d 493……………………………………………….18

*Allied Equipment Corp. v. Litton Saudi Arabia Ltd.*
        (1994) 7 Cal.4th 503……………………………………………..13

*Bray v. Alexandria Women's Health Clinic*
        (1993) 113 S.Ct. 753……………………………………………13

*Burnham v. Superior Court of Cal.,*
        (1990) 495 US 604………………………………………………….2

*Colony Cove Properties, LLC v. City of Carson*
        (9th Cir. 2011) 640 F.3d 948………………………………………10

*Computerexpress, Inc. v. Jackson*
        (2001) 93 Cal.App.4th 993………………………………………16

*Couch v. San Juan Unified School Dist.*
        (1995) 33 Cal.App.4th 1491………………………………………18

*Griffin v. Breckenridge*
        (1971) 403 US 88………………………………………………13

*Guess, Inc. v. Sup. Ct.(Jeff Hamilton, Inc.)*
        (1986) 176 Cal.App.3d 473………………………………………..11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
        (1984) 466 US 408………………………………………………….3

*International Shoe Co. v. Washington*
(1945) 326 US 310…………………………………………2

*J. McIntyre Mach., Ltd. v. Nicastro*
(2011) 131 S.Ct. 2780…………………………………3

*Knoell v. Petrovch*
(1999) 76 Cal.App.4th 164………………………………11

*Maheu v. CBS, Inc.*
(1988) 201 Cal.App.3d 662……………………………...10

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*
(1989) 48 Cal.3d 583……………………………………18

*McDougal v. County of Imperial*
(9th Cir. 1991) 942 F.2d 668……………………………10

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*
(1971) 6 Cal.3d 176……………………………………..10

*North American Chemical Co. v. Superior Court*
(1997) 59 Cal.App.4th 764………………………………17

*Omni Capital Int'l., Ltd. v. Rudolph Wolff & Co.*
(1987) 484 US 97………………………………………...2

*Pennoyer v. Neff*
(1877) 95 US 714………………………………………...2

*Roman v. County of Los Angeles*
(2000) 85 Cal.App.4th 316………………………………12

*Shively v. Bozanich*
(2003) 31 Cal.4th 1230…………………………………..15

v

*Slaughter v. Legal Process & Courier Service*
    (1984) 162 Cal.App.3d 1236…………………………………18

*Sznyter v. Malone*
    (2007) 155 Cal.App.4th 1152……………………………10

*Wallace v. Kato*
    (2007) 549 US 384………………………………………10


**Statutes**

California Code of Civil Procedure
    Section 335.1…………………………………………10
    Section 338(c)………………………………………11
    Section 339.1…………………………………………11
    Section 340(c)………………………………………...11

Federal Rules of Civil Procedure
    Rule 4(k)(1)(a)………………………………………2
    Rule 12(b)(2)………………………………………1, 4
    Rule 12(b)(6)………………………………………5

United States Code
    Title 42, Section 1985……………………………5, 9, 10, 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# I.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants EDUCATIONAL COMMISSION OF FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH ("FAIMER") erroneously sued as FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH submit the following memorandum of points and authorities in support of their motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## A.

## ISSUES PRESENTED

Plaintiffs do not have an adequate basis for personal jurisdiction over moving defendants, and their pleadings lack any such assertions.  Moving defendants were served in Pennsylvania.  Both moving defendants' principal place of business is in Pennsylvania, and all operations out of which this case arises occurred in Pennsylvania.  Moving defendants have not consented to personal jurisdiction within the state of California.

## B.

## STATEMENT OF FACTS

Plaintiffs are St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia, Dr. Jerroll B. R. Dolphin, and Robert Farmer.  On August 1, 2011, plaintiffs filed their complaint for damages in the United States District Court, Central District of California.  Plaintiffs served moving defendants with their Complaint on or about November 25, 2011.

Both moving defendants ECFMG and FAIMER are 501(c)(3) not-for-profit corporations.  Defendant ECFMG is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania.  Defendant FAIMER is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

1

The alleged operations of moving Defendants out of which this case arises occurred in Pennsylvania. All potential employee and non-employee witnesses for moving defendants are located in Pennsylvania. The acts or omissions for which plaintiffs seek to hold defendants liable in this action all occurred outside of California.

As more fully set forth below, it would be unreasonable to require defendants to defend this action in courts within California due to the burden on moving defendants considering that moving defendants are not incorporated in California, their principal place of business is in Pennsylvania, all business operations out of which this case arises occurred in Pennsylvania, and all witnesses and employees of moving defendants are located in Pennsylvania.

