MARTHA S. DOTY (State Bar No. 143287)
NICOLE C. RIVAS (State Bar No. 179337)
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
martha.doty@alston.com
nicole.rivas@alston.com

Attorneys for Defendants **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, erroneously sued as THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN; DR. GEORGE GOLLIN**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE - GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself; DR. ROBERT FARMER, on behalf of a class action,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND as official and individual; MOHAMMED SHERIFF as official and individual; DR. BENSON BARH as official and individual; DR. GEORGE GOLLIN as official and individual; DR. BRAD SCHWARTZ as official and individual, ALAN CONTRERAS as official and individual; UNIVERSITY OF ILLINOIS- | Case No.: 11-CV-06322-RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS THE UNIVERSITY OF ILLINOIS' AND DR. GEORGE GOLLIN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>[FRCP 8(a)(2), 12(b)(1) & 12(e), 41(b).]<br><br>[Filed Concurrently With Notice Of Motion and Motion; Declaration Of Nicole C. Rivas; and [Proposed] Order]<br><br>DATE: April 30, 2012<br>TIME: 9:00 a.m.<br>COURTROOM: 850<br><br>Complaint Filed: August 1, 2011 |

1  URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization;
2  the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA,
3  EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES; a
4  Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT
5  OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit
6  organization,
7         Defendants.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL02/33185803v1

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1
   A. Procedural Background ........................................................................... 1
   B. Summary Of Argument ........................................................................... 2

II. FACTUAL BACKGROUND ............................................................................... 4

III. LEGAL STANDARD ......................................................................................... 5

IV. THE COMPLAINT IMPROPERLY ASSERTS CLAIMS ON BEHALF OF PREVIOUSLY DISMISSED PARTIES ............................................................. 6

V. PLAINTIFF CANNOT PURSUE A FEDERAL COURT ACTION AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW ............................. 6

VI. PLAINTIFF LIKEWISE CANNOT STATE A CLAIM AGAINST DR. GOLLIN ACTING IN HIS OFFICIAL CAPACITY ............................................. 8

VII. THE COMPLAINT VIOLATES RULE 8, REQUIRING A SHORT AND PLAIN STATEMENT OF PLAINTIFF'S CLAIMS ........................................... 12̶1̶2̶

VIII. CONCLUSION ................................................................................................ 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bair v. Krug,*
853 F.2d 672 (9th Cir. 1988) ................................................................ 9, 11

*Brennan v. University of Kansas,*
451 F.2d 1287 (10th Cir. 1971) .................................................................. 8

*Cannon v. University of Health Sciences/The Chicago Medical School,*
710 F.2d 351 (7th Cir. 1983) ........................................................... 3, 7, 8, 9

*Eaglesmith v. Ward,*
73 F.3d 857 (9th Cir. 1995) ......................................................................... 9

*Goshtasby v. Board of Trustees of the University of Illinois,*
123 F.3d 427 (7th Cir. 1997) ....................................................................... 7

*Harvis v. Board of Trustees of the University of Illinois,*
744 F.Supp. 825 (N.D. Ill 1990) ...................................................... 9, 10, 11

*Jackson v. Hayakawa,*
682 F.2d 1344 (9th Cir. 1982) .................................................................... 8

*Kashani v. Purdue University,*
813 F.2d 843 (7th Cir. 1987) ....................................................................... 8

*Kroll v. Board of Trustees of the University of Illinois,*
934 F.2d 904 (7th Cir. 1991) ....................................................................... 7

*Lewis v. Midwestern State University,*
837 F.2d 197 (5th Cir. 1988) ....................................................................... 8

*McHenry v. Renne,*
84 F.3d 1172 (9th Cir. 1995) ........................................................ 12, 13, 14

*McMiller v. Board of Trustees of the University of Illinois,*
275 F.Supp.2d 974 (N.D. Ill 2003) ............................................................. 7

*Perez v. Rodriguez Bou,*
575 F.2d 21 (1st Cir. 1978) ......................................................................... 8

*Pollak v. Board of Trustees of the University of Illinois,*
  2004 U.S. Dist. Lexis 12046 (N.D. Ill 2004) ............................................................ 7

*Ramirez v. Butler,*
  319 F.Supp.2d 1304 (N.D. Cal. 2004) ................................................................. 5, 6

*Regents of the University of California v. John Doe,*
  519 U.S. 425 (1996) ....................................................................................... 7, 8, 9

