Larry Walls, SBN 64696
Attorney at Law
3250 Wilshire Blvd, Suite 708
Los Angeles, CA 90010
Telephone:(213) 480-6220
Facsimile: (213) 480-6225
   Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE - GHANA, et al,<br><br>          Plaintiff,<br><br>     vs.<br><br>REPUBLIC OF LIBERIA, et al,<br><br>          Defendant | Case No.: 11-CV-06322 RGK (SHx)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' ECFMG AND FAIMER'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>DATE:  APRIL 2, 2012<br>TIME:  9:00 AM<br>CRT:   850 |

# PLAINTIFF'S OPPOSITION

Plaintiffs SLSOM-Ghana, SLSOM-Liberia, Dr. Jerroll Dolphin, and Dr. Robert Farmer,

representing the Class, submit the following memorandum of points and authorities in support of

their opposition to Defendants Educational Commission For Foreign Medical Graduates

(hereinafter "ECFMG") and Foundation for Advancement of International Medical Education

and Research (hereinafter "FAIMER").Motion to Dismiss.


## A.    ISSUES PRESENTED

The defendants are wrong.  The court has personal jurisdiction over the Defendants by virtue of

the fact that they were personally served according to Federal Rule 4.  The fact that their

principle place of business in Pennsylvania does not deprive this court of jurisdiction.

Defendants business is International and Worldwide.  They had contacts with the Plaintiffs in Liberia and California. Consequently they are subject to liability in all jurisdictions that they cause harm.  The irrational extension of their argument is that they can deny medical doctor certifications all over the world, but can only be sued in Pennsylvania, when they do so, wrongfully.  They have no such legal rights.

**PLAINTIFF'S AMENDED CMPLAINT DOES HAVE PERSONAL JURISDICTION.**

Defendants ECFMG & FAIMER are subject to the jurisdiction of this court by diversity jurisdiction, 28 USC § 1391 a(2) and b(2).  The venue requested by the Plaintiffs is Los Angeles, California, the jurisdiction of this honorable court.  The Defendants did regular business with SLSOM-Liberia through its Inglewood, California address up until 2006, and did further business with SLSOM-Liberia's business office, in California up until now.  Service was processed under Rule 4 of FRCP (Summons).

Defendants argument is not one of truly jurisdiction, but allegations of forum inconvenience. Federal Rule 28 USC § 1391 specifies venue is proper where Plaintiffs reside or where Defendants reside, or where the claim arose.  Herein, the Plaintiffs reside in California and the claim arose in California.  If Defendants did not want to be subjected to civil courts all over the world, they should not commit liable acts that will subject them to worldwide liability especially considering that Defendant admits in the MTD, page 4 paragraph 3, line 9  that they were doing business and have substantial contacts with SLSOM in Los Angeles, California.

    1.   **Purposeful Availment**

       The Defendant's actions satisfy the three elements of the "effects test".  If the defendant :(1)  "committed an intentional act".  The Defendants deliberately removed SLSOM-Liberia from its International Medical School Directory (hereinafter "IMED") twice in 2005 without cause, and thrice refuse to restore SLSOM-Liberia to the IMED from September  2005 through January 2006, despite the order of the Liberian Supreme

Court and the requests of the requests of the Liberian National Commission on Higher Education (hereinafter "NCHE"), even until now.  These actions caused harm to the reputation, career, and business opportunity of SLSOM-Liberia, SLSOM-Ghana, Dr. Jerroll Dolphin, the principle owner of St. Luke School of Medicine, and the Class.

(2)   "[T]hat was expressly aimed at the forum state".  The Defendant did target the Plaintiff SLSOM-Liberia and Dr. Jerroll Dolphin in the State of California in their negligence.  The Defendant had communicated with SLSOM-Liberia officials in California, the Plaintiff SLSOM-Liberia's business office from 2000.

