UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-06322-RGK (SHx) | Date | March 29, 2012 |
|---|---|---|---|
| Title | ST. LUKE SCHOOL OF MEDICINE-GHANA et al v. REPUBLIC OF LIBERIA, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants Alan Contreras's and State of Oregon Office Degree Authorization's Motion to Dismiss (DE 55 24)

## I. INTRODUCTION

On August 1, 2011, St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia ("St. Luke"), Dr. Jerroll B.R. Dolphin ("Dolphin"), and Robert Farmer on behalf of a class (collectively, "Plaintiffs") filed a Complaint against various defendants, including Alan Contreras ("Contreras") and the State of Oregon Office of Degree Authorization ("the ODA"). The Complaint alleged twenty-four causes of action.

On February 8, 2012, Plaintiffs filed a First Amended Complaint ("FAC") against the same defendants. The FAC alleges causes of action against Contreras and the ODA for (1) constitutional violations under 42 U.S.C. § 1983 (First, Fifth, and Fourteenth Amendments); (2) constitutional violations under 42 U.S.C. § 1986; (3) violations of Oregon Revised Statutes ("ORS") § 348.615; (4) violations of ORS § 348.597; (5) libel under California Civil Code §§ 45, 45a, and 46; (6) trade libel and interference in business advantage; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; and (9) internet stalking.

Presently before the Court is Contreras's and the ODA's (collectively, "Moving Defendants") Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), 12(b)(5), and 12(b)(6). For the following reasons, the Court **GRANTS** Defendants' Motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II.     FACTUAL BACKGROUND

Plaintiffs allege the following facts:

Liberian officials asked Dolphin to open a medical school in Liberia in 1999. Dolphin opened the St. Luke School of Medicine-Liberia ("St. Luke") in 2001. In October 2001, classroom instruction began at St. Luke. Around this time, Dolphin was told that Mohammed Shariff ("Shariff"), the Chairman of Liberia's Health and Social Welfare Committee, asked for a bribe of $6,000.00 USD to make St. Luke a credible institution in Liberia. In August 2003, the President of Liberia signed an act incorporating St. Luke and granting St. Luke a charter.

Because Dolphin refused to pay Sharrif his bribe, St. Luke's credibility was publicly denounced in newspapers and on the radio. Dolphin and St. Luke were accused of awarding degrees to students who had not taken any classes. Shariff held a hearing, without a St. Luke representative present, where people with prepared statements spoke out against St. Luke. After another hearing about the status of St. Luke, Dolphin received a letter stating that it had been determined that St. Luke did not exist in Liberia and that its students would no longer be eligible for certification.

As a result of these activities in Liberia, Dr. George Gollin, a professor of physics at the University of Illinois, Urbana Champaign ("the University") and a purported expert on diploma mills and fraudulent universities, published statements on the University's website, which charged St. Luke with being a "diploma mill." Contreras, the director of the ODA, published Gollin's statements on the ODA website. Contreras also sent a letter to the Republic of Ghana stating false information.

## III.    JUDICIAL STANDARD

Pursuant to Rule 12(b)(2), a party can seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 FG.2d 784, 787 (9th Cir. 1977). In ruling on a 12(b)(2) motion, the court may consider evidence outside the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

A district court in California has personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

## IV. DISCUSSION

Plaintiffs failed to oppose Moving Defendants' Motion to Dismiss. Local Rules 7-9 and 7-12 require the filing of an opposition to a motion within twenty-one days of the date of the motion's hearing and provide that failure to do so "may be deemed consent to the granting . . . of the motion." To date, Plaintiff has not filed an opposition. Court records show that Plaintiffs filed untimely requests to continue the date by which their opposition was due. Those requests were denied for untimeliness, lack of good cause, and expenditure of Court resources.

Although the Court may deem the absence of an opposition as consent, the Court will address the merits of the motion in light of Plaintiff's untimely requests. As discussed below, the Court's consideration of the merits of Moving Defendants' Motion results in granting Moving Defendants' request for relief.

### A. Personal Jurisdiction

Moving Defendants argue they are not subject to personal jurisdiction in this Court. For the following reasons, the Court agrees.

#### 1. General Jurisdiction

A court has general jurisdiction over a nonresident defendant when the defendant has continuous, systematic, or substantial contacts with the forum state. *Fed. Deposit Ins. Corp.*, 828 F.2d at 1442. If a defendant is domiciled in the forum state, or its activities there are substantial, continuous, and systematic, a federal court can exercise jurisdiction as to any claim, even if unrelated to defendant's activities within the state. *Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 414 (1984).

Plaintiffs do not allege that Moving Defendants have any connection with California, let alone that any activity is substantial, continuous, or systematic. Therefore, Plaintiffs fail to demonstrate that Moving Defendants are subject to general jurisdiction in this Court.

#### 2. Specific Jurisdiction

When exercising specific jurisdiction over a defendant, a court "must comport with the state long-arm statute, and with the constitutional requirement of due process." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995) (internal quotations and citation omitted). California's long-arm statutes reaches to the limits imposed by the Due Process Clause of the Constitution. Cal. Civ. Proc. Code § 410.10; *see also Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

For a court to subject a nonresident defendant to jurisdiction in the forum state, due process requires that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). Courts use a three-part test to determine whether the court has specific jurisdiction as required by due process. *Mattel*, 354 F.3d at 863. According to this test, a court has specific jurisdiction over a defendant if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum state, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The plaintiff

bears the burden of proving the first two elements. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the Plaintiff succeeds, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

To satisfy the first prong of this test, a plaintiff must show that the defendant either purposely availed itself of the privilege of conducting activities in the forum or purposely directed its activities toward the forum. *Id.* Court use a purposeful availment analysis when the suit sounds in contract and use a purposeful direction analysis when the suit sounds in tort. *Id.* "A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803.

Because most of Plaintiffs' claims are torts and the alleged acts all occurred outside California, the Court will use the purposeful direction analysis. Purposeful direction is also evaluated under a three-part effects test, which requires that the defendant (1) committed an intentional act, (2) which was expressly aimed at the forum state, and (3) which caused harm that the defendant knows would likely be suffered in the forum state. *Dole Food Co. v.* Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Plaintiffs allege that Contreras published a diploma mill list on the ODA's website, that Contreras sent a letter to the National Accreditation board of the Republic of Ghana, and that the ODA housed an article by George Gollin on its website. (FAC ¶¶ 177-83.) Plaintiffs allege no facts suggesting that Moving Defendants' actions were expressly aimed at California or that the harm would likely be suffered in California. While the ODA website could be accessed from anywhere with an Internet connection, including California, the website did not sell anything and did not have any interactive features. "It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). Therefore, Plaintiffs cannot meet the second or third requirements of the effects tests.

Because Plaintiffs fail to meet the second and third prongs of the effects test, they cannot show that Moving Defendants have purposely directed their activities towards this forum and thus cannot satisfy the first element of the minimum contacts test. Consequently, Plaintiffs fail to establish that this Court has personal jurisdiction over Moving Defendants. Therefore, the Court need not address the second two elements of the minimum contacts test.

### B. Insufficient Service and Failure to State a Claim

Because the Court dismisses Plaintiffs' FAC for lack of personal jurisdiction, it need not address whether the FAC should be dismissed for insufficient process or failure to state a claim.

## V.　**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Moving Defendants' Motion to Dismiss pursuant to Rule 12(b)(2).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |