UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-06322-RGK (SHx) | Date | April 2, 2012 |
|---|---|---|---|
| Title | ST. LUKE SCHOOL OF MEDICINE-GHANA v. REPUBLIC OF LIBERIA, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Dismiss (DE 60)

## I. INTRODUCTION

On August 1, 2011, St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia ("St. Luke"), Dr. Jerroll B.R. Dolphin ("Dolphin"), and Robert Farmer on behalf of a class (collectively, "Plaintiffs") filed a Complaint against various defendants, including the Educational Commission for Foreign Medical Graduates ("the Educational Commission") and the Foundation for Advancement of International Medical and Educational Research ("the Foundation"). The Complaint alleged twenty-four causes of action.

On February 8, 2012, Plaintiffs filed a First Amended Complaint ("FAC") against the same defendants. The FAC alleges causes of action against the Educational Commission and the Foundation for (1) harassment by public officials in violation of the Fourteenth Amendment; (2) libel in violation of California Civil Code §§ 45, 45a, and 46; (3) trade libel and interference in business advantage in violation of California Civil Code § 2202; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

Presently before the Court is the Educational Commision's and the Foundations's (collectively, "Moving Defendants") Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6). For the following reasons, the Court **GRANTS** Defendants' Motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II. FACTUAL BACKGROUND

Plaintiffs allege the following facts:

Liberian officials asked Dolphin to open a medical school in Liberia in 1999. Dolphin

1

opened the St. Luke School of Medicine-Liberia ("St. Luke") in 2001. In October 2001, classroom instruction began at St. Luke. Around this time, Dolphin was told that Mohammed Shariff ("Shariff"), the Chairman of Liberia's Health and Social Welfare Committee, asked for a bribe of $6,000.00 USD to make St. Luke a credible institution in Liberia. In August 2003, the President of Liberia signed an act incorporating St. Luke and granting St. Luke a charter.

The Educational Commission is a foundation which administers the United States Medical Licensing Examination to graduates of foreign medical schools. The Foundation is an agency of the Educational Commission, which maintains the International Medical Educational Directory in the United States.

In January 2005, Carole Bede of the Educational Commission sent a letter to Dolphin stating that the Educational Commission and the Foundation had received an unsigned and undated statement apparently from Liberia's National Commission on Higher Education ("the Liberian Commission") stating that St. Luke was not registered or accredited as a medical school in Liberia. The letter further stated that until the Foundation received confirmation that Libera recognized St. Luke and authorized the school to give medical degrees, St. Luke was not eligible for certification from the Educational Commission. The Liberian Commission sent a letter to the Educational Commission in March 2005, stating that the Liberian government recognized St. Luke.

In February 2005, Shariff again asked for a bribe of $6,000.00 from Dolphin. Because Dolphin refused to pay Sharrif his bribe, St. Luke's credibility was publicly denounced in newspapers and on the radio. Dolphin and St. Luke were accused of awarding degrees to students who had not taken any classes. Shariff held a hearing, without a St. Luke representative present, where people with prepared statements spoke out against St. Luke. After this hearing, in April 2005, the NCHE sent a letter to the Educational Commission, claiming that St. Luke did not exist. After receiving this letter, the Educational Commission immediately withdrew St. Luke from the International Medical Educational Directory and cancelled the results from the United States Medical Licensing Examination for all St. Luke graduates. After another hearing about the status of St. Luke, Dolphin received a letter from the Educational Commission stating that it had been determined that St. Luke did not exist in Liberia and informing Dolphin of their decision to remove St. Luke from the International Medical Educational Directory.

In August 2005, the Liberian Supreme Court ordered that St. Luke be reinstated to its previous status, meaning that the government would recognize the school. However, the Educational Commission refused to relist St. Luke on the International Medical Educational Directory, even after receiving a letter from the Liberian Commission, stating that its previous letter to the Educational Commission was revoked. In January 2006, the Foundation sent a letter to the Liberian Commission asking what St. Luke's status was and whether graduates of St. Luke were eligible to be medically licensed in Liberia. The Liberian Commission never responded to this letter.

### III.    JUDICIAL STANDARD

Pursuant to Rule 12(b)(2), a party can seek dismissal of an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that personal jurisdiction exists. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the

plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). In ruling on a 12(b)(2) motion, the court may consider evidence outside the pleadings. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

A district court in California has personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., v. Watts*, 303 F.3d 1104, 1110-11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). A district court "may exercise either general or specific personal jurisdiction over nonresident defendants." *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987).

