1  MARTHA S. DOTY (State Bar No. 143287)
2  NICOLE C. RIVAS (State Bar No. 179337)
   **ALSTON & BIRD, LLP**
3  333 South Hope Street
   Sixteenth Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile:   (213) 576-1100
   martha.doty@alston.com
6  nicole.rivas@alston.com

7  Attorneys for Defendants THE BOARD OF TRUSTEES
   OF THE UNIVERSITY OF ILLINOIS, erroneously sued as
8  THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN
   and DR. GEORGE GOLLIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE - GHANA, a Ghanain corporation, ST. LUKE SCHOOL OF MEDICINE–LIBERIA, a Liberian corporation, DR. JERROLL B.R. DOLPHIN, on behalf of himself, Robert Farmer, on behalf of a class action<br><br>Plaintiff,<br><br>vs.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND as official and individual; MOHAMMED SHARIFF as official and individual; DR. BENSON BARH as official and individual; DR. GEORGE GOLLIN as official and individual; DR. BRAD SCHWARTZ as official and individual, ALAN CONTRERAS as official and individual, UNIVERSITY OF ILLINOIS- | Case No.:  11-CV-06322 RGK (SHx)<br><br>[Honorable R. Gary Klausner]<br><br>**DEFENDANTS THE UNIVERSITY OF ILLINOIS' AND DR. GEORGE GOLLIN'S SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP, RULE 26(f) AND LOCAL RULE 26-1**<br><br>DATE:         April 16, 2012<br>TIME:          9:00 a.m.<br>COURTROOM:  850 |

1

LEGAL02/33222224v1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization, the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA, EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation, FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit organization,<br><br>              Defendants. |

**TO THE HONORABLE GARY KLAUSNER:**

      Counsel for the Board of Trustees of the University of Illinois, erroneously sued as the University Of Illinois-Urbana Champaign, and Dr. George Gollin ("Defendants") respectfully submit the following report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and this Court's Order Setting Scheduling Conference. In anticipation of filing a joint report, defense counsel attempted to meet and confer with Larry Walls, counsel for Plaintiff Dr. Jerroll Dolphin. Mr. Walls, however, was not available. As a result, counsel was required to file this report solely on behalf of Defendants.

      Defendants have also filed a Motion to Dismiss Plaintiff's First Amended Complaint, which is scheduled to be heard on April 30, 2012, two weeks after the Scheduling Conference currently set for April 16, 2012. Defendants, therefore, anticipate that the following report may become moot or change significantly should the Court grant their motion to dismiss.

## I.    BRIEF FACTUAL SUMMARY

      Plaintiff Dr. Jerroll Dolphin has filed a rambling, 85-page, 375-paragraph First Amended Complaint in which he attempts to state 20 different claims for relief against more than a dozen defendants, including everyone from the government of Liberia

LEGAL02/33222224v1

and its current or former officials, to the University of Illinois and Dr. George Gollin, one of its professors. It is impossible to determine on the face of the complaint the exact nature of Dr. Dolphin charges. The general gist of his allegations, however, appear to be that the Liberian government has improperly denied him the opportunity to establish the St. Luke School of Medicine and that such institution has been wrongfully labeled a sham by Dr. George Gollin and others.

This is the fourth time Plaintiff has attempted to file this same meritless action in this Court. He filed his first complaint in March 2010. That action, entitled *St. Luke School of Medicine et al. v. Republic of Liberia et al.*, Case No. CV-01791-RGK-SH, arose out of the identical facts and involved virtually the same parties and claims. This Court dismissed that action for lack of subject matter jurisdiction. [*See* Court Order, dated July 29, 2010.] A little more than a year later, Dr. Dolphin attempted to file a nearly identical complaint and requested a fee waiver to do so. The Honorable Magistrate Judge Margaret A. Nagle denied Dr. Dolphin's request, again finding that the court lacked subject matter jurisdiction. [*See* Court Order, dated February 15, 2011, Case No. CV11-1039 UA (Dutyx).] Completely ignoring these two prior orders, Dr. Dolphin again filed essentially the same complaint against the same parties in August 2011 (the instant action). Each of the defendants in this case responded with motions to dismiss on jurisdictional grounds.

At the eleventh hour, Dr. Dolphin filed an amended complaint, succeeding in jettisoning the hearing on defendants' motions. Dr. Dolphin's First Amended Complaint was not significantly different from his plethora of other pleadings, and did not address in any way defendants' numerous jurisdictional objections. Accordingly, each of the defendants filed a second round of motions to dismiss. This Court has already granted two such motions. The last of these motions to dismiss filed by Defendants the University of Illinois and Dr. Gollin is scheduled to be heard on April 30, 2012. Defendants anticipate that their motion will likewise be granted

3

because both the University of Illinois and/or Dr. Gollin, acting in his official capacity, are immune from suit in federal court under the Eleventh Amendment of the United States Constitution.

## II.     COMPLEX LITIGATION

Defendants do not believe that this matter qualifies as a "complex case." Accordingly, the Manual for Complex Litigation is inapplicable.

## III.    MOTION SCHEDULE

Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint, which is currently scheduled to be heard on April 30, 2012.  Should the complaint survive such motion to dismiss, Defendants anticipate filing a Motion for Summary Judgment or, in the alternative, for Partial Summary Judgment.  Defendants propose that the appropriate cut-off for all dispositive motions should be 30 days before the final Pretrial Conference.

## IV.    SETTLEMENT

Defendants are willing to explore the potential for a settlement of this matter at the appropriate time and propose to proceed under settlement procedure No. 3 under Local Rule 16-15.4.

## V.     TRIAL ESTIMATE

Defendants request a trial date in April 2013 and anticipate that the trial in this matter will take two to three days.  Plaintiff has requested a jury trial.  Defendants do not object to a jury trial to the extent plaintiff is entitled to such under the law.  Defendants, however, reserve the right to object to the extent plaintiff is not entitled to a jury trial as to any or all of his claims.

Defendants respectfully advise the Court that their counsel of record will be engaged in trials on other matters on the following dates:

- June 18, 2012 for approximately 5 days (Matter pending in Los Angeles Superior Court, Norwalk Branch)

4

- July 2, 2012 for approximately 10 days (matter pending in Los Angeles Superior Court)

- September 24, 2012 for approximately 3 days (matter pending in Los Angeles Superior Court)

- October 3, 2012 for approximately 3 days (matter pending in Los Angeles Superior Court).

## VI. ADDITIONAL PARTIES

At this time, unless discovery yields new evidence, Defendants do not anticipate the appearance of additional parties.

## VII. DISCOVERY PLAN

### A. Initial Disclosures:

Defendants are willing to exchange the Rule 26(a) Initial Disclosures by no later than Monday, May 7, 2012, which is one week after the scheduled hearing on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Defendants do not see a need to change the form or requirement for disclosures under Rule 26(a). Defendants acknowledge their continuing obligations to supplement all information required to be disclosed as initial disclosures under the Rules.

### B. Defendant's Anticipated Discovery:

Defendants intend to propound interrogatories, requests for admissions, and requests for production of documents upon the plaintiff. In addition, Defendants intend to notice depositions of the persons with knowledge of the relevant facts in this matter. Defendants do not believe that any immediate changes should be made to the rules governing discovery. Defendants anticipate discovery will be necessary regarding the allegations of Plaintiff's complaint and any underlying facts as well as Plaintiff's purported damages.

### C. Discovery of Electronic Information

Plaintiff may seek discovery of electronic information. Defendants expressly reserve

5

any and all applicable objections to any such discovery requests. To the extent a request is not otherwise objectionable, Defendants agree that electronic data may be produced in an electronic format, either by CD ROM or some other electronic format that the parties may subsequently agree to.

### D. Issues Re: Claims of Privileges

Defendants anticipate seeking a Protective Order under Rule 26(c) to protect confidential information in discovery and reserve the right to claim the applicable privileges and protections afforded by state and federal law, including attorney-client privilege, attorney work-product privilege, trade secret, and privacy privileges.

### E. Discovery Cut-Off

Defendants propose that all non-expert discovery shall be completed 60 days before the Final Pretrial Conference. All non-expert related discovery motions should be heard at least 30 days before the Final Pretrial Conference.

### F. Orders By The Court Under Rule 26(C) or Under Rule 16(B) & (C)

At this time, Defendants do not see the need to request the Court to enter any orders under Rule 26(c) or under Rule 16(b)(c).

Respectfully Submitted,

DATED: April 2, 2012

MARTHA S. DOTY
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/
_____
Nicole C. Rivas
Attorneys for Defendants THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, erroneously sued as THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN and DR. GEORGE GOLLIN

LEGAL02/33222224v1