Larry Walls, SBN 64696
Attorney at Law
3250 Wilshire Blvd, Suite 708
Los Angeles, CA 90010
Telephone:(213) 480-6220
Facsimile: (213) 480-6225
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ST. LUKE SCHOOL OF MEDICINE - GHANA, et al,

        Plaintiff,

   vs.

REPUBLIC OF LIBERIA, et al,

        Defendant

Case No.: 11-CV-06322 RGK (SHx)

PLAINTIFFS' OPPOSITION TO DEFENDANT UNIVERSITY OF ILLINOIS AND DR. GEORGE GOLLIN'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

DATE:  APRIL 30, 2012
TIME:  9:00 AM
CRT:   850

# TABLE OF AUTHORITIES

## *FEDERAL CASES*

Louisiana State Board of Education of Baker (denial of education) (1964, CA5 La) 339 F2d  911 …...............................................................................................................13, 16, 17

Gagne v Maher  (1979, CA2 Conn) 594 F2d 336, affd (1980) 448 US 122, 65 L Ed 2d 653, 100 S Ct 2570  ............................................................................................... 10

Wilson v Beebe (1985, CA6 Mich) 770 F2d 578 ..................................................... 10

Will v. Michigan Dept. Of State Police 491 U. S. 58 (1989) ................................... 10

Griffin v. Breckenridge  403 U.S. 88 (1971) …...................................... 11, 14, 16, 17

Means v. Wilson 522 F. 2d 833 ............................................................................. 17

Collins v. Hardyman  341 U.S. 651 (1951) …........................................ 13, 14, 16, 17

Tenney v. Brandhove 341 U.S. 367 (1951) …........................................ 13, 14, 16, 17

United Bd. of Carpenters & Joiners, Local 610 v. Scott  463 U.S. 825; 103 S. Ct. 3352; 77 L. Ed. 2D 1049 …......................................................................... 11, 16, 17

Continental Ins. Co. v Illinois Dep't of Transportation (1983, CA7 Ill) 709 F2d  471 ...  5, 10, 14

Wisconsin v. Constantineau 400 U.S. 433; 91 S. Ct. 507 …............................... 10, 18

Melinda Benton v Oregon Student Assistance Commission, Oregon Office of Degree Authorization, and Alan Contreras. 421 F.3d 901, 2005 U. S. App. Lexis 18301 …................. 12

## RULES

Federal Rules of Civil Procedure          Rule 8(a)(2)
Federal Rules of Civil Procedure          Rule 8(d)(1)
Federal Rules of Civil Procedure          Rule 8(e)(2)
Federal Rules of Civil Procedure          Rule 11
Local Rule 23-2

## CONSTITUTIONAL PROVISIONS

U.S. Constitution Amendments          1, 3,  4, 5,  6, 7, 8, 9, 10, 11 and 14

## PLAINTIFF'S EXHIBITS

| | |
|---|---|
| Exhibit 31 | Legislative Enactment, signed by President Charles Taylor in August 2003, |
| Exhibit 4 | President Signed SLSOM Charter Act in August 2003. |
| Exhibit 6. | The Liberian Embassy in Washington DC, posted the 'Disclaimer', FAC |
| Exhibit 41 | George Gollin's Power Point Presentation that is Linked at Least 7 Times On the Internet   (reserved) |
| Exhibit 42 | The First 5 Pages of the 91 page Document George Gollin Sent to the Ghana National Accreditation Board  (reserved) |
| Exhibit 43 | The 91 page Document George Gollin Published on his University of Illinois Website  (reserved) |
| Exhibit 44 | "Exhibit 1" from the Previous Lawsuit CV-1791- RGK |
| Exhibit 45 | "Exhibit 1" George Gollin Published on his University of Illinois Website (reserved) |
| Exhibit 46 | List of False Statements made in the 91 page document authored by George Gollin (reserved) |
| Exhibit 47 | Letter from National Accreditation Board to the Attorney General of Republic of Ghana submitted to Ghana Court of Appeal |
| Exhibit 48 | Caution Letter from Ministry of Foreign Affairs, Republic of Ghana as a Result of Office of Degree Authorization Letter, submitted to Ghana Court of Appeal |
| Exhibit 49 | Defamation Letter from Alan Contreras to Republic of Ghana (faxed |

| | | version) Submitted to Ghana Court of Appeals |
|---|---|---|
| Exhibit 50 | | Defamation Letter from Alan Contreras to Republic of Ghana (mail version) Submitted to Ghana Court of Appeals |
| Exhibit 51 | | Defamation Letter from Brad Schwartz to Republic of Ghana (mail version) Submitted to Ghana Court of Appeals |

# PLAINTIFF'S OPPOSITION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

### A. Procedural Background

### B. Summary Of Argument

First, the Complaint must not be dismissed. FRCP 15 does allow and does not prevent the addition or remission of plaintiffs.  Attorney Larry Walls, original counsel for Dr. Dolphin, is now Attorney for SLSOM-Liberia, SLSOM-Ghana, and the Class. Therefore, Mr. Walls should not be sanctioned on the Court's own motion for his *attempt to obtain justice and equity for his clients.*

Plaintiffs' 85-page, 375-paragraph [First Amended] Class Action Complaint (hereinafter "complaint") does state many causes of action against a dozen different defendants, ranging from the government of Liberia and its current or former officials, to the University of Illinois and two of its professors. The defendant, University of Illinois-Urbana, is responsible for the tortious acts of its employees.  The plaintiffs and their counsel did not have to accept the position of the defendants.  Therefore, sanctions are not warranted, since plaintiffs have filed and are litigating this action in good faith. Consequently, Defendant's motion in its entirety, including its request for sanctions, should be denied.

Second, the Complaint must  not be dismissed because it is not barred by the Eleventh Amendment to the United States Constitution. Despite the constitutional mandate of the 11th amendment, the 14th amendment allows persons to sue all state and federal instrumentalities for violations of their civil rights. See 709 F. 2d 471 - Continental Insurance Co v. Illinois

Department of Transportation.  Cannon v. University of Health Sciences/The Chicago Medical School, 710 F.2d 351, 356-357 (7th Cir. 1983) was decided on the doctrine of latches and not on the basis of the 11th Amendment. Consequently, this action does not violate the 11th Amendment.

Thirdly, the Complaint is not subject to dismissal for failing to comply with the most basic requirements of Rule 8 of the Federal Rules of Civil Procedure. As this Court well knows, that Rule requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  The government of Liberia unjustifiably destroyed St. Luke School of Medicine and George  Gollin, representing the University of Illinois-Urbana as a Professor of Physics, has numerously attacked the Plaintiffs.  A complaint based on his false statements about the Plaintiffs, alone, could easily be more than 600 pages. See Exhibits 41 through 54, attached to this memorandum.  There are even more numerous false statements than presented by the Plaintiffs in the first amended complaint and this memorandum. Although, Gollin and the University of Illinois-Urbana have taken many of them down from their internet website and elsewhere, the damage has been done.  The Plaintiffs have hundreds more false statements presented by Gollin and UoI, all of which demonstrate violations of the Plaintiffs civil rights and tortious and malicious persecution by government employees.

## II.  FACTUAL BACKGROUND

Contrary to the defendants Motion to Dismiss, as the declarations of Dr. Dolphin and Dr. Mathew Skaria and FAC Exhibits 1, 2, 3, 7, 16, 18, 19, and 33 show, SLSOM was an accredited medical school in the Republic of Liberia.  Furthermore, it obtained its "charter" in the Republic of Liberia, Exhibit 31, Legislative Enactment, signed by President Charles Taylor in August 2003, Exhibit 3.

The Defendants are wrong, SLSOM's efforts were not thwarted at every effort, (declarations of Dr. Dolphin and Dr. Mathew Skaria and FAC Exhibits 1, 2, 3, 7, 16, 18, 19 and 33).  SLSOM operated without disruption until September 2004.  Until that time, SLSOM was listed as an accredited medical school on the website of the Embassy of Liberia, Washington

D.C.  In September 2004, SLSOM was attacked by officials of the National Transitional

Legislative Assembly (NTLA) who were members of a rebel group LURD, an opposition group

that fought against the government of Charles Taylor.  Then the Liberian Embassy in Washington

DC, posted the 'Disclaimer', FAC. Exhibit 4.

There was never any doubt as to the legal status of SLSOM-Liberia.   Again, Defendants

misrepresent the facts.  SLSOM's lawsuits in Liberia went unopposed by those  defendants

because SLSOM's legal status was known.  See FAC Exhibits 16, 17, and 28.  The statements

made in the newspapers by SLSOM's opponents in Liberia ( hearsay and non-admissible) were

solely for political advantage and not for truth.  Additionally, these newspaper articles are strictly

hearsay and are not in any exception to the hearsay rule. Thus, the court must disregard them

they are not evidence.

SLSOM-Liberia has NEVER graduated any medical student who has not attended

classroom and done the required hospital clinical rotations.  The statement made by the

Defendants at pg. 4 paragraph 26-27 quote, "Indeed, even the Liberian government appears

uncertain as to the status of SLSOM, having declared at one point that the school does not really

exist, graduating medical doctor candidates who never actually attended any classes. (FAC, ¶¶

64, 99, 122.)" is a lie.  This is one of the contentious issues, a fantasy created by Gollin, which

goes to the heart of this lawsuit.  SLSOM-Liberia has NEVER graduated anyone who has not

completed the required course work and clinical training at accredited hospitals, nor has the

Liberian government ever declared that SLSOM-Liberia has graduated anyone who did not

attend classes, or who did not have appropriate hospital training.  Declaration of  Dr. Jerroll

Dolphin and Dr. Mathew Skaria .  These knowingly false statements, by Defendants, are not

evidentiary, but merely designed to prejudice the court against the Plaintiffs.

In addition, the Libelous and slanderous "numerous media reports within Liberia that

have labeled the school as fraudulent and accused Dr. Dolphin of issuing phony diplomas" were

made by Liberian Defendants, Mohammed Shariff, Benson Barh, and a few others to Liberian

newspaper reportors. *(Id.,* ri 81, 93, 97, 112, 127, 132.).  There  are no official government

documents from Liberia to support the Defendants' claims.  Incredulous newspaper reports do

not take precedent over orders and opinions of lawful courts.  The Defendants want this honorable court to accept these false newspaper articles over official government documents and judicial orders.

The Defendants argue that SLSOM's complaint  asserts that Gollin relied on information from the Liberian government. Plaintiff never made such an assertion. However, no official documents are filed by defendants to support this claim. Plaintiffs assert that Gollin relied on false information from an unknown source about SLSOM  to compile the false information he posted about SLSOM on the Internet and elsewhere, and Gollin simply fabricated the other false statements.  The complaint has displayed all the official, legal, and judicial governmental information authorizing SLSOM's existence and accreditation in Liberia.   Additionally, Gollin completely lied and made fraudulent statements about the Plaintiffs, and presented them in numerous public forums, on  Internet publications that are received in California; and specifically in November or December 2009, sent a 91-page document full of lies and fabrications to the Republic of Ghana, and its National Accreditation Board in an effort to defame and undermine the Plaintiffs. Exhibits 41 through 54 (attached).

Furthermore, the complaint  asserts that Gollin knew that SLSOM had obtained a default certificate and an order to restore its accreditation and status from the Liberia Supreme Court in 2005, and further Gollin knew that SLSOM had also obtained a default certificate in its civil court "Damages for Wrong" lawsuit against the Republic of Liberia in 2006. Plaintiffs will present this evidence during trial.

The defendant's assertion pg  4 paragraph 4 lines 24 – 27   "that SLSOM has graduated medical doctor candidates who have never actually attend classes" is absolutely false ,  and  pg 5 paragraph 1. lines  1 – 3 "that has been numerous media reports within Liberia that have labeled the school as fraudulent and accused Dr. Dolphin of issuing phony diplomas"  is not supported by any evidence and is merely designed  to bias this court.  SLSOM has never graduated anyone who has not completed appropriate course work and it welcomes the opportunity to present evidence before a jury of this court.  Declarations of Dr. Jerroll Dolphin and Dr. Mathew Skaria.

SLSOM and Dr. Jerroll Dolphin sued the Republic of Liberia in two court cases in Liberia, FAC Exhibits 14 – 17, and 21 – 30.  If SLSOM-Liberia or Dr. Dolphin had committed any fraud, issued any phony diplomas, graduated medical doctor candidates who never attended classes, or graduated medical doctor candidates on Internet studies alone certainly, the government of the Republic of Liberia would have presented witnesses or evidence to the same.

The Republic of Liberia had the opportunity to present its case of claims against SLSOM in both the Supreme Court and the Civil Court of the Republic of Liberia.  The Government of Liberia did not present any case at all against SLSOM in either court lawsuit, but instead defaulted. Exhibit 17 and 30.

Newspaper and Internet articles quotations, posted by Dr. Gollin (and ostensibly supported by the University of Illinois) do not have precedent over official court documents.  Again, the unproven statements made by the defendants are the reason this lawsuit was filed.

## III.   LEGAL STANDARD

The plaintiff's complaint, although long and detailed, is not a "mindless rambling" of facts against the University of Illinois and 11 other defendants in violation of Rule 8 of the Federal rules of Civil Procedure. The fact there are 12 defendants with 20 different causes of action necessitates a long and detailed complaint. When each cause of action is taken separately, they are plain and simple. Nor, does the sovereign immunities clause of the 11th Amendment to the United States constitution necessitate a dismissal. The plaintiff's complaint sets out in specific detail all the events that showed the violations of the law and their rights by the country of Liberia and all the other defendants that violated their civil rights, including Dr. Gollin and the University of Illinois. To the contrary, the cause of action against the University of Illinois is focused.  U.S. Constitution Amendment XI does not bar an action against a state official or employee individually for his tortious conduct. The University of Illinois was complicit in its support of the actions of Professor George Gollin in his tortious acts of:

1.     Trade libel against St. Luke School of Medicine (SLSOM) and libel against Dr. Jerroll Dolphin.  When a person acting under color of state law violates rights embodied in a

substantive guarantee of the Constitution, such as the Amendments 1, 3, 4, 5, 6, 7, 8, and 9, it makes no difference that the state affords a remedy; the victim may choose to pursue his federal remedy under 42 U.S.C. §§ 1983, without resorting to the courts of the state. Will v. Michigan Dept. Of State Police 491 U. S. 58 (1989); Wilson v Beebe (1985, CA6 Mich) 770 F2d 578; Wisconsin v. Constantineau 400 U.S. 433; 91 S. Ct. 507; and .Continental Ins. Co. v Illinois Dep't of Transportation (1983, CA7 Ill) 709 F2d  471.

2.    Intentional Interference with Prospective Business Advantage. The court recognizes a cause of action under 42 U.S.C. §§ 1983 for the intentional deprivation of a liberty interest by one acting under color of state law. Will v. Michigan Dept. Of State Police; Wilson v Beebe; Wisconsin v. Constantineau; Continental Ins. Co. v Illinois Dep't of Transportation..

3.    Negligence.  All of Professor Gollin's misrepresentations were made under the authority and power of the University of Illinois, an arm of the State of Illinois.  The University has the responsibility to assure the public that the rights of all citizens and residents of the United States are not violated by its agencies, officers, and employees under the provisions of Amendments 1, 3, 4, 5, 6, 7, 8, and 9, and the jurisdiction of federal court is provided by Amendment 14.

4.    Loss of Consortium. 42 U.S.C. §§ 1983 is implicated only when the acts of a defendant under color of state law violate rights protected by the constitution or laws of the United States, specifically the pursuit of happiness.  Dr. Dolphin's wife stated that the sole reason for her divorce from Dr. Dolphin was the publication in Ghana of the 91-page document sent by Professor Gollin to the National Accreditation Board of Ghana in October or November 2009.  Gagne v Maher (1979, CA2 Conn) 594 F2d 336, affd (1980) 448 US 1 22, 65 L Ed 2d 653, 100 S Ct 2570.

5.    Deprivation of Due Process (see III. LEGAL STANDARD, A. Deprivation of Due Process, below)

6.      Denial of Equal Protection (see IV. PLAINTIFF'S CAN PURSUE A FEDERAL COURT
        ACTION AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW,
        below)

7.      Conspiracy to Commit Civil Rights Violations.  Since 2003, Professor George Gollin,
        "Professor of Physics, University of Illinois, Champaign-Urbana", and Alan Contreras,
        Director of the Oregon ODA, have conspired against SLSOM by placing SLSOM  on the
        ODA's "diploma mill" list without due cause and without due process of law.  Griffin v.
        Breckenridge  403 U.S. 88 (1971)  On or about October and November of 2009,
        Professor George Gollin and Dr. Brad Schwartz (both of the University of Illinois), and
        Alan Contreras (State of Oregon, Office of Degree Authorization) all conspired to violate
        the civil rights of Dr. Jerroll Dolphin and the owners of SLSOM-Liberia, SLSOM-Ghana,
        and the Class by sending defaming documents and letter to the Republic of Ghana in an
        effort to deprive the plaintiffs of their civil rights.  United Bhd. of Carpenters & Joiners,
        Local 610 v. Scott 463 U.S. 825; 103 S. Ct. 3352; 77 L. Ed. 2d 1049.  Please see Exhibits
        41 – 51 attached to this Reply.

These actions also violate United States criminal codes:

- TITLE 18 PART 1 CHAPTER 13 § 241. Conspiracy to Commit Human Rights
  Violations. "If two or more persons conspire to injure, oppress, threaten, or intimidate
  any person in any State, Territory, Commonwealth, Possession, or District in the free
  exercise or enjoyment of any right or privilege secured to him by the Constitution or
  laws of the United States, or because of his having so exercised the same; or If two or
  more persons go in disguise on the highway, or on the premises of another, with
  intent to prevent or hinder his free exercise or enjoyment of any right or privilege so
  secured".

- TITLE 18, PART I, CHAPTER 41 § 876. Mailing threatening communications "(d)
  Whoever, with intent to extort from any person any money or other thing of value,
  knowingly so deposits or causes to be delivered, as aforesaid, any communication,
  with or without a name or designating mark subscribed thereto, addressed to any

other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both."

- TITLE 18, PART I, CHAPTER 41 § 878. Threats and extortion against foreign officials, official guests, or internationally protected persons

    (a) Whoever knowingly and willfully threatens to violate section 112, 1116, or 1201 shall be fined under this title or imprisoned not more than five years, or both, except that imprisonment for a threatened assault shall not exceed three years.

    (b) Whoever in connection with any violation of subsection (a) or actual violation of section 112, 1116, or 1201 makes any extortionate demand shall be fined under this title or imprisoned not more than twenty years, or both.

8.   Intentional Infliction of Emotional Distress & Negligent Infliction of Emotional Distress. United States Constitution, Amendments and 14.

9.   Internet Stalking.  Professor Gollin in the 91-page document that he sent to the Ghana National Accreditation Board surely demonstrates the crime of Internet Stalking.

10.   Internet Hacking.  Gollin demonstrated himself, in publishing "his own version" of Exhibit 1 on his Illinois website that he hacked from Dr. Jerroll Dolphin's computer in California.  Gollin's version of Exhibit 1 was on Dr. Jerroll Dolphin's personal computer, and contrary to Gollin's internet statements, it was NEVER presented to the court as part of any document by Dr. Jerroll Dolphin.  Gollin stole this document by hacking onto Dr. Jerroll Dolphin's computer.  He fraudulently misrepresented this document on his University of Illinois-Urbana website to intimidate and frighten members of the Class, as will be demonstrated in discovery. (declaration of Dolphin)

10.   The Federal Courts have already ruled that the Oregon Student Assistance  Commission, Office of Degree Authorization (hereinafter "ODA")  has committed Civil Rights violations on a previous occasions. Melinda Benton v Oregon Student Assistance

Commission, Oregon Office of Degree Authorization, and Alan Contreras, 421 F.3d 901, 2005 U. S. App. Lexis 18301.  Gollin is the author of the ODA's "Diploma Mill" list (hereinafter " DML "), and the University of Illinois-Urbana is listed as the owner of the definitions of "Diploma Mill" to which SLSOM-Liberia does not meet any category.

## A.   *Deprivation of Due Process*

Professor Gollin has more than 800 defamatory postings online against the plaintiffs.  In all of his postings, he uses "Professor of Physics, University of Illinois, Champaign-Urbana". In 2003 the University of Illinois told Dr. Gollin to stop posting his list of "Diploma Mills" to avoid potential lawsuits (FAC ¶¶  179(p), 195(p)). The University of Illinois has negligently violated the civil rights of Dr. Dolphin and the owners of SLSOM by permitting the use of its authority and power by its employees to commit egregious infringement of rights of the plaintiffs under the color of authority..

The "diploma mill" list that the University of Illinois ordered Dr. Gollin to remove from the University's website in 2003 was moved to the Oregon's Office of Degree Authorization (ODA) website. The ODA's website states that the authority and definitions of "diploma mills" and "fraudulent schools" is contained on the University of Illinois website.  The ODA's "diploma mill" list, authored by Dr. Gollin, is referenced as the source of unapproved colleges and universities by the states of Texas, Maine, Michigan, Indiana, North Dakota, and numerous other states and foreign countries.  Declaration of Dr. Jerroll Dolphin.

In some states such as Oregon and Texas, it is a **crime** to use diplomas from the schools on the "diploma mill" list and the graduate may face prosecution.  The use of this list, produced by Dr. Gollin and supported by the University of Illinois, improperly sanctions the schools, their students and graduates without due process of the law. Tenney v. Brandhove , 341 U.S. 367 (1951) and Collins v. Hardyman 341 U.S. 651 (1951)**.**  Consequently, the schools, their students and graduates are denied:

- rights to education, Louisiana State Board of Education of Baker (1964, CA5 La) 339 F2 d  911

- right to employment and opportunity, US Constitution 14th amendment.
- pursuit of happiness, US Constitution
- due process, Tenney v. Brandhove, Collins v. Hardyman *Supra*
- equal protection, Griffin v. Breckenridge *Supra*
- and rights to assemble, US Constitution

The schools on the "diploma mill" list, their students and graduates are subject to
- Harassment
- Prosecution to felony or misdemeanor charges
- Fines or imprisonment

All the above violations  were done without due process of law. ORS ORS 348.615 (Appeal Procedure for Unaccredited Institutions) and ORS § 348.597 (Applicability of ORS 348.594 to 348.615).

The use of the "diploma mill" list, authored by Professor Gollin and endorsed and supported by the University of Illinois, Oregon, Texas, Maine, Michigan, Indiana, North Dakota and others violates the rights protected by the Bill of Rights, and Amendments 1, 3, 4, 5, 6, 7, 8, and 9 of the United States Constitution to which the 14th amendment authorizes the jurisdiction of violations of these protected rights be in the federal courts.  Continental *Supra*

Again, contrary to the defendant's statements, although normally the University of Illinois may be entitled to immunity from lawsuits in federal court under the 11th Amendment of the United States Constitution, all violations of civil rights are entitled to be heard in United States Federal Court in accordance to the 14th Amendment of the United States Constitution. Continental Insurance *Supra*.

# IV. THE COMPLAINT DOES NOT IMPROPERLY ASSERT CLAIMS ON BEHALF OF PREVIOUSLY DISMISSED PARTIES.

The First Amended Complaint properly adds the previously dismissed plaintiffs. The added plaintiffs were dismissed from the case, because they were represented by Dr. Dolphin, in pro per. Now that these Plaintiffs have legal counsel, they can  be members of the case. FRCP 15 (2) *Other Amendments*. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The court should freely give leave when justice so requires and FRCP 15 (2) is not to the contrary.

# V. PLAINTIFF'S CAN PURSUE A FEDERAL COURT ACTION AGAINST THE UNIVERSITY OF ILLINOIS AS A MATTER OF LAW

The defendant is wrong.  The cases of Regents of the University of California v John Doe, Thompson v. City of Los Angeles, Cannon v University of Health Sciences/the Chicago Medical School and other cases cited by the defendant are not dispositive of this issue. Although these cases stand for the proposition that in certain circumstances sovereigns are entitled to immunity, they do not stand for the proposition that in all circumstances a sovereign cannot be sued in a federal forum.

The law is clear that a sovereign that has condoned civil rights violations and other tortious conduct of one of its employees (professors and officers of the state) can be sued in the federal court. As the following authorities show:

TITLE 18 PART 1 CHAPTER 13 § 242,  Deprivation of rights under color of law. "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both …….".

Consequently, this honorable Federal Court has jurisdiction over the subject matter and person of the University of Illinois, so, accordingly, the University should not be dismissed. The defendant implicitly concedes that sovereign immunity is not applicable.  Then defendant goes to their fall-back argument, that the complaint violates Rule 8 of the Federal Rules of Civil Procedure, as not setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief". Defendants are, implicitly, arguing that the complaint be made more definite and certain.

Although, the complaint is long and complex it was necessary to present the case in that manner. Each and every defendant is put on notice of what the claims are, and how they are implicated in the claims and the damages being sought. All plaintiffs, Dr. Dolphin, SLSOM-Liberia, SLSOM-Ghana, and the Class, are clearly included in the tortious wrong doings of the defendants in this complaint.  The torts committed by  George Gollin, the University of Illinois-Urbana, and the Liberian defendants violated the plaintiff's rights as follows:

- rights to education, Louisiana State Board of Education of Baker *Supra*

- right to employment and opportunity, and the pursuit of happiness. US Constitution

- denial of Due Process, Tenney v. Brandhove, Collins v. Hardyman *Supra*

- Denial of Equal Protection, Griffin v. Breckenridge *Supra*

- Conspiracy to Commit Civil Rights Violations, United Bhd. of Carpenters & Joiners, Local *Supra*

- Intentional Infliction of Emotional Distress,

- Negligent Infliction of Emotional Distress,

- and rights to assemble.  US Constitution

The University of Illinois, in its actual support, or its negligent support, of George Gollin furthered the Liberians extortionous and briberous  attempts against Dr. Dolphin, SLSOM-Liberia, SLSOM-Ghana, and the Class (10 of whom are residents of California), thereby violating their civil rights.

## B. Plaintiffs Have Properly Alleged A Class Action

The defendant is clearly wrong.  The complaint states that the students, graduates and undergraduates of SLSOM are suing as plaintiffs.  They are the defined class as required by law. Consequently, Local Rule 23-2 and Rule 12(f) are not violated.  All plaintiffs, particularly the students, have been denied their fundamental rights ( Declaration of Mathew Skaria and Robert Farmer) and subjected to the following:

- rights to education, Louisiana State Board of Education of Baker *Supra*
- right to employment and opportunity, *Supra*
- pursuit of happiness, *Supra*
- denial of Due Process, Tenney v. Brandhove, Collins v. Hardyman *Supra*
- Denial of Equal Protection, Griffin v. Breckenridge *Supra*
- Conspiracy to Commit Civil Rights Violations, United Bhd. of Carpenters & Joiners, Local 610 v. Scott, Means v. Wilson *Supra*
- Intentional Infliction of Emotional Distress,
- Negligent Infliction of Emotional Distress,
- And the right to assemble *Supra*

## C. Sanctions are not Proper

Although Plaintiff's counsel did not accept defendant's position there is no legal theory that says plaintiff's counsel has to accept a defendant's position or suffer sanctions. Defendant has argued its position but their said position is not controlling. The Plaintiffs, Dr. Dolphin, SLSOM ( Liberia and Ghana) and the class, have complied with Federal rules and are entitled to have their case decided on its merits.  Therefore, defendant's request for sanctions in all forms should be denied.

The Plaintiffs are seeking injunctive, declaratory, equitable relief and monetary damages and other relief as available to this honorable court.

# VI. PLAINTIFF LIKEWISE CAN STATE A CLAIM AGAINST DR. GOLLIN ACTING IN HIS OFFICIAL CAPACITY AND HIS INDIVIDUAL CAPACITY.

Professor Gollin's official capacity is a Professor of Physics at the University of Illinois-Urbana.  He is not an administrator, nor has the State of Illinois, nor has the Board of Governors of the University of Illinois-Urbana approved him as a spokesperson.  As far as acting under the authority of the State of Illinois or the University of Illinois-Urbana, he has the similar authority of janitor regarding the publishing false statements on the internet.  The Defendants do not provide any evidence such as a contract of employment, or statutory evidence to show that George Gollin has authority under law to claim immunity.  The Defendants citations concerning University of Illinois-Urbana professors immunity from civil suits dealt with contracts, accidental injuries, deaths, and torts while the professors were lecturing, performing indoor or outdoor laboratories, or pertaining to travel by the professors.  None of these cases, involved deliberate defamation, misrepresentation, or lying, due to the Plaintiffs' racial origin, class, the ethnic or regional location of a school.  Nine of the California Plaintiffs are minorities under the definition of the laws of the state of California and the United States.  Forty percent of the Class are minorities and/or foreigners as defined by law.  Therefore, Defendant George Gollin, neither in his official capacity nor in his individual capacity, is entitled to immunity at all. Wisconsin v. Constantineau 400 U.S. 433; 91 S. Ct. 507.

# VII. THE COMPLAINT DOES NOT VIOLATE RULE 8, REQUIRING A SHORT AND PLAIN STATEMENT OF PLAINTIFF'S CLAIMS

Again, the defendant is wrong.  The plaintiff has followed the rules. The nature and extent of the wrong, plus, all the different parties and entities involved  has compelled the plaintiff to write more extensive detail into this complaint. Again, when each cause of action is taken seperately, not as a whole, as the defendants want the court to do, each one is a plain and simple statement of plaintiff's claims with a request for damages as required.

The Federal Rules require the claimant to detail the facts upon which he bases his claim. The requirement is a "short and plain statement of the claim" that will give fair notice to the Defendants of the claim and the grounds on which it rests. The Plaintiffs have done that to the best of their ability. The Forms in the rules are an example not a sum total. Any further facts needed to more narrowly define the scope of the claim and the possible defenses can be obtained through pretrial discovery. Rule 8(f) states that all pleadings shall be "construed as to do substantial justice." Thus, their purpose is to facilitate a proper decision on the merits, not to become a deceptive trap for the less skilled litigant.

I. Multiple Claims

    A. Rule 8(e)(2) allows a party to set forth two or more statements of a claim in the alternative, either in one or more separate counts or defenses.

        1.    assists a plaintiff who may be genuinely uncertain about what substantive law will apply, and what he will have to prove.

        2.    the pleader can take any version of the claim.

    B. Definition of a Claim

        1.    analogous to "cause of action"

        2.    can be defined either by a single legal theory or a single natural grouping of events.

            a.    Rule 18(a) minimizes the distinction by permitting a plaintiff to join all of his claims either independently or in the alternative.

    C. Consistency

        1.    Rule 8(e)(2) allows a party to claim as many separate claims as he has regardless of consistency.

        2.    Rule 11 requires that the signature constitute a certification that there is good ground to support it and that it is not interposed for improper purpose.

The Plaintiffs complaint complies with all of the above.

# VIII. CONCLUSION

The defendant is wrong.  The University of Illinois and Gollin are subject to this court's jurisdiction under the mandate of the Fourteenth Amendment of the United States Constitution. Additionally,  Gollin's individual liability has not been defended in the Defendants' MTD, and therefore, Gollin's MTD should be denied as to his individual capacity to be sued.

The Plaintiffs have adequately shown that this court has personal jurisdiction over the Defendants. The Internet slander and harm was done to the plaintiffs in California. The Plaintiffs principal office was in Inglewood, California- Educational Commission for Foreign Medical Graduates sent St. Luke School Medicine graduate verificactions to take the medical board exams and the decertification notice and "computer school" letter to the Inglewood office Exhibit 11. Doctor Skaria delineated in his declaration how he read about the Internet defamation of St. Luke School of medicine by George Gollin, while in California. Doctor Dolphin and other graduates of the class were in California, when they read about the libelous information posted on the Internet by George Gollin, Allan Contras, University of Illinois and University of Oregon. The FIRST AMENDED COMPLAINT shows that the Plaintiffs have substantial causes of action against these Defendants.  The Plaintiffs have sustained substantial harm and damages which will be proven at trial.  The Plaintiffs have complied with Federal Rule 8 a(2, 3) requiring a short and simple statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief.

Consequently, this court should deny this motion to dismiss and the request for sanctions, or alternatively, if their motion is granted, Plaintiffs should be granted leave to amend.


Respectfully Submitted this 9th day of April 2012.


_____

Larry D. Walls
Attorney for Plaintiffs

# EXHIBITS

**Exhibit 41 - George Gollin's Power Point Presentation that is Linked at Least 7 Times On the Internet  (UPLOADED)**

**Exhibit 42 – The First 5 Pages of the 91-page Document George Gollin Sent to the Ghana NAB (FAC)**

**Exhibit 43 -The 91 page Document George Gollin Published on his University of Illinois Website  (UPLOADED)**

**Exhibit 44 -"Exhibit 1" from the Previous Lawsuit CV-1791- RGK (FAC)**

**Exhibit 45 -"Exhibit 1" George Gollin Published on his University of Illinois Website (FAC)**

**Exhibit 47 - Letter from National Accreditation Board to the Attorney General of Republic of Ghana submitted to Ghana Court of Appeal (FAC)**

**Exhibit 48 - Caution Letter from Ministry of Foreign Affairs, Republic of Ghana as a Result of Office of Degree Authorization Letter, submitted to Ghana Court of Appeal (FAC)**

**Exhibit 49 - Defamation Letter from Alan Contreras to Republic of Ghana (faxed version) Submitted to Ghana Court of Appeals (FAC)**

**Exhibit 50 - Defamation Letter from Alan Contreras to Republic of Ghana (mail version) Submitted to Ghana Court of Appeals (FAC)**

**Exhibit 51 - Defamation Letter from Brad Schwartz to Republic of Ghana (mail version) Submitted to Ghana Court of Appeals (FAC)**

**Exhibit 52 – List of False Statements from the Defamation Letter from Alan Contreras to Republic of Ghana Submitted to Ghana Court of Appeals, Exhibits 49 and 50. (UPLOADED)**

**Exhibit 53 - List of False Statements from the Defamation Letter from Brad Schwartz to Republic of Ghana Submitted to Ghana Court of Appeals (UPLOADED)**

**Exhibit 54 - List of False Statements from the Defamation Letter from Brad Schwartz to Republic of Ghana (mail version) Submitted to Ghana Court of Appeals (UPLOADED)**