1   MARTHA S. DOTY (State Bar No. 143287)
2   NICOLE C. RIVAS (State Bar No. 179337)
    **ALSTON & BIRD, LLP**
3   333 South Hope Street
    Sixteenth Floor
4   Los Angeles, California 90071
    Telephone:  (213) 576-1000
5   Facsimile:   (213) 576-1100
    martha.doty@alston.com
6   nicole.rivas@alston.com

7   Attorneys for Defendants **THE BOARD OF TRUSTEES**
    **OF THE UNIVERSITY OF ILLINOIS, erroneously sued as**
8   **THE UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN;**
    **DR. GEORGE GOLLIN**

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  ST. LUKE SCHOOL OF MEDICINE - GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself; DR. ROBERT FARMER, on behalf of a class action, | Case No.:  11-CV-06322-RGK (SHx) [Honorable R. Gary Klausner] **DEFENDANTS THE UNIVERSITY OF ILLINOIS' AND DR. GEORGE GOLLIN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

13   ST. LUKE SCHOOL OF MEDICINE -
14   GHANA, a Ghanaian corporation; ST.
     LUKE SCHOOL OF MEDICINE –
15   LIBERIA, a Liberian corporation;
     DR. JERROLL B.R. DOLPHIN, on behalf
16   of himself; DR. ROBERT FARMER, on
     behalf of a class action,

17                 Plaintiffs,

18   v.

19   REPUBLIC OF LIBERIA; MINISTRY OF
     HEALTH, a Liberian Governmental
20   Agency; MINISTRY OF EDUCATION, a
     Liberian Governmental Agency; LIBERIAN
21   MEDICAL BOARD, a Liberian
     Governmental Agency; NATIONAL
22   COMMISSION ON HIGHER
     EDUCATION, a Liberian Governmental
23   Agency; NATIONAL TRANSITIONAL
     LEGISLATIVE ASSEMBLY, a Liberian
24   Governmental Agency; DR. ISAAC
     ROLAND as official and individual;
25   MOHAMMED SHERIFF as official and
     individual; DR. BENSON BARH as official
26   and individual; DR. GEORGE GOLLIN as
     official and individual; DR. BRAD
27   SCHWARTZ as official and individual,
     ALAN CONTRERAS as official and
28   individual; UNIVERSITY OF ILLINOIS-

Case No.:  11-CV-06322-RGK (SHx)

[Honorable R. Gary Klausner]

**DEFENDANTS THE UNIVERSITY OF ILLINOIS' AND DR. GEORGE GOLLIN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**[FRCP 8(a)(2), 12(b)(1) & 12(e), 41(b).]**

DATE:              April 30, 2012
TIME:              9:00 a.m.
COURTROOM:   850

1   URBANA CHAMPAIGN, an Illinois
    Institution of Higher Learning; STATE OF
2   OREGON, Office of Degree Authorization;
    the NATIONAL ACCREDITATION
3   BOARD OF THE REPUBLIC OF GHANA,
    EDUCATION COMMISSION FOR
4   FOREIGN MEDICAL GRADUATES; a
    Pennsylvania non-profit corporation;
5   FOUNDATION FOR ADVANCEMENT
    OF MEDICAL EDUCATION AND
6   RESEARCH, a Pennsylvania non-profit
    organization,

7              Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/33248409v1

I.    **INTRODUCTION**

Plaintiffs' original Opposition to Defendant's Motion to Dismiss was stricken by this Court on April 11, 2012 for failure to comply with the Local Rules. Thereafter, on April 12, Plaintiffs filed an untimely "Amended Opposition," which was likewise subject to a Notice of Filer Deficiency. On the same day, Plaintiffs filed an *ex parte* application, asking that this Court to rescind its order striking the original Opposition and its subsequent Notice of Filer Deficiency directed to Plaintiffs' Amended Opposition. The Court has yet to rule on Plaintiffs' *ex parte* application, and, as a result, it is unclear whether Plaintiffs' opposition will be considered by the Court. The University of Illinois and Dr. George Gollin therefore submit the following abbreviated reply in support of their Motion to Dismiss in the event the Court should take Plaintiffs' untimely Amended Opposition into consideration.

Plaintiffs' so-called Amended Opposition ("Am. Opp.") for the most part requires no reply as it fails to rebut any of the arguments raised by Defendants in their Motion to Dismiss. Nonetheless, Defendants briefly address one argument raised by the Plaintiffs – their assertion of a broad-based exception to Eleventh-Amendment immunity for so-called civil rights actions – because Plaintiffs mischaracterize the law in this respect.

II.   **PLAINTIFFS' CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT**

A.    **This Court Lacks Subject Matter Jurisdiction**

It is axiomatic that state instrumentalities, like the University in this case, are immune under the Eleventh Amendment from private actions brought in federal court. *Regents of the University of California v. John Doe*, 519 U.S. 425, 429 (1996); *Cannon v. University of Health Sciences/The Chicago Medical School*, 710 F.2d 351, 356-357 (7th Cir. 1983). It is equally clear that such immunity extends to individual, state agents, like Dr. Gollin, who are sued in their official capacity. *Id.*; *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995); *Harvis v. Board of Trustees of*

3

*the University of Illinois*, 744 F.Supp. 825, 829-831 (N.D. Ill 1990).

In their opposition, Plaintiffs plainly concede that the University is an "arm of the State of Illinois" (Am. Opp., p. 12:13), and that Dr. Gollin was at all times acting within his official capacity as a professor at the University[1] (Am. Opp., pp. 8:9-10, 11:24-26, 12:12-13). Based on these concessions, the Court's response should be clear: the instant action must be dismissed because it is barred by the Eleventh Amendment, and, this Court, as a matter of law, lacks subject matter jurisdiction over Plaintiffs' claims. *Regents of the University of California, supra,* 519 U.S. at 429; *Cannon, supra,* 710 F.2d at 356-357.

**B.     There Is No Applicable Exception To Eleventh-Amendment Immunity**

Since they cannot escape the limitations of the Eleventh Amendment, Plaintiffs try instead to finagle their way around it by arguing for a broad-based exception for any and all claims that they chose to label as a "civil rights" violation. (Am. Opp., pp. 7-8, 11-16, 20.) In support of this argument, Plaintiffs point to the Fourteenth Amendment, arguing that it somehow trumps the jurisdictional restrictions imposed by the Eleventh Amendment. The law, however, is clear on this point: "the Fourteenth Amendment did not repeal," and in no way supersedes the jurisdictional limitations imposed by the Eleventh Amendment. *Continental Ins. Co. v. Illinois Dept. of Tran.,* 709 F.2d 471, 473 (7th Cir. 1983). Accordingly, even so-

---

[1]   In their opposition, Plaintiffs repeatedly assert that Dr. Gollin was "representing" and acting "on behalf of" and "under the authority and power of" the University. (Am. Opp., pp. 8:9-10, 11:24-26, 12:12-13.) Plaintiffs, however, simultaneously argue that Dr. Gollin was not authorized to act as a "spokesperson" for the University. (*Id.,* 20:4-6.) While this may indeed be true, it is difficult to see how this fact advances Plaintiffs' argument. After all, the salient question is whether Dr. Gollin was acting in his official capacity, and the Plaintiffs have insisted that he was and on that basis sued him in his official capacity. (*Id.,* pp. 8:9-10, 11:24-26, 12:12-13, 20:17-20; *see also* Plaintiffs' Second Amended Complaint, caption page.)

1    called civil rights actions are subject to Eleventh-Amendment immunity.[2]   *Id.*;

2    *Cannon, supra,* 710 F.2d at 356-357.

3        Ironically, this point is underscored by the very cases that Plaintiffs cite in

4    support of their argument to the contrary.  *See Continental Ins., supra,* 709 F.2d

5    at 473; *Cannon, supra,* 710 F.2d at 356-357 (cited by Plaintiffs at Am. Opp.,

6    pp. 7:27-8:3).  In *Continental Ins.*, for example, the Seventh Circuit affirmed that the

7    "Eleventh Amendment bars suing a state in federal court without the state's consent,"

8    and that "the State of Illinois has not consented to be sued on tort claims in federal

9    court, or indeed anywhere but in the Illinois Court of Claims."  709 F.2d 471, 473

10   (7th Cir. 1983).  Accordingly, any claim for damages against the State of Illinois in

11   federal court, even one predicated upon an alleged violation of a person's civil rights

12   based on their race, is barred by the Eleventh Amendment as a matter of law.  *Id.*

13       Similarly, in *Cannon*, the court found that plaintiff's civil rights claim under

14   42 U.S.C. § 1983 against Southern Illinois University ("SIU") and the Board of

15   Trustees of the University of Illinois ("Illinois"), the same defendant as in this case,

16   was barred as a matter of law by the Eleventh-Amendment.  710 F.2d at 356-357.

17   Completely ignoring the holding in *Cannon*, Plaintiffs here argue that this case

18   somehow stands for the proposition that the Eleventh Amended does not apply

19   because the case was ultimately decided on the basis of laches.  (Am. Opp., p. 8:1-3)

20   Plaintiffs have clearly misread the holding in *Cannon*.  As already noted, the appeals

21   court *did* decide the applicability of the Eleventh Amendment, finding that the

22   Eleventh Amendment barred the plaintiff's section 1983 claim for damages.  *Id.*  The

23   Court then went on to decide on defendant's cross-appeal "whether laches governs a

24

25   [2]  In any event, while Congress may in certain instances override the protections of the
     Eleventh Amendment, it may do so only by "a clear legislative statement."  *Seminole*
26   *Tribe v. Fla.*, 517 U.S. 44, 55 (1996).  Plaintiffs have cited to no such legislative
     statement in support of their argument in this case.  A "general authorization for suit
27   in federal court is not the kind of unequivocal statutory language sufficient to abrogate
     the Eleventh Amendment."  *Id.*, 56.  Rather, Congress' intent to "abrogate the States'
28   constitutionally secured immunity from suit in federal court [must be] . . .
     unmistakably clear in the language of the statute."  *Id.*

5

Section 1983 action in which *legal relief is foreclosed by the Eleventh Amendment bar . . . .*" *Id.*, 357 (emphasis added).  Thus, in direct contravention to Plaintiffs' argument, both *Cannon* and *Continental Ins.* compel a finding that the complaint in this case for money damages is barred as a matter of law by the Eleventh Amendment, and should be dismissed *without leave to amend.*[3]

After all, this is the third time that Plaintiffs have filed the same frivolous lawsuit, and the second time that they have re-filed the same defective pleading in the pending action.  On each occasion, Defendants have raised the Eleventh Amendment's bar to subject matter jurisdiction.  Plaintiffs, however, have insisted on resubmitting the same defective pleading, and have done nothing to address such jurisdictional concerns.  Plaintiffs should not now be rewarded for their recalcitrance by being granted yet another bite at the proverbial apple.  At some point, enough is enough.

Moreover, this Court has now determined that the publication of alleged defamatory statements by means of a passive website is not sufficient to establish personal jurisdiction over the defendants.  Court Order, dated March 29, 2012, p. 4; *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010).  And, Plaintiffs, of course, accuse the University and Dr. Gollin, both of whom are residents of Illinois, of no other conduct within or directed to the State of California.  Thus, even if Plaintiffs could somehow amend to establish subject matter jurisdiction, this Court would still lack personal jurisdiction over the Defendants.

## III.   THE VARIOUS DECLARATIONS AND EXHIBITS FILED BY THE PLAINTIFFS SHOULD BE STRIKEN

In support of their opposition, Plaintiffs have filed numerous declarations and supporting exhibits.  Such information is not properly before this Court on a Motion to

---

[3]  Plaintiffs also cite to *Wisconsin v. Constantineau*, 400 U.S. 433 (1971).  (Am. Opp., p. 20:17-19.)  However, unlike the instant case, that matter did not involve a claim for money damages, and thus the holding in that case is inapposite. *Id.*, 434.

Dismiss, which is based on the complaint and accepts as true the allegations stated therein. Accordingly, such declarations and exhibits should be disregarded by this Court.

**IV.**   **CONCLUSION**

For the forgoing reasons, the University and Dr. Gollin respectfully request that their Motion to Dismiss be sustained *with prejudice*, and they be dismissed from this action.

DATED:  April 16, 2012

MARTHA S. DOTY
NICOLE C. RIVAS
**ALSTON & BIRD LLP**

/s/

_____
Nicole C. Rivas
Attorneys for Defendants **BOARD OF TRUSTEES UNIVERSITY OF ILLINOIS** and **DR. GEORGE GOLLIN**

LEGAL02/33248409v1