JUAN C. BASOMBRIO (CA#150703)
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, California 92626
Telephone: (714) 800-1405
Facsimile:  (714) 800-1499
Email: basombrio.juan@dorsey.com

Attorneys for Defendant
NATIONAL ACCREDITATION
BOARD OF THE REPUBLIC OF
GHANA

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE  SCHOOL OF MEDICINE-GHANA, et al.,<br><br>                          Plaintiff,<br>      v.<br><br>REPUBLIC OF LIBERIA, et al.,<br><br>                          Defendants. | NO.:  CV:11-06322-RGK-(SHX)<br><br><br>**DEFENDANT NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** |

# I.   INTRODUCTION

Plaintiff Jerroll Dolphin has filed a "Motion for Entry of Default" (Docket No. 126) against Defendant National Accreditation Board of the Republic of Ghana (hereinafter, the "Ghana National Accreditation Board").  Such motions are disfavored, particularly where the defendant is a foreign sovereign entity, and the Plaintiff's motion must be denied, for three independent reasons:

First, the Ghana National Accreditation Board is not in default, because the Plaintiff filed a First Amended Complaint, which superseded the original Compliant, and the Plaintiff has never served the First Amended Complaint on the Ghana National Accreditation Board.

Second, in the alternative, the docket demonstrates that the Ghana National Accreditation Board was not been properly served with the original Complaint.  Federal Rule of Civil Procedure 4(j)(1) states that an instrumentality of a foreign state must be served in strict accordance with the requirements of 28 U.S.C. § 1608.  Plaintiff's Proof of Service (Docket No. 122) did not served the Ghana National Accreditation Board in compliance with 28 U.S.C. § 1608.  Rather, the Plaintiff purports to have effected service by mail to the Embassy of the Republic of Ghana in Washington, D.C.  That is not a recognized method of service under § 1608.

And third, the Ghana National Accreditation Board has made an appearance in this action, expressly indicating its intention to defend and moving to dismiss this action, including based on foreign sovereign immunity grounds.  (Docket No. 128.)  Under such circumstances, the entry of default would be improper.

Based on the foregoing, the Plaintiff is not entitled to the entry of default.  The Ghana National Accreditation Board has no obligation to file a responsive pleading because it has not been served.  (Counsel for the Ghana National Accreditation Board also contacted the Plaintiff's counsel and offered to accept service of process if the parties agree on an specific response date, but the Plaintiff's counsel rejected that offer).

## II.    STATEMENT OF FACTS

According to the docket, the Complaint in this action was filed on August 1, 2011.  (Docket No. 1.)  A First Amended Complaint was filed on February 8, 2012.  (Docket No. 50.)  It appears that due to Plaintiff's failure to appear at a Court-ordered Scheduling Conference on April 16, 2012, the Court issued an Order to Show Cause Hearing for April 30, 2012, "to determine why the matter should not be dismissed for lack of prosecution."  (Docket No. 112.)  The Order to Show Cause was discharged on April 30, 2012, and the matter was set for trial.  (Docket No. 117.)

Shortly thereafter, on May 17, 2012, Plaintiff filed multiple "Proofs of Service" indicating he had purportedly served several defendants, including the Ghana National Accreditation Board, on November 27, 2011.  (Docket Nos. 120-122.)  Plaintiff filed "Motions for Entry of Default" as to such defendants two court days later, on May 21, 2012.  (Docket Nos. 124-127.)

Nothing in the record indicates that the Plaintiff has ever served the First Amended Complaint on the Ghana National Accreditation Board.

Instead, the purported Proof of Service on the Ghana National Accreditation Board relates to the original Complaint. (Docket No. 122.)  The foregoing is clear because the Plaintiff claims service in November of 2011, but filed his First Amended Complaint in February, 2012.

In any event, the purported service of the original Complaint on the Ghana National Accreditation Board was defective, on its face.

The Proof of Service regarding the Ghana National Accreditation Board states that a "summons," "complaint," and "cover sheet" were served on the "National Accreditation Board, Republic of Ghana" at "c/o Embassy of the Republic of Ghana, 3512 International DC, NW, Washington DC 20008."  (Docket No. 122 at p. 1, ¶¶ 1-2.)  Plaintiff checked the box indicating that he purported to have served these items by "substituted service."  (Id. at p. 1, ¶ 4(b).)  However, Plaintiff did not check the box indicating that the papers had been left at that address (or any other address) on any

date.  (Id. at p. 1, ¶¶ 4(b)(1)-(3).)  Rather, the Proof of Service simply checked the box indicating the items were "mailed" on "November 27, 2011."  (Id. at p. 1, ¶ 4(b)(5).)  Plaintiff further did not check the box indicating "due diligence" had been performed, nor did Plaintiff attach a due diligence declaration.  (Id. at p. 1, ¶ 4(b)(6).)  Plaintiff further checked the box indicating the items had been sent by "certified or registered mail service" to an address outside California.  (Id. at p. 2, ¶ 4(g).)  Plaintiff attached a certified mail receipt indicating service on the Embassy.

The Proof of Service also attached a document, signed by Plaintiff Jerroll Dolphin, titled "Letter Rogatory Regarding Defendant, National Accreditation Board, Republic of Ghana."  (Docket No. 122-1.)  The document was not signed by the Court or the Clerk of the Court.  (Id.)  There is no docket entry indicating that the Court or the Clerk of the Court was asked by the Plaintiff to issue any letter rogatory respecting the Ghana National Accreditation Board or issued any letters rogatory.  Finally, the Proof of Service attached a tracking system printout indicating the certified mail was signed for by "K. Appiah" on December 6, 2011.  (Id.)

Plaintiff's instant motion for entry of default also is not accompanied by a memorandum of points and authorities.  (Docket No. 126.)  Plaintiff relies on "the record in the case" and an affidavit of the Plaintiff's attorney, Larry Walls, which summarily states that the Ghana National Accreditation Board "[w]as served with a copy of the summons and complaint on November 27, 2011 as reflected on the docket sheet by the proof of service filed on May 16, 2012."  (Docket No. 126-1 at p. 1, ¶ 3.)  Mr. Walls asserts that "[a]n answer to the complaint was due on February 6, 2012."  (Id. at p. 1, ¶ 4.)  Based on this, Mr. Walls improperly concludes that the "Defendant has failed to appear, plead or otherwise defend within the time allowed and, therefore, is in default."  (Id. at p. 1, ¶ 5.)

Counsel for the Ghana National Accreditation Board also contacted the Plaintiff's counsel and offered to accept service of process if the parties agree on an specific response date, but the Plaintiff's counsel rejected that offer.

## III.   ARGUMENT

### A.   The Motion Must Be Summarily Denied Because Ghana National Accreditation Board Has Not Been Served With The First Amended Complaint.

Plaintiff's motion for entry of default must be summarily denied because the Ghana National Accreditation Board has not been served with the First Amended Complaint.

On February 8, 2012, the Plaintiff filed a First Amended Complaint (Docket No. 50.), which superseded the original Compliant, and the Plaintiff has never served the First Amended Complaint on the Ghana National Accreditation Board (see Docket, generally).  The purported Proof of Service on the Ghana National Accreditation Board relates to the original Complaint. (Docket No. 122).  The foregoing is clear because the Plaintiff claims service in November of 2011, but filed his First Amended Complaint in February of 2012.

Because the First Amended Complaint superseded the original Complaint and the Plaintiff has not served the First Amended Complaint, the Ghana National Accreditation Board is not in default and this motion must be denied.

For example, in the recent case of Jones v. Safi, slip copy, 2011 WL 5524674 (E.D.N.Y. 2011), the District Court denied the plaintiff's motion for entry of a default judgment because plaintiff had filed an amended complaint and had failed to serve it:

"Plaintiff's Amended Complaint supersedes the original Complaint, so Defendants must be served with a copy of this new complaint and given an opportunity to answer or otherwise appear before a motion for an entry of default will be entertained."

2011 WL 5524674 at *3, footnote 2.

Similarly, also in the recent case of Banks v. ACS Educ., 2011 WL 811601 (S.D.Cal. 2011), the District Court denied the plaintiff's request for entry of default because the plaintiff had filed an amended complaint but had failed to serve the

amended complaint on defendant.  The District Court held:

> "Finally, after Plaintiff filed his amended complaint, he requested entry of
> default against three additional Defendants for purported failure to respond to
> the original complaint. [Docks. # 93-95.] Because '[t]he amended complaint
> supersedes the original, the latter being treated thereafter as non-existent,' Loux
> v. Rhay, 375 F.2d 55, 57 (9th Cir.1967), the Clerk was instructed to deny these
> requests and not enter default.  Going forward, if Plaintiff seeks to enter default
> against any Defendant for failure to respond to the First Amended Complaint, the
> Clerk shall forward the request to the Court for determination of whether proper
> service was made."

2011 WL 811601 at *2.

And, also in the recent case of Liberty Media Holdings, LLC v. Hawaii Members
of Swarm, etc., slip copy, 2012 WL 1377003 (D.Hawaii 2012), the District Court
denied the motion for entry of default on the original complaint because an amended
complaint had been filed and had not been served:

> "Here, when Plaintiff filed its Second Amended Complaint, the Second
> Amended Complaint superseded the First Amended Complaint and rendered
> the First Amended Complaint of no legal effect. The present Motion is based
> on Ms. Hatanaka's failure to answer the First Amended Complaint. Because
> Plaintiff has filed a Second Amended Complaint, the Motion is moot."

2012 WL 1377003 at *1.

Therefore, the Plaintiff's motion for entry of default must be summarily denied
because the Plaintiff has not served the First Amended Complaint on the Ghana
National Accreditation Board.  Until such time as the Ghana National Accreditation
Board has been properly served with the First Amended Complaint it has no obligation
to file a responsive pleading in this action, and therefore it is not in default.

/ / /

/ / /

**B.     In the Alternative, The Motion Must Be Denied Because Ghana National Accreditation Board Was Not Properly Served With The Original Complaint And, Thus, Is Not In Default.**

In the alternative, the docket demonstrates that the Ghana National Accreditation Board was not been properly served with the original Complaint.  Plaintiff's motion for entry of default must, therefore, be denied because the Plaintiff has failed to serve the Ghana National Accreditation Board and it is not in default.

The preference for denying a motion for default is particularly strong when the defendant is a foreign sovereign.  First Fidelity Bank v. Gov't of Antigua and Barbados, 877 F.2d 189, 196 (2d Cir. 1989) ("courts go to great lengths to avoid default judgment against foreign sovereigns").

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq. "provides the sole basis for obtaining jurisdiction over a foreign state in a United States court."  Nikbin v. Islamic Republic of Iran, 471 F. Supp. 2d 53, 58 (D.D.C. 2007) (citing 28 U.S.C. § 1330); Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 434 (1989).  Federal Rule of Civil Procedure 4(j)(1) further makes clear that "[a] foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608."

28 U.S.C. § 1608(b)(1)-(3) set forth the requirements for service "upon an agency or instrumentality of a foreign state."  Each subsection sets forth "alternative means … available only if the previously enumerated options are in some way foreclosed."  Dem. Rep. Congo v. FG Hemisphere Assocs., 508 F.3d 1062, 1063 (D.C. Cir. 2007).

"Strict adherence to the statute is required."  Sabbithi v. Al Saleh, 623 F. Supp. 2d 93, 97 (D.D.C. 2009) (citing Transaero v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994)).

Under § 1608(b), a plaintiff is required to attempt service upon "an agency or instrumentality of a foreign state" in the following order:

/ / /

6

1   First, "by delivery of a copy of the summons and complaint in accordance with

2   any special arrangement for service between the plaintiff and the agency or

3   instrumentality."  28 U.S.C. § 1608(b)(1).

4   Second, "if no special arrangement exists, by delivery of a copy of the summons

5   and complaint either to an officer, a managing general agent, or to any other agent

6   authorized by appointment or by law to receive service of process in the United States,

7   or in accordance with an applicable international convention on service of judicial

8   documents."  28 U.S.C. § 1608(b)(2).

9   Third, "if service cannot be made under paragraphs (1) or (2), and if reasonably

10   calculated to give actual notice, by a delivery of a copy of the summons and complaint,

11   together with a translation of each into the official language of the foreign state—(A) as

12   directed by an authority of the foreign state or political subdivision in response to a

13   letter rogatory or request or (B) by any form of mail requiring a signed receipt, to be

14   addressed and dispatched by the clerk of the court to the agency or instrumentality to be

15   served, or (C) as directed by order of the court consistent with the law of the place

16   where service is to be made."  28 U.S.C. § 1608(b)(3)(A)-(C).

17   The Ghana National Accreditation Board is an instrumentality of the Republic of

18   Ghana.  Thus, in descending order, Plaintiff was required to attempt to serve the Ghana

19   National Accreditation Board through the methods described in § 1608(b)(1)-(3).

20   First, the Plaintiff was obligated to attempt to serve the Ghana National

21   Accreditation Board through "any special arrangement for service between the plaintiff

22   and the agency or instrumentality."  28 U.S.C. § 1608(b)(1).  Nothing in the record

23   shows that the Plaintiff has any such special arrangement with the Ghana National

24   Accreditation Board.  Thus, service could not be accomplished in this fashion.

25   Second, Plaintiff would have been obligated to attempt to serve the Ghana

26   National Accreditation Board by delivery to "an officer, a managing general agent, or to

27   any other agent authorized by appointment or by law to receive service of process in the

28   United States, or in accordance with an applicable international convention on service

7

of judicial documents."  28 U.S.C. § 1608(b)(2).  Nothing in the record demonstrates that Plaintiff attempted to identify such an officer, managing general agent, or agent authorized by appointment or by law.  Although Plaintiff's Proof of Service indicated Plaintiff mailed a copy to the Embassy of the Republic of Ghana in Washington D.C., Plaintiff does not establish the individual that signed for the package was such an agent, or was authorized to accept service of process, or that mail was the proper method of serving such an agent.

For example, in <u>Simons v. Lycee Francais De New York</u>, 2003 WL 22295630 (S.D.N.Y. 2003), the District Court indicated:

> "While there is a dispute as to how plaintiff tried to effect service here-the French Consulate claims that plaintiff left a summons-notice and verified complaint with a security guard at the French Consulate who was employed by an independent security firm while plaintiff claims that the summons and complaint were handed to a Ms. Vanthuyns, who introduced herself as a representative of the French Consulate-the dispute is immaterial. There is no special arrangement for service of process between plaintiff and either the Republic of France or the French Consulate. There is nothing before the Court to suggest that Ms. Vanthuyns, assuming that the documents were given to her, then was an individual coming within the description of 28 U.S.C. § 1608(b)(2) … In consequence, the purported service of process on the French Consulate was insufficient."

2003 WL 22295630 at *2.

Plaintiff's attempt to mail the summons and complaint to an individual of an unknown affiliation to the Embassy of the Republic of Ghana in Washington, D.C. does not accomplish service under § 1608(b)(2).

Finally, Plaintiff did not accomplish service under § 1608(b)(3)(A), (B), or (C).

Plaintiff's document entitled "letter rogatory" was not a letter rogatory pursuant to § 1608(b)(3)(A).  A letter rogatory is issued directly from the Court—not written and

8

mailed by Plaintiff himself.  See Continental Graphics, div. of Republic Corp. v. Hiller Industries, Inc., 614 F. Supp. 1125, 1128 (D. Utah 1985) (letter rogatory was properly obtained because plaintiff "obtained letters rogatory from this Court, submitted to such appropriate persons in Mexico, arranged for translation of the materials into Spanish, and submitted them to officials of the Mexican Federal Court … [defendant] was then served in accordance with the directions of the Mexican Federal Court").  None of these steps occurred here, and the Plaintiff's own letter labeled "letter rogatory" is legally without force.

Plaintiff also did not properly serve the Ghana National Accreditation Board under § 1608(b)(3)(B), which requires mailing not by the Plaintiff but directly by the "clerk of the court to the agency or instrumentality to be served."  Plaintiff's attempt to mail the items to the Embassy with no assistance from the Clerk of the Court directly violates § 1608(b)(3)(B).  The docket also does not reflect so much as a request from Plaintiff pursuant to § 1608(b)(3)(C) for the Court's assistance in issuing an order for service in some other manner.

Therefore, the Plaintiff has not serve the Ghana National Accreditation Board pursuant to any of the methods required by 28 U.S.C. § 1608(b).[1]

The Ghana National Accreditation Board has not been served, and thus has not become obligated to plead or otherwise defend the action.  Default cannot be entered against the Ghana National Accreditation Board.

**C.    The Motion Must Be Denied Because the Ghana National Accreditation Board Has Made an Appearance in this Action.**

Federal Rule of Civil Procedure 55(a) provides:

"ENTERING A DEFAULT.  When a party against whom a

judgment for affirmative relief is sought has failed to plead or

---

[1] Plaintiff's Proof of Service, rather, seems to indicate that Plaintiff believes ordinary substitute service was the proper method for service of this foreign sovereign entity. Federal Rule of Civil Procedure 4(j)(1) and 28 U.S.C. § 1608 reject any such notion.

otherwise defend, and that failure is shown by an affidavit or otherwise, the clerk must enter the party's default."

On May 21, 2012, the Plaintiff filed his "Motion for Entry of Default." (Docket No. 126.) On the same day Plaintiff filed his motion, the Ghana National Accreditation Board filed a special appearance in this action (Docket No. 128).[2]

The Advisory Committee Note to the 2007 Amendments of Rule 55(a) provide: "Acts that show an intend to defend have frequently prevented a default even though not connected to any particular rule."

Thus, because the Ghana National Accreditation Board has indicated its intent to defend the action, the Plaintiff's motion for entry of default must be denied. However, Plaintiff must properly serve the Ghana National Accreditation Board before the Ghana National Accreditation Board has any obligation to respond.

## IV.   CONCLUSION

Because Plaintiff has not effected service on the Ghana National Accreditation Board, and the Ghana National Accreditation Board has indicated its intent to move to dismiss the action, the Plaintiff's motion for entry of default must be denied.

DATED:   May 21, 2012          DORSEY & WHITNEY LLP

BY:   /s/ Juan C. Basombrio
      JUAN C. BASOMBRIO
      Attorneys for Defendant
      NATIONAL ACCREDITATION BOARD
      OF THE REPUBLIC OF GHANA

---

[2]   Docket No. 128 provides: "PLEASE TAKE NOTICE that Defendant National Accreditation Board of the Republic of Ghana hereby makes a special appearance, through its undersigned counsel of record, in this action. Said Defendant disputes that service of the Summons and Complaint on it has been proper, and will move to dismiss the Complaint based on, *inter alia*, foreign sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*").

OPPOSITION TO MOTION FOR ENTRY OF DEFAULT
CASE NO. C-08-1840 VRW

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that a true and correct copy of the foregoing document was

3

served on counsel of record via ECF Notice of Electronic Filing in accordance with the

4

Federal Rules of Civil Procedure and Local Rule 5-3.3

5

6          /s/ Juan C. Basombrio
           Juan C. Basombrio

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR ENTRY OF DEFAULT
CASE NO. C-08-1840 VRW