JUAN C. BASOMBRIO (CA#150703)
basombrio.juan@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Defendant
NATIONAL ACCREDITATION BOARD
OF THE REPUBLIC OF GHANA

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE-GHANA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC OF LIBERIA, et al.,<br><br>Defendants. | NO.: CV:11-CV-06322-RGK(SHx)<br><br>**DECLARATION OF RICHARD K. ADJEI IN SUPPORT OF THE NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br><u>HEARING:</u><br><br>DATE: July 23, 2012<br>TIME: 9:00 a.m.<br>COURTROOM 850 |

# DECLARATION

I, Richard K. Adjei, declare that if called to testify in this action, I could and would competently testify to the following matters based on my personal knowledge and/or information and belief based on the records of the National Accreditation Board of the Republic of Ghana ("Ghana NAB"):

1. I am over 18 years of age, a citizen of the Republic of Ghana, and the Head of the Accreditation Department of the Ghana NAB. I am authorized to make this declaration, and do make this declaration, in support of the Ghana NAB's motion to dismiss the First Amended Complaint herein.

2. The Ghana NAB is an instrumentality of the Republic of Ghana created by law. The Ghana NAB is a public institution empowered by the Republic of Ghana to, among other things, evaluate whether medical schools may receive accreditation to operate within Ghana. The functions of the Ghana NAB are, therefore, wholly governmental in nature. The Ghana NAB is charged with the responsibility to protect the public and ensure that graduates of medical schools in Ghana are qualified to practice the profession.

3. The St. Luke School of Medicine ("SLSOM"), with Dr. Jerroll Dolphin (MD) as its President and C.E.O., submitted an application to establish a St. Luke School of Medicine in Cape Coast, Ghana in November 1998. SLSOM was granted Interim Authority in January 1999 to establish the school at Cape Coast. The conditions of the grant were specified, and included that:

*The School can only advertise for students after the National Accreditation Board has given it explicit permission to do so after due consideration of reports submitted to the National Accreditation Board by appropriate panels appointed by NAB to assess the physical, financial, human and other relevant resources for the proper operation of the proposed Medical School.*

4. Disregarding the conditions of the Interim Authority, SLSOM went ahead to advertise on its website as having been established in June 1998 and

having been accredited in January 1999 in Ghana, which was incorrect. The Ghana NAB drew SLSOM's attention to this infraction in a letter dated October 31, 2001, but did not hear from SLSOM until 2004, only after SLSOM had applied for use of Valley View University campus for their programmes, and the Ghana NAB had referred SLSOM to the Ghana NAB's earlier letter.

5. Further, the Ghana NAB had received information that SLSOM also had gotten itself listed by the World Health Organization in its periodical *Towards Unity for Health* in October 2000 and had improperly began issuing Doctor of Medicine degrees in August 2001.

6. On October 6, 2000, the Foundation for Advancement of International Medical Education and Research ("FAIMER"), of Philadelphia, Pennsylvania, United States, wrote to the Minister of Education, of the Republic of Ghana, to enquire about the status of St. Luke School of Medicine in Ghana. FAIMER is a non-profit foundation of the Educational Commission for Foreign Medical Graduates (ECFMG). According to the letter:

> *FAIMER has listed St. Luke School of Medicine at Cape Coast in the* ***International Medical Education Directory****, based on a prior listing by the World Health Organization in their periodical* ***Towards Unity for Health*** *in October 2000. The listing in stated instruction had begun at the medical school in September 1999. ECFMG has received applications for examinations for students from St. Luke School of Medicine, and also has received copies of Doctor of Medicine degrees issued from the medical school in August 2001. Recently, however, we have received information that St. Luke School of Medicine may not be registered or accredited as a medical school on Ghana.*

7. Following notification by the Ghana NAB to SLSOM about the expiration of its Interim Authority, SLSOM began a new process of seeking accreditation in November 2004. A three-year Authorization was again granted on

April 18, 2005 for SLSOM to continue its preparations for accreditation under the same conditions noted above.

8. From 2004, correspondence received by the Ghana NAB from SLSOM centered mainly on proposed arrangements for affiliation between SLSOM and universities for awarding of degrees, requests for waiver of taxes, and requests for proposed affiliations with clinical centres and hospitals, all of which was only part of information required by the Ghana NAB.

9. A substantive application for programme accreditation was then submitted by SLSOM to the Ghana NAB in November 2007. The Accreditation Panel that assessed the programmes concluded that: "On the basis of the information provided (in the report), we do not think the St. Luke's School of Medicine is ready for accreditation as a Medical School."

10. This conclusion was challenged by SLSOM, prompting the Accreditation Committee of the Ghana NAB to set up an ad hoc committee on March 5, 2008 to reconcile SLSOM's comments with the findings in the Panel Report. The decision of the Ghana NAB with respect to SLSOM's application was conveyed to SLSOM in a letter dated May 9, 2008. SLSOM responded contending it had met all the requirements. The Accreditation Committee of the Ghana NAB further considered this response at its meeting on June 19, 2008 to which officials of SLSOM were invited. The SLSOM officials were asked to provide the following evidence: (1) documentary evidence of affiliation with a recognized institution; (2) approval from the Medical and Dental Council, of the Republic of Ghana, to recognize the programme; and (3) documentary evidence of facilities where clinical and practical work would be performed.

11. Documentary evidence of affiliation with a recognized institution: SLSOM submitted a letter from the University of Science Arts & Technology, Montserrat ("USAT"), British West Indies, with regard to SLSOM's application for affiliation. The Ghana NAB noted that this letter was non-committal,

especially in the award of qualifications and degrees to graduates of SLSOM. The Ghana NAB also noted that SLSOM had changed its name to "St Luke University College of Medicine," a different name from that under which it had been granted Interim Authorization and without due notification to the Ghana NAB. The Ghana NAB was concerned about this development as the proprietors of the school had, in earlier dealings with the Ghana NAB, ignored the stated conditions of Interim Authorization and gotten listed by the WHO as an 'accredited' school of medicine, training medical doctors in Cape Coast, Ghana. The letter of Interim Authorization had stated clearly that the school was not to admit students. A later check on the status of the school also disclosed that USAT had not been granted Provisional Accreditation status by the Caribbean Accreditation Authority of Medicine and Other Health Profession which is recognized by the Ministry of Education in Montserrat.

12. Approval from the Medical and Dental Council, Republic of Ghana, to recognize the programme: No note of approval was obtained from the Medical and Dental Council. Rather, SLSOM disputed that the Council was a necessary part of the accreditation process. However, the Council is the regulatory body that monitors training and registers medical officers for professional practice in Ghana.

13. Documentary evidence of facilities where clinical and practical work would be performed: SLSOM submitted a letter from the Ghana Health Service, signed by the Director General, which indicated that the Ministry of Health was willing to put its facilities at the disposal of the school. The Ghana NAB's position was that Korle Bu and Komfo Anokye Teaching Hospitals were overstretched and could not support the training of medical officers. A letter from the Kunta Kinte Orthopaedic Hospital ("KKOH") also was non-committal and indicated only "interest." KKOH was still studying the proposal submitted to them by SLSOM. The Ghana NAB has not been made aware of the proposal presented to KKOH, and thus it has been unable to determine whether KKOH would be a suitable

partner. It is also important to note also that Teaching Hospitals for clinicals have to be approved by the Medical and Dental Council, and so far there has been no such approval.

14. SLSOM also sought to create the impression, in a letter to the Ghana NAB, that the Ghana NAB had unduly delayed the process of accreditation since 2004 and therefore appealed for a speedy consideration. The Executive Secretary of the Ghana NAB wrote back to indicate that that was a factual inaccuracy and reminded SLSOM that their substantive application was made in 2007. SLSOM responded with an apology.

15. Before the Ghana NAB could consider SLSOM's appeal, on October 27, 2008, SLSOM filed a lawsuit against the Ghana NAB, that has now stalled the process of accreditation. The lawsuit was filed in the local courts in Ghana (before the Ghana High Court), and it is pending. The lawsuit is entitled: In the Matter of an Application by St. Luke School of Medicine Ghana Limited for Accreditation by the Ghana national Accreditation Board and In the Matter of the Application by St. Luke School of Medicine Ghana Limited for Judicial Review, Etc., in the Superior Court of Judicature, in the High Court of Justice (Fast Track Division), Accra – A.D. 2008, case number AP 12/2009 (the "Ghana Action").

16. In the Ghana Action, the judge then directed that the two parties to attempt to resolve the issue. Following this direction, the Ghana lawyer for SLSOM visited the offices of the Ghana NAB to have discussions. The Executive Secretary of the Ghana NAB suggested to the lawyer to arrange a tripartite meeting of NAB, SLSOM and the Medical and Dental Council, which SLSOM rejected.

17. During its investigation of St. Luke School of Medicine, especially as its address was located in the United States, the Ghana NAB received notifications from the Oregon Student Assistance Commission Office of Degree Authorization and the University of Illinois College of Medicine about the allegedly illegitimate status of the school.

18. On October 19, 2009, the Ghana trial Judge ruled in favor of SLSOM in the Ghana Action, holding that the Ghana NAB should have accredited the school for the training of medical practitioners.

19. In the Ghana Action, the Attorney-General of Ghana has appealed the decision of the trial judge to the Ghana Court of Appeals. The appeal is pending in Ghana.

20. The Ghana NAB has not granted accreditation to SLSOM because, in its judgment, SLSOM has not satisfied the conditions set out by the Ghana NAB. Indeed, the antecedents of the school, the insincere behavior of Dr. Jerroll Dolphin since 1998, and the notifications from the aforementioned institutions in the United States, have required the Ghana NAB to examine carefully information provided by SLSOM in the application process.

21. The Ghana NAB is a public institution that has the responsibility to maintain standards in the medical profession in Ghana and protect the public interest. The Ghana NAB has been independent, objective and transparent in its work over the years. In its operations, the Ghana NAB has committed itself to due diligence in a transparent manner, especially in the case of SLSOM, which is an institution that intends to teach students to go into the practice of medicine.

22. As this Court can appreciate based on the foregoing, then, there are pending legal proceedings in Ghana between SLSOM and the Ghana NAB which will determine whether SLSOM is entitled to accreditation in Ghana. As such, the government of Ghana and the Ghana NAB have a strong interest in seeing that these matters are resolved and adjudicated by the courts in Ghana.

23. The Ghana NAB has no employees, offices or accounts in the United States, including in California. The Ghana NAB conducts no business in the United States, including in California. It would be unduly burdensome, and would result in undue and great expense, for the Ghana NAB to have to defend this action in the United States. SLSOM applied for the establishment of a medical school in

Ghana, and it would be subject to Ghana law and regulations, not the laws or regulations of the United States or California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on 6th June, 2012 in Accra, Ghana.

By: ______________________
RICHARD K. ADJEI

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3

/s/ Juan C. Basombrio
Juan C. Basombrio