1  JUAN C. BASOMBRIO (CA#150703)
   DORSEY & WHITNEY LLP
2  600 Anton Blvd., Suite 2000
   Costa Mesa, CA 92626
3  Telephone: (714) 800-1400
   Facsimile: (714) 800-1499
4  Email: basombrio.juan@dorsey.com

5  Attorneys for Defendant
   NATIONAL ACCREDITATION BOARD
6  OF THE REPUBLIC OF GHANA

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10  ST. LUKE SCHOOL OF MEDICINE-GHANA, et al.,

11                                  NO.: CV:11-CV-06322-RGK(SHx)

12          Plaintiff,              **[PROPOSED] ORDER RE DEFENDANT NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA'S MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

13  v.

14  REPUBLIC OF LIBERIA, et al.,

           Defendants.
15
                                    HEARING:
16
                                    DATE: July 23, 2012.
17                                  TIME: 9:00 a.m.
                                    COURTROOM 850
18

19

20

21

22

23

24

25

26

27

28

# ORDER

Pursuant to Fed. Rules of Civ. Proc. 12(b)(1), 12(b)(2) and 12(b)(6), as well as the inherent powers of this Court, on July 23, 2012, at 9:00 a.m., in Courtroom 850 of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, California 90012, the Honorable Judge R. Gary Klausner, judge presiding, Defendant National Accreditation Board of the Republic of Ghana's (hereinafter, "Ghana NAB") Motion to Dismiss the First Amended Complaint of Plaintiffs St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia, Dr. Jerroll Dolphin, and Robert Farmer on behalf of an alleged class (collectively hereafter, "Plaintiffs"), duly came on for hearing.

The parties were represented by their respective counsel of record.

Based on all records in this action,

IT IS ORDERED THAT:

1. Ghana NAB's Motion to Dismiss the First Amended Complaint is GRANTED.

2. The Court finds that it lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 et seq. ("FSIA"). Ghana NAB is an instrumentality or organ of a foreign state under the meaning of the FSIA and, thus, is entitled to foreign sovereign immunity. None of the FSIA exceptions to foreign sovereign immunity apply. The waiver exception does not apply because Ghana NAB did not waive its immunity, but has asserted it in this action. The tort exception does not apply, because no tort is alleged to have been committed by Ghana NAB within the United States. And, the commercial activity exception also does not apply. Ghana NAB did not engage in a commercial act in the United States, or elsewhere having a direct effect in the United States. The claims against Ghana NAB also are not based upon acts by Ghana NAB in the United States, but upon acts by Ghana NAB in Ghana, mainly the presentation of

certain evidence in a judicial proceeding in Ghana.

3.  The First Amended Complaint against Ghana NAB must be dismissed because there is a lack of personal jurisdiction over Ghana NAB.  Ghana NAB has no minimum contacts with California, and it would be unreasonable to subject it to jurisdiction here.  The claims against Ghana NAB related to actions that Ghana NAB took in Ghana that relate to the accreditation of St. Luke School of Medicine-Ghana, an entity formed in Ghana.  Plaintiffs complain that Ghana NAB submitted in a Ghana lawsuit letters it received from American institutions stating that St. Luke School of Medicine-Ghana should not receive accreditation in Ghana.  Those alleged acts do not create personal jurisdiction over Ghana NAB.

4.  The Act of State Doctrine requires dismissal of this action in favor of the Ghanaian judicial forum.  The doctrine precludes courts of the United States from inquiring as to the validity of public acts of a foreign sovereign governments taken within their own borders.  Should this case proceed here, the Court would have to review governmental acts of Ghana NAB within Ghana.

5.  The First Amended Complaint against Ghana NAB should be dismissed based on inconvenient forum grounds.  Prior to filing this action, St. Luke School of Medicine-Ghana filed suit against Ghana NAB in Ghana courts claiming it should have been accredited.  The lawsuit is pending.  The claims in the Ghana lawsuit are intertwined with the claims asserted here.  Plaintiffs are suing because of certain evidence that Ghana NAB presented in the Ghana litigation.  Thus, this action should be dismissed in favor of the Ghana judicial forum.

6.  The First Amended Complaint against Ghana NAB should be dismissed based on international comity grounds.  California has no interest in this action, as none of the alleged acts by Ghana NAB took place in California.  The acts by Ghana NAB that are the basis of this action occurred within Ghana.  The Republic of Ghana has a strong interest in regulating the practice of medicine in Ghana, which is the issue at the heart of this action.  Hence, it is appropriate for the

1  Court to abstain and dismiss the action based on international comity grounds.

2        7.    Even if this Court had jurisdiction, which it does not, the First
3  Amended Complaint also must be dismissed with prejudice for failure to state a
4  claim against Ghana NAB.  The claims against Ghana NAB are barred by the
5  litigation privilege, Cal. Civ. Code § 47.  The First Amended Complaint against
6  Ghana NAB is based on actions that Ghana NAB took within a judicial proceeding
7  in Ghana.  Because the litigation privilege applies to foreign actions, the FAC fails
8  to state a claim.  Amendment would be futile.

9        8.    Based on the foregoing, the First Amended Complaint is dismissed
10 with prejudice as to Ghana NAB.

11     SO ORDERED.

12 DATED:

_____

HON. R. GARY KLAUSNER
JUDGE OF THE UNITED STATES
DISTRICT COURT

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3

/s/ Juan C. Basombrio
Juan C. Basombrio

4

[PROPOSED] ORDER
CASE NO. CV:11-06322-RGK(SHx)