JUAN C. BASOMBRIO (CA#150703)
basombrio.juan@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA  92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendant
NATIONAL  ACCREDITATION BOARD
OF THE REPUBLIC OF GHANA

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE-GHANA, et al., <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC OF LIBERIA, et al., <br><br> Defendants. | NO.:  CV:11-CV-06322-RGK(SHx) <br><br> **REPLY IN SUPPORT OF DEFENDANT NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> <u>HEARING:</u> <br><br> DATE: July 23, 2012. <br> TIME: 9:00 a.m. <br> COURTROOM 850 |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1
II. ARGUMENT .......................................................................................................2
    a.    THE ACTION SHOULD BE DISMISSED ON FOREIGN SOVEREIGN IMMUNITY GROUNDS.................................................2
        i.    GHANA NAB IS A STATE INSTRUMENTALITY. ..............3
        ii.    WAIVER EXCEPTION INAPPLICABLE. ..............................3
        iii.    TORT EXCEPTION INAPPLICABLE. ....................................3
        iv.    COMMERCIAL ACTIVITY EXCEPTION INAPPLICABLE. ......................................................................................4
        v.    PLAINTIFFS' OTHER ARGUMENTS ARE UNAVAILING. ..................................................................................7
    b.    THERE IS A LACK OF PERSONAL JURISDICTION. ....................7
    c.    THE ACT OF STATE DOCTRINE APPLIES. ...................................8
    d.    INCONVENIENT FORUM DISMISSAL IS APPROPRIATE. .........9
    e.    DISMISSAL ON COMITY GROUNDS IS APPROPRIATE.............9
    f.    THE FAC IS BARRED BY THE LITIGATION PRIVILEGE. .........10
III. CONCLUSION..................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

A.R. Int'l Anti-Fraud Sys. Inc. v. Pretoria Nat'l Cent.,
  634 F. Supp. 2d 1108 (E.D. Cal. 2009) ................................................................ 8

Antares Aircraft L.P. v. Fed. Republic of Nigeria,
  999 F.2d 33 (2d Cir. 1993) .................................................................................... 6

Argentine Republic v. Amerada Hess Shipping Corp.,
  488 U.S. 428 (1989) ......................................................................................... 4, 7

Australian Gov't Aircraft Factories v. Lynne,
  743 F.2d 672 (9th Cir. 1984) ................................................................................ 6

City School of Detroit v. Govt. of France,
  1990 U.S. Dist. LEXIS 19577 (E.D.Mich. 1990) ................................................ 5

E. & J. Gallo Winery v. Andina Licores S.A.,
  2006 WL 1817097 (E.D. Cal. 2006) .................................................................. 10

Gregorian v. Izvestia,
  871 F.2d 1515 (9th Cir. 1989) .............................................................................. 8

In re Petrol Shipping Corp.,
  360 F.2d 103 (2nd Cir. 1966) ........................................................................... 7, 8

McKesson Corp. v. Islamic Rep. of Iran,
  2009 U.S. Dist. LEXIS 109368 (D.D.C. 2009) .................................................... 7

Rep. of Argentina v. Weltover, Inc.,
  504 U.S. 607 (1992) .............................................................................................. 5

Saudi Arabia v. Nelson,
  507 U.S. 349 (1993) .............................................................................................. 4

Siderman de Blake V. Rep. of Argentina,
  965 F.2d 699 (9th Cir. 1992) ................................................................................ 8

Theo H. Davies & Co., Ltd. v. Rep. of Marshall Islands,
  174 F.3d 969 (9th Cir. 1999) ................................................................................ 8

Victory Transport v. Commiserii Gen.,
 336 F.2d 354 (2nd Cir. 1964) .......................................................................... 8

**STATUTES**

28 U.S.C. § 1605(a)(2) ........................................................................................... 6

28 U.S.C. § 1605(a)(6) ........................................................................................... 8

Cal. Civ. Code § 47(b) ......................................................................................... 10

Cal. Civ. Code § 47(c) ......................................................................................... 10

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA") ........ passim

**OTHER AUTHORITIES**

Fed. Rule of Evidence 104 ..................................................................................... 2

Fed. Rule of Evidence 601 ..................................................................................... 2

Fed. Rule of Evidence 602 ..................................................................................... 2

Fed. Rule of Evidence 901 ..................................................................................... 2

Local Rule 7-9 ........................................................................................................ 1

Local Rule 7-12 ...................................................................................................... 1

## I. INTRODUCTION

Defendant National Accreditation Board of the Republic of Ghana ("Ghana NAB") submits this reply brief in support of its motion to dismiss the First Amended Complaint ("FAC").

Plaintiffs' initial opposition to Ghana NAB's motion to dismiss (Docket No. 139) was stricken (Docket No. 140). On July 6, 2012, Plaintiffs filed another opposition (Docket No. 141) four days late under Local Rule 7-9, and one court day before Ghana NAB's reply deadline. Ghana NAB has been prejudiced because it's time to reply has been reduced, and requests that the Court decline to consider the untimely opposition under Local Rule 7-12. In the alternative, Ghana NAB submits this reply to the untimely opposition, Docket No. 141.

Plaintiffs' opposition misinterprets and confuses applicable legal principles and statutes, makes inconsistent arguments and is, at times, incoherent. The only specific facts that Plaintiffs can articulate about Ghana NAB are that Ghana NAB received from the State of Oregon and University of Illinois two letters critical of Plaintiffs' medical school in Ghana (St. Luke Medical School – Ghana) ("SLSOM"), and that Ghana NAB then used those letters as evidence in a pending Ghana judicial proceeding initiated by Plaintiffs. These facts confirm that Ghana NAB's motion to dismiss the FAC should be granted, for the following reasons.

Ghana NAB has foreign sovereign immunity and none of the exceptions to immunity apply, because Ghana NAB did not engage in commercial activity having a direct effect in the U.S. Thus, the Court lacks subject matter jurisdiction. There is also no personal jurisdiction over Ghana NAB, because its actions were in Ghana. The mere receipt of two letters from the U.S. does not confer personal jurisdiction over Ghana NAB. Since Ghana NAB's acts (not issuing accreditation to SLSOM) were governmental in nature, the act of state doctrine also bars this action. Because there is a pending lawsuit filed by SLSOM against Ghana NAB in Ghana reviewing the issue of accreditation, and this dispute relates to that school's

ability to operate in Ghana, it also is appropriate for this Court to dismiss the FAC based on international comity and *forum non conveniens* grounds.  Even if this Court exercised jurisdiction, dismissal on the merits is required under the litigation privilege.  The privilege applies to foreign judicial proceedings, and that this claim is based on Ghana NAB's submittal of the two letters as evidence in the pending Ghana lawsuit.  Finally, Plaintiffs' one-sentence request for sanctions against Ghana NAB for filing this motion is baseless, and should be summarily denied.

## II. ARGUMENT

### a. THE ACTION SHOULD BE DISMISSED ON FOREIGN SOVEREIGN IMMUNITY GROUNDS.

As discussed in the moving memorandum (Docket No. 133-1) at p. 8, the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.* ("FSIA"), sets forth a shifting burden of proof.  Once a defendant shows that it is an instrumentality of a foreign state, a presumption of immunity attaches and the burden of proof shifts to plaintiff to prove that an exception applies.  The allegations in the complaint are not assumed to be true.  Here, the opposition is flawed, because it is not supported by admissible evidence.  Plaintiffs' declaration (Docket No. 141-1), filed with the late opposition, contains only the signature page of a declaration by Dr. Jerroll Dolphin.  The incomplete declaration lacks foundation, contains no showing as to competency or personal knowledge, and is devoid of substance.  Ghana NAB objects to its admissibility under Fed. Rules of Evidence 104, 601 and 602.  Also, no exhibits are authenticated by the same.  Ghana NAB objects to the admissibility of Exhibits A through M-4 (Docket Nos. 141-2 through 141-13) also on the basis of lack of foundation and authentication under Fed. Rule of Evidence 901.  Since Plaintiffs have failed to present admissible evidence, they have failed to meet their FSIA burden.  Plaintiffs should not be allowed to file late the rest of the declaration or introduce evidence, for it would prejudice Ghana NAB since the time to reply will have expired.  The unsupported opposition is insufficient under the FSIA.

2

### i. GHANA NAB IS A STATE INSTRUMENTALITY.

Ghana NAB has established by competent evidence, in the Declaration of Richard K. Adjei (Docket No. 133-3), Head of its Accreditation Department, that it is an instrumentality of the Republic of Ghana empowered "to evaluate whether medical schools may receive accreditation to operate within Ghana." Id. at ¶¶ 1-2. Ghana NAB also may be considered to be an "organ" of the Republic of Ghana under the FSIA's definition of "instrumentality," which includes organs of a state.

The opposition argues that state, not federal, law applies, and that Ghana NAB "is not entitled to sovereign immunity" because the actions of Ghana NAB officials "were outside their scope of employment." However, the FSIA expressly defines instrumentalities. In any event, Plaintiffs' complaint is that Ghana NAB used U.S. letters as evidence in the Ghana lawsuit. The actions by Ghana NAB officials were in connection with their employment by Ghana NAB, since SLSOM sued Ghana NAB in connection with Ghana NAB's accreditation decision.

Plaintiffs also argue that Ghana "NAB is not empowered by the Republic to evaluate whether medical schools may receive accreditation to operate in Ghana." This argument is discredited by the fact that SLSOM has sued Ghana NAB to force it to grant SLSOM accreditation. Further, as noted in the Adjei Declaration at ¶¶ 2, 10 and 12, the Medical and Dental Council, cited by Plaintiffs, provide approvals in the accreditation process, but Ghana NAB ultimately makes the decision.

The record, therefore, demonstrates that Ghana NAB is an instrumentality. Further, none of the FSIA exceptions to sovereign immunity apply to Ghana NAB.

### ii. WAIVER EXCEPTION INAPPLICABLE.

Plaintiffs do not dispute that the waiver exception is inapplicable.

### iii. TORT EXCEPTION INAPPLICABLE.

The opposition at p. 10 argues that the tort exception applies because "Ghana NAB received letters from the [University of Illinois] and State of Oregon [Office of Degree Authorization], which contained defamatory statements about

3

the Plaintiffs and their school, mainly that the school should not be accredited." Plaintiffs "claim that Ghana NAB committed torts when it forwarded these letters to the Ghana Attorney-General and Ghana High Court in connection with the Ghana lawsuit." Id.  However, Plaintiffs agree that "[t]he noncommercial tort exception applies only where both the tort and injury take place within the territorial jurisdiction of the United States." Id. (citing Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989) (emphasis added).

Thus, because Ghana NAB is not alleged to have committed any tort in the U.S., the tort exception cannot apply.  To attempt to avoid this result, Plaintiffs claim that Ghana NAB was involved in a "conspiracy" with the local Defendants.  However, Plaintiffs have presented no evidence of a conspiracy, and on an FSIA motion they cannot rely on their unsupported allegations.  The only facts are the Ghana NAB received letters and used them in connection with the Ghana lawsuit.  Plaintiffs have cited no authority for the proposition that that creates a conspiracy, let alone a conspiracy in the U.S. that is sufficient under the FSIA.

### iv.   COMMERCIAL ACTIVITY EXCEPTION INAPPLICABLE.

The commercial activity exception is also inapplicable, for various reasons.

First, Plaintiffs have failed to establish any commercial activity by Ghana NAB.  Plaintiffs agree that a "state engages in commercial activity … where it exercises only those powers that can only be exercised by private citizens, as distinct from those powers peculiar to sovereigns." Saudi Arabia v. Nelson, 507 U.S. 349, 360 (1993); Opposition at p. 13.  Plaintiffs' claim is based on their position that SLSOM was improperly denied accreditation by Ghana NAB.  Plaintiffs claim it was tortious for Ghana NAB to submit letters critical of the school in the Ghana lawsuit, the subject of which was whether SLSOM should have been granted accreditation by Ghana NAB.  The "granting of accreditation to a private school by a foreign government is by its very nature a sovereign function, incapable of being performed by a private individual … the welfare and education

4

of its citizenry is … an area where sovereign activity is typically asserted." <u>City School of Detroit v. Govt. of France</u>, 1990 U.S. Dist. LEXIS 19577, at **9-10 (E.D. Mich. 1990). Because the claims are not based upon commercial activity by Ghana NAB, the commercial activity exception (and each of its three clauses—each of which require commercial activity) clearly cannot apply to Ghana NAB.

Plaintiffs' opposition does not identify any commercial activity of Ghana NAB, let alone commercial activity "upon which" Plaintiffs' claims are based. The opposition at p. 14 cites <u>Rep. of Argentina v. Weltover, Inc.</u>, 504 U.S. 607, 610 (1992), for the proposition that "when a foreign government acts, not as a regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial.'" Plaintiffs argue that when Ghana NAB denied accreditation to SLSOM, somehow Ghana NAB became a "private player" in the accreditation process subjecting medical schools to less "competition." <u>Id.</u> This argument is nonsensical. Whether failing to accredit SLSOM may have resulted in an indirect economic benefit to competing schools cannot transform a public entity like Ghana NAB into a commercial actor and cannot transform its governmental acts (regarding school accreditation) into "commercial activity" of the type that a private actor could perform. A private actor cannot accredit SLSOM as a medical school in Ghana.

Plaintiffs also argue that the alleged activities of another defendant, Dr. Gollin, on the Internet constitute "commercial activities" in the U.S. Even if Dr. Gollin's negative statements about Plaintiffs on the Internet or in the U.S. are "commercial activity," that is not the activity of the foreign state, Ghana NAB. Even if, as Plaintiffs contend, Ghana NAB "knew" that other local defendants were publishing negative statements about Plaintiffs in the U.S., those statements do not become the statements and commercial activity "of" Ghana NAB.

Second, the first clause of the commercial activity exception does not apply, also because there is no evidence that this action is based upon commercial activity

by Ghana NAB "in the United States." Even if Ghana NAB's actions relating to the accreditation process in Ghana could qualify as "commercial activity" (which they cannot), those acts occurred in Ghana, and not in the U.S.

Third, the second clause of the exception does not apply, also because there is no evidence of an act performed in the U.S. by Ghana NAB "in connection with a commercial activity of the foreign state elsewhere." 28 U.S.C. § 1605(a)(2). Plaintiffs can point to no action by Ghana NAB in the U.S., commercial or otherwise. Plaintiffs refer to activities by Ghana NAB only in Ghana.

Fourth, the third clause of the exception does not apply, also because there is no evidence of any commercial activity by Ghana NAB overseas causing "a direct effect in the United States." 28 U.S.C. § 1605(a)(2). Plaintiffs argue that a "direct effect" in the U.S. is that there are Ghanaian doctors in the U.S. Plaintiffs argue that because Oregon's letter stated that it may ban use of Ghanaian degrees if SLSOM was accredited in Ghana, there was a "direct effect" in the U.S. Plaintiffs also argue that another "direct effect" is that they reside here and may suffer economic loss as a result of SLSOM not being able to operate in Ghana.

However, it is settled that economic loss to an American is insufficient to constitute a "direct effect" under the FSIA. If "loss to an American individual … resulting from a foreign tort were sufficient standing alone to satisfy the direct effect requirement, the commercial activity exception would in large part eviscerate the FSIA's provision of immunity for foreign states." Antares Aircraft L.P. v. Fed. Rep. of Nigeria, 999 F.2d 33, 36 (2d Cir. 1993); Australian Gov't Aircraft Factories v. Lynne, 743 F.2d 672, 673-676 (9th Cir. 1984). Here, any connection to the U.S. is even more remote. The economic loss of being unable to operate in Ghana would be the loss of SLSOM (a separate entity formed in Ghana), not economic loss of Plaintiffs, and would be suffered in Ghana. Any connection between Plaintiffs and future students at SLSOM who may decide to establish

/ / /

6

practices here is even more attenuated. In sum, SLSOM is a medical school venture in Ghana and the direct effect of its non-accreditation clearly is in Ghana.

For these reasons, the commercial activity exception does not apply. The FAC against Ghana NAB must be dismissed for lack of subject matter jurisdiction.

### v. PLAINTIFFS' OTHER ARGUMENTS ARE UNAVAILING.

Plaintiffs argue that, regardless of the FSIA, <u>McKesson Corp. v. Islamic Rep. of Iran</u>, 2009 U.S. Dist. LEXIS 109368 (D.D.C. 2009), creates jurisdiction over Ghana NAB under customary international law. Plaintiffs not only misread <u>McKesson</u> (reversed in 672 F.3d 1066 (D.C. Cir. 2012)), but fail to understand the distinction between the existence of subject matter jurisdiction and validity of a claim. Only after it is determined that there is subject matter jurisdiction under the FSIA, does it become relevant whether a claim is available under international or other law. In <u>McKesson</u>, the commercial activity exception was held to apply; thus, the issue was whether that plaintiff had a valid claim. <u>Id.</u> at 1073. Plaintiffs cite the Alien Tort Claims Act, "tort of outrage," "infliction of emotional distress," and "deceit and misrepresentation," but in order to proceed under that Act or any legal theory, they must first overcome immunity under the FSIA, and they have failed to do so with respect to Ghana NAB. <u>Amerada Hess</u>, 488 U.S. at 438-439.

### b. THERE IS A LACK OF PERSONAL JURISDICTION.

In the moving memorandum at pp. 14-16, Ghana NAB discussed why there is a lack of personal jurisdiction. Plaintiffs have failed to refute the analysis.

Plaintiffs cite <u>In re Petrol Shipping Corp.</u>, 360 F.2d 103, 107 (2d Cir. 1966), for the holding that the "fact that one party is a branch of a foreign sovereign does not affect the conclusion that by entering into an arbitration agreement ... the sovereign becomes amenable to suit." Plaintiffs then argue that the "question of immunity does not bear on the question of amenability, or personal jurisdiction."

<u>In re Petrol</u> was decided ten years before the FSIA was enacted in 1976. It held that a branch of a foreign state, that signed an agreement to arbitrate in New

7

1  York, was "amenable" to suit and could be compelled to arbitrate.  360 F.2d at
2  107.  Although the FSIA has an arbitration exception (28 U.S.C. § 1605(a)(6)),
3  there is no arbitration clause here.  Further, In re Petrol dealt with pre-FSIA law,
4  which had a different view of the interplay between subject matter and personal
5  jurisdiction.  Victory Transport v. Commiserii Gen., 336 F.2d 354 (2nd Cir. 1964),
6  cert. denied, 381 U.S. 934 (1965), is also pre-FSIA.  The law today, in the Ninth
7  Circuit, is that the FSIA acts as a federal long-arm statute under the first prong of
8  the personal jurisdiction analysis, and that the second prong (Due Process) also
9  must be satisfied.  Theo H. Davies & Co., Ltd. v. Rep. of Marshall Islands, 174
10 F.3d 969, 974 (9th Cir. 1999); Siderman de Blake v. Rep. of Argentina, 965 F.2d
11 699, 705 note 4 (9th Cir. 1992); Gregorian v. Izvestia, 871 F.2d 1515, 1529 (9th
12 Cir. 1989); A.R. Int'l Anti-Fraud Sys. Inc. v. Pretoria Nat'l Cent., 634 F. Supp. 2d
13 1108, 1117 n. 5 (E.D. Cal. 2009).  As discussed in the moving papers, there is a
14 lack of personal jurisdiction because (1) the first prong cannot be satisfied since
15 immunity applies, and (2) the Due Process test cannot be satisfied since there is a
16 lack of minimum contacts as to Ghana NAB.  Plaintiffs' opposition does not
17 dispute Ghana NAB's factual analysis of these issues in its moving papers.

### c. THE ACT OF STATE DOCTRINE APPLIES.

19      The act of state doctrine precludes our courts from inquiring into the validity
20 of public acts of a foreign state within its own territory.  Plaintiffs argue that they
21 are not asking this Court to "overturn a Ghanaian HC's decision," and that they are
22 suing Ghana NAB for "conspiracy, libel, interference with business advantage,
23 intentional infliction of emotional distress, and negligent infliction of emotional
24 distress."  However, these claims relate to Ghana NAB's accreditation decision, a
25 governmental function and an act of state.  Plaintiffs sue Ghana NAB because it
26 used letters as evidence in the Ghana lawsuit seeking to compel accreditation.
27 These claims are intertwined with governmental functions of Ghana NAB, and its
28 decision not to accredit SLSOM, rendering the act of state doctrine applicable.

8

### d. INCONVENIENT FORUM DISMISSAL IS APPROPRIATE.

As discussed in pages 17-18 of the moving memorandum, the claims against Ghana NAB should be dismissed based on the doctrine of *forum non conveniens*.

First, Ghana NAB has cited case law holding that the Ghana courts are an adequate judicial form. The Ghana courts also are adequate, given that SLSOM is litigating there against Ghana NAB, and even prevailed in the trial court. The opposition's argument, that this lawsuit is different from the one pending in Ghana, does not mean that Ghana is not an adequate alternative forum.

Second, the public interest factors clearly favor the Ghana judicial forum, since this dispute relates to the accreditation in Ghana of a medical school formed in Ghana, SLSOM. Plaintiffs' opposition argues that "the public interest factors favor the USA forum" based on the fact that American defendants have been sued. However, the issue here is not whether Plaintiffs may sue the American defendants or not. Clearly, the United States has no interest in whether Ghana NAB provides accreditation to SLSOM, which is an entity formed in Ghana.

And third, the private interest factors favor dismissal. SLSOM is a Ghana entity operating in Ghana; thus, litigation of claims relating to SLSOM are more convenient in Ghana. SLSOM filed suit in Ghana against Ghana NAB and, thus, that forum is convenient to Plaintiffs. Litigating here would be inconvenient to Ghana NAB, and there is no reason to force Ghana NAB to litigate here based on claims related to a Ghanaian entity, SLSOM. That Plaintiffs sued local defendants does not change the lack of nexus between Ghana NAB and this forum.

### e. DISMISSAL ON COMITY GROUNDS IS APPROPRIATE.

Ghana has a strong interest in the regulation of medical schools operating in Ghana and, thus, in the subject matter of the dispute in this action. California has no interest in this dispute. Plaintiffs complain of acts by Ghana NAB that occurred in Ghana. Plaintiffs' attempt to characterize this action as having "nothing to do" with the action in Ghana—simply because the causes of action are different—is

1  unpersuasive. Abstention is appropriate based on comity, particularly in light of
2  the fact that there is ongoing litigation in Ghana previously filed by SLSOM.

3  **f. THE FAC IS BARRED BY THE LITIGATION PRIVILEGE.**

4  The litigation privilege, Cal. Civ. Code § 47(b), applies to foreign court
5  actions, E. & J. Gallo Winery v. Andina Licores S.A., 2006 WL 1817097, at *4-10
6  (E.D. Cal. 2006). The opposition admits it at p. 19 (the "litigation privilege applies
7  to foreign actions."). Despite the opposition's statement to the contrary, the FAC
8  is based on actions that Ghana NAB took in the Ghana lawsuit. Plaintiffs allege
9  that Ghana NAB received letters from U.S. sources that had allegedly defamatory
10 material about SLSOM. FAC at ¶¶ 2, 282, 287, and Exhibits 50, 51. Plaintiffs'
11 claims are based on the fact that Ghana NAB used these letters as evidence in the
12 Ghana lawsuit. Id. at ¶¶ 290-295, Exhibit 47. Thus, even if the Court exercised
13 jurisdiction, the FAC must be dismissed with prejudice as to Ghana NAB, because
14 the claims are barred by the litigation privilege. (Plaintiffs' entire discussion in the
15 opposition also is based on the wrong statutory provision, Cal. Civ. Code § 47(c),
16 which deals with the "common interest" privilege, and not the litigation privilege).

17 Finally, the "Conclusion" in the opposition contains a one-sentence request
18 that the Court "sanction the Defendant NAB." The opposition cites no law and
19 contains no discussion in support of that frivolous request, which should be denied.

20 **III. CONCLUSION**

21 For the foregoing reasons, Ghana NAB requests that the Court grant this
22 motion and dismiss Plaintiffs' FAC as to Ghana NAB with prejudice.

23                                          Respectfully submitted,

24 DATED: July 9, 2012.                     DORSEY & WHITNEY LLP

25

26                                          BY:/s/ Juan C. Basombrio
                                            JUAN C. BASOMBRIO
27                                          Attorneys for Defendant National
                                            Accreditation Board of the Republic of
28                                          Ghana

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure and Local Rule 5-3.3

/s/ Juan C. Basombrio
Juan C. Basombrio