UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-06322-RGK (SHx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | ST. LUKE SCHOOL OF MEDICINE-GHANA, et al v. REPUBLIC OF LIBERIA, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Dismiss (DE 133)

## I. INTRODUCTION

On August 1, 2011, St. Luke School of Medicine-Ghana ("St. Luke"), St. Luke School of Medicine-Liberia, Dr. Jerroll B.R. Dolphin ("Dolphin"), and Robert Farmer on behalf of a class (collectively, "Plaintiffs") filed a Complaint against various defendants, including the Ghana National Accreditation Board ("NAB"). On February 8, 2012, Plaintiffs filed a First Amended Complaint ("FAC") against the same defendants. The FAC alleges a total of twenty claims. Plaintiffs bring claims against NAB for (1) conspiracy to violate civil rights, (2) libel, (3) trade libel and interference with business advantage, (4) intentional infliction of emotional distress, and (5) negligent infliction of emotional distress.

Presently before the Court is NAB's Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the following reasons, the Court **GRANTS** NAB's Motion to Dismiss.

## II. FACTUAL BACKGROUND

The allegations against NAB are sparse and somewhat unclear, but they arise from the following set of facts.

In November 1998, St. Luke applied to open a medical school in Ghana. NAB oversees accreditation of post-secondary schools in Ghana, and it granted St. Luke interim authority, with full accreditation conditioned on further investigation and St. Luke's meeting certain requirements. After years of investigation, during which St. Luke violated its interim authority and had to reapply for accreditation, NAB decided in 2007 that St. Luke was not ready for accreditation.

St. Luke then sued NAB in Ghanaian court, seeking a writ of mandamus to force NAB to grant it accreditation. In October 2009, the court ruled in favor of St. Luke and NAB appealed. This appeal is pending.

In October and November of 2009, while NAB's appeal was pending, NAB received letters from individuals at the University of Illinois and the Oregon Office of Degree Authorization ("ODA") suggesting that NAB should not grant St. Luke accreditation. The letter from ODA said that Oregon banned the use of medical degrees from St. Luke and that if Ghana accredited St. Luke, Oregon would ban the use of all Ghanaian degrees. NAB submitted these letters to the appeals court in Ghana as evidence justifying its decision not to accredit St. Luke.

St. Luke alleges that the letters were defamatory. St. Luke also alleges that NAB, ODA, and the University of Illinois conspired to harm St. Luke.

### III.     JUDICIAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presumptively lack jurisdiction over civil actions and the party who invokes jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.*

A Rule 12(b)(1) motion may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See id.* If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See Warren v. Fox Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, legal conclusions pled as factual allegations are not assumed to be true. *Id.* A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a). *See id.* In a factual challenge to jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *See id.*

When evaluating assertions of subject matter jurisdiction based on an exception to foreign sovereign immunity, courts apply the same pleading requirements as any other assertion of subject matter jurisdiction. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

### IV.     DISCUSSION

The Foreign Sovereign Immunities Act, 28 U.S.C. § 1602-1611 ("FSIA") provides the sole means by which courts of the United States can assert jurisdiction over foreign sovereigns. *Corzo v. Banco Central de Reserva del Peru*, 243 F.3d 519, 522 (9th Cir. 2001) (citing *Saudi Arabia v. Nelson,* 507 U.S. 349, 354 (1993)). Under FSIA, foreign sovereigns are presumptively immune from suit in the United States, unless one of several exceptions applies. 28 U.S.C. § 1604. Jurisdiction exists only if sovereign immunity does not. *Corzo*, 243 F.3d at 522. Thus, subject matter jurisdiction against a foreign sovereign depends on the existence of one of the exceptions to immunity set forth in FSIA. *Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004).

A foreign sovereign is not immune from jurisdiction in the United States when it (1) waives its immunity explicitly or implicitly, (2) conducts commercial activity in or having a direct effect in the United States, or (3) commits a tort in the United States. 28 U.S.C. § 1605. These exceptions are narrowly construed. *See Sec. Pac. Nat. Bank*, 872 F.2d 281, 285 (9th Cir. 1989) (construing the commercial exception narrowly); *Af-Cap, Inc. v. Chevron Overseas Ltd.*, 475 F.3d 1080, 1087 (9th Cir. 2007) (construing the waiver exception narrowly); *MacArthur Area Citizens Ass'n v. Republic of Peru*, 809 F.2d 918, 921 (D.C. Cir. 1987) (citing *Olsen by Sheldon v. Gov't of Mexico,* 729 F.2d 641, 645 (9th Cir. 1984)) (construing the tort exception narrowly).

To claim sovereign immunity, a defendant must establish a prima facie case that it is a foreign sovereign. This establishes a presumption that the defendant is protected by sovereign immunity. The plaintiff then has the burden of bringing evidence to show that one of the FSIA exceptions exists. Once the plaintiff has presented this evidence, the defendant must prove its entitlement to immunity by a preponderance of the evidence. *Meadows v. Dominican Republic,* 817 F.2d 517, 522-523 (9th Cir. 1987).

The Court will first consider whether NAB is a sovereign entity entitled to immunity and then determine if any of the exceptions to immunity apply to the present case. For the following reasons, the Court finds that NAB is entitled to immunity and **GRANTS** its Motion to Dismiss.

### A.  NAB is a Foreign Sovereign

As defined by FSIA, a foreign state includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state. 28 U.S.C. § 1603. Section 1603 defines political subdivisions and agencies as entities that are a separate legal person (corporate or otherwise), an organ of a foreign state, and are not a citizen of the United States. 28 U.S.C. § 1603. An entity is an organ of a foreign state if it engages in a public activity on behalf of the foreign government. *Cal Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1098 (9th Cir. 2008). To determine if an entity engages in a public activity, courts consider such factors as the circumstances surrounding the entity's creation, the purpose of its activities, and its independence from the government; an entity may be an organ of a foreign state even if it has some autonomy from the foreign government. *Id.*

NAB is a separate legal person from Ghana, it is not a citizen of the United States, and it is an organ of Ghana performing a public activity because it is a subdivision of the Ministry of Education and was;3fed000053a85;3fed000053a85 created by the National Accreditation Board Act of 2007. (Gaisie Decl. ¶ 2.) It is a public institution mandated to evaluate whether private or public schools should receive accreditation within Ghana. (Gaisie Decl. ¶ 2.) NAB was created to protect the Ghanaian public and ensure that medical graduates in the country are qualified. These factors are sufficient to show that NAB engages in a public activity and is an agency of Ghana under FSIA.

Therefore, NAB fits within FSIA's definition of "foreign state" and this Court lacks subject matter jurisdiction over it unless one of the exceptions exists.

### B.  Waiver Exception

A foreign nation is not immune from jurisdiction in the United States when it has waived its sovereign immunity explicitly or implicitly. 28 USC § 1605(a)(1). This exception is narrowly construed and courts look for strong evidence that a foreign state has waived its immunity. *In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 546 (9th Cir. 1996). Courts

have found such waivers in cases where a foreign state has agreed to arbitration in another country or where a foreign state has agreed that the law of a particular country should govern a contract. Courts have found implicit waivers when a foreign state has filed a responsive pleading without raising the defense of sovereign immunity. *Id.*

Plaintiffs make no showing that NAB explicitly waived its sovereign immunity. Furthermore, NAB raised sovereign immunity in its responsive pleading. Therefore, NAB has not waived its immunity

### C.     Commercial Exception

Foreign states are not immune from cases in which the claim is based upon a commercial activity carried on in the United States by the foreign state, or upon an act performed in the United States in connection with a commercial activity elsewhere, or upon commercial activity outside the United States that has a direct effect in the United States. 28 U.S.C. § 1605(a)(2). FSIA defines "commercial activity" as "either a regular course of commercial conduct or a particular commercial transaction or act," and provides that the "commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 USC § 1603 (d). A government's act is "commercial" if it is the type of transaction private actors could complete. But it is public in nature, and thus not within the commercial exception, if it is one which requires sovereign power, such as a government's regulation of the market or use of its police power. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992).

The only factual allegations against NAB are that it received unsolicited letters from parties in the United States and submitted the letters as evidence in legal proceedings in Ghana. This was done in pursuit of NAB's mandate to regulate medical practice in Ghana and protect the public. The first two commercial exceptions of § 1605(a)(2) do not apply because there are no factual allegations of any acts by NAB within the United States.

The third commercial exception of § 1605(a)(2) does not apply because there was no commercial activity by NAB in Ghana. NAB's acceptance of the letters and submission of them in trial proceedings was done to protect the public by ensuring the adequacy of medical workers in Ghana. This pursuit of the public welfare through regulating schools is an exercise of its sovereign police power and thus not commercial. However, even if accrediting medical schools were commercial, there is no evidence of a direct effect in the United States that would bring NAB within the commercial exception. An effect is "direct" if it follows as an immediate consequence of the defendant's activity. *Weltover*, 504 U.S. at 618. The immediate effect of NAB's actions was the calling into question of St. Lukes's qualifications, and this affected St. Luke in Ghana, not the United States. Any effect of damages to Dolphin or other doctors in the United States is at best secondary. Therefore, there is no commercial exception to NAB's sovereign immunity**.**

### D.     Tort Exception

A foreign state is not immune from claims for money damages for personal injury or death, or damage to or loss of property, occurring in the United States. 28 U.S.C. § 1605(a)(5). The Supreme Court has emphasized that this provision applies only when the tort occurs in the United States and not when it occurs wholly in a foreign country but has possible effects in the United States. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989).

Plaintiffs allege that NAB participated in a conspiracy in the United States, but this is a legal conclusion that the Court need not accept as true, and there is no evidence suggesting the existence of a conspiracy. Furthermore, all of the factual allegations against NAB occurred in Ghana. The letters it received were from the United States, but there is no evidence of any actions by NAB in the United States or directed toward the United States. Thus, Plaintiffs have not met their burden of showing a tort exception to sovereign immunity.

Because NAB is a foreign sovereign and none of the exceptions to immunity exist, it is entitled to sovereign immunity under FSIA**.**

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** NAB's Motion to Dismiss pursuant to Rule 12(b)(1).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |