1   LATHAM & WATKINS LLP
        Manny A. Abascal (Bar No. 171301)
2       Amy C. Quartarolo (Bar No. 222144)
        Michael A. Lundberg (Bar No. 258921)
3       Michael C. Godino (Bar No. 274755)
    355 South Grand Avenue
4   Los Angeles, California  90071-1560
    Telephone:  +1.213.485.1234
5   Facsimile:  +1.213.891.8763

6   Attorneys for Defendants Republic of
    Liberia, Ministry of Health, Ministry of
7   Education, Liberian Medical Board, and
    National Commission on Higher Education

8                    UNITED STATES DISTRICT COURT

9

10       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE-GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself, ROBERT FARMER, on behalf of a Class Action,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND, as official and individual; MOHAMMED SHARIFF, as official and individual; DR. BENSON BARH, as official and individual; DR. GEORGE GOLLIN, as official and individual; DR. BRAD SCHWARTZ, as official and individual; ALAN CONTRERAS, as official and individual; UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree | CASE NO. CV:11-06322-RGK-(SHx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS REPUBLIC OF LIBERIA, MINISTRY OF HEALTH, MINISTRY OF EDUCATION, LIBERIAN MEDICAL BOARD, AND NATIONAL COMMISSION ON HIGHER EDUCATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(1), AND 12(b)(6)<br><br>*[FILED CONCURRENTLY WITH NOTICE OF MOTION AND [PROPOSED] ORDER]*<br><br>[Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6)]<br><br>Hearing<br><br>Date:  September 9, 2012<br>Time:  9:00 a.m.<br>Judge: Hon. R. Gary Klausner |

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authorization; the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit corporation,

                    Defendants.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

2

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

# TABLE OF CONTENTS

2

Page

3

I.    INTRODUCTION ................................................................................. 1

4

II.   ALLEGATIONS OF THE COMPLAINT ........................................... 3

5

III.  ARGUMENT ........................................................................................ 5

6

     A.     As this Court Lacks Subject Matter Jurisdiction Under

7

            the Foreign Sovereign Immunities Act the Complaint

8

            Must Be Dismissed ................................................................... 5

9

     B.     The Complaint Fails To State A Claim Upon Which
            Relief Can Be Granted .............................................................. 8

10

11

            1.     Plaintiffs' Claims Under The ATS Must be
                   Dismissed Because they Fail to Demonstrate the
                   Requisite Elements ..................................................... 8

12

13

                  a.    Plaintiffs Fail to Allege A Violation Of
                           International Law .......................................... 8

14

                  b.    Plaintiffs Fail to Demonstrate Alien Status .................... 9

15

            2.     Plaintiffs' Tort Claims Are Time-Barred,

16

                   Impermissibly Bring United States Constitutional
                     Claims Against a Foreign Sovereign, and/or are

17

                   Deficient and Must be Dismissed .............................. 9

18

                    a.    Plaintiffs' Claim for Trade Libel Must be

19

                           Dismissed Because it is Time-Barred ........................... 10

20

                    b.    Plaintiffs' Claim for Libel Must be
                           Dismissed Because it is Time-Barred and a

21

                           Government Officials' Statements are
                           Privileged ..................................................... 10

22

23

                    c.    Plaintiffs' Claim for Intentional Interference
                           with Prospective Business Advantage Must

24

                           be Dismissed Because it is Time-Barred ..................... 10

25

                    d.    Plaintiffs' Claim for False Imprisonment
                           Must be Dismissed Because it is Time-

26

                           Barred .......................................................... 11

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

i

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

e.  Plaintiffs' Claim for Cruel and Unusual Punishment Must be Dismissed Because it Impermissibly Alleges  Constitutional Violations Against a Foreign Sovereign and it is Time-Barred .................................................... 11

f.  Plaintiffs' Claim for Unreasonable Seizure Must be Dismissed Because it Impermissibly Alleges Constitutional Violations Against a Foreign Sovereign and it is Time-Barred ...................................................... 12

g.  Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Impermissibly Alleges Constitutional Violations Against a Foreign Sovereign and it is Time-Barred ...................................................... 12

h.  Plaintiffs' Claims For Violations of Due Process and Equal Protection Must be Dismissed Because they Impermissibly Bring a Constitutional Claim Against a Foreign Sovereign and are Time-Barred .................... 13

i.  Plaintiffs' Claim For Harassment by Public Officials Must be Dismissed Because it Impermissibly Brings a Constitutional Claim Against a Foreign Sovereign and it is Time-Barred ...................................................... 13

j.  Plaintiffs' Computer Fraud and Abuse Claim Must be Dismissed Because It Fails to Allege the Requisite Elements .................................. 14

k.  Plaintiffs' Claim For Conspiracy To Commit Civil Rights Violations Must Be Dismissed Because it is Time-Barred .......................... 14

l.  Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it is Time-Barred ........................................... 15

m.  Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it is Time-Barred ........................................... 15

C.  The Complaint Has Other Procedural Defects That Merit Dismissal ........................................................ 15

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

ii

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1               1.     The Complaint Fails to Comply With FRCP 8 ....................... 15

2               2.     Plaintiffs' Class Allegations are Deficient ............................. 16

3                       a.     Plaintiffs Fail to Plead the Elements of

4                                FRCP 23(a)................................................................... 17

5                       b.     Plaintiffs Fail To Properly Plead FRCP

6                                Action ......................................................................... 19

7   II.     CONCLUSION ........................................................................... 20

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP   LA\2841088
ATTORNEYS AT LAW
LOS ANGELES
iii
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

## TABLE OF AUTHORITIES

2

Page

3

## CASES

4

*Abagninin v. Amvac Chem. Corp.*,
   545 F.3d 733 (9th Cir. 2008) ........................................................ 8

5

6

*Argentine Republic v. Amerada Hess Shipping Corp.*,
   488 U.S. 428 (1989) ........................................................... 5, 6, 7

7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2009) ............................................................. 15

8

9

*Birdsell v. United States*,
   346 F.2d 775 (5th Cir. 1965) ..................................................... 11

10

*Bowoto v. Chevron Corp.*,
   557 F. Supp. 2d 1080 (N.D. Cal. 2008) ........................................... 8

11

12

*Brulay v. United States*,
   383 F.2d 345 (9th Cir. 1967) ..................................................... 12

13

*Canatella v. Van Kamp*,
   486 F.3d 1128 (9th Cir. 2007) ......................................... 11, 12, 13, 14

14

15

*Corzo v. Banco Central de Reserva Del Peru*,
   243 F.3d 519 (9th Cir. 2001) ...................................................... 6

16

*E. Tex. Motor Freight Sys. V. Rodriguez*,
   431 U.S. 395 (1977) .............................................................. 18

17

18

*Export Group v. Reef Indus.*,
   54 F.3d 1466 (9th Cir. 1995) ...................................................... 5

19

*Flores v. S. Peru Copper Corp.*,
   414 F.3d 233 (2d Cir. 2003) .................................................... 2, 8

20

21

*Guatay Christian Fellowship v. County of San Diego*,
   670 F.3d 957 (9th Cir. 2011) ..................................................... 13

22

*Guess, Inc. v. Superior Court*,
   176 Cal. App. 3d 473 (1986) ..................................................... 10

23

24

*Hatch v. Reliance Ins. Co.*,
   785 F.2d 409 (9th Cir. 1985) ..................................................... 16

25

*Hudson v. Capital Mgmt. Int'l, Inc.*,
   565 F. Supp. 615 (N.D. Cal. 1983) ............................................... 18

26

27

*Hufford* v. *McEnaney*,
   249 F.3d 1142 (9th Cir. 2001) ................................................... 12

28

*In re First Am. Corp. Erisa Litig.*,
258 F.R.D. 610 (C.D. Cal. 2009) ...................................................................... 19

*Kadic v. Karadzic*,
70 F.3d 232 (2d Cir. 1995) ......................................................................... 2, 8

*Kansas City v. Williams*,
205 F.2d 47 (8th Cir. 1953) .......................................................................... 20

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ..................................................................................... 5

*Liu v. Republic of China*,
892 F.2d 1419 (9th Cir. 1989) ........................................................................ 9

*Lozano v. AT&T Wireless Servs.*,
504 F.3d 718 (9th Cir. 2007) ....................................................................... 19

*Mazur v. eBay Inc.*,
257 F.R.D. 563 (N.D. Cal. 2009) ................................................................... 17

*McDonnell-Douglas Corp. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
523 F.2d 1093 (9th Cir. 1975) ...................................................................... 19

*McDougal v. County of Imperial*,
942 F.2d 668 (9th Cir. 1991) ....................................................................... 14

*McFaddin v. H. S. Crocker Co., Inc.*,
219 Cal. App. 2d 585 (Ct. App. 1963) ........................................................... 11

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ....................................................................... 16

*Meadows v. Dominican Republic*,
817 F.2d 517 (9th Cir. 1987) ......................................................................... 7

*Nevijel v. North Coast Life Ins. Co.*,
651 F.2d 671 (9th Cir. 1981) ....................................................................... 16

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ................................................................................... 19

*Picus v. Wal-Mart Stores, Inc.*,
256 F.R.D. 651 (D. Nev. 2009) ..................................................................... 16

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ......................................................................... 8

*Sarei v. Rio Tinto, PLC*,
671 F.3d 736 (9th Cir. 2011) ......................................................................... 9

*Saudi Arabia v. Nelson*,
507 U.S. 349 (1993) ..................................................................................... 6

*Schlesinger v. Reservists Comm. to Stop the War*,
    418 U.S. 208 (1974) ..................................................................................18

*Schwartz v. Upper Deck Co.*,
    183 F.R.D. 672 (S.D. Cal. 1999) ................................................................17

*Serra v. Harley Lappin*,
    600 F.3d 1191 (9th Cir. 2010) ......................................................................9

*Sherman v. Henderson*,
    2010 U.S. App. LEXIS 11336 (9th Cir. June 3, 2010) ...............................16

*Siderman de Blake v. Republic of Argentina*,
    965 F.2d 699 (9th Cir. 1992) ...............................................................5, 6, 7

*Skinner v. Railway Labor Executives' Ass'n*,
    489 U.S. 602 (1989) ..................................................................................12

*Sosa v. Alvarez-Machain*,
    542 U.S. 692 (2004) ................................................................................7, 8

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ....................................................................15

*Stonehill v. United States*,
    405 F.2d 738 (9th Cir. 1969) ......................................................................12

*Tel-Oren v. Libyan Arab Republic*,
    726 F.2d 774 (D.C. Cir. 1984) .....................................................................8

*Theofel v. Farey-Jones*,
    359 F.3d 1066 (9th Cir. 2004) ....................................................................14

*Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*,
    594 F.2d 730 (9th Cir. 1979) .......................................................................5

*Thornton v. City of St. Helens*,
    425 F.3d 1158 (9th Cir. 2005) ...............................................................13, 14

*Trajano v. Marcos*,
    978 F.2d 493 (9th Cir. 1992) ...............................................................2, 7, 8

*Verlinden B. V. v. Central Bank of Nigeria*,
    461 U.S. 480 (1983) ....................................................................................5

*Vinole v. Countrywide Home Loans, Inc.*,
    246 F.R.D. 637 (S.D. Cal. 2007) ................................................................16

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (S. Ct. 2011) .....................................................................18

*Wolph v. Acer Am. Corp.*,
    No. C09-01314 JSW, 2012 WL 993531 (N.D. Cal. Mar. 23, 2012) ............17

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) .................................................................... 19

## STATUTES

18 U.S.C. § 1030 ......................................................................................... 14

18 U.S.C. § 1030(a)(5)(B) ........................................................................... 14

18 U.S.C. § 2701(a) ..................................................................................... 14

18 U.S.C. § 2701-12 .................................................................................... 14

28 U.S.C. § 1331 ............................................................................................ 5

28 U.S.C. § 1332(a) ....................................................................................... 5

28 U.S.C. § 1350 ..................................................................................... 2, 5, 7

28 U.S.C. § 1603(a) ....................................................................................... 5

28 U.S.C. § 1604 ....................................................................................... 2, 6

28 U.S.C. § 1605(a)(1) ................................................................................... 6

28 U.S.C. § 1605(a)(2) ................................................................................... 6

28 U.S.C. § 1605(a)(3) ................................................................................... 6

28 U.S.C. § 1605(a)(4) ................................................................................... 6

28 U.S.C. § 1605(a)(5) ............................................................................... 6, 7

28 U.S.C. § 1605(a)(6) ................................................................................... 6

28 U.S.C. § 1605(b) ....................................................................................... 6

28 U.S.C. § 1605A .......................................................................................... 6

28 U.S.C. § 1607 ............................................................................................ 6

42 U.S.C. § 1983 ................................................................................... passim

Cal. Civ. Code § 45 ...................................................................................... 10

Cal. Civ. Code § 47(a) ................................................................................. 10

Cal. Civ. Proc. Code § 339(1) ...................................................................... 10

Cal. Civ. Proc. Code § 340(c) ................................................................ 10, 11

LATHAM&WATKINS LLP   LA\2841088
ATTORNEYS AT LAW
LOS ANGELES

vii

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

**RULES**

2   Fed. R. Civ. P. 23(a) ....................................................................... 17, 19

3   Fed. R. Civ. P. 23(a)(1) ...................................................................... 18

4   Fed. R. Civ. P. 23(a)(2) ...................................................................... 18

5   Fed. R. Civ. P. 23(a)(4) ...................................................................... 17

6   Fed. R. Civ. P. 23(b)(1) ...................................................................... 19

7   Fed. R. Civ. P. 23(b)(1)(A) ................................................................ 19

8   Fed. R. Civ. P. 23(b)(1)(B) ................................................................ 19

9   Fed. R. Civ. P. 23(b)(2) ...................................................................... 19

10  Fed. R. Civ. P. 23(b)(3) .................................................................. 19, 20

11  Fed. R. Civ. P. 8(a)(2) ........................................................................ 15

12  Fed. R. Civ. P. 8(d)(1) ........................................................................ 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

viii

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On February 8, 2012, St. Luke School of Medicine-Ghana ("SL-G"), St. Luke School of Medicine-Liberia ("SLSOM"), Dr. Jerroll B.R. Dolphin ("Dolphin"), and Robert Farmer[1] (collectively, "Plaintiffs") filed a lengthy First Amended Class Action Complaint (the "FAC" or "Complaint") largely duplicative of another complaint they filed in March 2010. The Republic of Liberia moved to dismiss the 2010 complaint, but before hearing arguments this Court dismissed the suit in its entirety for lack of subject matter jurisdiction.[2] Plaintiffs now bring essentially the same complaint, including the same fundamental defects, that was previously dismissed almost two years ago.

The current Complaint alleges twenty claims against a combination of seventeen separate defendants. The Court has already considered and granted motions to dismiss filed by other defendants on grounds substantially similar this Motion.[3] Because service was only recently made effective against the Republic of Liberia,[4] both it and its

---

[1]     Plaintiffs SL-G, SLSOM, and purported class representative Robert Farmer were dismissed from this action on December 1, 2011. (Dkt. 21.) All three parties were retained on the caption when the FAC was filed on February 8, 2012.

[2]     Case No. 2:10-cv-01791-RGK-SH, Dkt. 61 (Order Dismissing Complaint).

[3]     Motions to dismiss have already been granted in favor of the following: Alan Contreras (motion granted March 29, 2012 (Dkt. 89)); State of Oregon, Office of Degree Authorization (motion granted March 29, 2012 (Dkt. 89)); Educational Commission for Foreign Medical Graduates (motion granted April 2, 2012 (Dkt. 90)); Foundation for Advancement of Medical Education and Research (motion granted April 2, 2012 (Dkt. 90)); Dr. George Gollin (motion granted *with prejudice* May 3, 2012 (Dkt. 119)); University of Illinois-Urbana Champaign (motion granted *with prejudice* May 3, 2012 (Dkt. 119)); and National Accreditation Board of the Republic of Ghana (motion granted July 27, 2012 (Dkt. 144). Dr. Gollin and the University of Illinois-Urbana Champaign also were awarded costs (Dkt. 130).

[4]     The Republic of Liberia notes that no separate service appears to have been executed on the separately-named Liberian governmental agencies nor on the three named individuals being sued in both their official Liberian governmental and individual capacities: Dr. Isaac Roland, Mr. Mohammed Shariff, and Dr. Benson Barh.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

1

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    separately-named agencies Ministry of Health, Ministry of Education, Liberian Medical

2    Board and National Commission on Higher Education (collectively, "Republic of

3    Liberia")[5] now bring this motion to dismiss ("Motion") on the grounds of foreign

4    sovereign immunity, failure to state a claim and failure to plead with particularity.

5         The Republic of Liberia is a small West African country.  Foreign sovereigns are

6    immune from suit in United States District Courts unless a few narrow exceptions are met.

7    *See* 28 U.S.C. § 1604.  Here, no such exception applies.  Therefore, the Complaint must be

8    dismissed for lack of subject matter jurisdiction.

9         Even assuming, *arguendo*, that this Court had jurisdiction for claims against the

10   Republic of Liberia, the Complaint fails to state a claim upon which relief can be granted.

11   Under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350,[6] Plaintiffs fail to satisfy the three

12   requirements to state a claim for relief:  (i) a claim by an alien, (ii) a tort, and (iii) a

13   violation of international law.  *Trajano v. Marcos*, 978 F.2d 493, 499 (9th Cir. 1992).

14   Moreover, the separate torts alleged further fail to state a claim upon which relief can be

15   granted, are time-barred, and/or are deficient and must be dismissed.

16        The Complaint has additional procedural defects that require dismissal.  The

17   Complaint is 85 pages in pages in length, with an additional 131 pages of exhibits, and as

18   such fails to meet the "short and plain statement" standard required by Federal Rule of

19   Civil Procedure ("FRCP") 8.  Despite its length, the Complaint does not provide notice as

20   to which allegations are directed towards which Defendants, nor does it provide the basis

21   for those allegations.  Furthermore, while the Complaint is couched as a class action, the

22   class allegations are entirely deficient and none of the prerequisites for certification under

23

24   [5]   The National Transitional Legislative Assembly ("NTLA"), a defunct
     governmental entity from a former regime, is named as a defendant but is no
25   longer in existence.

26   [6]   This provision is also referred to as the "Alien Tort Act," *see, e.g. Kadic v.
     Karadzic*, 70 F.3d 232, 238 (2d Cir. 1995), and the "Alien Tort Claims Act," *see e.g.*
27   *Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 236 (2d Cir. 2003).

28

1  FRCP 23(a) and 23(b)(2) are satisfied.  These deficiencies further merit dismissal of the
2  Complaint.

3          Plaintiffs' current Complaint has not cured the fundamental defects of their prior
4  lawsuit, which this Court dismissed in its entirety.  The Republic of Liberia respectfully
5  requests that this Court dismiss all claims against them.

6  **II.      ALLEGATIONS OF THE COMPLAINT**

7          Assuming the facts alleged in the Complaint to be true for the limited purpose of
8  this Motion, Dolphin began attempting to establish a medical school in Liberia in 2000
9  (FAC at 13[7]) aimed at educating Liberian and international students.  (*Id.* at 13-14.)  The
10  medical school had an online curriculum.  (*Id.* at 13.)  On August 8, 2003, former president
11  of the Republic of Liberia Charles Taylor signed a charter for St. Luke School of
12  Medicine, granting permission to establish a college of medicine; five days later he
13  resigned his Presidency and fled the country.  (*Id.* at 15-16.)  Dolphin spent the next year
14  and a half struggling to maintain the school.  (*Id.* at 16.)

15          On January 20, 2005, the Education Commission for Foreign Medical Graduates
16  (the "Education Commission"), a United States non-profit corporation, informed
17  Defendants that they required confirmation from the government of Liberia that the school
18  was authorized to issue medical degrees.  (*Id.* at 17.)  The Education Commission removed
19  St. Luke School of Medicine from the International Medical Education Directory on April
20  11, 2005.[8]  (*Id.* at 29-30.)

21          Dolphin was interviewed by Liberian officials regarding the St. Luke School of
22  Medicine.  (*Id.* at 22-23.)  In March 2005, Dolphin was detained at the Monrovia airport,
23  which caused him to miss a flight.  (*Id.* at 24.)  His passport was confiscated and later

24  _____

25  [7]      While the Republic of Liberia normally would prefer to cite to specific
26  numbered paragraphs of a pleading, because multiple paragraphs of the Complaint bear
    the same letters and/or numbers, the Republic of Liberia refers only to page numbers.
27  [8]      According to the Complaint, St. Luke School of Medicine was removed "with
28  bias" on April 27, 2005.  (FAC at 37.)

1  returned.  (*Id.* at 24, 27-28.)  His passport was also confiscated briefly during the course of

2  hearings held by the Liberian Medical Board and the NTLA-Health and Social Welfare

3  Committee regarding St. Luke School of Medicine in April 2005.  (*Id.* at 27-28, 30, 32, 35-

4  36.)  Liberian media reports described the school as fraudulent and accused it of issuing

5  phony diplomas.  (*Id.* at 26-27, 33-34, 38-40.)

6          Notably, while Plaintiffs allege that Defendants' conduct prohibited Dolphin from

7  managing the school, they fail to allege any specific conduct by the Republic of Liberia,

8  the Liberian Ministry of Health, the Liberian Ministry of Education, the Liberian Medical

9  Board, or the Liberian National Commission on Higher Education that occurred on United

10  States territory.  Plaintiffs further allege that Defendants' conduct caused actionable

11  emotional distress, but fail to allege serious emotional distress.  (*Id.* at 79-80.)  While many

12  claims fail to identify supporting facts, each of the complained-of incidents appears to have

13  occurred either in or prior to 2006.

14          Based on these alleged facts, Plaintiffs appear to assert the following claims against

15  the Republic of Liberia: (i) unreasonable seizure in violation of the Fourth Amendment to

16  the United States Constitution; (ii) violation of Defendant's right to due process under the

17  Fifth Amendment to the United States Constitution; (iii) cruel and unusual punishment in

18  violation of the Eighth Amendment to the United States Constitution; (iv) deprivation of

19  liberty, due process, and equal protection in violation of the Fourteenth Amendment to the

20  United States Constitution; (v) conspiracy to violate civil rights; (vi) harassment by public

21  officials; (vii) libel; (viii) trade libel; (ix) intentional interference with prospective

22  economic relations;[9] (x) computer fraud and abuse;[10] (xi) false imprisonment; (xii)

23  intentional infliction of emotional distress; and (xiii) negligent infliction of emotional

24  _____

25  [9]       Defendants appear to alternatively refer to this tort as "interference in
   business advantage."  (*See* FAC at 73.)

26  [10]      Due to the vague construction of Plaintiff's Complaint, it is unclear whether

27  or not this claim for relief is asserted against the Republic of Liberia.  In the
   interest of thoroughness, the Republic of Liberia has addressed this claim.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

4

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    distress.  (*Id.* at 53-83.)

2    **III.    ARGUMENT**

3          **A.    As this Court Lacks Subject Matter Jurisdiction Under the Foreign
                 Sovereign Immunities Act the Complaint Must Be Dismissed**

4

5          A plaintiff bears the burden of establishing that the federal court whose

6    jurisdiction it is invoking has the requisite subject matter jurisdiction to grant the

7    relief requested.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

8    376-78 (1994).  A complaint will be dismissed if, looking at the complaint as a

9    whole, it appears to lack federal jurisdiction either "facially" or "factually."  *See*

10   *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733

11   (9th Cir. 1979).  Here, Plaintiffs assert federal jurisdiction under the Friendship

12   Treaty, 28 U.S.C. § 1350 (ATS), 28 U.S.C. § 1331 (Federal Question Jurisdiction)

13   and 28 U.S.C. § 1332(a) (Diversity Jurisdiction).  (FAC at 5-8.)  None of these

14   asserted bases support a finding of subject matter jurisdiction for this action.

15         The Republic of Liberia is a foreign state.  The Foreign Sovereign

16   Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA"), is the sole basis for obtaining

17   jurisdiction over a foreign state in federal court.  *See Argentine Republic v.*

18   *Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989).  A federal court

19   adjudicating a claim against a foreign state must determine whether the FSIA

20   provides subject matter jurisdiction.  *See Verlinden B.V. v. Central Bank of*

21   *Nigeria*, 461 U.S. 480, 493-94 (1983); *Siderman de Blake v. Republic of*

22   *Argentina*, 965 F.2d 699, 706 (9th Cir. 1992).[11]  A court cannot proceed against a

23   _____

24   [11]      To the extent Plaintiffs contend that service has been made, all of the
     jurisdictional arguments applicable to Defendant Republic of Liberia similarly

25   apply to Defendants Ministry of Health, the Ministry of Education, the Liberian
     Medical Board, and the National Commission on Higher Education as each is a

26   subdivision of the Republic of Liberia.  A "foreign state" under the FSIA includes
     "a political subdivision of a foreign state," and "an agency or instrumentality of a

27   foreign state[.]"  28 U.S.C. § 1603(a).  Furthermore, Plaintiffs concede
     Defendants' foreign state status.  *See Export Group v. Reef Indus.*, 54 F.3d 1466,

28   1470 (9th Cir. 1995) (finding a sovereign defendant met its burden to show

foreign state without subject matter jurisdiction.  *See Siderman de Blake*, 965 F.2d at 706.  Foreign sovereigns are presumptively immune from suit in the United States unless an exception applies.  *See* 28 U.S.C. § 1604; *see also Argentine Republic*, 488 U.S. at 435-39; *Corzo v. Banco Central de Reserva Del Peru*, 243 F.3d 519, 522 (9th Cir. 2001).  Where a plaintiff's claim does not fall under an exception, a court lacks subject matter jurisdiction.  *See Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (superseded on other grounds); *Corzo*, 243 F.3d at 522.

Here, none of the nine FSIA exceptions apply to the claims asserted:

(1)     the Republic of Liberia has not waived immunity, either implicitly or explicitly, 28 U.S.C. § 1605(a)(1);

(2)     the claims do not involve commercial activities occurring in, or having a direct effect in, the United States, 28 U.S.C. § 1605(a)(2);

(3)     the claims do not involve property expropriated in violation of international law, 28 U.S.C. § 1605(a)(3);

(4)     the claims do not involve inherited, gift, or immovable property located in the United States, 28 U.S.C. § 1605(a)(4);

(5)     the noncommercial torts alleged did not take place in the United States, 28 U.S.C. § 1605(a)(5);

(6)     the claims do not involve the enforcement of an international arbitration agreement, 28 U.S.C. § 1605(a)(6);

(7)     the claims do not involve maritime liens, 28 U.S.C. § 1605(b);

(8)     the claims do not involve international terrorism, 28 U.S.C. § 1605A;

(9)     the claims are not counterclaims, 28 U.S.C. § 1607.

---

government status by admissions in the other party's pleadings).  In the Complaint caption, Plaintiffs describe the related Liberian defendant entities as "Liberian Governmental Agenc[ies ]."  The Ministry of Health is described as "the primary institution for health care delivery services in the Republic of Liberia.  The MH is responsible for providing health and social welfare services to the citizens of Liberia."  (FAC at 9.)  The Liberian Medical Board is described as "the primary institution for the licensing of medical doctors in the Republic of Liberia.  It is a branch of the MH of the Republic of Liberia."  (*Id.*)  The National Commission on Higher Education is described as "the national accrediting agency for the Ministry of Education of the Republic of Liberia ('NCHE')."  (*Id.*)  The Ministry of Education is "the education agency of the Republic of Liberia."  (*Id.*)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

6

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

It is especially noteworthy that Plaintiffs do not allege that the Republic of Liberia or its related entities engaged in *any* tortious acts or omissions within the United States. *See Argentine Republic*, 488 U.S. at 439, 441 (emphasizing that the exception provided by 28 U.S.C. § 1605(a)(5) applies only when a tort occurs in the United States, and not when it occurs wholly in a foreign country but has possible effects in the United States).

Once a foreign sovereign produces prima facie evidence of immunity, as the Republic of Liberia does here, the burden shifts to the plaintiff to produce evidence demonstrating that a foreign state is not entitled to immunity. *See Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987). Plaintiffs have not demonstrated that any of the exceptions to the FSIA applies. Thus, this Court does not have subject matter jurisdiction and the Complaint should be dismissed.

The ATS does not provide an independent exception to the FSIA. *See* 28 U.S.C. § 1350; *see also Argentine Republic*, 488 U.S. at 434-38. When a foreign state is sued, the FSIA trumps the ATS. *See Trajano*, 978 F. 2d at 496. Therefore, one of the nine enumerated exceptions to the FSIA must apply for the Court to have subject matter jurisdiction over a claim asserted under the ATS. *See Argentine Republic*, 488 U.S. at 434-38; *Siderman de Blake*, 965 F.2d at 714 (ATS claim against a foreign state not expressly countenanced by the FSIA cannot be heard). Because the Republic of Liberia is immune from suit under the FSIA, any claims asserted under the ATS are improper and must be dismissed.

Plaintiffs have further failed to establish this Court's jurisdiction under the ATS. The ATS only confers upon federal courts the jurisdiction "to hear claims in a very limited category defined by the law of nations and recognized at common law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). As discussed below, the Complaint fails to satisfy the three requirements necessary to bring a claim under the ATS: (1) a claim by an alien, (2) a tort, and (3) a violation of international law. *See Trajano*, 978 F.2d at 499 (jurisdiction appropriate only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

7

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  where all three requirements met).  Thus, this Court lacks subject matter

2  jurisdiction and the Complaint should be dismissed.

3  **B.    The Complaint Fails To State A Claim Upon Which Relief Can Be Granted**

4

5      In accordance with FRCP 12(b)(6), dismissal is appropriate if there is a "(1) lack of

6  a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."

7  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In addition to

8  the Republic of Liberia's immunity under the FSIA, Plaintiffs fail to state a viable claim

9  under the ATS, federal or California law.  Thus, the Complaint should be dismissed.

10     **1.    Plaintiffs' Claims Under The ATS Must be Dismissed Because they Fail to Demonstrate the Requisite Elements**

11

12     There are three requirements to state a claim for relief under the ATS:  (i) a claim by

13  an alien, (ii) a tort, and (iii) a violation of international law.  *See Trajano*, 978 F.2d at 499.

14          **a.    Plaintiffs Fail to Allege A Violation Of International Law**

15     The law of nations is synonymous with "customary international law."  *See Flores*,

16  414 F.3d at 247 n.2.  A violation of international law must contravene a norm that is

17  specific, universal and obligatory.  *See Sosa*, 542 U.S. at 725.  A complaint that does not

18  allege facts showing violation of a universally-acknowledged norm fails to state a claim

19  under the ATS.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 740 (9th Cir.

20  2008).  Federal courts have recognized claims for certain crimes against humanity,

21  including genocide and torture, as sufficiently universal to give rise to jurisdiction under

22  the ATS.  *See, e.g., Bowoto v. Chevron Corp.*, 557 F. Supp. 2d 1080, 1084-85 (N.D. Cal.

23  2008) (torture and summary execution); *Kadic v. Karadzic*, 70 F.3d 232, 239-42 (2d Cir.

24  1995) (genocide and war crimes); *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 791

25  n.20 (D.C. Cir. 1984) (Edwards, J., concurring) (torture, summary execution, genocide and

26  slavery) (citations omitted)).  Plaintiffs fail to allege a violation of any such universally-

27  acknowledged norm.  Instead, the torts alleged by Plaintiffs are routine personal injury and

28  business torts.  Therefore, Plaintiffs' claims under the ATS fail.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

8

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

### b. Plaintiffs Fail to Demonstrate Alien Status

Plaintiffs further fail to demonstrate that they are "aliens" capable of bringing the Complaint. The Ninth Circuit held that "the scope of the ATS is limited to suits 'by an alien'" and that the ATS "admits no cause of action by non-aliens." *Serra v. Harley Lappin*, 600 F.3d 1191, 1198 (9th Cir. 2010). Dolphin does not allege alien status, and concedes that he is a "resident of Los Angeles, California." (FAC at 11.) While the Complaint alleges that "approximately one-third of SLSOM's student and graduate population . . . are aliens" (*Id.* at 11), certain plaintiffs, including purported class representative Farmer and 40 of the 61 named medical students, appear to be United States residents. (*See* Complaint, Ex. A.) Because Plaintiffs fail to adequately demonstrate their alien status, they are incapable of bringing claims under the ATS.

Moreover, the ATS creates jurisdiction only for claims brought by alien *persons* and not corporate entities. *See Sarei v. Rio Tinto, PLC*, 671 F.3d 736, 746 (9th Cir. 2011). Plaintiffs assert that Plaintiffs SL-G and SLSOM are Ghanaian and Liberian corporations, respectively. (FAC at 5.) As corporate plaintiffs, SL-G and SLSOM are unable to bring claims under the ATS. *See Sarei*, 671 F.3d at 746.

### 2. Plaintiffs' Tort Claims Are Time-Barred, Impermissibly Bring United States Constitutional Claims Against a Foreign Sovereign, and/or are Deficient and Must be Dismissed

Even assuming that Plaintiffs could have established an exception under the FSIA and jurisdiction under the ATS, Plaintiffs impermissibly assert tort claims that are time-barred and based upon laws – including the United States Constitution, federal and California law – which do not apply to the Republic of Liberia[12] and must be dismissed.

---

[12]    Federal common law provides the appropriate choice of law rule in cases arising under the FSIA, and presumes the law where the injury occurred applies unless another state has a more significant relationship to the tort and to the parties. *See Liu v. Republic of China*, 892 F.2d 1419, 1426 (9th Cir. 1989). Given that the events in question allegedly occurred in Liberia, it would appear that Plaintiffs should have applied Liberian law to their claims asserted against the Republic of Liberia.

LATHAM&WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

9

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

2

      **a.**    **Plaintiffs' Claim for Trade Libel Must be Dismissed Because it is Time-Barred**

3       Plaintiffs' claim for trade libel is time-barred. The statute of limitations for a trade

4 libel claim is two years. *See* CAL. CIV. PROC. CODE § 339(1); s*ee also Guess, Inc. v.*

5 *Superior Court*, 176 Cal. App. 3d 473, 479 (1986). The last of the allegedly false

6 statements made by the Republic of Liberia was on May 10, 2005. (*See* FAC at 60.)

7 Thus, the statute of limitations for Plaintiffs' claim expired more than five years ago.

8

9

      **b.**    **Plaintiffs' Claim for Libel Must be Dismissed Because it is Time-Barred and a Government Officials' Statements are Privileged**

10       The statute of limitations for a libel claim is one year. *See* CAL. CIV. PROC. CODE

11 § 340(c). The latest publication date identified by Plaintiffs is July 19, 2005. (*See* FAC

12 at 132.) Thus, the statute of limitations for Plaintiffs' claim expired six years ago.

13       Moreover, in order to state a claim for libel, a plaintiff must plead "a false and

14 unprivileged publication by writing . . . or other fixed representation to the eye, which

15 exposes any person to hatred . . . or which has a tendency to injure him in his occupation."

16 CAL. CIV. CODE § 45. Language used in the discharge of official duties is absolutely

17 privileged. *See* CAL. CIV. CODE § 47(a). Thus, any statement made by the Republic of

18 Liberia or a Liberian official about Plaintiffs in the discharge of their official duties

19 would be privileged and not subject to libel.[13]

20

21

      **c.**    **Plaintiffs' Claim for Intentional Interference with Prospective Business Advantage Must be Dismissed Because it is Time-Barred**

22       The statute of limitations for claims of intentional interference with prospective

23 business relationships is two years. *See* CAL. CIV. PROC. CODE § 339(1); *Guess, Inc.*, 176

24 Cal. App. 3d at 478 (the two-year period of Section 339 applies to all alleged

25 infringements of property rights, including intentional interference with prospective

26

27

28

[13]     This privilege would presumably apply to any statements allegedly made by Defendants Roland, Shariff and Barh while acting in their official capacities.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

10

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1   business relationships); *see also McFaddin v. H. S. Crocker Co., Inc.*, 219 Cal. App. 2d

2   585, 591 (Ct. App. 1963).  The last of the allegedly false statements made by the Republic

3   of Liberia was on May 10, 2005.  (*See* FAC at 60.)  Thus, the statute of limitations for

4   Plaintiffs' claim expired five years ago.

**d.    Plaintiffs' Claim for False Imprisonment Must be Dismissed Because it is Time-Barred**

7       The statute of limitations for a false imprisonment claim is one year.  *See* CAL.

8   CIV. PROC. CODE § 340(c).   The last alleged instance of false imprisonment occurred on

9   July 23, 2005.  (*See* FAC at 134.)  Thus, the statute of limitations for Plaintiffs' claim

10   expired six years ago.

**e.    Plaintiffs' Claim for Cruel and Unusual Punishment Must be Dismissed Because it Impermissibly Alleges Constitutional Violations Against a Foreign Sovereign and it is Time-Barred**

13       Plaintiffs' Eighth Amendment claim of cruel and unusual punishment is

14   inapplicable to the Republic of Liberia as a foreign sovereign and must be

15   dismissed.  *See Birdsell v. United States*, 346 F.2d 775, 782 (5th Cir. 1965) ("[T]he

16   Bill of Rights … is inapplicable to an action by a foreign sovereign in its own

17   territory in enforcing its own laws").

18       Plaintiffs' claim is also time-barred.  The statute of limitations for actions

19   under 42 U.S.C. § 1983 is one year if the cause of action arose prior to January 1,

20   2003, and two years if the cause of action arose after January 1, 2003.  *See*

21   *Canatella v. Van Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).  Plaintiffs fail to

22   allege any specific acts by the Republic of Liberia with regard to this claim;

23   however, Plaintiffs allege potentially related acts occurred in 2005.  (*See* FAC at

24   54, 55.)  Thus, the statute of limitations on Plaintiffs' claim expired five years ago.

25   ///

26   ///

27   ///

28   ///

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

11

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1
2
3

**f.** **Plaintiffs' Claim for Unreasonable Seizure Must be Dismissed Because it Impermissibly Alleges Constitutional Violations Against a Foreign Sovereign and it is Time-Barred**

4   Plaintiffs' Fourth Amendment claim of unreasonable seizure is inapplicable

5   to the Republic of Liberian as a foreign sovereign and must be dismissed. *See*

6   *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 613-14 (1989);

7   *Stonehill v. United States*, 405 F.2d 738, 743 (9th Cir. 1969) ("Neither the Fourth

8   Amendment … nor the exclusionary rule of evidence . . . is applicable to the acts

9   of foreign officials"); *Brulay v. United States*, 383 F.2d 345, 348 (9th Cir. 1967)

10   (Fourth and Fourteenth Amendments not directed at foreign officials).

11   Plaintiffs' claim is also time-barred.  The statute of limitations for claims

12   brought under 42 U.S.C. § 1983 is two years if the cause of action arose after

13   January 1, 2003.  *Canatella*, 486 F.3d at 1132-33.  Plaintiffs allege that the

14   unreasonable seizures by the Republic of Liberia occurred in 2005.  Accordingly,

15   the applicable statute of limitations expired five years ago.

16
17
18

**g.** **Plaintiffs' Claim for Violations of Due Process Must be Dismissed Because it Impermissibly Alleges Constitutional Violations Against a Foreign Sovereign and it is Time-Barred**

19   Plaintiffs' Due Process claim is inapplicable to the Republic of Liberia as a

20   foreign sovereign because constitutional claims may only be brought against the

21   United States government or a state actor, and the Republic of Liberia is neither.

22   *See Hufford* v. *McEnaney,* 249 F.3d 1142, 1150 (9th Cir. 2001) (procedural due

23   process claims require an action by the United States government).

24   Plaintiffs' claim is also time-barred.  The statute of limitations for claims

25   brought under 42 U.S.C. § 1983 is the statute of limitations for personal injury torts

26   of the state in which the action occurred.  *See Canatella*, 486 F.3d at 1132-33 (9th

27   Cir. 2007).  Even if Plaintiffs could show the tort occurred in California, the statute

28   of limitations period for personal injury torts accruing after January 1, 2003 is two

years.  *Id.*  The Complaint fails to allege any due process violation by the Republic of Liberia arising in the United States, let alone one occurring in the last two years.

**h.    Plaintiffs' Claims For Violations of Due Process and Equal Protection Must be Dismissed Because they Impermissibly Bring a Constitutional Claim Against a Foreign Sovereign and are Time-Barred**

Plaintiffs' claims of due process and equal protection constitutional violations are inapplicable to acts allegedly committed by Liberian officials in Liberia and must be dismissed.  Again, constitutional claims may only be brought against the United States government or a state actor, and the Republic of Liberia is neither.  *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983-84 (9th Cir. 2011) (to state a claim under the Due Process Clause a plaintiff must allege a deprivation of the interest by the United States government); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (to plead an Equal Protection Clause violation a Plaintiff must show a state actor subject to the United States Constitution intentionally or purposefully discriminated against him because of his membership in a protected class).

Plaintiffs' claim is also time-barred.  The statute of limitations for actions brought under 42 U.S.C. § 1983 is one year if the cause of action arose prior to January 1, 2003, and two years if the cause of action arose after January 1, 2003.  *See Canatella*, 486 F.3d at 1132-33.  The acts alleged in the Complaint occurred in 2006 or earlier.  (*See* FAC at 55-56.)  Thus, the statute of limitations for Plaintiffs' claim expired at least four years ago.

**i.    Plaintiffs' Claim For Harassment by Public Officials Must be Dismissed Because it Impermissibly Brings a Constitutional Claim Against a Foreign Sovereign and it is Time-Barred**

Plaintiffs fail to state the statutory basis for their claim of harassment by public officials; instead, Plaintiffs appear to have re-alleged their flawed equal protection claim.  (*See* FAC at 59.)  Constitutional violations are inapplicable to

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

13

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  the Republic of Liberia as a foreign sovereign because it is neither the United

2  States government nor a state actor.  *See Thornton*, 425 F.3d at 1166-67.  Thus,

3  Plaintiffs' claim must be dismissed.

4       Moreover, Plaintiffs' claim, to the extent it is discernible, is also time-

5  barred.  The statute of limitations for claims under 42 U.S.C. § 1983 is one year if

6  the cause of action arose prior to January 1, 2003, and two years if the cause of

7  action arose after January 1, 2003.  *See Canatella*, 486 F.3d at 1132-33.  Plaintiffs

8  have not alleged any improper actions occurring within the last two years.

9           **j.**    **Plaintiffs' Computer Fraud and Abuse Claim Must be**

10                 **Dismissed Because It Fails to Allege the Requisite Elements**

11       It is unclear whether Plaintiffs' computer fraud claim is directed at the

12  Republic of Liberia, and further unclear whether that claim is based on the Stored

13  Communications Act ("SCA")(18 U.S.C. § 2701-12) and/or the Computer Fraud

14  and Abuse Act ("CFAA") (18 U.S.C. § 1030).  In any event, Plaintiffs' claim is

15  deficient and must be dismissed.  Plaintiffs have not alleged that the Republic of

16  Liberia intentionally and without permission accessed and affected or obtained

17  Plaintiffs' electronic information as required by the two statutes. *See* 18 U.S.C.

18  § 2701(a) (SCA);  18 U.S.C. § 1030(a)(5)(B) (CFAA); *see also Theofel v. Farey-*

19  *Jones*, 359 F.3d 1066, 1072, 1078 (9th Cir. 2004).  (*See* FAC at 75-78.)  Thus,

20  Plaintiffs fail to state a claim under either statute.

21           **k.**    **Plaintiffs' Claim For Conspiracy To Commit Civil Rights**

22                 **Violations Must Be Dismissed Because it is Time-Barred**

23       The statute of limitations for a claim of conspiracy to commit civil rights

24  violations is the same as under section 1983: two years for violations after January

25  1, 2003.  *See McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir.

26  1991); *Canatella*, 486 F.3d at 1132-33.  Plaintiffs fail to plead any facts supporting

27  the existence of a conspiracy or of acts taken within the United States, let alone

28  any violations that have occurred in the last two years.  (*See* FAC at 56-58.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

14

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

2

         **l.**      **Plaintiffs' Claim for Intentional Infliction of Emotional Distress Must be Dismissed Because it is Time-Barred**

3       The statute of limitations for a claim of intentional infliction of emotional distress

4  is two years. *See* CAL. CIV. PROC. CODE § 335.1. The alleged conduct of the Republic of

5  Liberia occurred in 2005. (*See* FAC at 24-34, 37-39, 41.) Thus, the statute of limitations

6  on Plaintiffs' claim expired five years ago.

7

8

         **m.**     **Plaintiffs' Claim for Negligent Infliction of Emotional Distress Must be Dismissed Because it is Time-Barred**

9       Plaintiffs' claim is time-barred. The statute of limitations for a claim of negligent

10  infliction of emotional distress is two years. *See* CAL. CIV. PROC. CODE § 335.1. The

11  alleged conduct of the Republic of Liberia underlying this claim occurred in 2005. (*See*

12  FAC at 24-34, 37-39, 41.) Thus, the statute of limitations for Plaintiffs' claim expired

13  five years ago.

14     **C.**    **The Complaint Has Other Procedural Defects That Merit Dismissal**

15         **1.**    **The Complaint Fails to Comply With FRCP 8**

16

17       In addition to the numerous procedural and substantive pleading flaws

18  described above, Plaintiffs' Complaint fails to comply with FRCP 8 and should be

19  dismissed. FRCP 8(a) requires a complaint to provide "a short and plain statement

20  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

21  The Supreme Court has held that under FRCP 8(a), a complaint must "state a claim

22  to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

23  570 (2009); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual

24  allegations that are taken as true must plausibly suggest an entitlement to relief, such

25  that it is not unfair to require the opposing party to be subjected to the expense of

26  discovery and continued litigation").

27       Pleadings must also be "simple, concise, and direct." Fed. R. Civ. P.

28  8(d)(1). Complaints that are "verbose, confusing and almost entirely conclusory"

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

15

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  are properly dismissed under FRCP 8 without leave to amend.  *See Nevijel v. North*

2  *Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981); *see also Hatch v. Reliance*

3  *Ins. Co.*, 785 F.2d 409, 415 (9th Cir. 1985) (upholding the dismissal of a complaint

4  that exceeded seventy pages in length and was confusing and conclusory).

5  Likewise, pleadings that are "argumentative, prolix, replete with redundancy, and

6  largely irrelevant" also violate FRCP 8.  *McHenry v. Renne*, 84 F.3d 1172, 1177-

7  80 (9th Cir. 1996).

8      Here, the Complaint is 85 pages long, with an additional 131 pages of

9  exhibits, yet fails to clearly and comprehensibly state either a factual or legal basis

10  for the relief sought.  Indeed, despite being even *longer* than Plaintiffs' prior

11  complaint filed in 2010, the current Complaint suffers from the same defects.  It is

12  unclear against which of the Defendants Plaintiffs' numerous claims are asserted.

13  Of the claims purportedly asserted against the Republic of Liberia, the majority are

14  conclusory, unintelligible and largely void of supporting factual allegations.

15  Furthermore, none of the factual allegations against the Republic of Liberia

16  provide a plausible basis upon which relief may be granted because each is time-

17  barred.  As the Ninth Circuit recently held in *Sherman v. Henderson*, 2010 U.S.

18  App. LEXIS 11336, *2 (9th Cir. June 3, 2010), dismissal is appropriate where, as

19  here, a complaint egregiously fails to comply with the requirements of FRCP 8.

20          **2.      Plaintiffs' Class Allegations are Deficient**

21      A court may deny class certification before a plaintiff has moved for

22  certification.  *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 n.1 (D. Nev.

23  2009), citing *Vinole v. Countrywide Home Loans, Inc.,* 246 F.R.D. 637, 639 (S.D.

24  Cal. 2007) (motions to deny class certification may be brought before a Plaintiff's

25  motion to certify has been filed or even before discovery is taken).  Here, Plaintiffs

26  have failed to establish an appropriate class action and their claims should be

27  dismissed as procedurally deficient.

28

LATHAM&WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

16

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

### a. Plaintiffs Fail to Plead the Elements of FRCP 23(a)

Purported class action plaintiffs in federal court have the burden of meeting the four prerequisite elements of FRCP 23(a): (i) adequacy of representation, (ii) commonality, (iii) typicality, and (iv) numerosity. *See* Fed. R. Civ. P. 23(a). In attempting to create a class that includes all Plaintiffs, along with all students, graduates and former students of SLSOM and their "immediate family members" (*see* FAC at 11), Plaintiffs fail to establish FRCP 23(a)'s prerequisite elements and the class must fail.

Implied in FRCP 23(a) requirements is the need for the party seeking class certification to demonstrate "that an identifiable and ascertainable class exists." *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009). The class must be "adequately defined and clearly ascertainable." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679–80 (S.D. Cal. 1999) (internal quotations omitted). "A class definition should be precise, objective and presently ascertainable." *Wolph v. Acer Am. Corp.*, No. C09-01314 JSW, 2012 WL 993531 (N.D. Cal. Mar. 23, 2012) (internal quotations omitted). Plaintiffs' proposed class definition is internally inconsistent and fails to meet this standard. At one point, the Complaint defines the class as "students, former students and graduates of SLSOM." (FAC at 3.) Shortly thereafter, the Complaint defines the class as Plaintiffs, the graduates and former students of SLSOM, and their "immediate family members." (FAC at 11.) The Complaint never defines "immediate family members." Moreover, Exhibit A does not indicate whether the individuals listed are SLSOM graduates, former students, students' immediate family members, or some combination of all three. It is further unclear whether Dolphin includes himself as part of the class or not; however, Exhibit A, which purports to list class members, does not include him.

Plaintiffs also fail to demonstrate how the named parties can adequately represent the interests of the class. *See* Fed. Rule Civ. P. 23(a)(4). "[A] plaintiff whose claims are in any way atypical may focus his efforts on the unique aspects of his claim and neglect the aspects common to the class. . . . Therefore, [the]

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

17

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1   plaintiff could not adequately represent the class." *Hudson v. Capital Mgmt. Int'l,*
2   *Inc.*, 565 F. Supp. 615, 631 (N.D. Cal. 1983); *see also E. Tex. Motor Freight Sys.*
3   *V. Rodriguez*, 431 U.S. 395, 403 (1977) ("[A] class representative must be part of
4   the class and 'possess the same interest and suffer the same injury' as the class
5   members.") (citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208,
6   216 (1974)).  Purported class representative Farmer was dismissed from this action
7   last year, although was included on the caption page for the FAC.  Plaintiffs have
8   not demonstrated Farmer's ability to be an active, adequate representative.
9   Moreover, Dolphin would not be an adequate representative because his claims are
10  atypical of the purported class.  Many claims pertain solely to Dolphin.  Only
11  Dolphin has a personal financial interest in the continued operation of SL-G and
12  SLSOM as the majority owner of those institutions.  (*See* FAC at 8.)  Further,
13  Dolphin did not receive his medical degree from either SL-G or SLSOM, so his
14  medical degree is not even at issue.

15          Plaintiffs also fail to demonstrate that "there are questions of law or fact
16  common to the class" as required under FRCP 23(a)(2).  Plaintiffs must show that
17  "the class members have suffered the same injury," and that the claims depend
18  upon "a common contention."  *Wal-Mart Stores v. Dukes*, 131 S. Ct. at 2551.
19  Plaintiffs fail to demonstrate that Farmer, Dolphin, the various students (including
20  non-graduates) of SLSOM along with their "immediate family members" have
21  common questions of law or fact.  At no point does the Complaint articulate how
22  Defendants harmed the family members of SLSOM students.  Nor does the
23  Complaint articulate how graduates of SLSOM, students who never finished their
24  degrees, and the entire universe of SLSOM students who ever attended the school
25  at different times could have suffered the same harm.

26          Finally, Plaintiffs make no showing, beyond conclusory and inconsistent
27  allegations, as to why the class is so numerous that joinder is impracticable.  *See*
28  FRCP 23(a)(1).  The Complaint asserts that the class has 250 members.  (FAC at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

18

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

11.)  However, Exhibit A, which lists the names of the class members, has only 61 named students and 100 "Does."  (FAC, Ex. A.)  At most, Exhibit A alleges 161 class members. Because FRCP 23(a) is not satisfied, the class allegations must fail.

### b.   Plaintiffs Fail To Properly Plead FRCP 23(b) Grounds For Maintaining a Class Action

Plaintiffs seek certification pursuant to FRCP 23(b)(1), 23(b)(2), or 23(b)(3). (FAC at 11.)  The present class cannot be maintained under FRCP 23(b)(1)(A) or 23(b)(2) because these subsections do not apply to cases in which the relief sought is predominately monetary damages.  *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001) ("Certification under Rule 23(b)(1)(A) is therefore not appropriate in an action for damages."); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 729 (9th Cir. 2007) (claims which primarily seek damages cannot qualify for class certification under FRCP 23(b )(2)).  Here, Plaintiffs principally seek monetary damages.  (*See* FAC at 83.)  Thus, certification under FRCP 23(b)(1)(A) or 23(b)(2) is inappropriate.

Certification under FRCP 23(b)(1)(B) is also inappropriate.  FRCP 23(b)(1)(B) permits class actions if individual actions by class members "inescapably will alter the substance of the rights of others having similar claims." *McDonnell-Douglas Corp. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1093, 1086 (9th Cir. 1975).  "For a number of constitutional reasons, the Supreme Court has 'counsel[ed] against adventurous application of Rule 23(b)(1)(B).'"  *In re First Am. Corp. Erisa Litig.*, 258 F.R.D. 610, 622 (C.D. Cal. 2009) (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999)).  Certification under this subsection is typically only applicable in cases involving a limited fund which would be distributed to those who prevail.  *See Zinser*, 253 F.3d at 1197. Here, separate action by one class member would not defeat the claims of another.

Furthermore, class certification under FRCP 23(b)(3) is inappropriate because "questions of law or fact common to the members of the class" do *not*

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

19

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  "predominate over any questions affecting only individual members."  Fed. R. Civ.

2  P. 23(b)(3).  The Complaint is primarily focused on harm suffered by Dolphin.  Of

3  the claims alleged against the Republic of Liberia, some relate solely to Dolphin

4  (*see id.* at 54, 55, 79), while still others allege violations of 42 U.S.C. § 1983 and

5  "common law" (*see* FAC at 12) that are inherently individualized claims.  For

6  example, the alleged violations of the Fourteenth Amendment are only subject to

7  class treatment when committed on a recognized protected class.  *See Kansas City*

8  *v. Williams*, 205 F.2d 47, 52 (8th Cir. 1953).  Plaintiffs have not demonstrated that

9  class members are all part of the same recognized protected class.

10   Additionally, Plaintiffs allege Defendants violated various statutes through

11  actions allegedly committed over a period of time.  It logically follows then that

12  these actions would not apply to every class member in the same way, as the

13  students and their family members may not have been associated with SLSOM

14  when the alleged act(s) occurred.  Therefore, questions concerning individual

15  issues would predominate over questions common to the class as a whole and bar

16  certification under FRCP 23(b)(3).

17  **II.  CONCLUSION**

18   For the reasons set forth above, Defendant Republic of Liberia respectfully

19  requests that the Court grant this motion and dismiss Plaintiffs' Complaint.

20  Dated:  August 9, 2012     Respectfully submitted,

21            LATHAM & WATKINS LLP
              Manny A. Abascal
22             Amy C. Quartarolo
              Michael A. Lundberg
23             Michael C. Godino

24         By /s/ Michael A. Lundberg_____
              Attorneys for Defendant
25             Republic of Liberia

26

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2841088

20

MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

2

## **<u>CERTIFICATE OF SERVICE</u>**

3

4

5

   I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance the Federal Rules of Civil Procedure and Local Rule 5-3.3.

6

7

<u>/s/ Djallon M. Dinwiddie</u>
Djallon M. Dinwiddie

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28