1  LATHAM & WATKINS LLP
   Manny A. Abascal (Bar No. 171301)
2    Amy C. Quartarolo (Bar No. 222144)
   Michael A. Lundberg (Bar No. 258921)
3    Michael C. Godino (Bar No. 274755)
  355 South Grand Avenue
4  Los Angeles, California  90071-1560
  Telephone: +1.213.485.1234
5  Facsimile: +1.213.891.8763

6  Attorneys for Defendants Republic of
  Liberia, Ministry of Health, Ministry of
7  Education, Liberian Medical Board, and
  National Commission on Higher Education

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE- GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself, ROBERT FARMER, on behalf of a Class Action<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND, as official and individual; MOHAMMED SHARIFF, as official and individual; DR. BENSON BARH, as official and individual; DR. GEORGE GOLLIN, as official and individual; DR. BRAD SCHWARTZ, as official and individual; ALAN CONTRERAS, as official and individual; UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree | CASE NO. CV:11-06322-RGK-(SHx)<br><br>[PROPOSED] ORDER RE DEFENDANTS REPUBLIC OF LIBERIA, MINISTRY OF HEALTH, MINISTRY OF EDUCATION, LIBERIAN MEDICAL BOARD, AND NATIONAL COMMISSION ON HIGHER EDUCATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(1), AND 12(b)(6)<br><br>*[FILED CONCURRENTLY WITH NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES]*<br><br>[Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6)]<br><br>Hearing<br><br>Date:  9/10/2012<br>Time:  9:00 a.m.<br>Judge: Hon. R. Gary Klausner |

Authorization; the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit corporation;

          Defendants.

1    Defendants Republic of Liberia and its separately-named governmental agencies Ministry of Health, Ministry of Education, Liberian Medical Board, and National Commission on Higher Education (collectively, "Republic of Liberia"), by and through its attorneys Latham & Watkins LLP, have moved to dismiss Plaintiffs' First Amended Complaint for unreasonable seizure in violation of the Fourth Amendment to the United States Constitution; violation of Defendant's right to due process under the Fifth Amendment to the United States Constitution; cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; deprivation of liberty, due process, and equal protection in violation of the Fourteenth Amendment to the United States Constitution; conspiracy to violate civil rights; harassment by public officials; libel; trade libel; intentional interference with prospective economic relations; computer fraud and abuse; false imprisonment; intentional infliction of emotional distress; and negligent infliction of emotional distress (the "Complaint") in the above-entitled action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to plead with particularity as required under Rule 8 of the Federal Rules of Civil Procedure.  The Court, having considered the Republic of Liberia's motion, the pleadings and other papers of the parties, the oral arguments of counsel, and good cause appearing therefore, hereby grants the Republic of Liberia's motion to dismiss with prejudice for the following reasons:

   1.   This Court lacks subject matter jurisdiction over the Complaint as it pertains to the Republic of Liberia because the Republic of Liberia is a sovereign nation, is presumptively immune from suit in United States District Courts under the Foreign Sovereign Immunities Act, and Plaintiffs have failed to show than any of the enumerated exceptions to the Foreign Sovereign Immunities Act apply.  *See* 28 U.S.C. § 1604; *see also Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 435-39 (1989); *Corzo v. Banco Central de Reserva Del Peru*, 243 F.3d 519, 522 (9th Cir. 2001).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2. Plaintiffs' Complaint fails to state a claim upon which relief can be granted under the Alien Tort Statute and because Plaintiffs fail to allege either a violation of international law or demonstrate their alien status. 28 U.S.C. § 1350; *see also Trajano v. Marcos*, 978 F.2d 493, 499 (9th Cir. 1992); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 740 (9th Cir. 2008); *Sarei v. Rio Tinto, PLC*, 671 F.3d 736, 746 (9th Cir. 2011) .

3. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for trade libel because it is time barred. *See* CAL. CIV. PROC. CODE § 339(1); *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986).

4. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for libel because it is time barred and because statements made by government officials in the discharge of their official duties are privileged. *See* CAL. CIV. PROC. CODE § 340(c); Cal. CIV. CODE § 45; Cal. CIV. CODE § 47(a).

5. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for intentional interference with prospective economic relations because it is time barred. *See* CAL. CIV. PROC. CODE § 339(1); *Guess, Inc. v. Superior Court*, 176 Cal. App. 3d 473, 479 (1986); *McFaddin v. H.S. Crocker Co., Inc.*, 219 Cal. App. 2d 585, 591 (Ct. App. 1963).

6. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for false imprisonment because it is time barred. *See* CAL. CIV. PROC. CODE § 340(c).

7. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because it impermissibly alleges constitutional violations against a foreign sovereign and is time barred. *See* 42 U.S.C. § 1983; *Birdsell v. United States*, 346 F.2d 775, 782 (5th Cir. 1965); *Canatella v. Van Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007).

8. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for unreasonable seizure in violation of the Fourth Amendment to the United States

Constitution because it impermissibly alleges constitutional violations against a foreign sovereign and is time barred.  *See* 42 U.S.C. § 1983; *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 613-14 (1989); *Stonehill v. United States*, 405 F.2d 738, 743 (9th Cir. 1969); *Brulay v. United States*, 383 F.2d 345, 348 (9th Cir. 1967); *Canatella*, 486 F.3d at 1132-33.

9. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for violation of Defendant's right to due process under the Fifth Amendment to the United States Constitution because it impermissibly alleges constitutional violations against a foreign sovereign and is time barred.  *See* 42 U.S.C. § 1983; *Hufford* v. *McEnaney,* 249 F.3d 1142, 1150 (9th Cir. 2001); *Canatella*, 486 F.3d at 1132-33.

10. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for deprivation of liberty, due process, and equal protection in violation of the Fourteenth Amendment to the United States Constitution because it impermissibly alleges constitutional violations against a foreign sovereign and is time barred.  *See* 42 U.S.C. § 1983; *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983-84 (9th Cir. 2011); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Canatella*, 486 F.3d at 1132-33.

11. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for harassment by public officials because it impermissibly alleges constitutional violations against a foreign sovereign and is time barred.  *See Thornton*, 425 F.3d at 1166-67; *Canatella*, 486 F.3d at 1132-33.

12. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for computer fraud and abuse because Plaintiffs fail to allege any requisite act by the Republic of Liberia.  *See* 18 U.S.C. § 2701(a);  18 U.S.C. § 1030(a)(5)(B); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072, 1078 (9th Cir. 2004).

13. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for conspiracy to violate civil rights because it is time barred.  *See McDougal v. County of Imperial*, 942 F.2d 668, 673-674 (9th Cir. 1991); *Canatella*, 486 F.3d at 1132-33

14. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for intentional infliction of emotional distress because it is time barred.

15. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for negligent infliction of emotional distress because it is time barred. *See* CAL. CIV. PROC. CODE § 335.1.

For the foregoing reasons, Defendant Republic of Liberia's Motion to Dismiss Plaintiffs' First Amended Complaint is GRANTED without leave to amend, and this action is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated:_____  _____

Hon. R. Gary Klausner

1  Respectfully submitted,

2  LATHAM & WATKINS LLP
    Manny A. Abascal
3     Amy C. Quartarolo
    Michael A. Lundberg
4     Michael C. Godino

5  By /s/ Michael A. Lundberg
    Attorneys for Defendants Republic of Liberia,
6     Ministry of Health, Ministry of Education,
    Liberian Medical Board, and
7     National Commission on Higher Education

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance the Federal Rules of Civil Procedure and Local Rule 5-3.3.

/s/ Djallon M. Dinwiddie
Djallon M. Dinwiddie

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1