LATHAM & WATKINS LLP
    Manny A. Abascal (Bar No. 171301)
    Amy C. Quartarolo (Bar No. 222144)
    Michael A. Lundberg (Bar No. 258921)
    Michael C. Godino (Bar No. 274755)
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Defendants Republic of
Liberia, Ministry of Health, Ministry of
Education, Liberian Medical Board, and
National Commission on Higher Education

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE – GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself, ROBERT FARMER, on behalf of a Class Action,<br><br>             Plaintiffs,<br><br>    v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND, as official and individual; MOHAMMED SHARIFF, as official and individual; DR. BENSON BARH, as official and individual; DR. GEORGE GOLLIN, as official and individual; DR. BRAD SCHWARTZ, as official and individual; ALAN CONTRERAS, as official and individual; UNIVERSITY OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution | CASE NO. CV:11-06322-RGK-(SHx)<br><br>REPLY IN SUPPORT OF DEFENDANTS REPUBLIC OF LIBERIA, MINISTRY OF HEALTH, MINISTRY OF EDUCATION, LIBERIAN MEDICAL BOARD, AND NATIONAL COMMISSION ON HIGHER EDUCATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8, 12(b)(1), AND 12(b)(6)<br><br>[Fed. R. Civ. P. 8, 12(b)(1), 12(b)(6)]<br><br><u>Hearing</u><br><br>Date:  [Taken Off Calendar]<br>Time:  [Taken Off Calendar]<br>Judge: Hon. R. Gary Klausner |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2884108.8
LA\2884108

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of Higher Learning; STATE OF OREGON, Office of Degree Authorization; the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit corporation,

Defendants.

LATHAM&WATKINS LLP LA\2884108
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

# I.      INTRODUCTION

Plaintiffs' opposition is untimely and also lacks merit.

Defendant Republic of Liberia , and its separately-named governmental agencies Ministry of Health, Ministry of Education, Liberian Medical Board and National Commission on Higher Education (collectively, "Republic of Liberia" or "Defendants") timely filed its Motion to Dismiss and related papers on August 9, 2012.  (*See* Dkts. 146-148.)  Plaintiff's Opposition was due on August 20, 2012, but none was filed.  On October 30, 2012, the Court took the hearing off calendar, and noted that it would issue a ruling "after full consideration of <u>properly submitted pleadings</u>."  (Dkt. 151 (emphasis added).)  At 9:30 p.m. the following evening – and eleven days after their deadline – Plaintiffs filed their Memorandum in Opposition to Defendant Republic of Liberia's Motion to Dismiss ("Opposition" or "Opp.").  (*See* Dkt. 152.)  Plaintiffs neither sought nor obtained any relief from the prescribed briefing schedule in accordance with this Court's Standing Order and Local Rules.  Accordingly, Plaintiffs' Opposition is untimely and should not be considered by the Court.

Even if the Court considers Plaintiffs' late-filed Opposition, its arguments are unavailing and do not alter the fatal flaws inherent in their First Amended Complaint ("FAC").  Plaintiffs now argue that jurisdiction is found under the "commercial exception" to the Foreign Sovereign Immunities Act ("FSIA") (28 U.S.C. § 1602 *et seq*).  (*See, e.g.*, Opp. at 9.)  The sole basis for this assertion is a letter that the Liberian National Commission on Higher Education ("NCHE"), defined by Plaintiffs as the "national accrediting agency for the [Liberian] Ministry of Education" (FAC at 9), allegedly sent to two educational organizations[1] regarding St. Luke School of Medicine-Liberia's ("SLSOM") accreditation status in Liberia.  The sending of the letter and its contents does not qualify as "commercial" activity under the FSIA.

---

[1]      These organizations are the Educational Commission for Foreign Medical Graduates ("ECFMG") and the Foundation for Advancement of International Medical Education and Research ("FAIMER").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\2884108

1

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1    Rather, the correspondence displays a foreign government's exercise of its sovereign

2    powers to oversee and regulate its medical schools.  This Court, in dismissing Plaintiffs'

3    claims against the Ghanaian National Accreditation Board ("NAB"), previously held

4    that "the pursuit of public welfare through regulating schools is an exercise of [ ]

5    sovereign police power and thus not commercial."  (Dkt. 144 at 4.)

6         Plaintiffs also promote new tolling defenses that ultimately fail to revive their

7    time-barred claims.  First, Plaintiffs state, without any factual or legal support, that

8    Liberia is still in a state of war and thus the statute of limitations for Plaintiffs' claims

9    should be tolled.  (Opp. at 17.)  Plaintiffs did not raise this argument in their FAC, and

10   in any event this assertion is contradicted by language found in the FAC[2] and in the

11   exhibit Plaintiffs submitted in support of their Opposition.[3]  Plaintiffs also argue that

12   Liberia's alleged eight-year statute of limitations should apply to Plaintiffs' claims,

13   rather than the one and two years statutes of limitations applicable under California law.

14   (*See* Opp. at 17.)  Each of Plaintiffs' equitable tolling arguments fail.

15        Not unlike the FAC, the Opposition contains multiple deficiencies.  By way of

16   example, while Plaintiffs apparently clarify that they seek relief under just five (5) claims

17   (compared to the thirteen (13) that appear in the FAC), Plaintiffs attempt to assert entirely

18   new claims for breach of fiduciary duty and negligence.  (*See* Opp. at 5, 10.)

19        For these and other reasons detailed below, as well as the reasons set forth

20   previously in its Motion to Dismiss, the Republic of Liberia respectfully requests that the

21   Court disregard Plaintiffs' untimely Opposition and grant Defendants' Motion to Dismiss

22   with prejudice.

23

24   _____

25   [2]      Noting the last days of Liberia's civil war "in August 2003."  (FAC at 36.)

26   [3]      "Reaffirming [the U.N. Security Council's] support for the Comprehensive
     Peace Agreement reached by Liberia's Government, rebel groups, political parties,
27   and civil society leaders in Accra, Ghana on 18 August 2003, and the Liberian
     ceasefire agreement, signed in Accra, 17 June 2003."  (Opp., Ex. A at 2.)

28

## II.     ARGUMENT

### A.     Plaintiffs' Opposition Is Untimely And Should Not Be Considered By The Court

The Republic of Liberia timely filed its Motion to Dismiss and related papers on August 9, 2012.  (*See* Dkts. 146-148.)  The Motion was set for hearing on Monday, September 10, 2012.  (*See* Dkt. 146.)  Accordingly, Plaintiffs had until Monday, August 20, 2012 to file any Opposition.  (*See* L.R. 7-9 (opposition papers are due "not later than twenty-one (21) days before the date designated for the hearing of the motion[.]").)  However, Plaintiffs filed their Opposition <u>eleven days late</u> – at 9:30 p.m. on Friday, August 31, 2012 – and only after this Court had taken the Motion under submission. [4] (Dkt. 152.)

#### 1.     The Court should decline to consider Plaintiffs' Opposition

Under applicable Local Rules, the Court may "decline to consider any memorandum or other document" where, as here, it is "not filed within the deadline set by local rule."  L.R. 7-12.  Indeed, in its Minute Order dated August 30, 2012 – the day <u>prior</u> to Plaintiffs' Opposition filing – the Court advised counsel that "the above-referenced motion, noticed for hearing on September 10, 2012, has been taken under submission and off the motion calendar . . . The Court will issue a ruling after full consideration of <u>properly submitted pleadings</u>."  (Dkt. 151 (emphasis added).)  Plaintiffs' Opposition was not filed within the deadline set by the Local Rules, and thus was not "properly submitted."  The Court should decline to consider the Opposition. [5]

---

[4]     This is not the first time Plaintiffs have failed to timely file a document in this matter, and the Court previously denied Plaintiffs' request for a continuance "for untimeliness, lack of good cause, and expenditure of Court resources."  (Dkt. 89 (Order granting Motion to Dismiss).)

[5]     Moreover, the Court may deem Plaintiffs' failure to timely oppose as consent to granting Defendants' Motion to Dismiss.  *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")  Given Plaintiffs' failure

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\2884108

3

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

**2.      Plaintiffs' lack of due care or ignorance of Court rules is no excuse for their untimely filing**

Plaintiffs did not file any request with the Court for an extension of time to file their Opposition.  Nor did Plaintiffs contact counsel for the Republic of Liberia to request consent to such an extension.  In fact, Plaintiffs did not seek any relief at all prior to filing their Opposition nearly two weeks late.  Moreover, Plaintiffs offered no explanation for their total disregard for deadlines and procedural rules.  Even if an explanation had been offered, lack of due care or ignorance of the Court's rules is no grounds for relief.  *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (stating that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered").  Having not sought or obtained an extension of time and without any explanation for their delay, Plaintiffs' Opposition should not be considered.

**B.      The Arguments Presented in Plaintiffs' Opposition Cannot Save Their Deficient Pleading**

Even if the Court considers Plaintiffs' Opposition, it presents no new or convincing arguments that might serve to salvage their claims.

**1.      Plaintiffs fail to establish the Commercial Exception to the Foreign Sovereign Immunities Act (FSIA)**

Plaintiffs' primary argument is that the Republic of Liberia's alleged conduct falls within the "commercial activity" exception to FSIA, which is enumerated at 28 U.S.C. § 1605(a)(2).  Plaintiffs did not assert this exception as a basis for jurisdiction with regard to the Republic of Liberia in their FAC (*see* Dkt. 50), and their Opposition fails to establish that Defendants engaged in any commercial activity as defined by FSIA.  *See* 28 U.S.C. § 1603(d).  Plaintiffs base their argument on the so-called "computer school letter," which is correspondence allegedly sent by NCHE in April 2005 to FAIMER and

to timely file an Opposition, the Court may consider holding that failure as consent to granting the Republic of Liberia's timely-filed Motion to Dismiss.

LATHAM&WATKINS┴┴┴
ATTORNEYS AT LAW
LOS ANGELES

LA\2884108

4

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  ECFMG (the "April 2005 Letter"), and the allegation that Liberia "conspired with GG,
2  BS, and AC to produce, send, receive, and file [ ] documents in the Court of Appeal's
3  [sic] of Ghana." (Opp. at 11.)[6]  The April 2005 Letter states that SLSOM lacked the
4  Official Temporary Operational Permit necessary for it to operate in Liberia, and detailed
5  DCHS's reasons for revoking its prior letter of attestation regarding SLSOM.  (*See* FAC,
6  Ex. 11.)

7       The FSIA defines "commercial activity" as "either a regular course of commercial
8  conduct or a particular commercial transaction or act[.]"  The United States Supreme
9  Court has explained that a government's act is "commercial" if it is the type of
10  transaction private actors could complete.  *See, e.g.*, *Republic of Argentina v. Weltover,*
11  *Inc.*, 504 U.S. 607, 614 (1992) (sale of bonds in the U.S. constitutes "commercial
12  activity"); *Embassy of the Arab Republic of Egypt v. Lasheen*, 603 F.3d 1166, 1171 (9th
13  Cir. 2010) ("By contracting with a company to manage a health benefits plan and
14  agreeing to indemnify that company, the Egyptian Defendants did not act with the
15  powers peculiar to a sovereign, but instead acted as private players in the market."); *Theo.*
16  *H. Davies & Co., Ltd. v. Republic of the Marshall Islands*, 174 F.3d 969, 974 (9th Cir.
17  1998) (holding that state agencies entering into an agreement with a private company to
18  overhaul the agencies' generator constituted a commercial activity within the meaning of
19  FSIA).

20       In contrast, a government's act is public in nature and not within the commercial
21  exception if it requires sovereign power, such as a government's regulation of the market
22  or use of its police power.  *Weltover*, 504 U.S. at 614.  This Court previously dismissed
23  claims against NAB on grounds that NAB "oversees accreditation of post-secondary

---

24  [6]     The Opposition does not define alleged co-conspirators "GG," "BS," or "AC."
25  The Republic of Liberia assumes that these initials stand for Defendants Dr. George
    Gollin, Dr. Bradford Schwartz, and Alan Contreras.  However, the Republic of Liberia
26  notes that the Court has dismissed all claims against two of these defendants (*see* Dkt. 89
    (Contreras dismissed); Dkts. 119, 120 (Gollin dismissed "with prejudice")), and the third
27  does not appear to ever have been served in this action.
28

1    schools in Ghana" (Dkt. 144 at 1), and that the "pursuit of the public welfare through

2    regulating schools is an exercise of its sovereign police power and thus not commercial."

3    (*Id.* at 4.)  Similarly, Plaintiffs themselves define NCHE as "the national accrediting

4    agency for the Ministry of Education of the Republic of Liberia."  (FAC at 9.)  According

5    to Plaintiffs, ECFMG is an organization that qualifies foreign medical graduates for

6    residency in the United States, and FAIMER maintains the International Medical

7    Education Directory.  (*See* FAC at 10.)  To the extent NCHE informed these entities that

8    SLSOM did not have a permit to operate in Liberia, it was fulfilling its legitimate

9    governmental role of regulating Liberian medical schools.  Like NAB, this was an

10   extension of Liberia's sovereign police power, and therefore not a commercial activity

11   under the FSIA.[7]

12              **2.      Plaintiffs fail to establish the Tort Exception to the Foreign**
                         **Sovereign Immunities Act (FSIA)**
13

14            In their Opposition, Plaintiffs also assert that the tort exception to FSIA

15   applies due to allegedly "defamatory statements" contained in the April 2005

16   Letter.  (Opp. at 8.)  However, the tort exception explicitly does *not* apply to any

17   claim arising out of libel or slander.  *See* 28 U.S.C. § 1605(a)(5)(B) (tort exception

18   does not apply to "any claim arising out of malicious prosecution, abuse of

19   process, libel, slander, misrepresentation, deceit, or interference with contract

20

21   [7]      Plaintiffs also for the first time mention a separate, but purportedly related
     claim arising under customary international law ("CIL"), although Plaintiffs do not
22   specify what that claim might be.  (*See* Opp. at 9-10.)  However, the U.S. District
     Court decision in *McKesson Corp. v. Islamic Republic of Iran*, which Plaintiffs
23   cite, discusses CIL within the context of the "commercial activity" exception to
     FSIA.  *See* No. 82-0220 (RJL), 2009 U.S. Dist. LEXIS 109368, at *12-16 (D.D.C.
24   Nov. 23, 2009).  That decision was <u>reversed</u> by the U.S. Court of Appeals in 2012.
     *See McKesson Corp. v. Islamic Republic of Iran*, 672 F.3d 1066 (D.C. Cir. 2012).
25   The appellate court found no evidence suggesting that Congress intended to allow
     courts to use the commercial activities exception to *create* claims based on CIL.
26   *Id.* at 1076.
27
28

1   rights").  Under California law, libel and slander constitute defamation.  *See* Cal.

2   Civ. Code § 44 ("Defamation is effected by either of the following: (a) Libel. (b)

3   Slander.").  Thus, Plaintiffs fail to identify a tort that could qualify for the

4   exception.

**3.   Plaintiffs' argument that Liberia does not have foreign sovereign immunity based on its employees' actions is groundless**

7       Plaintiffs argue that Liberian officials acted outside the scope of their

8   employment by sending the April 2005 Letter to FAIMER and ECFMG.  (Opp. at

9   7.)  To the contrary, the content of the April 2005 Letter allegedly sent by NCHE

10  and its employees relates to the scope of that agency's responsibilities as defined

11  by Plaintiffs.  (*See* FAC at 9 (NCHE is "the national accrediting agency for the Ministry

12  of Education of the Republic of Liberia").)  The April 2005 Letter allegedly informed

13  FAIMER and ECFMG that SLSOM lacked accreditation.  Plaintiffs' assertion that such

14  an action is "not a public activity on behalf of the Liberian government" is misguided.

15  *See* Opp. at 7.  Again, in dismissing claims against another defendant, this Court

16  previously held that "the pursuit of the public welfare through regulating schools is an

17  exercise of [a state agency's] sovereign police power," and thus a public activity.  (Dkt.

18  144 at 4.)

**4.   Plaintiffs fail to establish a valid tolling exception to save their untimely claims**

21      In their Opposition, Plaintiffs assert for the first time two new theories as to why

22  their claims are not time-barred by the applicable statutes of limitations.  First, Plaintiffs

23  claim that the Republic of Liberia continues to be in a state of civil war, and that the

24  statute of limitations periods for its claims against Defendants should be tolled.[8]  (*See*

---

[8]      The pertinent California statutory provision states: "When a person is, by reason of the existence of a state of war, under a disability to commence an action, the time of the continuance of such disability is not part of the period limited for the commencement of the action[.]"  Cal. Civ. Proc. Code § 354.

1    Opp. at 17.)  This argument is contradicted on its face by the FAC and the U.N. Security

2    Council resolution attached to the Opposition.  (*See* FAC at 36 ("the last days of the civil

3    war in August 2003"); Opp., Ex. A at 2 (referring to the "Comprehensive Peace

4    Agreement reached by Liberia's Government, rebel groups, political parties, and civil

5    society leaders in Accra, Ghana on 18 August 2003, and the Liberian ceasefire

6    agreement, signed in Accra, 17 June 2003.").)  Even assuming *arguendo* that the

7    Republic of Liberia has been in a state of civil war throughout the relevant time period,

8    Plaintiffs fail to demonstrate that they have been "under a disability to commence an

9    action[.]"  CAL. CIV. PROC. CODE § 354.  Plaintiff Dolphin admits that he was able to

10   move between various countries, residing in Ghana in the later part of 2004, Liberia

11   from November 2004 until May 2006, and Ghana again from May 2006 until July 2009

12   when he returned to the United States.  (*See* FAC at 8.)  Plaintiffs make no showing as

13   to why Dolphin was unable to commence suit in California prior to the expiration of the

14   statutory period.  Moreover, numerous members of the purported class are listed as

15   residents of California.  (*See* FAC, Ex. A.)  Plaintiffs again fail to explain why any one

16   of the purported class members could not have filed suit in a timely fashion.

17          Second, Plaintiffs argue, without legal authority or factual support, that the

18   allegedly more generous eight-year statute of limitations of the Republic of Liberia

19   should apply to Plaintiff's claims.  (*See* Opp. at 17.)  The Republic of Liberia can find no

20   authority supporting such an argument.  As detailed in the Motion to Dismiss, the statutes

21   of limitations for the five claims that Plaintiffs assert against the Republic of Liberia

22   expired as many as five years ago.[9]  (*See* Motion to Dismiss at 14 (conspiracy), 20 (libel,

23   trade libel), 25 (intentional infliction of emotional distress, negligent infliction of

24   emotional distress).)

25   _____

26   [9]     The fact that Plaintiffs felt the need to clarify in their Opposition which
     claims they intended to apply to the Republic of Liberia further illustrates the
27   FAC's failure to comply with Rule 8.  (*See* Motion at 25-26 (discussing procedural
     deficiencies of the FAC).)
28

LATHAM&WATKINS^LLP   LA\2884108
ATTORNEYS AT LAW
LOS ANGELES                                                        8

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

**5.   The Opposition Further Illustrates that the FAC is Deficient Under Rule 8**

Plaintiffs' FAC violates Rule 8(d)(1)'s mandate that pleadings be "simple, concise, and direct."  Indeed, Plaintiffs' Opposition further illustrates the Rule 8 deficiencies.  Plaintiffs clarify in their Opposition that they seek relief under just five (5) claims, compared to the thirteen (13) that appear in the FAC.  (*See* Opp. at 5; Motion to Dismiss at 14-15, 26.)  But Plaintiffs' Opposition also attempts to assert entirely new claims for breach of fiduciary duty and negligence.  (*See* Opp. at 10.)   Further, the Republic of Liberia is now left to guess at the basis for Plaintiffs' claims regarding the alleged "Tort of Outrage/Infliction of Emotional Distress."  (*See* Opp. at 10-11.)  In that section, Plaintiffs appear to argue that their claims do not arise out of misrepresentation or deceit, and thus are allowable under the FSIA's tort exception, but in the same section admit that their claims actually stem directly from the "libelous" document allegedly sent by NCHE.  (*See* Opp. at 10.)  As discussed above, the FSIA tort exception explicitly does not apply to claims arising out of libel.  *See* 28 U.S.C. 1605(a)(5)(B).  In any event, Plaintiffs' allegations of both intentional and negligent infliction of emotional distress are time-barred and would not meet the standards of the Alien Tort Statute.  (*See* Motion to Dismiss at 7-15, 25.)

## III.   CONCLUSION

For the reasons set forth above, the Republic of Liberia respectfully requests that the Court not consider Plaintiffs' untimely Opposition, and grant the Motion to Dismiss Plaintiffs' Complaint with prejudice.

Dated:  September 7, 2012                                 Respectfully submitted,

LATHAM & WATKINS LLP
Manny A. Abascal
Amy C. Quartarolo
Michael A. Lundberg
Michael C. Godino

By /s/ Michael A. Lundberg
Attorneys for Defendant
Republic of Liberia

LATHAM & WATKINS LLP   LA\2884108
ATTORNEYS AT LAW
LOS ANGELES

9

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that a true and correct copy of the foregoing document was

4   served on counsel of record via ECF Notice of Electronic Filing in accordance the

5   Federal Rules of Civil Procedure and Local Rule 5-3.3.

6

7                          /s/ Djallon M. Dinwiddie
                           Djallon M. Dinwiddie

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT