LATHAM & WATKINS LLP
  Manny A. Abascal (Bar No. 171301)
    *manny.abascal@lw.com*
  Amy C. Quartarolo (Bar No. 222144)
    *amy.quartarolo@lw.com*
  Michael A. Lundberg (Bar No. 258921)
    *michael.lundberg@lw.com*
  Michael C. Godino (Bar No. 274755)
    *michael.godino@lw.com*
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Specially Appearing
Defendant Mohammed Sheriff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE – GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself, ROBERT FARMER, on behalf of a Class Action,<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND, as official and individual; MOHAMMED SHARIFF, as official and individual; DR. BENSON BARH, as official and individual; DR. GEORGE GOLLIN, as official and individual; DR. BRAD SCHWARTZ, as official and individual; ALAN CONTRERAS, as official and individual; UNIVERSITY | CASE NO. CV:11-06322-RGK-(SHx)<br><br>SPECIALLY APPEARING DEFENDANT MOHAMMED SHERIFF'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO QUASH SERVICE OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[*APPENDIX OF NON-FEDERAL AUTHORITIES; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH*]<br><br>F.R.C.P. 12(b)(2), 12(b)(5)<br><br>Assigned to Hon. R. Gary Klausner<br><br>Hearing<br>Date:   March 11, 2013<br>Time:   9:00 a.m.<br>Place:  Courtroom 850<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization; the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit corporation,

Defendants.

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT at 9:00 a.m. on March 11, 2013, or as soon thereafter as the matter may be heard, before the Honorable R. Gary Klausner in Courtroom 850 of the United States District Court for the Central District of California located at the Roybal Federal Building, 255 E. Temple Street, Los Angeles, California, 90012, Specially Appearing Defendant Mohammed Sheriff will, and hereby does, move to dismiss Plaintiff's First Amended Complaint in the above-captioned action (the "Complaint").

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). As set forth in greater detail in the accompanying Memorandum of Points and Authorities, the Motion seeks dismissal of the Complaint for insufficient service of process and lack of personal jurisdiction, or, in the alternative, seeks to quash service of the Complaint.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Appendix of Non-Federal Authority submitted herewith, the pleadings on file in this action, and such further evidence and argument as may be offered in advance of or at the time of hearing of this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 7, 2013.

Dated: February 8, 2013     Respectfully submitted,

                                          LATHAM & WATKINS LLP
                                          Manny A. Abascal
                                          Amy C. Quartarolo
                                          Michael A. Lundberg
                                          Michael C. Godino

                                          By /s/ Michael A. Lundberg
                                          Attorneys for Specially
                                          Appearing Defendant
                                          Mohammed Sheriff

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

i

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION ................................................................................... 1

II. STATEMENT OF FACTS ..................................................................... 3

III. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SHERIFF BECAUSE HE HAS NOT BEEN PROPERLY SERVED ................................................................................................... 5

    A. Plaintiff Failed to Comply with Rule 4(f) for Service of Individuals Located in a Foreign Country ............................................ 6

    B. Plaintiff Failed to Comply with Federal Rules for Service on Individuals Within the United States ................................................ 9

    C. Plaintiff Failed to Comply with State Rules for Service on Individuals Within the United States ............................................ 10

        1. Plaintiff Failed to Effect Proper Service of Process In Accordance With The Laws of the State of California .................................................................................... 10

        2. Plaintiff Failed to Serve Mr. Sheriff In Accordance With the Laws of the District of Columbia ...................................................................................... 12

IV. CONCLUSION ...................................................................................... 12

# TABLE OF AUTHORITIES

Page

## CASES

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ................................................................. 5

*Cheng v. AIM Sports, Inc.*,
   No. CV 10-3814 PSG (PLAx), 2011 WL 320993
   (C.D. Cal. Jan. 26, 2011) ..................................................................... 5

*Duffy v. San Francisco Police Dept.*,
   No. C-02-2250 VRW, 2005 U.S. Dist. LEXIS 37021
   (N.D. Cal. July 26, 2005) ................................................................... 11

*Gerritsen v. Consulado General de Mexico*,
   989 F.2d 340 (9th Cir. 1993) ............................................................ 5, 9

*Leichtman v. Koons*,
   527 A.2d 745 (D.C. 1987) ................................................................. 12

*Morfessis v. Marvins Credit, Inc.*,
   77 A.2d 178 (D.C. 1950) ................................................................... 12

*Murphy Bros. v. Michetti Pipe Stringing*,
   526 U.S. 344 (1999) ............................................................................ 5

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) .............................................................................. 5

*SEC v. Ross*,
   504 F.3d 1130 (9th Cir. 2007) .......................................................  5, 13

*Summers v. McClanahan*,
   140 Cal. App. 4th 403 (2006) ............................................................ 11

*Warner Bros. Records, Inc. v. Golden West Music Sales*,
   36 Cal. App. 3d 1012 (1974) ............................................................. 11

*Yao v. Crisnic Fund, S.A.*,
   No. SACV 10-1299 AG (JCGx), 2011 U.S. Dist. LEXIS 97358
   (C.D. Cal. Aug. 29, 2011) ........................................................... 5, 7, 8

## STATUTES

CAL. CIV. PROC. CODE § 413.10(c) ........................................................... 11

CAL. CIV. PROC. CODE § 415.30 ................................................................ 10

CAL. CIV. PROC. CODE § 415.30(a) ........................................................... 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

iii

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

| | |
|---|---|
| 1 | CAL. CIV. PROC. CODE § 415.30(b) ................................................................................. 10 |
| 2 | CAL. CIV. PROC. CODE § 415.40 ...................................................................................... 10 |
| 3 | CAL. CIV. PROC. CODE § 416.90 ...................................................................................... 11 |

**RULES**

| | |
|---|---|
| D.C. Super. Ct. Civ. R. 4(c)(3) ............................................................................................. 12 |
| D.C. Super. Ct. Civ. R. 4(c)(4) ............................................................................................. 12 |
| Fed. R. Civ. P. 12(b)(2) ........................................................................................................... 5 |
| Fed. R. Civ. P. 12(b)(5) ........................................................................................................... 5 |
| Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 2 |
| Fed. R. Civ. P. 4 ................................................................................................................. 5, 7 |
| Fed. R. Civ. P. 4(e)(1) ........................................................................................................... 10 |
| Fed. R. Civ. P. 4(e)(2) ............................................................................................................. 9 |
| Fed. R. Civ. P. 4(e)(2)(C) ........................................................................................................ 7 |
| Fed. R. Civ. P. 4(f) ......................................................................................................... 6, 7, 8 |
| Fed. R. Civ. P. 4(f)(1) ............................................................................................................. 6 |
| Fed. R. Civ. P. 4(f)(2) .......................................................................................................... 6, 8 |
| Fed. R. Civ. P. 4(f)(2)(A) ........................................................................................................ 6 |
| Fed. R. Civ. P. 4(f)(2)(B) ........................................................................................................ 7 |
| Fed. R. Civ. P. 4(f)(2)(C) ........................................................................................................ 7 |
| Fed. R. Civ. P. 4(f)(2)(C)(i) .................................................................................................... 7 |
| Fed. R. Civ. P. 4(f)(2)(C)(ii) ............................................................................................... 7, 8 |
| Fed. R. Civ. P. 4(l)(2)(B) ........................................................................................................ 9 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Precisely one year ago, on February 8, 2012, Plaintiff Dr. Jerroll B.R. Dolphin ("Plaintiff") filed a lengthy First Amended Class Action Complaint (the "Complaint") asserting twenty (20) claims against a combination of seventeen (17) separate defendants. The Complaint is largely duplicative of another complaint filed by Plaintiff in March 2010 and dismissed in its entirety. Over the course of the last year, this Court has dismissed all claims asserted by Plaintiff against every other defendant named in the Complaint, including all claims asserted against "unserved" defendants.[1]

Plaintiff's claims asserted against Mohammed Sheriff are the sole remaining claims in this action.[2] Just as Plaintiff's claims against the dismissed defendants fail, Plaintiff's claims asserted against Mr. Sheriff also must fail. But before Mr. Sheriff

---

[1] The other dismissed defendants include: Alan Contreras (motion granted March 29, 2012 (Dkt. 89)); State of Oregon, Office of Degree Authorization (*Id.*); Educational Commission for Foreign Medical Graduates (motion granted April 2, 2012 (Dkt. 90)); Foundation for Advancement of Medical Education and Research (*Id.*); Dr. George Gollin (motion granted *with prejudice* May 3, 2012 (Dkt. 119)); University of Illinois-Urbana Champaign (motion granted *with prejudice* May 3, 2012 (*Id.*)); the National Accreditation Board of the Republic of Ghana (motion granted July 27, 2012 (Dkt. 144)); and the Republic of Liberia, Ministry of Health, Ministry of Education, Liberian Medical Board, National Commission on Higher Education, and National Transitional Legislative Assembly (motion granted September 11, 2012 (Dkt. 154)). The Court further dismissed all "unserved" Defendants on December 19, 2012, including Drs. Isaac Roland, Benson Barh, and Brad Schwartz. (Dkt. 156.)

[2] Plaintiff consistently has misspelled Mohammed Sheriff's surname as "Shariff." (*See, e.g.,* First Amended Complaint (Dkt. 50), attempted service of process return receipt (Dkt. 138), Requests for Entry of Default (Dkts. 157 and 159), Request for Clerk to Determine Sufficiency of Proof of Service for Entry of Clerk Default (Dkt. 162), and Response to Order to Show Cause (Dkt. 164).) Indeed, Mr. Sheriff's correct surname does not match the name found on registered mail return receipts filed with this Court, not on a recent attempt at foreign service that was returned unexecuted. (*See* Dkt. 163.)

should be charged with challenging the substance of Plaintiff's meritless claims, Plaintiff must demonstrate that Mr. Sheriff has been properly served and that this Court has personal jurisdiction over him.[3] Plaintiff has not and cannot demonstrate either of these necessary predicates to maintaining his claims against Mr. Sheriff. While Plaintiff appears to have attempted service of process of his Complaint on Mr. Sheriff, that service was improper. Plaintiff claims that he served Mr. Sheriff in June 2012, and filed documents with the Court allegedly supporting that claim, but Plaintiff failed to serve Mr. Sheriff with the Complaint in accordance with either federal or state law.

In addition, although Plaintiff admits that Mr. Sheriff is a citizen and resident of the Republic of Liberia, Plaintiff did not attempt to serve Mr. Sheriff in Liberia through formal international channels. Plaintiff did not even attempt to serve Mr. Sheriff directly. Rather, Plaintiff's sole attempt at serving Mr. Sheriff with the Complaint involved mailing a copy of the summons and Complaint to "Mohammed Shariff" [sic] at the Liberian Embassy in Washington, D.C., "c/o His Excellency Mr. Jeremiah C. Sulunteh," the Liberian Ambassador to the United States. (*See* Dkt. 138.) Notably neither Mr. Sheriff nor Ambassador Sulunteh signed the return receipt for the proof of service documents. Instead, the return receipt appears to have been signed by a "Sulu V. Marshall," whose position and authority is unknown.

Plaintiff has failed to meet the requirements of the Federal Rules for service of process either in a foreign country or within the United States. Accordingly, service is insufficient and the Court lacks personal jurisdiction over Mr. Sheriff. Plaintiff's Complaint against Mr. Sheriff must be dismissed, or in the alternative the attempted service of process quashed.

---

[3] Mr. Sheriff reserves his right to challenge the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II. STATEMENT OF FACTS[4]

Mr. Sheriff is a citizen and resident of Liberia. (*See* Dkt. 50 (Complaint) at ¶ 24.) In his filings with this Court, Plaintiff consistently has misspelled Mr. Sheriff's surname as "Shariff." (*See, e.g.,* Dkts. 50, 138, 157, 159, 162, 163, 164.)

On December 19, 2012, the Court ordered Plaintiff "to show cause **in writing** on or before **January 4, 2013** why this action should not be dismissed for lack of prosecution." (Dkt. 155 (Order to Show Cause re Dismissal re Lack of Prosecution) (emphasis in original).) Plaintiff responded by filing a Request for Entry of Clerk's Default Judgment against "Mohammed Shariff," [sic] on December 27, 2012, which the Court denied the following day because there was no entry of default on file. (*See* Dkts. 157, 158.) On January 3, 2013, Plaintiff filed a Request for Entry of Clerk's Default, and the Court denied it the next day, noting that "[t]he name of the person served does not exactly match the person named in complaint[.]" (Dkt. 160; *see also* Dkt. 159.)

After Plaintiff failed to file any additional documents, on January 17, 2013, the Court issued yet another Order to Show Cause why the action should not be dismissed for lack of prosecution. (*See* Dkt. 161.) That same day, Plaintiff filed a Request for Court to Determine Sufficiency of Proof of Service for Entry of Clerk Default.[5] (Dkt. 162.) Plaintiff attached a declaration from his attorney, Larry D. Walls, which asserted that "MOHAMMED SHARRIFF [sic] was served with a copy of the summons and First Amended Complaint on June 13, 2012 as reflected on the docket sheet by the proof of service filed on June 14, 2012, as well as the mailing receipts and notice to Defendant." (Dkt. 162 (Declaration in Support of Request for Review) at ¶ 3.) Neither

---

[4] Mr. Sheriff reserves his right to challenge the substantive allegations set forth in the Complaint.

[5] On January 31, 2013, the Court denied Plaintiff's Request for Court to Determine Sufficiency of Proof of Service for Entry of Clerk Default. (*See* Dkt. 167.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

3

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

the proof of service filed on June 14, nor any other filings made by Plaintiff in this action suggest that Mr. Sheriff has been properly served:

- The proof of service docket entry filed on June 14, 2012 does not mention Mr. Sheriff at all. Instead, the U.S. Postal Service Certified Mail Receipt filed on June 14, 2012 indicates that the Complaint was sent to:

  Republic of Liberia
  c/o His Excellency Mr. Jeremiah Sulunteh
  5201 16th Street N.W.
  Washington, D.C. 20011

  (Dkt. 136.) That same docket entry also includes other documents with "Instructions for Foreign Service Regarding Defendant, Republic of Liberia." (*Id.*) Notably, Mr. Sheriff is not mentioned by name in any of those additional documents.

- On June 19, 2012, Plaintiff filed another U.S. Postal Service Certified Mail Receipt with the Court, listing the addressee as "Mohammed Shariff [sic], Liberia Ambassador-at-Large, c/o His Excellency Mr. Jeremiah Sulunteh, Embassy of Republic of Liberia." (Dkt. 138.) The return receipt was signed for by a "Sulu V. Marshall," whose position is not indicated. (*See id.*)

- A later docket entry on January 15, 2013 indicates another attempted foreign service of documents, addressed to "Mohammed Shariff [sic], Liberia Ambassador-at-Large, c/o His Excellency Mr. Jeremiah C. Sulunteh[,] Embassy of Republic of Liberia." The photocopy of the envelope filed with the Court indicates the mailing could not be delivered and was returned unexecuted. (Dkt. 163.)

### III. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SHERIFF BECAUSE HE HAS NOT BEEN PROPERLY SERVED

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.[6] *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property . . . ."). Moreover, "[o]nce service of process is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see also Yao v. Crisnic Fund, S.A.*, No. SACV 10-1299 AG (JCGx), 2011 U.S. Dist. LEXIS 97358, at *2 (C.D. Cal. Aug. 29, 2011) ("When a defendant files a motion to dismiss challenging sufficiency of service of process, plaintiff bears the burden of proving adequacy of service." ).

Plaintiff has not served Mr. Sheriff in accordance with either the applicable federal or state rules. Therefore, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), this Court lacks personal jurisdiction over Mr. Sheriff and Plaintiff's Complaint must be dismissed. *See Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (holding that court properly dismissed complaint against foreign consular officials because they were not properly served, and, thus, court lacked personal jurisdiction over officials). Alternatively, Plaintiff's attempted service of process must be quashed. *Cheng v. AIM Sports, Inc.*, No. CV 10-3814 PSG (PLAx), 2011 WL 320993, at *1, 4 (C.D. Cal. Jan. 26, 2011) (quashing service of process because plaintiffs' attempts at service were not proper).

---

[6] The Complaint also fails to plead that Mr. Sheriff had the minimum contacts required under Ninth Circuit case law to support personal jurisdiction. The Court, however, need not reach this argument because, as described herein, service of process was ineffective.

### A. Plaintiff Failed to Comply with Rule 4(f) for Service of Individuals Located in a Foreign Country

Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure ("Rule") 4(f), which provides specific instructions for serving individuals located in a foreign country.[7] Under Rule 4(f)(2), service may be made outside of United States judicial districts by "a method that is reasonably calculated to give notice":

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by
>     (i) delivering a copy of the summons and of the complaint to the individual personally; or
>     (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

Fed. R. Civ. P. 4(f)(2). Plaintiff's attempted service was not "reasonably calculated to give notice," nor did it comply with any other requirement of Rule 4(f).

Plaintiff failed to effect service under Rule 4(f)(2)(A). Liberian service of process law requires that a plaintiff attempt personal service of a defendant at least twice by "reading and delivering the summons" to the person to be served or "[a] person designated by the person to be served as his agent for service in a writing which shall be probated and registered in the office of the Registrar of Deeds of the country in which the person to be served resides [.]" (Appendix of Non-Federal Authority ("Appendix"), Exhibit 9, Liberian Civil Procedure Law, Title 1 § 3.38(1).) Moreover, "service of all process shall be made by the ministerial officer of the court which issued the process or by his deputy, or in the absence or inability of both, by some person

---

[7] Since the Republic of Liberia is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") or any other known international agreement regarding service, subsection (1) of Rule 4(f) does not apply in this case. See Fed. R. Civ. P. 4(f)(1).

specifically appointed by the court for that purpose." (*Id.* at § 3.36.) If the two attempts at personal service are unsuccessful, and if the plaintiff makes an application not later than ten days after a "writ of resummons" showing that the defendant has not been served, Liberian law provides for service by publication. (*Id.* at § 3.40.) According to a review of his filings with this Court, Plaintiff has not attempted personal service of Mr. Sheriff, has not contacted any Liberian court to request that it appoint someone to attempt personal service upon Mr. Sheriff, has not attempted service by publication, and has not delivered a copy of the summons and Complaint to Mr. Sheriff's residence.

Plaintiff also has failed to effect service under Rule 4(f)(2)(B). Plaintiff has not submitted a letter rogatory or letter of request to the Republic of Liberia or any of its agencies to obtain direction regarding service of process of the Complaint upon Mr. Sheriff in Liberia. *See* Fed. R. Civ. P. 4(f)(2)(B).

Plaintiff further has failed to effect service under Rule 4(f)(2)(C). Plaintiff has not delivered a copy of the summons and Complaint to Mr. Sheriff personally. *See* Rule 4(f)(2)(C)(i). Moreover, delivery to a third party – even an agent – is not permitted under Rule 4(f)(2)(C)(i), which limits such service to the individual defendant. *See, e.g., Yao*, 2011 U.S. Dist. LEXIS 97358, at *5 ("The section of Rule 4 that governs service of individuals within the United States has a specific provision for service to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2)(C). Because Rule 4(f) does not include such a provision for service of an agent, a plain reading of the Federal Rules compels the conclusion that the limitation to personal service was intentional for individuals in a foreign country.").

Plaintiff also failed to effect service in accordance with Rule 4(f)(2)(C)(ii). First, Plaintiff did not direct the service of process to be delivered to Mr. Sheriff. In his subsequently denied Request for Court to Determine Sufficiency of Proof of Service for Entry of Clerk Default (Dkt. 162), Plaintiff points the Court to "the proof of service filed on June 14, 2012, as well as the mailing receipts and notice to Defendant" as purported evidence of service on Mr. Sheriff. (*See* Dkt. 162 (Walls Declaration in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

7

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

Support of Request for Review) at ¶ 3.) The certified mail receipts reference only "The Embassy of the Republic of Liberia, c/o His Excellency Mr. Jeremiah Sulunteh." (*See* Dkt. 136.) Neither those return receipts nor the accompanying "Instructions for Foreign Service" mention Mr. Sheriff. (*Id.*)

Even if Plaintiff intended to refer the Court to the return receipt filed on June 19, 2012, on its face that service also is inadequate. (Dkt. 138.) As an initial matter, Mr. Sheriff's surname does not match the spelling of that found on the return receipt, which lists the addressee as "Mohammed Shariff." Moreover, the actual intended recipient of the mailing was not Mr. Sheriff but a third party, as the mailing was sent "c/o His Excellency Mr. Jeremiah C. Sulunteh, Embassy of Republic of Liberia." (Dkt. 138.) Mail service upon a third party agent is not permitted by Rule 4(f)(2)(C)(ii). The court in *Yao* emphasized that Rule 4(f) intentionally limits service of process to service on an individual, and <u>not</u> an individual's agent. *See Yao*, 2011 U.S. Dist. LEXIS 97358, at *5. If, as that court held, a plaintiff cannot personally serve an agent for service of process, it follows that a plaintiff cannot do so by mail either. *See id.* Even if service of an agent was appropriate, Plaintiff has provided no evidence that Ambassador Sulunteh was appointed by Mr. Sheriff as his agent for service of process. Indeed, the return receipt demonstrates that neither Mr. Sheriff nor even Ambassador Sulunteh directly received the mailing, as the documents were signed for by a "Sulu V. Marshall." (*Id.*) Plaintiff has provided no evidence that "Sulu V. Marshall" was authorized by Mr. Sheriff to act as his agent for service of process, or for any purpose whatsoever.

On the whole Plaintiff's efforts fail Rule 4(f)(2)'s requirement that the method of service be "reasonably calculated to give notice." *See* Fed. R. Civ. P. 4(f)(2). Plaintiff filed his Complaint and all subsequent Court filings reflecting a misspelling of Mr. Sheriff's name. Plaintiff did not attempt to serve Mr. Sheriff personally, or in line with customary international norms such as a letter rogatory, or even by mailing the service documents to Mr. Sheriff's address. Instead, Plaintiff mailed the misspelled service documents to a third party located in the United States. A similar and subsequent

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

8

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

attempt to effect international service on "Mr. Shariff," sent care of the Liberian Embassy, was returned unexecuted. (*See* Dkt. 163.) Plaintiff cannot demonstrate service "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *See* Fed. R. Civ. P. 4(l)(2)(B). Accordingly, any attempted service was improper and Plaintiff's Complaint must be dismissed for lack of personal jurisdiction.

### B. Plaintiff Failed to Comply with Federal Rules for Service on Individuals Within the United States

Plaintiff's attempted service on Mr. Sheriff also failed to comply with Rule 4(e)(2) for service of process on individuals located within the United States. *See* Fed. R. Civ. P. 4(e)(2). Under Rule 4(e)(2), an individual within the United States may be served: (A) by delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See id.*

Plaintiff has not served Mr. Sheriff personally, nor has Plaintiff delivered a copy of the summons and complaint to Mr. Sheriff's residence. Moreover, Plaintiff has provided no evidence that the summons and complaint were delivered to an agent specifically authorized by appointment or by law to receive service of process on Mr. Sheriff's behalf. Merely delivering a summons and complaint to a foreign diplomatic outpost – even if the defendant worked at the location and the documents were delivered personally to coworkers (which is not the case here) – is still insufficient service of process. *See, e.g., Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 344 (9th Cir. 1993) (Plaintiff's attempted service of Mexican consular officials, by leaving a copy of the summons and complaint with a co-worker at the consulate, was deemed insufficient). Accordingly, even if Plaintiff had provided evidence that Mr. Sheriff worked at the Liberian Embassy in Washington, D.C. (which he has not), service still would be ineffective.

### C. Plaintiff Failed to Comply with State Rules for Service on Individuals Within the United States

Plaintiff's attempted service on Mr. Sheriff failed to comply with Rule 4(e)(1) because it did not conform to either the law of the State of California or the law of the District of Columbia. *See* Fed. R. Civ. P. 4(e)(1).

#### 1. Plaintiff Failed to Effect Proper Service of Process In Accordance With The Laws of the State of California

Plaintiff failed to comply with either of the two provisions under the California Code of Civil Procedure providing for service of process by mail. *See* CAL. CIV. PROC. CODE §§ 415.30, 415.40, Judicial Council Comment. Section 415.30 provides that "[a] copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." CAL. CIV. PROC. CODE § 415.30(a). The notice specified in subdivision (a) must be "in substantially the . . . [same] form" as the template provided in subdivision (b). CAL. CIV. PROC. CODE § 415.30(b). There is no evidence that Plaintiff served copies of a notice and acknowledgement form in substantial compliance with the template provided in Section 415.30(b). Plaintiff also failed to include a return envelope, postage prepaid, addressed to the sender, by means of which a defendant may return the notice and acknowledgement form.

Plaintiff also failed to comply with Section 415.40, which requires that a summons be served on a person outside California "by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." CAL. CIV. PROC. CODE § 415.40. As noted above, Plaintiff did not send a copy of the summons and Complaint directly to Mr. Sheriff. Rather, at best, Plaintiff sent the summons and Complaint (again misspelling Mr. Sheriff's surname) to a third party ("c/o His Excellency Mr. Jeremiah Sulunteh") at an address

that is not Mr. Sheriff's residence (the Liberian Embassy in Washington, D.C.). (*See* Dkt. 138.)

While service by mail may be made "to a person authorized by [defendant] to receive service of process" (*see* CAL. CIV. PROC. CODE § 416.90), Plaintiff has submitted no evidence that the Liberian Embassy in Washington, D.C. or any of its employees, including Ambassador Sulunteh, ever were authorized by Mr. Sheriff to act as his agent for service of process. Such an agent "must be one who is authorized by law or by appointment to receive service of process," because "the agent of an individual for other purposes is not necessarily authorized to receive such process." CAL. CIV. PROC. CODE § 416.90, Judicial Council Comment. The principal-agent relationship "must be close and enduring enough to make it <u>highly probable</u> that the defendant will receive actual notice." *Warner Bros. Records, Inc. v. Golden West Music Sales*, 36 Cal. App. 3d 1012, 1017 (1974) (emphasis added). In practice, California courts have applied this standard strictly. *See, e.g., Summers v. McClanahan*, 140 Cal. App. 4th 403, 405-06, 414-16 (2006) (finding insufficient service of process where summons and complaint were delivered to defendant writer and producer's personal manager, who "immediately" forwarded the documents to defendant's attorney). By analogy, the same is true when dealing with domestic public officials and agencies. *See, e.g., Duffy v. San Francisco Police Dept.*, No. C-02-2250 VRW, 2005 U.S. Dist. LEXIS 37021, at *203 (N.D. Cal. July 26, 2005) (service of process on San Francisco Police Department ("SFPD"), rather than defendant police officers, was insufficient under Section 416.90 because the officers "did nothing to make it appear that they authorized SFPD to accept service on their behalf.").

Additionally, while California service of process rules contemplate service outside the United States, such service is effective only if "reasonably calculated to give actual notice," and is only proper if it is served on a person "as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory." CAL. CIV. PROC. CODE § 413.10(c) . As explained above, Plaintiff

did not serve Mr. Sheriff in accordance with Liberian law, and Plaintiff furthermore did not submit a letter rogatory to the Republic of Liberia or any of its agencies to obtain direction regarding service of process of his Complaint in Liberia. Accordingly, Plaintiff's attempt to serve Mr. Sheriff by mail fails to meet the statutory requirements of service under California law.

### 2. Plaintiff Failed to Serve Mr. Sheriff In Accordance With the Laws of the District of Columbia

Plaintiff similarly failed to properly serve Mr. Sheriff under the District of Columbia's ("D.C.") requirements for service by mail, which are comparable to those of California. Plaintiff did not mail the required "Notice and Acknowledgment." *See* D.C. Super. Ct. Civ. R. 4(c)(4). Plaintiff also did not properly effect service "by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested" (D.C. Super. Ct Civ. R. 4(c)(3)), as Plaintiff mailed a copy of the summons and complaint to a third party at an address other than Mr. Sheriff's residence. (*See* Dkts. 136, 138.)

Moreover, for service of process via an agent to be effective, such authority must be "actual," clear and convincing. *See Leichtman v. Koons*, 527 A.2d 745, 747 n.4 (D.C. 1987) ("An agent must have actual authority" to act as agent for service of process); *Morfessis v. Marvins Credit, Inc.*, 77 A.2d 178, 179-80 (D.C. 1950) (holding that defendant's secretary was not authorized to act as defendant's agent for service of process because there was no actual authorization, despite the fact that she had been instructed to accept all of defendant's business papers). Plaintiff has provided no evidence that anyone at the Liberian Embassy was authorized to act as Mr. Sheriff's agent for service of process.

## IV. CONCLUSION

Plaintiff's purported service of Mr. Sheriff, a foreign national residing overseas, is fundamentally flawed under all applicable law. Plaintiff filed a Complaint misspelling Mr. Sheriff's surname. Thereafter, Plaintiff mailed a copy of the summons

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

12

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

and Complaint to a location in Washington, D.C. that was not Mr. Sheriff's residence and addressed that mailing care of a third party recipient. The mailing appears to have been signed for, not by Mr. Sheriff or the third party addressee, but by an individual who Plaintiff has not shown to have any authority to act as an agent to accept service of process on Mr. Sheriff's behalf. Because Mr. Sheriff has not been properly served, the Court lacks personal jurisdiction over him. *See SEC v. Ross*, 504 F.3d at 1138-39.

For the foregoing reasons, Defendant Mohammed Sheriff respectfully requests that the Court dismiss Plaintiff's Complaint for insufficient service of process and lack of personal jurisdiction, or, in the alternative, quash the attempted service of process on Mr. Sheriff.

Dated: February 8, 2013

Respectfully submitted,

LATHAM & WATKINS LLP
Manny A. Abascal
Amy C. Quartarolo
Michael A. Lundberg
Michael C. Godino

By /s/ Michael A. Lundberg
Attorneys for Specially
Appearing Defendant
Mohammed Sheriff

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3047191.7

13

MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO QUASH SERVICE

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance the Federal Rules of Civil Procedure and Local Rule 5-3.3.

/s/ Djallon M. Dinwiddie
Djallon M. Dinwiddie