## C.

## APPLICABLE LAW

Personal jurisdiction is required whenever a judgment is sought that would impose an obligation on defendant personally. *Pennoyer v. Neff* (1877) 95 US 714, 720-722. Ordinarily, federal courts do not have nationwide personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.* (1987) 484 US 97, 104-105; see F.R.C.P. 4(k)(1)(A).

Due process requires an adequate basis for jurisdiction over the party sought to be bound by the court's judgment or decree. The three bases for exercise of personal jurisdiction recognized since early common law are: 1. service within state (physical presence); 2. domicile; 3. consent. *Pennoyer v. Neff* at 720-22; *Burnham v. Superior Court of Cal.* (1990) 495 US 604, 610-11. Absent one of the traditional bases for jurisdiction above (presence, domicile, or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* (1945) 326 US 310, 316. Defendants who "purposefully avail" themselves of the

privilege of conducting business in the forum state submit themselves to the jurisdiction of that state "to the extent that power is exercised *in connection* with the defendant's activities touching the State." *J. McIntyre Mach., Ltd. v. Nicastro* (2011) 131 S. Ct. 2780, 2787-88.  In other words, the suit must arise out of or be "related to the defendant's contacts with the forum."  *Id.* at 2788 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984) 466 US 408, 414).

## D.

## <u>ARGUMENT</u>

As explained below, plaintiffs lack both the traditional bases for jurisdiction (presence, domicile, or consent), as well as the "minimum contacts" necessary to establish personal jurisdiction over moving defendants.

1.   <u>Moving Defendants Were Neither Served Within the State of California, Nor Have They Consented to Personal Jurisdiction in California.</u>

Plaintiffs served moving defendants with their Complaint in Philadelphia, Pennsylvania on or about November 25, 2011.  (See Donohue Declaration, par. 14.)  Moving defendants have not consented to personal jurisdiction in the state of California.

2.   <u>Moving Defendants Were Not Domiciled Within the State of California.</u>

Defendant ECFMG is a 501(c)(3) not-for-profit corporation, incorporated in the State of Illinois, with its principal place of business in Philadelphia, Pennsylvania and is engage in the business of assessing and certifying foreign medical graduates for entry into graduate medical education programs in the United States. (See Donohue Declaration, par. 2.)

Defendant FAIMER is a 501(c)(3) not-for-profit corporation, incorporated in the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania and is engaged in the business of enhancing international medical education through programs of research and education, as well as maintaining a directory of international medical schools, known as the International Medical

1 │ Education Directory ("IMED"). (See Donohue Declaration, par. 2.)

2 │ 3.      Moving Defendants Do Not Have "Minimum Contacts" Within the State of

3 │         California.

4 │      Neither moving defendant is incorporated in California, nor is either moving

5 │ defendants' principal place of business in California. (See Donohue Declaration,

6 │ pars. 2-4.)   No officers or directors of either moving defendant reside or are

7 │ domiciled in California. (See Donohue Declaration, par. 5.)

8 │      All of moving defendants' operations out of which this case purportedly

9 │ arises occurred in Pennsylvania, although defendant ECFMG does currently run a

10 │ single testing facility for one component of the United States Medical Licensing

11 │ Exam (USMLE) in Los Angeles, California. (See Donohue Declaration, par. 6.)

12 │ This facility serves as a venue for USMLE testing and has no connection to the

13 │ specific operations out of which this case purportedly arises.   Furthermore, all

14 │ potential employee and non-employee witnesses for moving defendant are located

15 │ in Pennsylvania. (See Donohue Declaration, par. 7.)   The acts or omissions for

16 │ which plaintiffs seek to hold defendants liable in this action all occurred outside of

17 │ California. (See Donohue Declaration, par. 12.)

18 │                                  E.

19 │                             **CONCLUSION**

20 │      The Court lacks personal jurisdiction over moving defendants.   Thus,

21 │ moving defendants respectfully request the court dismiss plaintiffs' claim pursuant

22 │ to Rule 12(b)(2).

23 │ ///

24 │ ///

25 │ ///

26 │ ///

27 │ ///

28 │ ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## II.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES ("ECFMG") and FOUNDATION FOR ADVANCEMENT OF INTERNATIONAL MEDICAL EDUCATION AND RESEARCH erroneously sued as FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH ("FAIMER") submit the following memorandum of points and authorities in support of their motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure section 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure section 12(b)(6).

### A.

### ISSUES PRESENTED

Plaintiffs' First Amended Complaint (1st AC) seeks recovery on various theories.   The following theories are those alleged in the body of the First Amended Complaint, commencing at page 53 through page 82:

| | |
|---|---|
| 1. Constitutional Violations Under 42 U.S.C. § 1983 (First Amend.) | 2. Constitutional Violations Under 42 U.S.C. § 1983 (Fourth Amend.) |
| 3. Constitutional Violations Under 42 U.S.C. § 1983 (Fifth Amend.) | 4. Constitutional Violations Under 41 U.S.C. § 1983 (Eighth Amend.) |
| 5. Constitutional Violations Under 42 U.S.C. § 1983 (Fourteenth Amend.) | 6. Constitutional Violations Under 42 U.S.C. § 1985(3) (Conspiracy to Violate Civil Rights) |
| 7. Constitutional Violations Under 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights) | 8. Harassment by Public Officials (Fourteenth Amend.) |
| 9. Violations of Oregon Revised Statutes (ORS) § 348.597 | 10. Violations of ORS § 348.615 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

| 11.  Libel | 12.  Trade Libel and Interference In Business Advantage |
|---|---|
| 13.  Violations of §§ 2511 and 2520 of the Electronic Communications Privacy Act ("EPCA") | 14.  Fraud (Computer Fraud and Abuse Act 18 U.S.C. §1030) |
| 15.  False Imprisonment | 16.  Intentional Infliction of Emotional Distress |
| 17.  Negligent Infliction of Emotional Distress | 18.  Internet Hacking |
| 19.  Internet Stalking[1] | |

Of the causes of action listed above, only six (6) are specifically alleged against moving defendants ECFMG and FAIMER, and all of them fail to state a claim upon which relief can be granted.  Furthermore, the causes of action alleged against ECFMG and FAIMER are all time-barred under applicable statutes of limitations.

**B.**

**STATEMENT OF FACTS**

According to Plaintiffs' First Amended Complaint, the following series of communications took place between Carol Bede, a representative of ECFMG and FAIMER and various officials in the Republic of Liberia or with Mr. Dolphin as a representative of the St. Luke School of Medicine ("SLSOM").

On January 18, 2005, Dr. Roland of the National Commission on Higher Education ("NCHE") sent a letter to ECFMG attesting to the fact that SLSOM had been established as a medical school in Liberia and is currently in the process of

---

[1] Plaintiffs' First Amended Complaint appears to include twenty (20) causes of action, however, cause of action number 12 is incorrectly labeled as number 13, and the subsequent causes of action are all off by one.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

becoming accredited.[2]   Plaintiffs' further allege that on January 20, 2005, Carol Bede of ECFMG sent a letter to SLSOM regarding a letter that ECFMG had received, and which stated that SLSOM was unregistered and unaccredited.[3]   On March 3, 2005, the NCHE sent a letter to ECFMG attesting to SLSOM being established as a medical school in Liberia.[4]   On March 12, 2005, the NCHE sent another letter to ECFMG acknowledging receipt of an ECFMG letter inquiring into the status of SLSOM.  This letter answers those questions, confirming that SLSOM does exist and is accredited in Liberia.[5]   After receiving this March 12 letter, ECFMG placed SLSOM on the International Medical Education Directory ("IMED") list.  (1st AC p. 19 para. 78.)

Despite its previous reassurances to ECFMG, Mr. Isaac Roland of the NCHE sent a subsequent letter to ECFMG, dated April 11, 2005, stating that SLSOM "does not exist" and was a "computer school".[6]   Upon receipt of that letter, ECFMG removed SLSOM from the IMED list.  (1st AC p. 29 para. 99.)   On April 27, 2005, Carol Bede of ECFMG sent a letter to SLSOM concerning the April 11 letter, and notifying the school that it would no longer be listed on the IMED list because NCHE stated that SLSOM was no longer accredited.[7]   Mr. Dolphin of SLSOM received a copy of the April 11 letter as an attachment to the April 27 letter.  (1st AC p. 37 para. 124.)

On August 10, 2005, the Supreme Court issued what appears to be an order to show cause, instructing various Liberian officials to respond to SLSOM's

---

[2] Labeled as exhibit 5 to Plaintiffs' First Amended Complaint.  The body of the complaint incorrectly refers to exhibit 6.

[3] Plaintiffs refer to exhibit 5 in support of this allegation, but exhibit 5 contains the Jan 18, 2005, letter.  After reviewing the other exhibits attached to Plaintiffs' First Amended Complaint, these moving defendants can find no such letter.

[4] Exhibit 7 to Plaintiffs' First Amended Complaint.  The body of the complaint incorrectly refers to exhibit 8.

[5] Exhibit 8 to Plaintiffs' First Amended Complaint.  The body of the complaint incorrectly refers to exhibit 9.

[6] Exhibit 11 to Plaintiffs' First Amended Complaint.

[7] Exhibit 11 to Plaintiffs' First Amended Complaint.

7

petition regarding the status of SLSOM.[8]  Plaintiffs sent this letter to Carol Bede of ECFMG, apparently in hopes that SLSOM could be reinstated on the IMED list. (1st AC p. 42 para. 140.)  On August 30, 2005, Carol Bede of ECFMG informed Mr. Dolphin, both by phone and by email, that without instructions from the NCHE, Liberia's authority on matters of higher education, she could not change SLSOM's status on the IMED list.  (1st AC p. 42 para. 142.)

On October 3, 2005, the NCHE sent a letter to ECFMG stating that it accepted the Supreme Court order and wished to revoke its April 11 letter, thus ECFMG should change SLSOM's status on the IMED list.[9]  On October 19, 2005, ECFMG replied to the October 3 letter from NCHE, inquiring further into the status of SLSOM.[10]  On December 7, 2005, NCHE sent another letter to ECFMG stating that the SLSOM had been inspected and that a "Temporary Permit to Operate will be issued for resumption of instruction in January 2006."[11]  (1st AC p. 43 para. 146.)

In response to the statement that instruction would resume in January, ECFMG sent a letter to NCHE on January 24, 2006, inquiring into the status of SLSOM, asking whether or not instruction had actually resumed.[12]  (1st AC p. 44 para. 148.)  The NCHE never replied to ECFMG's January 24 letter, and thus ECFMG was unable to reinstate SLSOM to the IMED list.  (1st AC p. 44 para. 149.)

///

///

///

---

[8] Exhibit 16 to Plaintiffs' First Amended Complaint.  Plaintiffs claim that this document is in fact a final order issued by the court reinstating SLSOM's status, however it only appears to be an order to show cause, setting a subsequent date of August 20, 2005, on which respondents are to appear.
[9] Exhibit 18 to Plaintiffs' First Amended Complaint.
[10] Exhibit 19 to Plaintiffs' First Amended Complaint acknowledges receipt of this letter, though plaintiffs themselves fail to include it among the allegations in the body of their complaint.
[11] Exhibit 19 to Plaintiffs' First Amended Complaint.
[12] Exhibit 13 to Plaintiffs' First Amended Complaint.  The body of the complaint incorrectly refers to exhibit 6.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# C.

## STATUTES OF LIMITATION

All of plaintiffs' causes of action are time-barred under the applicable statutes of limitations. The last identifiable act of ECFMG and FAIMER, as alleged by plaintiffs, was sending a letter of inquiry to the National Commission on Higher Education of Liberia ("NCHE"). This letter was sent on January 24, 2006, and received by NCHE sometime shortly thereafter. By this time Mr. Dolphin and SLSOM already knew that they had been removed from the IMED list, and thus plaintiffs' cause of action had already accrued, but for the sake of argument, these defendants will use January 24, 2006, as the date from which to measure the length of any applicable statutes of limitations.

Plaintiffs first brought this action on November 28, 2011. (1st AC.) The length of time from the last act of Defendants, as alleged by Plaintiffs, is just over 5 years and 10 months. Even if one were to subtract from that the time during which Plaintiffs' original action arising out of these same facts was pending,[13] Plaintiffs have still brought this action over 5 years and 6 months from the time of ECFMG and FAIMER's last alleged act. As Defendants will set forth below, the longest statute of limitation for any of Plaintiffs' causes of action is three (3) years at most, giving Plaintiffs' until some time in 2009 to bring this action.

1. *42 USC § 1985(3)*

At page 56 line 21, plaintiffs allege "constitutional violations under 42 USC § 1985(3) – conspiracy to violate civil rights" against defendants ECFMG and FAIMER. Plaintiffs state that "the decertifying [of] SLSOM by Gollin, Schwartz, and others" violated plaintiffs' civil rights.

Conspiracy does not by itself give rise to a civil cause of action, so the applicable statute of limitations must be borrowed from the object of the

---

[13] *St. Luke School of Medicine, et al v. Republic of Liberia, et al*, Civil Docket # 2:10-cv-01791, filed March 11, 2010, dismissed for lack of subject matter jurisdiction on July 29, 2010.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

conspiracy – i.e. "the nature of the action in which the conspiracy is alleged." *Maheu v. CBS, Inc.*, (1988) 201 Cal.App.3d 662, 673. A federal conspiracy claim under 42 USC § 1985 must borrow the two (2) year statute of limitation found in CCP § 335.1. *McDougal v. County of Imperial*, (9th Cir. 1991) 942 F.2d 668, 673-74. Plaintiffs' sixth cause of action for constitutional violations under 42 USC § 1985(3) is time-barred pursuant to the two (2) year statute of limitations.

2. *Plaintiffs' Eighth Cause of Action*

Harassment by Public Officials

Plaintiffs' eighth cause of action alleges harassment by public officials in violation of the fourteenth amendment. (1st AC p. 59 line 12.) Ignoring the fact that such a claim cannot lie as to Defendant ECFMG and FAIMER, it is still time-barred pursuant to the two (2) year statute of limitations in CCP § 335.1.

For federal statutes enacted prior to December 1, 1990, the applicable statute of limitations is the most analogous state period of limitations. *Sznyter v. Malone*, (2007) 155 Cal.App.4th 1152, 1165. Civil rights claims such as those brought under 42 USC § 1983 are governed by a state's statute of limitations applicable to personal injury torts. *Wallace v. Kato*, (2007) 549 US 384, 387. The applicable statute in California would be CCP § 335.1. *Colony Cove Properties, LLC v. City of Carson*, (9th Cir. 2011) 640 F.3d 948, 956.

Conversion

In Plaintiffs' eighth cause of action is entitled "harassment by public officials". However, within that section Plaintiffs allege that they were harmed "by conversion of SLSOM's listing on the ECFMG-FAIMER International Medical Education Directory." (1st AC p. 59 para. 232.) This claim for conversion is in the nature of an injury to intangible interests, which is governed by a two (2) year statute of limitations under CCP § 339(1). *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 182. Even if removing SLSOM from the IMED list could be considered conversion of tangible personal property, it is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  subject to the three (3) year statute of limitations under CCP § 338(c).

2  3. *Libel*

3      At page 63 line 12 Plaintiffs allege a claim for libel, stating that "defendants,

4  each and all, made many false public statements concerning St. Luke School of

5  Medicine." (1st AC para. 260.)  Plaintiffs further allege that Defendants ECFMG

6  and FAIMER removed SLSOM from the IMED list on April 25, 2005.

7      A claim for defamation is subject to the one (1) year statute of limitations

8  found in CCP § 340(c).  Such a cause of action accrues on the date the defamation

9  is first generally distributed to the public.  *Shively v. Bozanich*, (2003) 31 Cal.4th

10  1230, 1237.  Even assuming that removing SLSOM from the IMED list constitutes

11  defamation, such a claim is time barred since the removal occurred in April, 2005.

12  4. *Trade Libel and Interference in Business Advantage*

13      At page 73 line 10 Plaintiffs allege a claim for trade libel and interference in

14  business advantage, stating that "defendants' false public and private statements

15  were designed to disrupt SLSOM's worldwide economic relationships." (1st AC

16  para. 314.)

17      The torts of trade libel and interference with economic relationship are both

18  subject to the two (2) year statute of limitations found in CCP § 339(1).  *See, e.g.,*

19  *Guess, Inc. v. Sup. Ct. (Jeff Hamilton, Inc.)*, (1986) 176 Cal.App.3d 473; *see also*,

20  *Knoell v. Petrovch*, (1999) 76 Cal.App.4th 164.  All acts or statements made by

21  Defendants ECFMG and FAIMER, as alleged by Plaintiffs, occurred on or before

22  January 2006, and thus the claims for trade libel and interference with economic

23  relationship are time-barred pursuant to the two (2) year statute of limitations.

24  5. *Intentional Infliction of Emotional Distress*

25      At page 79 line 20 Plaintiffs allege a claim for intentional infliction of

26  emotional distress, claiming that defendants knew that publishing false statements

27  would harm Plaintiffs. (1st AC para. 353.)

28  ///

Claims for mental suffering and emotional distress are subject to the two (2) year statute of limitations found in CCP § 335.1. *Roman v. County of Los Angeles*, (2000) 85 Cal.App.4[th] 316, 323. A claim for intentional infliction of emotional distress might not accrue until plaintiff suffers severe distress. *Id.* Plaintiffs do not specifically claim any injuries related to their claim of emotional distress. They instead allege the legal conclusion that various defendants (primarily Liberian officials) caused Plaintiffs' emotional distress. However, at page 43 line 19, Plaintiffs state that "Dolphin was suffering from mental stress and depression" as of November, 2005. (1st AC para. 145.) Plaintiffs make no further allegations regarding specific mental suffering, and thus the claim accrued in late 2005 and is time-barred under the two (2) year statute of limitations.

6. *Negligent Infliction of Emotional Distress*

At page 80 line 10 Plaintiffs allege a claim for negligent infliction of emotional distress, claiming that Defendants ECFMG and FAIMER had a duty "to research any information of a negative nature before taking punitive action, like decertifying SLSOM." (1st AC para. 357.)

Claims for mental suffering and emotional distress are subject to the two (2) year statute of limitations found in CCP § 335.1. *Roman v. County of Los Angeles*, (2000) 85 Cal. App. 4th 316, 323. Plaintiffs' cause of action for negligent infliction of emotional distress is time-barred pursuant to the two (2) year statute of limitations.

## D.

## NO FACTS ALLEGED AGAINST THE MOVING PARTY SUPPORT ANY OF THE CLAIMS FOR RELIEF ASSERTED BY PLAINTIFF

1. *Causes of Action For Which Plaintiff Makes No Allegations Against Moving Parties*

Plaintiffs allege nineteen (19) causes of action in their First Amended Complaint. Only six (6) of those are specifically alleged against Defendants

ECFMG and FAIMER, and they are set forth below.   Of the thirteen (13) remaining causes of action, Plaintiffs do no plead any facts or set forth any evidence to successfully state a cause of action against ECFMG and FAIMER. Thus, moving Defendants only specifically address the six (6) causes of action for which Plaintiffs make allegations against them.

2. *Constitutional Violations Under 42 U.S.C. § 1985(3) – Conspiracy to Violate Civil Rights*

Title 42 of the United States Code, section 1985(3) prohibits individuals from conspiring to deprive "a person or class of persons of the equal protection of the laws." 42 USC § 1985(3).   To successfully state a claim under that section, a plaintiff must show (1) that there was in fact a conspiracy, (2) the main purpose of which was to deprive individuals of a protected right, (3) and that those acts were done with some racial or other class-based invidiously discriminatory animus. *Griffin v. Breckenridge*, (1971) 403 US 88.   The conspiracy must be aimed at interfering with rights that are protected from individual, as well as official, encroachment. *Bray v. Alexandria Women's Health Clinic*, (1993) 113 S. Ct. 753. It is not enough that the rights be merely incidentally affected. *Id.*

In order to successfully state a claim for conspiracy, a plaintiff must show that the alleged co-conspirators "share with the immediate tortfeasors a common plan or design" in the perpetration of the underlying tort. *Allied Equipment Corp. v. Litton Saudi Arabia Ltd.*, (1994) 7 Cal.4th 503, 510-11.   Furthermore, a finding of liability "presupposes that the co-conspirator is legally capable of committing the tort." *Id.*

Plaintiffs fail to allege facts sufficient to state a cause of action for conspiracy.   Defendants ECFMG and FAIMER did not share a common plan or design with anyone, and thus did not adopt the torts of the other co-defendants.   As set out above, in the statement of facts, moving Defendants wrote several letters to the National Commission on Higher Education of Liberia making inquiries into the

1  status of SLSOM.  As set for by Plaintiffs, these letters evidence no common plan
2  or design.[14]

3      Furthermore, even if Plaintiffs were to show a common design or plan on the
4  part of all defendants, there are no allegations to support a claim that Defendants
5  main purpose was to deprive Plaintiffs of a protected right and that their primary
6  motivation in doing so was some invidiously discriminatory animus.  Particularly
7  as relates to Defendants ECFMG and FAIMER, Plaintiffs make no allegations that
8  their removal of SLSOM from the IMED list was motivated by a racial or class-
9  based discriminatory agenda.

10  3.  *Harassment by Public Officials (Fourteenth Amendment)*

11      At page 59 line 12 Plaintiffs allege a cause of action for harassment by
12  public officials, stating that they were harmed "by conversion of SLSOM's listing
13  on the ECFMG-FAIMER's International Medical Education Directory."  (1st AC
14  para. 232.)  As far as Defendants can discern, it appears that Plaintiffs are alleging
15  that Liberian officials are the public officials responsible for any alleged
16  harassment.

17      Insofar as Plaintiffs attempt to state a claim for conversion in paragraph 232,
18  such claim must fail.  Plaintiffs fail to allege facts to support a claim to any vested
19  property right in SLSOM's listing on IMED, nor should they be able to do so.
20  Such listing is akin to an American Bar Association list of accredited law schools,
21  in which no individual school has a property right, even though they may have a
22  great deal of interest in the contents of the list itself.

23  4.  *Libel*

24      At page 63 line 12 Plaintiffs allege a cause of action for libel, stating that
25  "defendants, each and all, made many false public statements concerning
26  SLSOM."  (1st AC para. 260.)   The allegations and corresponding exhibits
27  demonstrate, however, that ECFMG/FAIMER's decision to remove SLSOM from

28

---

[14] See Exhibits 5, 8, 7, 11, 13, and 19.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

the IMED list was based on letters and statements made by the NCHE, Liberia's authority on matters of accreditation and higher education.[15]   Plaintiffs go on to allege that ECFMG and FAIMER were complicit in the libel "because they removed SLSOM from the IMED list without question." (1st AC para. 298.)

To successfully state a claim for libel, a plaintiff must allege that defendant (1) published a statement of fact (2) that is false, (3) unprivileged, and (4) exposes plaintiff to contempt or ridicule or certain other reputational harm. *Shively v. Bozanich*, (2003) 31 Cal.4th 1230, 1242.  A statement is said to be published "each time the defamatory statement is communicated to a third person *who understands its defamatory meaning as applied to the plaintiff*." [Emphasis added] *Id.*

First, Plaintiffs fail to show that Defendants ECFMG and FAIMER even made a statement.  Moving Defendants ECFMG and FAIMER do not deny that SLSOM was removed from the IMED list in 2005.  This act, however, does not qualify as a statement that refers to Plaintiffs; rather it is merely the deletion of SLSOM's name from the list.  ECFMG and FAIMER did nothing more than what they were required to do when they received letters from the Liberian government attesting to SLSOM's lack of accreditation.

Second, even if removing SLSOM from the IMED list constitutes a statement, Plaintiffs fail to show that such a statement was "published" as defined in *Shively*.  For someone to reach the conclusion that omitting SLSOM from the IMED list was defamatory, they would have to make several assumptions that may or may not have been true.[16]  Plaintiffs fail to allege any facts that would show to whom these statements supposedly made by ECFMG and FAIMER were published, and whether or not such a person understood their defamatory meaning as applied to Plaintiffs.

---

[15] See Exhibits 11 and 19.

[16] Such a person would have to assume that SLSOM was a school that had at some point existed and been on the IMED list, and they would also have to assume that the reason for their removal was one that injured the reputation of Plaintiffs.  It is just as likely that SLSOM chose to take itself off that list or that they changed their name.

15

Because Plaintiffs fail to show that ECFMG and FAIMER published any statements regarding SLSOM, Plaintiffs fail to state a claim for libel.

5. *Trade Libel and Interference In Business Advantage*

Trade Libel

At page 73 line 10 Plaintiffs allege a cause of action for trade libel. Plaintiffs allege that they had an "economic relationship" with ECFMG. (1st AC para. 314.) The complaint further states that "defendants' false public and private statements were designed to disrupt SLSOM's worldwide economic relationships." (1st AC para. 314.)

Among other elements of a cause of action for trade libel, a plaintiff must show that (1) defendant made a false statement (2) of a matter disparaging the quality of another person's property or services. *Computerexpress, Inc. v. Jackson*, (2001) 93 Cal.App.4th 993, 1010.

Once again, moving Defendants ECFMG and FAIMER contend that their actions in removing SLSOM from the IMED list do not constitute a statement sufficient to state a claim for trade libel. Furthermore, removal from that list does not disparage the quality of another person's property or services. There are multiple plausible inferences to be drawn from such removal, including that the school changed names or closed of its own volition.

Interference in Business Advantage

At page 73 line 10 Plaintiffs allege a cause of action for interference in business advantage, stating that they had an "economic relationship" with ECFMG. (1st AC para. 314.)

Among other elements of a cause of action for interference with prospective economic advantage, plaintiff must show that (1) an economic relationship existed between plaintiff and a third party which contained a reasonably probable future benefit or advantage to plaintiff and (2) that defendant was negligent in interfering

16

with that relationship. *North American Chemical Co. v. Superior Court*, (1997) 59 Cal.App.4[th] 764, 786.

First, despite Plaintiffs' allegations, no economic relationship could have existed between ECFMG and SLSOM. To the extent that any relationship at all existed between ECFMG/FAIMER and SLSOM, it was that of regulator/regulated or something similar. It was not the relationship of two business entities negotiating with each other at arms length. To the extent that any relationship existed at all between ECFMG and SLSOM, it was analogous to the relationship between the American Bar Association and a newly formed law school. One would not say the ABA interferes in the prospective economic advantage of a law school merely by making a determination that it is not accredited.

Second, Plaintiffs fail to show that Defendants were negligent in removing SLSOM from the IMED list. If anything, Plaintiffs demonstrate the opposite. Several exhibits to Plaintiffs' First Amended Complaint demonstrate that ECFMG/FAIMER was diligent in determining the status of SLSOM. Exhibit 19 is a letter from the NCHE to ECFMG, dated December 7, 2005, which acknowledges receipt of an October letter from ECFMG inquiring into the status of SLSOM. Exhibit 13 is a follow-up letter from ECFMG to the NCHE, to check whether SLSOM was in fact accredited at that time, as they said it would be.

Because Plaintiffs fail to show that an economic relationship existed between ECFMG and SLSOM, and because they fail to show that moving Defendants were negligent, Plaintiff fails to state a claim for interference with prospective economic advantage.

6. *Intentional Infliction of Emotional Distress*

At page 79 line 20 Plaintiffs allege a cause of action for intentional infliction of emotional distress, claiming that Defendants knew that publishing false statements would harm Plaintiffs.

17

The elements of a prima facie case for intentional infliction of emotional distress are: (1) outrageous conduct by the defendant; (2) intent to cause or reckless disregard of the likelihood of causing; (3) plaintiff's severe emotional distress; and (4) actual and proximate causation. *Alcorn v. Anbro Engineering, Inc.*, (1970) 2 Cal.3d 493, 497-98. However, when a claim for "emotional distress [is] based on the same factual allegations as those of a simultaneous libel claim, [it is] superfluous and must be dismissed. *Couch v. San Juan Unified School Dist.*, (1995) 33 Cal.App.4th 1491, 1504.

First, Plaintiffs fail to allege a prima facie case for intentional infliction of emotional distress, as they do not claim that moving Defendants' conduct was outrageous or extreme. Furthermore, Plaintiffs fail to allege that Defendants acted with intent or with reckless disregard of the possibility of causing emotional distress to Plaintiffs.

Second, even if Plaintiffs had stated a prima facie case, their claim for emotional distress should be dismissed as superfluous because it is based entirely on the alleged libel. (1st AC para. 353.) Plaintiffs' claim for intentional infliction of emotional distress should be dismissed.

7. *Negligent Infliction of Emotional Distress*

At page 80 line 10, Plaintiffs allege a cause of action for negligent infliction of emotional distress, stating that Defendants had a duty "to research any information of a negative nature before taking punitive action, like decertifying SLSOM." (1st AC para. 357.)

The elements of a prima facie case for negligent infliction of emotional distress are essentially the same as for negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, (1989) 48 Cal.3d 583, 588. Whether defendant owes a duty of care is a question of law and depends on the "foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability." *Slaughter v. Legal*

18

*Process & Courier Service*, (1984) 162 Cal.App.3d 1236, 1249.

Defendants ECFMG and FAIMER did not owe any duty to Plaintiffs. It is not foreseeable that removal of SLSOM from the IMED list would cause further injury to Plaintiffs when that removal is based on information of which Plaintiffs are already aware. Plaintiffs knew that the NCHE had written to ECFMG/FAIMER stating that SLSOM was unaccredited, and it is based on this information from the education authority in Liberia, that ECFMG acted. Furthermore, public policy weighs against finding that ECFMG/FAIMER owed Plaintiffs a duty. If anything, the duty owing from ECFMG/FAIMER is to patients and hospitals in the United States, who rely on their accreditation system. Defendants could not risk patient safety by accrediting SLSOM when it was getting mixed signals, at best, from the government of Liberia regarding SLSOM's status.

## III. CONCLUSION

Because this court does not have personal jurisdiction over Defendants ECFMG and FAIMER, Plaintiffs' First Amended Complaint should be dismissed for lack of personal jurisdiction. Alternatively, Plaintiffs First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Dated: March 1, 2012          LAW OFFICES OF JAMES R. ROGERS

*Rachael H. Mills*

By: _____

Rachael H. Mills, Esq., Attorneys for
Defendants EDUCATIONAL COMMISSION
FOR FOREIGN MEDICAL GRADUATES;
FOUNDATION FOR ADVANCEMENT OF
INTERNATIONAL MEDICAL EDUCATION
AND RESEARCH erroneously sued as
FOUNDATION FOR ADVANCEMENT
OF MEDICAL EDUCATION AND RESEARCH

19