*Ronwin v. Shapiro,*
  657 F.2d 1071 (9th Cir. 1981) ............................................................................... 8

*Schmidt v. Herrmann,*
  614 F.2d 1221 (9th Cir. 1980) ............................................................................. 12

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) ................................................................................. 6

*Stewart v. California Dept. of Education,*
  2008 U.S. Dist. Lexis 76228 (S.D. Cal. 2008) ........................................... 12, 13, 14

*Thompson v. City of Los Angeles,*
  885 F.2d 1439 (9th Cir. 1989) ............................................................................... 8

**RULES**

Federal Rules of Civil Procedure, rule 8 .............................................. 3, 4, 12, 13, 14

Federal Rules of Civil Procedure, rule 8(a)(2) ................................................... 3, 12

Federal Rules of Civil Procedure, rule 8(d)(1) ....................................................... 12

Federal Rules of Civil Procedure, rule 12(b)(1) ......................................... 5, 9, 11, 14

Federal Rules of Civil Procedure, rule 12(e) ................................................. 4, 5, 14

Federal Rules of Civil Procedure, rule 41(b) .............................................. 4, 12, 14

**CONSTITUTIONAL PROVISIONS**

U.S. Constitution, 11th Amendment ........................................... 3, 7, 8, 9, 10, 11, 14

LEGAL02/33185803v1

# I. INTRODUCTION

## A. Procedural Background

This is the fourth time Plaintiff Dr. Jerroll Dolphin has attempted to file the same meritless action in this Court. He filed his first complaint in March 2010. That action, entitled *St. Luke School of Medicine et al. v. Republic of Liberia et al.*, Case No. CV-01791-RGK-SH, arose out of the identical facts and involved virtually the same parties and claims. This Court dismissed that action for lack of subject matter jurisdiction. [*See* Court Order, dated July 29, 2010.] A little more than a year later, Dr. Dolphin attempted to file a nearly identical complaint and requested a fee waiver to do so. The Honorable Magistrate Judge Margaret A. Nagle denied Dr. Dolphin's request, again finding that the court lacked subject matter jurisdiction. [*See* Court Order, dated February 15, 2011, Case No. CV11-1039 UA (Dutyx).] Completely ignoring these two prior orders, Dr. Dolphin again filed essentially the same complaint against the same parties in August 2011 (the instant action). Each of the defendants in this case responded with motions to dismiss on jurisdictional grounds. At the eleventh hour, Dr. Dolphin filed an amended complaint, succeeding in jettisoning the hearing on defendants' motions. Dr. Dolphin's First Amended Complaint (the "Complaint") is not significantly different from his plethora of other pleadings, and does not address in any way defendants' numerous jurisdictional objections. In fact, Plaintiff's amended pleading was little more than a stalling tactic and a desperate attempt to avoid the inevitable.

Dr. Dolphin just doesn't get it. He has now filed essentially the same defective complaint four times. And, in all likelihood, if given the opportunity, he will file the same complaint again and again until this Court finally puts an end to his frivolous filings. It is, therefore, time for the Court to send Dr. Dolphin a stronger message, a message that even he cannot ignore. Thus, in addition to granting this motion to dismiss for this reasons stated below, Defendants also urge this Court to act, on its

1

own motion and in accordance with its inherent powers, to award monetary sanctions against Dr. Dolphin and/or take such further action as may be necessary to discourage Dr. Dolphin from re-filing this meritless action yet again.[1]

### B. Summary Of Argument

Plaintiff's rambling, 85-page, 375-paragraph Complaint attempts to state 20 different claims for relief against more than a dozen defendants, including everyone from the government of Liberia and its current or former officials, to the University of Illinois[2] and two of its professors.[3] While each of the many defendants have separate and multiple bases for challenging this unorthodox pleading, the instant motion is brought by just two defendants – the University of Illinois and Dr. George Gollin – and is both simple and straightforward.

First, the Complaint must be dismissed because it purports to state claims on behalf of parties that were previously dismissed by this Court and whom Larry Walls, counsel for Dr. Dolphin, is not authorized to represent. Moreover, Mr. Walls should be sanctioned on the Court's own motion for his blatant disregard of this Court's orders and his serious ethical violation *in seeking to file a lawsuit on behalf of parties that he does not represent.*

Second, the Complaint must be dismissed because it is barred by the Eleventh Amendment to the United States Constitution. It is not only uncontroverted but constitutionally mandated that state instrumentalities and their agents,

---

[1] As explained in further detail below, sanctions are also appropriate against Plaintiff's counsel, who has filed an amended pleading on behalf of parties that were previously dismissed by this Court and whom he does not represent. (*See* Section IV.)

[2] The proper defendant in this case is the Board of Trustees for the University of Illinois, which has been erroneously sued as the University of Illinois-Urbana Champaign. For ease of reference, defendant is simply referred to herein as the "University of Illinois" or simply the "University."

[3] The Complaint names Dr. Brad Schwartz and Dr. George Gollin, both University of Illinois professors, as defendants in this action. Dr. Schwartz has not yet been served, and thus is not a party to this motion. Dr. Gollin and the University are sometimes collectively referred to hereafter as "Defendants."

2

acting in their official capacity, are immune under the Eleventh Amendment of the United States Constitution from lawsuits brought by private parties in federal court. It is equally clear that the University of Illinois is a state instrumentality and its professors are state employees entitled to such immunity. *Cannon v. University of Health Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir. 1983). In light of the immunity protection enjoyed by the University of Illinois and Dr. Gollin, acting in his official capacity, this Court lacks jurisdiction to hear Plaintiff's claims against them and they must, therefore, be dismissed from this action.

Finally, the Complaint is subject to dismissal for failing to comply with the most basic requirements of Rule 8 of the Federal Rules of Civil Procedure.[4] As this Court well knows, that Rule requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] An 85-page, 375-paragraph, Complaint – which is apparently written by a layman rather than legal counsel despite the fact that Dr. Dolphin now has representation in this matter – is hardly the "short and plain statement" designed to demonstrate a right to relief that Rule 8 demands. Rather, in nearly 400 paragraphs, plaintiffs describe *ad nauseam* a near epic battle with the Liberian government over, apparently, the accreditation of a medical school located in that country. No minutia escapes Plaintiff's attention, no matter how extraneous and trivial. Indeed, the complaint is replete with irrelevant details and long-winded narratives (most likely drafted by Dr. Dolphin himself) that describe Plaintiff's alleged interactions with various Liberian government officials in Liberia, sometimes on a *minute-by-minute basis*.

---

[4] All further references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise specified.

Making matters worse, despite its daunting length, the Complaint fails to provide any of the defendants with even the most basic notice of the claims being asserted against them. In fact, it is virtually impossible to determine from the face of the Complaint who is suing whom and for what. Plaintiff's failure to comply with even the most basic requirements of Rule 8 likewise justifies the dismissal of his Complaint under Rule 41(b). Alternatively, the Court should, at a minimum, require Plaintiff to provide a more definite statement under Rule 12(e).

In sum, Plaintiff's Complaint is not only improper, but is woefully inadequate both in its failure to establish subject matter jurisdiction and in its abject failure to comply with the Federal Rules of Civil Procedure. The Complaint should, therefore, be dismissed; and Plaintiff should be precluded from once again refiling such action in federal court, where it clearly does not belong.

## II. FACTUAL BACKGROUND

While the First Amended Complaint (the "FAC" or "Complaint") is lengthy and filled with "facts," it is not at all clear which of those facts are pertinent to any of the alleged claims for relief. Nonetheless, we will attempt here to summarize what appear to be the main themes of the pleading. Of course, for purposes of this motion, we will assume these facts to be true.

As alleged in the Complaint, Plaintiff Dr. Dolphin has tried for years to establish St. Luke School of Medicine ("SLSOM") as an accredited medical school in the capital of Liberia on the western coast of Africa. (FAC, ¶¶ 43-157.) He claims his efforts, however, have been thwarted at every turn by widespread government corruption and civil unrest. (*Id.*, ¶¶ 43-157.) As a result, the legal status of SLSOM has never been entirely clear. (*Id.*) Indeed, even the Liberian government appears uncertain as to the status of SLSOM, having declared at one point that the school does not really exist, graduating medical doctor candidates who never actually attended any classes. (FAC, ¶¶ 64, 99, 122.) In addition, there

LEGAL02/33185803v1

have been numerous media reports within Liberia that have labeled the school as fraudulent and accused Dr. Dolphin of issuing phony diplomas. (*Id.*, ¶¶ 81, 93, 97, 112, 127, 132.) Because the Liberian government has in the past refused to recognize SLSOM as a legitimate medical school, the Educational Commission for Foreign Medical Graduates, based in the United States, has removed the school from its International Medical Education Directory. (*Id.*, ¶¶ 99, 122-123, 148-149, 192.)

According to the Complaint, Dr. George Gollin, a professor at the University of Illinois, has become an expert in the area of fraudulent universities and professional schools – so-called "diploma mills" – and, from time-to-time, posts his research in this area on his university website. (*Id.*, ¶¶ 160.) The Complaint asserts that Dr. Gollin identified SLSOM as a diploma mill and included information to that effect on his university website. (*Id.*, ¶¶ 158-159.) It is not at all clear what claim for relief these facts, even if true, might trigger, and the Complaint does nothing to illuminate this inquiry. But as noted above, and as explained next, the ultimate claim, if any, is really immaterial since both the University of Illinois and Dr. Gollin are immune from suit in federal court. Accordingly, Plaintiff's Complaint as it pertains to the University and Dr. Gollin must be dismissed.

### III. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may properly move to dismiss a complaint for lack of subject matter jurisdiction. *Ramirez v. Butler*, 319 F.Supp.2d 1304, 1036 (N.D. Cal. 2004); FRCP 12(b)(1). Plaintiff's pleading should "be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually'." *Ramirez*, 319 F.Supp.2d 1036. Where, as is the case here, a complaint is challenged on its face, all factual allegations must be taken as true and construed in the light most favorable to the plaintiff. *Id.* at 1037. The Court, however, need not accept as true merely conclusory allegations or unsupported

deductions and inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. THE COMPLAINT IMPROPERLY ASSERTS CLAIMS ON BEHALF OF PREVIOUSLY DISMISSED PARTIES

Before turning to Defendants' jurisdictional arguments, it is worth noting that the First Amended Complaint purports to assert claims on behalf of St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia, Robert Farmer, and a purported class represented by Mr. Farmer. This Court previously denied Dr. Dolphin's counsel, Larry Walls', request to represent such parties and dismissed each of them from this action. [*See* Court Orders dated November 16, 2011, denying Mr. Walls' Requests for Approval of Substitution of Attorney, and the December 1, 2011 Order, dismissing all of the plaintiffs except Dr. Dolphin.]

Despite this Court's clear and unequivocal orders, Mr. Walls has taken the inappropriate step of filing an amended complaint on behalf of previously dismissed parties that *he is not authorized to represent*. In doing so, Mr. Walls neglected to seek leave of this Court or to offer any explanation whatsoever for his flagrant violation of the Court's prior orders. The Complaint should be dismissed on these grounds alone. In addition, Defendants urge the Court to issue sanctions against Mr. Walls on its own motion for his complete disregard of this Court's orders and well-settled ethical principles that preclude attorneys from filing lawsuits on behalf of parties that they do not represent.[5]

### V. PLAINTIFF CANNOT PURSUE A FEDERAL COURT ACTION AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW

It is axiomatic that states are generally immune from private suit in federal court under the Eleventh Amendment. *Regents of the University of California v.*

---

[5] Defendants intend to file a separate motion for sanctions to be heard on the same day as this Motion to Dismiss.

6

1  *John Doe*, 519 U.S. 425, 429 (1996). That amendment provides in pertinent part
2  that the "judicial power of the United States shall not be construed to extend to any
3  suit in law or equity . . . against one of the United States by Citizens of another
4  State, or by Citizens . . . of any Foreign State." (U.S. Const. Amend. 11.) As
5  interpreted by courts, the "reference to actions 'against one of the United States'
6  encompasses not only actions in which a State is actually named as a defendant, *but*
7  *also certain actions against state agents and state instrumentalities.*" *Regents of*
8  *the University of California, supra,* 519 U.S. at 429 (emphasis added).

9        The Seventh Circuit has long since determined -- not once, but on numerous
10 occasions -- that the University of Illinois is just such a state instrumentality, and,
11 therefore, immune from suit in federal court. *See Cannon v. University of Health*
12 *Sciences/The Chicago Medical School,* 710 F.2d 351, 356-357 (7th Cir. 1983); *see*
13 *also Goshtasby v. Board of Trustees of the University of Illinois,* 123 F.3d 427 (7th
14 Cir. 1997); *Kroll v. Board of Trustees of the University of Illinois,* 934 F.2d 904,
15 908 (7th Cir. 1991); *McMiller v. Board of Trustees of the University of Illinois,* 275
16 F.Supp.2d 974, 979 (N.D. Ill 2003); *Pollak v. Board of Trustees of the University of*
17 *Illinois,* 2004 U.S. Dist. Lexis 12046, *4-6 (N.D. Ill 2004). In *Cannon*, for
18 example, plaintiff sought to recover damages against the University of Illinois,
19 among others, for denying her application to medical school on the basis of her age
20 and gender. *Cannon, supra,* 710 F.2d at 353. The Seventh Circuit affirmed the
21 lower court's grant of summary judgment, concluding that the University of Illinois
22 was immune from suit under the Eleventh Amendment as an instrumentality of the
23 state because: (1) the University is, and has always been, defined as a state agency
24 under Illinois law (*Id.* at 256); and (2) any damages awarded against the University
25 would necessarily be satisfied from state funds, and thus the state is the real party in
26 interest (*Id.* at 357). The court's decision in *Cannon* has since been applied and
27 upheld by the various authorities cited above, and should likewise be followed by
28

LEGAL02/33185803v1

1 this Court.

2 Indeed, both the Supreme Court and the Ninth Circuit have long recognized that public universities, like the University of Illinois in this case, are "state instrumentalities" entitled to the protections of the Eleventh Amendment. *See, e.g., Regents of the University of California, supra,* 519 U.S. at 430-431 (the University of California is immune from suit in federal court under the Eleventh Amendment); *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989) (same for UCLA); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir. 1982) (same for Cal State San Francisco); *Ronwin v. Shapiro,* 657 F.2d 1071, 1073 (9th Cir. 1981) (same for the University of Arizona). Other federal courts around the country have followed suit, consistently holding that public universities are immune from legal action in federal court. *See, e.g., Kashani v. Purdue University,* 813 F.2d 843, 845 (7th Cir. 1987) (finding that Purdue University is entitled to immunity under the Eleventh Amendment); *Lewis v. Midwestern State University,* 837 F.2d 197, 199 (5th Cir. 1988) (same for Midwestern State University); *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir. 1978) (same for the University of Puerto Rico); *Brennan v. University of Kansas,* 451 F.2d 1287, 1290-91 (10th Cir. 1971) (same for the University of Kansas).

There is no reason for this Court to diverge from the plethora of legal authorities that clearly establish that public universities, and, in particular, the University of Illinois, are state instrumentalities entitled to the protections of the Eleventh Amendment. Accordingly, this action should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## VI. PLAINTIFF LIKEWISE CANNOT STATE A CLAIM AGAINST DR. GOLLIN ACTING IN HIS OFFICIAL CAPACITY

In addition to barring claims against state instrumentalities, like the University, the Eleventh Amendment also precludes most claims against state employees, like

LEGAL02/33185803v1

Dr. Gollin, who were acting within their official capacity. *Regents of the University of California, supra*, 519 U.S. at 429 (the 11th Amendment bars claims "against state agents *and* state instrumentalities" (emphasis added)); *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (same). Thus, to the extent Dr. Gollin is being sued in his official capacity as a professor of the University of Illinois, he, like the University, is entitled to immunity under the Eleventh Amendment. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Harvis v. Board of Trustees of the University of Illinois*, 744 F.Supp. 825, 829-831 (N.D. Ill 1990) (extending the 11th Amendment to a professor of the University of Illinois); *Cannon, supra*, 710 F.2d 357 (extending the 11th Amendment to employees of the University of Illinois).

For instance, in *Harvis,* a claim was brought against a University of Illinois professor for wrongful death arising out of a scuba diving accident on a University vessel used as part of a course on marine life. 744 F.Supp. at 825. The Court held that the claim against the professor was barred by the Eleventh Amendment since the professor was acting in his official capacity for the University. The Court explained that "[a]n action against an employee of a state, based upon actions within the scope of his duties as an employee of the state, is in reality an action against the state. . . . [W]here any damages would come from the state treasury, regardless of whether the defendant is a state or an officer, agent or employee of the state, the action is in reality an action for the payment of State of Illinois funds and is barred by the eleventh amendment and the principles of sovereign immunity." *Harvis,* 744 F.Supp. at 829.

Similarly, in *Wozniak v. Conry,* a case with remarkable parallels to the instant case, a department head at the University of Illinois was sued for "tortuous [*sic*] interference with an employment contract," arising out of allegedly false representations that the plaintiff claimed were made knowingly or with reckless disregard for their truth. 288 Ill.App.3d 129, 130-131 (Ill. App. Ct., 1997). The

9

individual defendant filed a motion to dismiss, claiming (as here) that he was acting in his official capacity as an agent of the University of Illinois, any action against him was, therefore, in essence an action against the state, and hence the court lacked jurisdiction to hear plaintiff's claims. *Id.*, at 131. The trial court granted the motion, which was affirmed on appeal. *Id.*, at 136.

On appeal, the court looked at whether the relief sought against the professor would "limit the ability of the employee to engage in lawful activity on behalf of the state." *Id.* at 133. In analyzing this point, the court identified the relevant inquiry as whether the individual defendant "would be acting within the scope of his duties by making truthful statements of the general type alleged." *Id.* at 133-134. In *Wozniak*, because the professor's statements (assuming they were true) were clearly within the scope of his duties as head of a department at the University, the lawsuit against him was based on his official capacity, and thus was barred as a matter of law. *Id.*, at 135.

The same is true here. Indeed, it is clear from the Complaint that Dr. Gollin is being sued, not as an individual, but in his official capacity as a professor of the University. <u>First</u>, Plaintiff, on the face of his Complaint, *plainly states that Dr. Gollin is being sued in his "official" capacity.*[6] <u>Second</u>, the Complaint specifically and repeatedly alleges that Dr. Gollin was "acting or purporting to act in the

---

[6] In both the caption of the Complaint and the prayer, Plaintiff indicates that Dr. Gollin is being sued both in his "official" and "individual" capacity. The Complaint, however, includes absolutely no allegations that distinguish between those acts that were supposedly done by Dr. Gollin, acting as an individual, and those that were allegedly committed within the course and scope of his role as a professor for the University of Illinois. In fact, outside of the caption and the prayer, there is absolutely no mention whatsoever of Dr. Gollin acting in his individual capacity. To the contrary, as outlined above, the Complaint goes out of its way to establish that Dr. Gollin was acting, not as an individual, but as a professor of the University. The inclusion of a simple statement in the caption and prayer, indicating that Dr. Gollin is being sued as an "individual" cannot overcome Plaintiff's specific allegations to the contrary or serve to defeat a claim of immunity under the Eleventh Amendment. *Harvis, supra*, 744 F. Supp. at 830 (finding that the specific allegations of the complaint belied the general allegation that defendant was being "sued in his individual capacity," and thus defendant was still entitled to immunity under the Eleventh Amendment).

10

1  performance of . . . [his] official duties," that he is a "public employee" and that he
2  was "acting as an employee[ ] of the [University of] Illinois." (FAC, ¶¶ 183, 194,
3  201, 234.) <u>Last</u>, but certainly not least, the Complaint seeks to hold the University
4  liable for Dr. Gollin's alleged conduct committed within the course and scope of his
5  employment, conduct that the University allegedly supported and ratified. (*Id.*, ¶¶
6  32, 159, 168, 217, 234.)

7       Taken all together, these allegations point to only one, undeniable conclusion:
8  Plaintiff seeks to hold Dr. Gollin liable in his official capacity as a professor of the
9  University, and thus his claims against Dr. Gollin are barred by the Eleventh
10 Amendment. *Bair, supra,* 853 F.2d 675; *Harvis, supra,* 744 F.Supp. 829-831.
11 Accordingly, this action must be dismissed as to Dr. Gollin as well under Rule
12 12(b)(1) for lack of subject matter jurisdiction.

13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

LEGAL02/33185803v1

## VII. THE COMPLAINT VIOLATES RULE 8, REQUIRING A SHORT AND PLAIN STATEMENT OF PLAINTIFF'S CLAIMS

Rule 8 mandates that all complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [FRCP 8(a)(2).] Moreover, each allegation of the complaint "must be simple, concise and direct." [FRCP 8(d)(1).] The purpose of this rule is to ensure that defendants have fair notice of the claim levied against them. *McHenry v. Renne*, 84 F.3d 1172, 1176, 1177-1178 (9th Cir. 1995); *Stewart v. California Dept. of Education*, 2008 U.S. Dist. Lexis 76228, *6 (S.D. Cal. 2008). Where a pleading fails to achieve even this most rudimentary goal, it violates Rule 8, and should be dismissed under Rule 41(b).[7] *McHenry*, 84 F.3d at 1180; *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).

In this case, Plaintiff's 85-page Complaint, exclusive of the more than 100 pages of additional exhibits, is anything but "simple, concise and direct." Worse still, despite its unbearable length, the Complaint utterly fails to specify by whom each count is being brought. As a result, one cannot tell from the face of the Complaint whether a particular claim is being asserted by any one or all of the four named plaintiffs or, perhaps even, the putative class. The Complaint likewise fails to state against whom each claim is being brought. Instead, one must attempt to glean from the allegations stated therein to whom each count applies, which is not always possible. Indeed, some of the counts simply refer to the "Defendants," which could include any one or more of the fifteen named defendants in this case. (*See, e.g.*, FAC, ¶¶ 260, 357.) In short, it is virtually impossible to determine from the face of the Complaint who is suing whom and for what.[8]

---

[7] Rule 41(b) provides in pertinent part: "If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[8] In fact, one of Plaintiff's claims for relief (presumably the 12th claim because it appears between the 11th and 13th claims for relief) consists of nothing but seemingly random factual allegations. There is no heading and no clear statement as to what claim is being asserted or by whom.

12

Plaintiff apparently expects this Court, and the defendants, to comb through nearly 400 paragraphs to try to decipher which claims are being asserted against which defendants, why, and by whom. Neither this Court, nor any defendant, should be expected to "weed[ ] through the complaint to determine what allegations are leveled at each defendant . . . ." *Stewart, supra,* 2008 U.S. Dist. Lexis 76228, *7; *McHenry, supra,* 84 F.3d 1179-80. Indeed, this is precisely the type of onerous burden that Rule 8 seeks to avoid, and is itself a basis for dismissing the Complaint. *Stewart,* 2008 U.S. Dist. Lexis 76228, *7.

In *Stewart*, for example, the court found that the complaint violated Rule 8 where it was "nearly impossible to identify the allegations asserted against each defendant." *Stewart,* 2008 U.S. Dist. Lexis 76228, *7. Similarly, in *McHenry*, the Ninth Circuit upheld the dismissal of the complaint where, despite being more than 40 pages long, it failed to "specify which defendants were liable on which claims;" instead, simply asserting that the "defendants conduct violated various rights of plaintiffs, without saying which defendants." *McHenry,* 84 F.3d 1176. This, of course, is exactly what Plaintiff has done here – the Complaint does not specify which claims are being brought against which defendants or by whom; nor does it make it clear in every instance exactly what wrongful conduct each defendant is being charged with.

Indeed, the pleading in this case, like the complaint in *McHenry*, "reads like a magazine article instead of a traditional complaint," and is "mostly, narrative ramblings and storytelling or political griping." *McHenry, supra,* 84 F.3d 1176. In fact, the Complaint appears far more concerned with providing "quotations for newspaper stories" than with giving defendants notice of the claims against them. *McHenry,* 84 F.3d 1178. Such a pleading, which is "labeled a complaint but written more as a press release, prolix in evidentiary detail," yet lacking a simple and concise statement that alerts the defendants to what they are being sued for and

13

by whom, "fails to perform the essential functions of a complaint," and should be dismissed. *Id.* at 1180. Alternatively, the Court may issue an order requiring plaintiffs to prepare a more definite statement under Rule 12(e). *Stewart,* 2008 U.S. Dist. Lexis 76228, *8. Either way, the present pleading simply cannot be allowed to stand, and should be dismissed.

## VIII. CONCLUSION

As demonstrated above, the University of Illinois and Dr. Gollin are not subject to this Court's jurisdiction under the express mandate of the Eleventh Amendment. Accordingly, the University and Dr. Gollin should be immediately dismissed from this action under Rule 12(b)(1). Such dismissal should be *with prejudice* as to any future filings in federal court. Alternatively, the Court should dismiss Plaintiff's Complaint under Rule 41(b) for failing to comply with Rule 8 or, at a minimum, require Plaintiff to provide a more definite statement under Rule 12(e).

DATED: March 19, 2012

MARTHA S. DOTY
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/

_____
Nicole C. Rivas
Attorneys for Defendants **BOARD OF TRUSTEES UNIVERSITY OF ILLINOIS** and **DR. GEORGE GOLLIN**

14

LEGAL02/33185803v1