(3)   Stone v. State of Texas, 76 Ca1.App.4th 1043, 1047, 90 Ca1.Rptr.22d 657 (1999) - "When a defendant moves to quash service of process on jurisdictional grounds, the Plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction." and "California permits the exercise of personal jurisdiction to the full extent permitted by due process."  Please look at Exhibit 11 of the Amended Complaint, the fax number 13235652724 was the fax number of the SLSOM-Liberia business office in Inglewood, California.  So the ECFMG – FAIMER, did regular business with SLSOM through its California office.  In fact SLSOM authorized at least 6 to 8 of the Class to take the United States Medical Licensing Examinations (hereinafter "USMLE") through addressing at its Inglewood, California address.

(4)   Bancroft & Masters, Inc., v. Augusta Nat., Inc., 223 F.3rd 1082, 1086 (9th Cir. 2000) -  "Whether a California court would have personal jurisdiction over the State Defendants is dependent upon whether the Plaintiff has alleged "minimum contacts" between the Defendants and the State of California for purposes of general or specific jurisdiction" and "General jurisdiction requires that the contacts be of the sort that approximate physical presence." - ECFMG-FAIMER claims to exercise jurisdiction

over the recognition of medical colleges and universities located outside of the United States, worldwide, which is recognized by most states (including California) and is the basis of permitting medical students and doctors educated outside of the United States and Canada to take the series of USMLE Examinations.  Dr. Jerroll Dolphin and SLMP, the majority owners of St. Luke School of Medicine, are resident in the State of California, and did business in California.  See below.

(5)   "[A]nd, caused harm, the brunt of which is suffered and which the defendant knows is likely to have been suffered in the forum state."  The Defendants knew at all times that the principle owner of SLSOM resided in the State of California and that Dr. Dolphin would suffer in his home state. And the corporate owner of SLSOM is a registered foreign corporation in California.

**PLAINTIFFS DO NAME CAUSES OF ACTION AGAINST ECFMG-FAIMER**

The Plaintiffs have SIX causes of action against ECFMG-FAIMER stated in the complaint.

| 1 | 1st Cause of Action - CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983 (First Amendment - Freedom of Speech, the Right to Peaceably Assemble and to Petition the Government for Redress) |
|---|---|
| 2 | 8th Cause of Action - HARASSMENT BY PUBLIC OFFICIALS (U.S. CONSTITUTION 14TH AMENDMENT) |
| 3 | 11th Cause of Action - LIBEL (California Civil Code Section 45, 45a, 46) |
| 4 | 13th Cause of Action - TRADE LIBEL & INTERFERENCE IN BUSINESS ADVANTAGE (California Civil Code Section 2202). Intentional Interference With Prospective Economic Relations |
| 5 | 17th Cause of Action - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |
| 6 | 18th Cause of Action - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS Plaintiff repeats and re-allege each and every preceding allegation in paragraphs 1-355 as if fully set forth herein. |

*Table 1: Causes of Action Against ECFMG-FAIMER.*

The statements of the Defendants' in their MTD are, also, not necessarily true just because they made counter allegations.  The Plaintiffs have provided documentary proof of their legal status, which should not simply be dismissed because the the Plaintiffs documentation is from official sources, and not mere hearsay as presented by the Defendant's.

**EQUITABLE TOLLING**

In accordance to the rules established by Wood v. Elling Corp., 20 Cal.3d 353, 572 P.2d 755, 142 Cal.Rptr. 696 (1977) limiting Bollinger v. National Fire Ins. Co., 25 Cal.2d 399, 154 P.2d 399 (1944), the plaintiff presents the following factual information:

1. St. Luke School of Medicine (SLSOM) obtained a "Clerks Certificate" (Default Certificate) in Liberia Supreme Court against the Republic of Liberia in its action for a Writ of Prohibition on August 22, 2005, and SLSOM also obtained another "Clerks Certificate" in Liberia Civil Court against the Republic of Liberia in its action for Damages for Wrong on October 31, 2006.  Final judgments in both cases have been stalled in Liberia in both courts from judicial bias.

2. ECFMG-FAIMER never responded to SLSOM's 90-page request for reinstatement into the IMED sent in March 2008 and so further stalled SLSOM. Also ECFMG-FAIMER did not inform SLSOM of its statute of limitations obligations.

3. SLSOM was diligent in pursuing its remedy by requesting assignments in Liberia courts to hear for final lawsuit judgments for Writ of Prohibition from Liberia Supreme Court and Damages for Wrong in Liberia Civil Court, but was stalled by judicial bias in Liberia and stalled by ECFMG-FAIMER's failure to respond to SLSOM's request for reinstatement into the IMED, and ECFMG-FAIMER's failure to inform SLSOM of its statute of limitations obligation.

CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 335.1

The two year statute of limitations provided by California Code of Civil Procedure section 335.1 is not in any way relevant to this case.

TOLLING OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 340(C) and (D)

The one-year statute of limitations provided by California Code of Civil Procedure section 340(C) may or may not be relevant to this action.   California Code of Civil Procedure section 340(D) is certainly relevant to this action and was tolled from two lawsuits filed in Liberia.  The first lawsuit, filed on July 21, 2005 in Liberia Supreme Court was a "Writ of Prohibition".  A "Clerks Certificate" was obtain by default of the defendants, the Republic of Liberia, et al, on August 22, 2005.  A final judgment was never obtained for this lawsuit because an assignment was never given by the Associate Justice Kabinah Janeh, despite numerous attempts by SLSOM requests by its various lawyers and representatives since 2006.  Janeh was named as a defendant in the very same "Writ of Prohibition" filed in 2005 when he was, then, the Minister of Justice. He became an Associate Justice of the Liberia Supreme Court in 2006, and was responsible for the assignment of cases.  He never recused himself from SLSOM's "Writ of Prohibition".

An order of the Supreme Court was given on August 10, 2005 to restore SLSOM to "status quo ante", and was sent to the ECFMG.  The National Commission on Higher Education also sent two separate requests to ECFMG by letter in October 2005 and December 2005, based on the order of the Supreme Court, to which ECFMG also did not cooperate.

The second lawsuit, filed on September 18, 2006 in Liberia Civil Court was a "Damages for Wrong" requesting $120,000,000 in total damages, which requested an alleviation of SLSOM's accreditation problem with ECFMG.  A "Clerks Certificate" was obtain by default of the defendants, the Republic of Liberia, et al, on October 31, 2006.    This lawsuit obtained a final judgment because an assignment was never given despite numerous attempts by SLSOM requests by its various lawyers and representatives since 2006 until now.  A civil court magistrate, in December 2007, stated that SLSOM should readdress its complaint to the Liberia Claims Court, a constitutional entity, that has not been reestablished in Liberia since its unlawful demolition in 1983.

These two lawsuits that were not completed due to judicial bias and unlawful procedure tolled this statute of limitations, California Code of Civil Procedure section 340(D), until now.

TOLLING OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 339(1)

The four-year statute of limitations provided by California Code of Civil Procedure section 339(1) is not expired since the civil lawsuit was filed in September 2006.  Also because damages not fully accrued (still amounting, still accruing), due to the lack of a final judgment of civil lawsuit in Liberia filled in September 2006.  A "Clerks Certificate" was obtained in October 2006.  The amount of damages suffered by the plaintiff from the actions of ECFMG-FAIMER have not been ascertained.  The accrual of damages is not complete and therefore this statute of limitations is tolled.

Additionally, the Plaintiffs are seeking equitable rulings against the Defendants ECFMG-

FAIMER-IMED, to restore the rights, privileges, and economic status of Plaintiffs, as permitted by law.   Hatfield et al. v. Halifax PLC and HBOS PLC, NO. 07-55790, D.C. No. CV-05-08790-SGL(PLAx) (9th Cir. May 8, 2009).

**CONCLUSION**

The Plaintiffs have adequately shown that this court has personal jurisdiction over the Defendants.  The FIRST AMENDED COMPLAINT shows that the Plaintiffs have substantial causes of action against the Defendants.  The Plaintiffs have sustained substantial harm which will be proven at trial.  The Plaintiffs have complied with Federal Rule 8 a(2, 3) requiring a short and simple statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Consequently this court should deny this motion to dismiss, or alternatively if their motion is granted, Plaintiffs should be granted leave to amend.

Respectfully Submitted this 29th day of March 2012.

_____
Larry D. Walls
Attorney for Plaintiffs