## IV.     DISCUSSION

Plaintiffs failed to oppose Moving Defendants' Motion to Dismiss. Local Rules 7-9 and 7-12 require the filing of an opposition to a motion within twenty-one days of the date of the motion's hearing and provide that failure to do so "may be deemed consent to the granting . . . of the motion." To date, Plaintiff has not filed an opposition. Court records show that Plaintiffs filed untimely requests to continue the date by which their opposition was due. Those requests were denied for untimeliness, lack of good cause, and expenditure of Court resources.

Although the Court may deem the absence of an opposition as consent, the Court will address the merits of the motion in light of Plaintiff's untimely requests. As discussed below, the Court's consideration of the merits of Moving Defendants' Motion results in granting Moving Defendants' request for relief.

Moving Defendants argue they are not subject to personal jurisdiction in this Court. For the following reasons, the Court agrees.

### A.     General Jurisdiction

A court has general jurisdiction over a nonresident defendant when the defendant has continuous, systematic, or substantial contacts with the forum state. *Fed. Deposit Ins. Corp.*, 828 F.2d at 1442. If a defendant is domiciled in the forum state, or its activities there are substantial, continuous, and systematic, a federal court can exercise jurisdiction as to any claim, even if unrelated to defendant's activities within the state. *Helicopteros Nacionales de Columbia, S.A. v Hall*, 466 U.S. 408, 414 (1984).

The Foundation is a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania. (Defs.' Mot. 1.) The Educational Commission is an Illinois corporation with its principle place of business in Philadelphia Pennsylvania. (*Id.*) Plaintiffs do not allege that Moving Defendants have any connection with California, let alone that any activity is substantial, continuous, or systematic. Therefore, Plaintiffs fail to demonstrate that Moving Defendants are subject to general jurisdiction in this Court.

### B.     Specific Jurisdiction

When exercising specific jurisdiction over a defendant, a court "must comport with the state long-arm statute, and with the constitutional requirement of due process." *Ziegler v.*

*Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995) (internal quotations and citation omitted). California's long-arm statutes reaches to the limits imposed by the Due Process Clause of the Constitution. Cal. Civ. Proc. Code § 410.10; *see also Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

For a court to subject a nonresident defendant to jurisdiction in the forum state, due process requires that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). Courts use a three-part test to determine whether the court has specific jurisdiction as required by due process. *Mattel*, 354 F.3d at 863. According to this test, a court has specific jurisdiction over a defendant if "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum state, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The plaintiff bears the burden of proving the first two elements. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the Plaintiff succeeds, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

To satisfy the first prong of this test, a plaintiff must show that the defendant either purposely availed itself of the privilege of conducting activities in the forum or purposely directed its activities toward the forum. *Id.* Courts use a purposeful availment analysis when the suit sounds in contract and a purposeful direction analysis when the suit sounds in tort. *Id.* "A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803.

Because most of Plaintiffs' claims are torts and the alleged acts all occurred outside California, the Court will use the purposeful direction analysis. Purposeful direction is also evaluated under a three-part effects test, which requires that the defendant (1) committed an intentional act, (2) which was expressly aimed at the forum state, and (3) which caused harm that the defendant knows would likely be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Plaintiffs allege that Moving Defendants wrongly removed St. Luke from the International Medical Educational Directory and did not allow St. Luke graduates to take the United States Medical Licensing Examination. (*E.g.*, FAC ¶¶ 122-23.) Plaintiffs allege no facts suggesting that Moving Defendants' actions, which took place in Pennsylvania, were expressly aimed at California or that the harm would likely be suffered in California. Therefore, Plaintiffs cannot meet the second or third requirements of the effects tests.

Because Plaintiffs fail to meet the second and third prongs of the effects test, they cannot show that Moving Defendants have purposely directed their activities towards this forum and thus cannot satisfy the first element of the minimum contacts test. Consequently, Plaintiffs fail to establish that this Court has personal jurisdiction over Moving Defendants. Therefore, the Court need not address the second two elements of the minimum contacts test.

## V. **CONCLUSION**

In light of the foregoing, the Court **GRANTS** Moving Defendants' Motion to Dismiss pursuant to Rule 12(b)(2).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |