TAB 1



Robert G. Leichtman, Appellant, v. Susan E. Koons, Appellee

No. 86-317

District of Columbia Court of Appeals

527 A.2d 745; 1987 D.C. App. LEXIS 382

November 10, 1986, Submitted
June 29, 1987, Decided

**PRIOR HISTORY:**   [**1]  Appeal from the Superior Court of the District of Columbia, Hon. Curtis E. von Kann, Trial Judge.

**DISPOSITION:**   Reversed and remanded.

**COUNSEL:** Nel. L. Thomas and Jane N. Lamb were on the brief, for appellant.

Henry F. Scheulke III and S. Robert Sutton were on the brief, for appellee.

**JUDGES:** Pryor, Chief Judge, Newman, Belson, Associate Judges.

**OPINION BY:** NEWMAN

**OPINION**

[*745]  In an action brought in Superior Court by appellee Susan E. Koons to enforce a default judgment entered in a Maryland court against appellant Robert G. Leichtman, the trial judge granted summary judgment in favor of Koons. Leichtman appeals, urging that a material dispute of fact exists concerning the manner in which he was served process in the Maryland suit. We agree, reverse, and remand for further proceedings.

**I**

In May, 1981, subsequent to the annulment of their marriage, Leichtman and Koons entered into a contractual agreement to liquidate their respective financial obligations to one another. On September 1, 1984, Koons, a resident of Maryland, filed suit in the District Court of Maryland for Anne Arundel County, claiming that Leichtman had breached the agreement. [*746]  The Maryland court subsequently [**2]  entered a default judgment against Leichtman in the amount of $ 4968.57 plus post-judgment interest.

Koons filed the instant action in District of Columbia Superior Court seeking to enforce the Maryland judgment against Leichtman, who is now a resident of the District of Columbia. Leichtman admitted the entry of the default judgment against him, and admitted that it remained unpaid. However, he denied that he had been properly served in the Maryland action, raising lack of personal jurisdiction in that action as an affirmative defense to this one. [1]

1  Leichtman also asserted a counterclaim, claiming entitlement to a sum of money owed him by Koons. Koons moved to dismiss this counterclaim on grounds that any controversy between the parties was *res judicata* as a result of the Maryland action. Her motion was granted by order of the Superior Court dated November 12, 1985. In his briefs, Leichtman makes passing reference to the order dismissing his counterclaim and asks that it be reversed. However, this order was not mentioned in his notice of appeal, and is therefore not properly before us.

4

527 A.2d 745, *746; 1987 D.C. App. LEXIS 382, **2

[**3] Koons moved for summary judgment, asserting that Leichtman had been "duly served" in the Maryland action, and that the default judgment was valid and entitled to enforcement in the District of Columbia. She appended to her moving papers a document signed by a private process server, stating that service was personally delivered to Leichtman at his office address in the District of Columbia. Opposing the motion, Leichtman denied that he had been personally served, averring in his accompanying affidavit that the summons and complaint had been left at his office in his absence. He urged that the factual dispute over the method of service was a material one, since insufficient service, a jurisdictional defect, would render the Maryland judgment void and not entitled to full faith and credit in our courts. The existence of this dispute over a material issue of fact, he argued, precluded summary judgment. [2]

> [2]  Leichtman also argued that the Maryland court had no basis for exercising personal jurisdiction over him under the Maryland long-arm statute. This contention was rejected by the trial court, and Leichtman does not raise this issue on appeal.

[**4]  By order dated January 17, 1986, the trial court granted summary judgment for Koons, stating that although the record indicated that Leichtman was not personally served, he received actual notice of the lawsuit upon returning to his office, and yet took no action to defend the case or set aside the default judgment. The court concluded that the Maryland courts "would regard the service of process as []effective to confer jurisdiction," and that such an assertion of jurisdiction did not offend due process of law. Leichtman appeals the grant of summary judgment, in essence repeating here his arguments below. [3]

> [3]  Koons subsequently filed a "Motion For Amplification of Order Granting Summary Judgment," urging the trial court to amend its original Order to rule "as a matter of law that Defendant Leichtman was personally served in the Maryland case, and that consequently, there exists no genuine issue of material fact concerning that service." Koons appended an affidavit of a private process server stating that he had served Leichtman in person. The court denied this motion, first because it was untimely, and second, because the court considered that a factual dispute existed as to whether Leichtman was

personally served. However, the court reiterated its prior ruling that the issue of whether or not Leichtman was personally served was immaterial; since he had actual timely notice, service would be regarded as effective under Maryland law.

[**5] **II**

A summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Super. Ct. Civ. R. 56 (c); *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1258 (D.C. 1983). In reviewing a grant of summary judgment, it is our function to determine whether, viewing the evidence in a light most favorable to the party opposing the motion (in this case, Leichtman), that evidence gives rise to a genuine factual dispute. If so, the summary judgment must be reversed, and trial held on the [*747] disputed issues. *Truitt v. Miller*, 407 A.2d 1073, 1077 (D.C. 1979); *Sullivan v. Heritage Foundation*, 399 A.2d 856, 859 (D.C. 1979).

We agree with Leichtman's contention that a genuine factual dispute existed here as to the service of process in the Maryland action. The trial court's ruling that this issue was immaterial resulted from an erroneous view of the service requirements under Maryland law. Under Maryland Rules governing the service of process, service [**6] upon a competent individual may be made (1) by personal delivery, (2) by certified mail, (3) by delivery to an agent authorized by appointment or law to receive service for that individual, or (4) for service outside the state, in a manner prescribed by the foreign jurisdiction. Md. R. 2-121 (a), 2-124 (a). Viewing the evidence in a light most favorable to Leichtman, *Truitt, supra*, 407 A.2d at 1077, the summons and complaint in the Maryland action were delivered to the address of his office at a time when he was not present. This manner of service did not comply with the first three methods prescribed under the Maryland Rules.

Nor did it comply with the fourth. Civil Rule 4 (d)(1) of the District of Columbia Superior Court permits service to be made upon a competent individual by personal delivery, by delivery to a defendant's place of abode, or by delivery to an agent authorized by appointment or by law to receive service. Delivery to Leichtman's place of business falls into none of these

categories, and was thus not a "manner . . . prescribed by the foreign jurisdiction . . ." Md. R. 2-121 (a). [4]

> [4] There is no indication in the record that the service was received at Leichtman's office by an agent authorized to receive process. An agent must have actual authority for this purpose, an office employee with authority to receive business communications and mail does not, by virtue of his or her position, have authority to receive process under the Superior Court Rules. *Morfessis v. Marvins Credit, Inc.*, 77 A.2d 178, 179-80 (D.C. 1950).

[**7] Leichtman admitted that he learned of the pendency of Koon's Maryland action when he returned to his office about a week after the court papers had been delivered there. The trial court based its grant of summary judgment on this admission, finding that Leichtman's actual timely notice was sufficient to confer jurisdiction under Maryland law. However, the Maryland Court of Appeals has held, to the contrary, that a defendant's actual knowledge of the existence of a lawsuit against him is no substitute for personal service under Maryland law. *Miles v. Hamilton*, 269 Md. 708, 309 A.2d 631, 634 (1973); *Sheehy v. Sheehy*, 250 Md. 181, 242 A.2d 153, 155 (1968); *Little v. Miller*, 220 Md. 309, 153 A.2d 271, 275 (1959); *Wilmer v. Epstein*, 116 Md. 140, 81 A. 379, 382 (1911); *see also Reed v. Sweeney*, 62 Md. App. 231, 488 A.2d 1016, 1019, *cert. denied*, 303 Md. 471, 494 A.2d 939 (1985). [5] Koons has not directed our attention to any cases holding to the contrary, nor have we found any.

> [5] The same is true under District of Columbia law. *Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 66 (D.C. 1982); *see also Morfessis, supra* note 4, 77 A.2d at 179-80.

[**8] If Leichtman was not personally served, the Maryland District Court had no jurisdiction and the default judgment was invalid and without significance. *Miles, supra*, 309 A.2d at 634. Such a judgment, of course, would not be entitled to full faith and credit in this jurisdiction. *Williams v. North Carolina*, 325 U.S. 226, 229, 89 L. Ed. 1577, 65 S. Ct. 1092 (1945); *Gilper v. Kiamesha Concord, Inc.*, 302 A.2d 740, 742 (D.C. 1973); *Shanklin v. Bender*, 283 A.2d 651, 652 (D.C. 1971); *Operative Plasterers' and Cement Finishers' International Association v. Case*, 68 App. D.C. 43, 49, 93 F.2d 56, 62 (1937).

We thus conclude that the factual dispute over whether or not Leichtman was personally served is a material issue; indeed, the *sole* relevant issue, to be resolved in this case. We remand to the trial court for an evidentiary hearing on this question.

Because Leichtman has requested a jury trial, it remains for us to determine whether on remand this issue shall be tried by jury or by the court. Although we have recognized that in actions to enforce foreign [*748] judgments "the jurisdiction of the court which rendered judgment is always open to judicial inquiry," [**9] *Gilper, supra*, 302 A.2d at 742, we have never determined whether factual issues relating to jurisdiction may be tried by jury.

When the jurisdiction of the court is challenged in the usual case, of course, related factual issues are tried by the court preliminary to the trial on the merits. Super. Ct. Civ. R. 12 (b) and (d); *see* FED. R. CIV. P. 12 (b) and (d). Federal Rule 12 and its identical District of Columbia counterpart merely codify what has always been the general practice in this country. 5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE para. 38.36, at 38:310-313 (2d ed. 1986). Even before the adoption of the Federal Rules in 1938, the Seventh Amendment right to a jury trial historically had never been considered to extend to such jurisdictional issues as service of process, amount in controversy, or diversity. [6] *Id.* at 38:310; *see, e.g., Wall v. Chesapeake & Ohio Ry. Co.*, 95 F. 398, 403 (7th Cir. 1899) (personal jurisdiction -- service of process); *Southern Photo Material Co. v. Eastman Kodak Co.*, 224 F. 523, 524 (N.D. Ga. 1915) (same); *Wetmore v. Rymer*, 169 U.S. 115, 42 L. Ed. 682, 18 S. Ct. 293 (1898) (amount in controversy); *Gilbert* [**10] *v. David*, 235 U.S. 561, 59 L. Ed. 360, 35 S. Ct. 164 (1915) (diversity). The manner in which these issues were to be tried was instead left to the discretion of the court. *See id.* at 567; *Wetmore, supra*, 169 U.S. at 121. Among the reasons articulated for this policy was that issues of jurisdiction, though sometimes involving factual controversies, often entail legal questions appropriately resolved by the judge. *See Murphy v. Campbell Soup Co.*, 40 F.2d 671, 672 (D. Mass. 1930). Moreover, whereas the constitutional right to a jury trial adheres when substantial rights involving the life, liberty, or property of the litigant are at sake, jurisdiction is a collateral issue which does not affect such substantial rights. *See Wall, supra*, 95 F. at 403 (determination on motion to quash service of summons does not affect substantial rights,

527 A.2d 745, *748; 1987 D.C. App. LEXIS 382, **10

since another service of the process can be made or a new summons issued and served).

6  The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." Though the Seventh Amendment is not incorporated to the states through the Fourteenth Amendment, it is, like other provisions of the Bill of Rights, fully applicable to courts established by Congress in the District of Columbia. *Pernell v. Southall Realty*, 416 U.S. 363, 370, 40 L. Ed. 2d 198, 94 S. Ct. 1723 (1974); *E.R.B. v. J.H.F.*, 496 A.2d 607, 610 n.6 (D.C. 1985).

[**11]  We think this reasoning is equally valid today, and does not dictate a different result when jurisdiction is collaterally challenged in an action to enforce a foreign judgment. We observe that if Leichtman had made a special appearance in the Maryland court to contest service of process, the question would have been tried by the court. Although he was free to choose to attack the Maryland court's jurisdiction collaterally in our courts, we see no reason to reward him for his choice by permitting him a jury trial here. While we recognize that the practice differs in some jurisdictions, 7 we conclude that in an action to enforce a foreign judgment, material issues of fact concerning the jurisdiction of the foreign court, such as are present in this case, should be tried by the court. 8

7  *See, e.g., Olson v. England*, 206 Neb. 256, 292 N.W.2d 48, 49-50 (1980) (jury trial waived); *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 838 (Tex. Civ. App. 1979); *Berg v. Burke*, 77 N.D. 913, 46 N.W.2d 786, 787 (1951).

8  Such is also the practice in Maryland, where a challenge to a sister state's jurisdiction "must be submitted, not to the jury, but to the Court . . ." *Picking v. Local Loan Co.*, 185 Md. 253, 44 A.2d 462, 468 (1945), citing 2 Poe, Pleading and Practice § 404 c, at 382 (5th ed.).

[**12]  *Reversed and remanded.*

TAB 2



MORFESSIS v. MARVINS CREDIT, Inc.

No. 982

District of Columbia Court of Appeals

77 A.2d 178; 1950 D.C. App. LEXIS 198; 26 A.L.R.2d 1082

Argued October 30, 1950
December 12, 1950

**SUBSEQUENT HISTORY:** [**1] Supplemental Record Filed November 27, 1950.

**COUNSEL:** Ewing Laporte, Washington, D. C., for appellant.

Abraham Chaifetz, Washington, D. C., for appellee.

**JUDGES:** Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

**OPINION BY:** HOOD

**OPINION**

[*179] HOOD, Associate Judge. This appeal raises the question, among others, of the validity of service of process upon appellant. The marshal's return showed service by leaving copies of summons and complaint 'at his (appellant's) usual place of abode with Katina Tsoulis a person of suitable age and discretion then residing therein at 809 3rd St., S. E.' [1]

> 1   See Municipal Court Rule 4(c)(1) based on F.R.C.P. 4(d)(1), 28 U.S.C.A.

Appellant moved to quash service on the ground that he did not and never had lived at said address, that Katina Tsoulias did not reside there, and that said address was a place of business and the abode of no one.

At hearing on the motion a deputy marshal testified he left copies of summons and complaint with Katina Tsoulias at [**2] appellant's place of business, that she said appellant very seldom came in and she would accept the papers for him, and that she gave the marshal the following written statement:

> 'Miss Katina Tsoulias
>
> 'I received summons A29-200 for Telemachas Morfessis, 809 3rd St. S. E. Wash. D. C. on April 26th 1950. I shall take full responsibility.'

Miss Tsoulias testified that she had been employed by appellant for two or three years and that appellant had instructed her to receive and accept 'all business papers,' that she received the summons and complaint from the marshal and gave him the writing above quoted, that she had never before received similar papers, and that appellant did not 'bawl her out' for receiving them.

Appellant testified that he received the papers from Miss Tsoulias who was his secretary and sole office employee, that he had instructed her to accept 'all of his business papers and mail,' and that he had never instructed her not to accept service of legal papers.

On this testimony the trial court permitted the marshal to amend his return by adding after the name of Miss Tsoulias the words 'who stated she was authorized to accept service.' Thereupon the court denied [**3] the motion to quash, ruling that the evidence established an

77 A.2d 178, *179; 1950 D.C. App. LEXIS 198, **3;
26 A.L.R.2d 1082

agency to accept service. Thereafter appellant filed an answer, trial was had and judgment went against appellant.

Appellee insists that appellant waived any defect in service of process by answering and defending on the merits after his motion to quash was overruled. This contention is without merit. It has long been the rule that a properly presented objection to the validity of service of process is not waived by defending on the merits after overruling of the objection. [2] Furthermore, the rules of the trial court provide that no defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion. [3]

> 2   Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237; See also Ellerbe v. Goldberg, D.C.Mun.App., 60 A.2d 232.
> 3   Municipal Court Rule 12(b), based on F.R.C.P. 12(b). See Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

[**4] The trial court apparently sustained the service of process under that portion of its rule 4(c)(1) which permits service on an individual by delivering copy of the summons and complaint 'to an agent authorized by appointment or by law to receive service of process.' As no claim is made that appellant's secretary was authorized by law to receive service, the question is whether she was authorized by appointment. The quoted portion of the rule is taken verbatim from F.R.C.P. 4(d)(1). There is a scarcity of cases construing that portion of the rule, but Moore's Federal Practice (2d Ed.), Vol. 2, § 4:12, says: 'The phrase 'an agent authorized by *appointment* to receive service of process' [*180] is intended to cover the situation where an individual *actually* appoints an agent for that purpose.' Barron and Holtzoff's recent work on Federal Practice an Procedure, Vol. 1, § 177, points out that the agent of an individual for other purposes is not necessarily authorized to receive service.

In this case there is no evidence of any actual

appointment by appellant of Miss Tsoulias as agent to receive service. Her statement, if she made such a statement, that she was authorized [**5] to receive service was nothing more than her conclusion and was not binding on appellant. The fact that she was appellant's secretary and only office employee in no way tended to establish her agency to receive service of process; and her authority to receive 'business papers and mail' cannot be construed to include authority to receive service of process. [4] The fact that appellant never instructed his secretary not to accept service of legal papers is of no consequence. It does not follow that such an employee has authority to do something simply because she was not forbidden to do it. And the fact that appellant took the papers from his secretary and did not reprimand her for having received them is likewise without significance. We see no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process. If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process. Such a result in our opinion was not intended by [**6] the rule.

> 4   Cf. Fleming v. Malouf, D.C.W.D., N.Y., 7 F.R.D. 56.

In view of our holding that the court was without jurisdiction over appellant, it is unnecessary to consider the assigned errors relating to the trial.

Since argument appellee has filed a motion to dismiss the appeal on the ground that the judgment has been satisfied by execution. An involuntary satisfaction of judgment does not render the appeal moot. [5]

> 5   Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617; King v. McKnight, D.C.Mun.App., 61 A.2d 714.

Judgment reversed with instructions to grant the motion to quash service of process on appellant.

TAB 3

Page 1



**DIRK SUMMERS, Plaintiff and Respondent, v. RUE McCLANAHAN, Defendant and Appellant.**

**B182869**

**COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT, DIVISION SEVEN**

**140 Cal. App. 4th 403; 44 Cal. Rptr. 3d 338; 2006 Cal. App. LEXIS 861; 2006 Cal. Daily Op. Service 5032; 2006 Daily Journal DAR 7353**

**June 12, 2006, Filed**

**SUBSEQUENT HISTORY:** Rehearing denied by Summers v. McClanahan, 2006 Cal. App. LEXIS 1160 (Cal. App. 2d Dist., July 11, 2006)
Review denied by, Request denied by Summers v. McClanahan, 2006 Cal. LEXIS 11463 (Cal., Sept. 20, 2006)

**PRIOR HISTORY:**   [***1] Superior Court of Los Angeles County, No. BC297039, Rolf M. Treu, Judge.

**SUMMARY:**

CALIFORNIA OFFICIAL REPORTS SUMMARY

The trial court denied an individual's motions to set aside a default and vacate a judgment in favor of her former business associate in an action for slander, libel, and intentional infliction of emotional distress. The summons and complaint were served by leaving copies with an agent, who was the individual's personal manager, at the agent's office. The agent, who was not authorized by the individual to accept service of process on her behalf, forwarded the documents to counsel. Because the documents found their way to the named defendant by admitted receipt of counsel, the trial court concluded that service was effective under Code Civ. Proc., § 416.90. (Superior Court of Los Angeles County, No. BC297039, Rolf M. Treu, Judge.)

The Court of Appeal reversed the order that had denied the motion to set aside the judgment and vacate the default, and the court remanded with directions to grant the motion and set a reasonable time to file and serve motions or responsive pleadings. The court stated that although the statutory provisions regarding service of process should be liberally construed to effectuate service, substantial compliance with Code Civ. Proc., § 416.90, was not shown. The nature of the services performed by the agent did not make it highly probable that the individual would receive actual notice of the service of process on the agent on her behalf. There was no evidence of frequent communication or a close business or personal relationship that would make it highly likely the agent would inform her of the suit. Service of process cannot be upheld solely on the ground of actual notice when there has been a complete failure to comply with the statutory requirements for service. (Opinion by Johnson, Acting P. J., with Woods and Zelon, JJ., concurring.)

**HEADNOTES**

CALIFORNIA OFFICIAL REPORTS HEADNOTES
Classified to California Digest of Official Reports

**(1) Process, Notices, and Papers § 6--Service--Liberal Construction of Statutes.**--Strict compliance with statutes governing service of process [*404] is not

Page 2

140 Cal. App. 4th 403, *404; 44 Cal. Rptr. 3d 338, **;
2006 Cal. App. LEXIS 861, ***1; 2006 Cal. Daily Op. Service 5032

required. Rather, in deciding whether service was valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant.

**(2) Process, Notices, and Papers § 7--Mode of Service--Agent.**--Code Civ. Proc., § 416.90, authorizes personal service on a defendant by delivering a copy of the summons and of the complaint to a person authorized by defendant to receive service of process. If the process is delivered to an agent of defendant, such agent must be one who is authorized by law or appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process.

**(3) Process, Notices, and Papers § 7--Mode of Service--Agent.**--In determining who is a proper agent for acceptance of service on behalf of a defendant, a specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable the defendant will receive actual notice.

**(4) Process, Notices, and Papers § 24--Mode of Service--Defects--Burden of Proof.**--When a defendant challenges the court's personal jurisdiction on the ground of improper service of process, the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service.

**(5) Process, Notices, and Papers § 7--Mode of Service--Agent.**--No evidence in the record supported the existence of a close relationship between a party challenging a default judgment and her agent. Although the agent was her personal manager at the time the summons and complaint were delivered to the agent's office, there was no evidence of frequent communication or a close business or personal relationship that would make it highly likely the agent would inform her of the suit. Accordingly, the attempted service of process did not substantially comply with the requirements of Code Civ. Proc., § 416.90, and the trial court erred in denying motions to set aside the default and vacate the judgment.

[3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 980; 1 Kiesel et al., Matthew Bender Practice Guide: Cal. Pretrial Civil Procedure (2005) § 8.17.] [*405]

**COUNSEL:** Haight Brown & Bonesteel, William

Baumgaertner, Rita Gunasekaran; The Law Offices of John C. Edwards and John C. Edwards for Defendant and Appellant.

Eugene Paolino for Plaintiff and Respondent.

**JUDGES:** Johnson, Acting P. J., with Woods and Zelon, JJ., concurring.

**OPINION BY:** Johnson

**OPINION**

[**339] **JOHNSON, Acting P. J.**--The trial court awarded plaintiff Dirk Summers a $ 3.75 million default judgment. Defendant Rue McClanahan appeals from the judgment and the trial court's orders denying her motions to set aside her default and vacate the judgment. Because we conclude plaintiff's attempted service of process did not substantially comply with the requirements of Code of Civil Procedure section 416.90, we reverse the first trial court order and remand the cause to the trial court with directions to set aside defendant's default, vacate the default judgment and set a reasonable time for defendant to file and serve such motions or responsive pleadings as she deems appropriate.

**FACTS AND PROCEEDINGS [***2] BELOW**

The essential facts are undisputed. [1]

> [1] The only material fact disputed below was whether the summons was included in the documents purportedly served on McClanahan. The trial court found it was included and substantial evidence supports this finding.

Summers filed this action against McClanahan for slander, libel and intentional infliction of emotional distress growing out of a failed joint business venture. The complaint seeks damages on each cause of action "in an amount exceeding $ 10,000,000 according to proof at the time of trial" and "an award of punitive and exemplary damages against defendant McClanahan according to proof at the time of trial."

Plaintiff's counsel, Eugene Paolino, declared he served the summons and complaint in this action on McClanahan on June 6, 2003, by leaving copies with Barbara Lawrence, McClanahan's "authorized agent," at Lawrence's office in Los Angeles and mailing copies to

Page 3

140 Cal. App. 4th 403, *405; 44 Cal. Rptr. 3d 338, **339;
2006 Cal. App. LEXIS 861, ***2; 2006 Cal. Daily Op. Service 5032

Lawrence at her office address. Included with the summons and complaint were letters from [***3] Paolino to Lawrence and McClanahan, a notice of deposition directed to McClanahan and deposition subpoenas directed to four other persons. Lawrence testified [*406] she "immediately" forwarded the documents to "John Edwards, Ms. McClanahan's attorney." Edwards currently represented McClanahan in another action involving Summers.

Edwards wrote to Paolino a few weeks after receiving the documents from Lawrence. [**340] Edwards complained Paolino's attempt to directly communicate with McClanahan "knowing full well that she is represented by counsel" constituted a violation of rule 2-100 of the Rules of Professional Conduct. He also objected to the deposition notice and subpoenas and informed Paolino that unless he took the depositions off calendar "a motion to stay the depositions and to quash the notice and subpoenas will be made and sanctions requested." Edwards did not contend the summons and complaint had been improperly served on McClanahan. Paolino did not reply to Edwards's letter.

On November 7, 2003, Paolino mailed a copy of a request for entry of default and court judgment to McClanahan in care of Lawrence at the same address he had used for the [***4] summons and complaint. The request for court judgment stated the amounts of general and special damages were "to be proved." Lawrence testified she never received this document. When McClanahan still did not respond to the complaint Paolino filed the request for entry of default and court judgment, along with a proof of service of the summons and a due diligence declaration.

At the default prove-up hearing Summers submitted an 11-page declaration summarizing his case against McClanahan and his professional background as a television writer and producer. He stated as a result of McClanahan's defamatory statements about him he had been unable to obtain work and sought damages for past and future lost earnings in the amount of $ 1.75 million, damages for loss of reputation in the amount of $ 1 million and punitive damages in the amount of $ 1 million. Summers made no attempt to serve McClanahan with this declaration or a statement of damages under Code of Civil Procedure section 425.11 or a statement of punitive damages under Code of Civil Procedure section 425.115.

The trial court entered a default judgment in favor of Summers [***5] and against McClanahan in the sum of $ 3.75 million.

Six days after entry of the judgment McClanahan filed a motion to set aside the default and default judgment on the grounds of improper service of the summons and extrinsic fraud or mistake.

The trial court denied this motion. The court agreed Lawrence was not authorized by McClanahan to accept service of process on her behalf. It also [*407] found, however, Lawrence had forwarded the summons and complaint to Edwards who admitted to being McClanahan's counsel. Because the documents "found [their] way to the defendant by admitted receipt of counsel for defendant" the trial court concluded service was effective under Code of Civil Procedure section 416.90 which authorizes service of the summons and complaint on a person "authorized by [the defendant] to receive service of process." [2]

2   All statutory references are to the Code of Civil Procedure.

McClanahan filed a second motion to set aside the default and default judgment accompanied [***6] by a demurrer to the complaint. This time she based her motion on attorney fault under section 473, subdivision (b). In his declaration accompanying the motion Edwards stated at the time he received the complaint from Lawrence he did not believe McClanahan had been properly served. Accordingly he advised McClanahan she had been sued but that she had not been served and "she did not have to respond to the complaint until she was served." "Therefore," Edwards declared, "the decision to not file a response was entirely mine and was not the fault of Ms. McClanahan." [**341]

The trial court denied this motion too. The court ruled the second motion was a subsequent application for the same order it had previously denied and as such was barred by section 1008, subdivision (b) because it was not based on any new or different facts, circumstances or law; only on a different theory for relief. The court further ruled the motion was premature because Edwards's "fault" was in concluding McClanahan had not properly been served but an appellate court might conclude Edwards was correct.

McClanahan filed a timely notice of appeal from the

140 Cal. App. 4th 403, *407; 44 Cal. Rptr. 3d 338, **341;
2006 Cal. App. LEXIS 861, ***6; 2006 Cal. Daily Op. Service 5032

default judgment and the orders denying her motions to set aside the [***7] default and default judgment.

## DISCUSSION

For the reasons discussed below we conclude the trial court erred in denying McClanahan's first motion to vacate the default and set aside the judgment based on Summers's failure to properly serve the summons and complaint.

*A. Historical Background of Section 416.90.*

In 1969 the California Legislature enacted a comprehensive revision of the laws governing service of process. [3] The Legislature based this revision on recommendations contained in a report by a joint committee representing the [*408] Judicial Council and the State Bar [4] and these recommendations were adopted as the legislative history of the statutes. [5]

> [3]  Statutes 1969, chapter 1610, section 3, page 3363.
> [4]  Report of the State Bar Committee on Administration of Justice (1969) 44 State Bar Journal 681, 682.
> [5]  Report of the State Bar Committee on Administration of Justice, *supra*, 44 State Bar Journal at page 682.

Prior to the 1969 amendments many courts had required "strict and exact [***8] compliance" with the statutory requirements for service of process. [6] In adopting a "liberal construction" of the new laws our Supreme Court relied on its understanding of the statutes' legislative history and its well-considered view of public policy. [7] Although the court was misled as to the legislative history, its public policy analysis was clearly correct. [8]

> [6]  *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778 [108 Cal. Rptr. 828, 511 P.2d 1180].
> [7]  *Pasadena Medi-Center Associates v. Superior Court, supra*, 9 Cal.3d at page 778.
> [8]  In discussing the legislative history of the new service of process statutes the Supreme Court quoted extensively from Li, Attorney's Guide to California Jurisdiction and Process (Cont.Ed. Bar 1970) (hereafter Li) which in turn purported to quote from " 'the Nov. 25, 1968, Report of the

Judicial Council's Special Committee on Jurisdiction.' " ( *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at p. 778.) In his book Li quotes this special committee report as stating: " ' "The provisions of this chapter should be liberally construed to effectuate service and uphold the jurisdiction of the court ... ." ' " ( *Ibid.*; see also Li, *supra*, at pp. 57-58.) The Supreme Court accepted Li's alleged quotation from the report as evidence the drafters of the legislation intended the new service of process statutes should be "liberally construed." ( *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at p. 778.) But, as we explain below, our research discloses no such special committee report exists and the comments Li quotes in his book are from a Judicial Council staff memorandum, possibly written by Li himself.

We attempted to obtain a copy of the special committee report referred to in Li's book in the belief it might contain other comments relevant to the service of process issue in the present case. We contacted the Judicial Council, the Legislative Archives, the Legislative Intent Service and the Continuing Education of the Bar. None of these organizations could locate the report referred to in Li's book. Our inquiry to Li went unanswered. Finally our court librarian located a former Judicial Council staff attorney who went through his storage boxes and found a November 25, 1968 "staff draft" of comments on the proposed legislation which contains the statements Li attributes to the special committee report. These staff comments do not appear in the final Judicial Council report on the proposed legislation. (Jud. Council of Cal. (1969) Annual Rep. to the Governor and the Legislature, Revision of Title 5 (Commencing With Section 405) of the Code Of Civil Procedure Relating to Jurisdiction and Service of Process, pp. 27-55. (Hereafter Judicial Council Annual Report.)) It appears Li, who at the time was a staff attorney at the Judicial Council and one of the drafters of the legislation, may have inflated his contribution to the process by representing his "staff draft" as the actual report of the special committee.

[***9]  At the time California enacted its new

140 Cal. App. 4th 403, *408; 44 Cal. Rptr. 3d 338, **341;
2006 Cal. App. LEXIS 861, ***9; 2006 Cal. Daily Op. Service 5032

statutes many other jurisdictions had [**342] adopted a liberal, practical approach to service of process issues. [*409]

*Karlsson v. Rabinowitz* [9] is illustrative of cases viewing service of process issues from a practical standpoint. Service of process on Rabinowitz was effected by leaving a copy of the summons and complaint with his spouse at their Maryland home three weeks after Rabinowitz had preceded his family to Arizona where he took a new job and bought a home intending never to return to Maryland. Ms. Rabinowitz remained in Maryland to complete moving arrangements and the sale of their home before joining her husband in Arizona. It was undisputed Ms. Rabinowitz promptly notified her husband of this service of process. [10] The issue before the court of appeals was whether substituted personal service on Ms. Rabinowitz satisfied rule 4(d)(1) of the Federal Rules of Civil Procedure (28 U.S.C.) which provides for substituted service on a person at "his dwelling house or usual place of abode." [11] In resolving this issue the court declined to choose between or attempt to reconcile cases "in hopeless and irreconcilable conflict" over the meaning [***10] of "dwelling house" and "usual place of abode." [12] Instead the court concluded insofar as a person's abode or dwelling depended on the person's intention to return or not return to his living quarters such an intent is not the test for effective service in itself but is "some indication as to whether or not it is likely in a particular case that the one served will actually receive notice of the commencement of the action and thus be advised of his duty to defend." [13] The court went on to state: "To the extent that there is any rule or guide to be followed by the federal courts in such a case it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be *liberally construed to effectuate service and uphold jurisdiction of the court*, thus insuring the opportunity for a trial on the merits." [14]

9    *Karlsson v. Rabinowitz* (4th Cir. 1963) 318 F.2d 666.
10    *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 667 and footnote 2.
11    Compare Code of Civil Procedure section 415.20, subdivision (b).
[***11]
12    *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 668.

13    *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 668.
14    *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 668, italics added.

The *Karlsson* court distinguished the facts in the case before it from those in *Williams v. Capital Transit Co.* [15] In *Williams,* process was served on a defendant's ex-wife at the home they had once [**343] shared in Washington, D.C. At the time of service on the ex-wife she and the defendant had not seen each other for three years. In the meantime, defendant had remarried and moved to Salt Lake City. [16] Defendant's former spouse did not inform him she had been served with process. He did not learn of the default judgment against him until three years after its entry. [17] The court of appeals in *Williams* affirmed the trial court's [*410] order setting aside the judgment against defendant because his ex-wife's home was not his place of abode when process was served on her. [18]

15    *Williams v. Capital Transit Co.* (1954) 94 U.S. App.D.C. 221 [215 F.2d 487].
[***12]
16    *Williams v. Capital Transit Co., supra,* 215 F.2d at page 489.
17    *Williams v. Capital Transit Co., supra,* 215 F.2d at page 489.
18    *Williams v. Capital Transit Co., supra,* 215 F.2d at page 490.

To the *Karlsson* court the distinction between the facts in the case before it and the facts in *Williams* lay in the likelihood of service resulting in actual notice to the person intended to be served. In *Karlsson* the family ties between the Rabinowitzes made it highly likely Mr. Rabinowitz would receive notice of the action from Ms. Rabinowitz in time to defend. On the other hand the court concluded from the facts in *Williams* "[i]t is patent that the likelihood of the husband's receipt, through such service of process, of actual knowledge of the action and his duty to defend is rather remote." [19]

19    *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 668.

[***13] B. *Cases Construing the Revised Service of Process Law.*

In *Pasadena Medi-Center v. Superior Court* the issue was whether service of process on a person erroneously

140 Cal. App. 4th 403, *410; 44 Cal. Rptr. 3d 338, **343;
2006 Cal. App. LEXIS 861, ***13; 2006 Cal. Daily Op. Service 5032

identified by a corporation in official documents as its secretary and treasurer constituted service on the corporation under section 416.10, subdivision (b) which authorizes service by delivering a copy of the summons and complaint to the corporation's secretary or treasurer. It was undisputed the erroneously identified secretary-treasurer forwarded the papers to the real secretary-treasurer and the real secretary-treasurer discussed the case with the other directors of the corporation. [20]

> [20] *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at page 776.

Adopting a liberal and practical approach to service of process our Supreme Court held the plaintiff, by serving "a corporate agent with ostensible authority to receive process, effected valid service upon the defendants." [21] The court noted, [***14] "[t]he case at bar demonstrates the desirability of liberal construction of the new statutes." [22] In this case, the court explained, "[d]efendant corporation, having misled plaintiff, bears the responsibility for plaintiff's failure to serve an authorized corporate officer, and should not be permitted to strip itself of assets in order to avoid the payment of an uncontested judgment." [23]

> [21] *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at page 783.
> [22] *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at page 778.
> [23] *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at pages 782-783.

**(1)** The liberal and practical approach to service of process has been followed in subsequent Court of Appeal decisions. In *Gibble v. Car-Lene Research, Inc.* the [**344] court stated: "It is well settled that strict compliance with statutes governing service of process is not required. Rather, in deciding [***15] whether service was valid, the statutory provisions regarding service of [*411] process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." [24]

> [24] *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 313 [78 Cal. Rptr. 2d 892]; accord, *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1436 [29 Cal. Rptr. 2d 746] ("[S]trict compliance is not required."); *Bein v. Brechtel-Jochim Group, Inc.* (1992) 6

Cal.App.4th 1387, 1392 [8 Cal. Rptr. 2d 351] (provisions of the service of process statutes "are now to be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant[.]"; *Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal. App. 3d 1118, 1122 [218 Cal. Rptr. 632] ("As a general rule ... the provisions of the rules governing service of process are to be liberally construed.").

Nevertheless there are cases decided after the enactment of the [***16] revised statutes which have continued to apply the strict construction rule. In *Taylor-Rush v. Multitech Corp.*, for example, the court stated: "A defendant is under no duty to respond to a defectively served summons. The notice requirement is not satisfied by actual knowledge of the action without service conforming to the statutory requirements, which are to be strictly construed." [25]

> [25] *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal. App. 3d 103, 111 [265 Cal. Rptr. 672]; see also *Kappel v. Bartlett* (1988) 200 Cal. App. 3d 1457, 1466 [246 Cal. Rptr. 815] (" 'The requirement of notice "is not satisfied by actual knowledge without notification conforming to the statutory requirements" [citation]; it is long-settled that methods of service are to be strictly construed ... .' "); *Slaughter v. Legal Process & Courier Service* (1984) 162 Cal. App. 3d 1236, 1251 [209 Cal. Rptr. 189] ("methods of service are to be strictly construed").

Edwards may have relied [***17] on the *Taylor-Rush* line of cases in advising McClanahan she did not have to respond to Summers's complaint. If he did rely on those cases he erred. It is clear from our Supreme Court's opinion in *Pasadena Medi-Center* the old rule of strict construction has been rejected and a new rule of liberal construction has been adopted. [26]

> [26] *Pasadena Medi-Center Associates v. Superior Court, supra,* 9 Cal.3d at pages 778-779.

**C. *Summers Failed to Demonstrate Substantial Compliance with Section 416.90.***

**(2)** Section 416.90 authorizes personal service on a defendant "by delivering a copy of the summons and of the complaint ... to a person authorized by him to receive

140 Cal. App. 4th 403, *411; 44 Cal. Rptr. 3d 338, **344;
2006 Cal. App. LEXIS 861, ***17; 2006 Cal. Daily Op. Service 5032

service of process."

In its comments on this provision the Judicial Council stated: "If the process is delivered to an agent of defendant, such agent must be one who is [*412] authorized by law or appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive [***18] such process." 27

27   Judicial Council Annual Report, *supra,* at page 55.

**(3)** In *Doherty & Co. v. Goodman* 28 the United States Supreme Court provided guidance for determining who is a proper agent for acceptance of service on behalf of a defendant. The court concluded a specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable the defendant will receive actual notice.

28   *Doherty & Co. v. Goodman* (1935) 294 U.S. 623 [79 L. Ed. 1097, 55 S. Ct. 553].

[**345]

The plaintiff in *Doherty & Co. v. Goodman* was a resident of Iowa who served process on the defendant securities dealer, a resident of New York, by delivering the summons and complaint to an employee of defendant in his Des Moines office. The employee's only specific authority was to sell securities for defendant. [***19] Defendant "never ... consented that service of process upon this agent should constitute service upon himself." 29 The Supreme Court nevertheless upheld the service under an Iowa law, which authorized service of process " 'on any agent or clerk employed in' " the office of an individual or company doing business " 'in any county other than that in which the principal resides.' " 30 The court rejected the defendant's due process challenge to the statute. It agreed with an Iowa Supreme Court opinion which upheld the statute against a constitutional attack because " 'there is not only "reasonable probability" but practical moral certainty that the defendant will receive actual notice of the pendency of the action.' " 31

29   *Doherty & Co. v. Goodman, supra,* 294 U.S. at page 625.
30   *Doherty & Co. v. Goodman, supra,* 294 U.S. at page 625.
31   *Doherty & Co. v. Goodman, supra,* 294 U.S.

at page 627.

In a law review note examining *Doherty & Co.* [***20] the author characterized the method of service authorized by the Iowa statute as "unquestionabl[y]" reasonable. 32 The owner of the business "selects as his agent for business the person upon whom the summons is served." 33 Furthermore, the statute limits service to a "clerk" or "agent," persons who can "reasonably [be] expected to notify the party sued." 34

32   McBain, *Service Upon a Non-Resident by Service Upon His Agent* (1935) 23 Cal. L.Rev. 482, 486 (hereafter McBain).
33   McBain, *supra,* 23 Cal. L.Rev. at page 486.
34   McBain, *supra,* 23 Cal. L.Rev. at page 486.

[*413]

**(4)** When a defendant challenges the court's personal jurisdiction on the ground of improper service of process "the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service." 35 Taking into consideration the comment of the Judicial Council and the interpretation of the new service of process statutes by our Supreme Court in [***21] *Pasadena Medi-Center,* 36 we conclude Summers failed to carry his burden of proof.

35   *Dill v. Berquist Construction Co., supra,* 24 Cal.App.4th at pages 1439-1440.
36   See discussion at pages 410-411, *ante.*

Summers contends the present case is analogous to *Warner Bros. Records, Inc. v. Golden West Music Sales* in which service of process on Arthur Leeds, the attorney for the individual defendants, resulted in actual notice to the defendants. 37 The court in *Warner Bros.* noted Leeds was not only the defendants' agent, he was a codefendant in the case. "The nature of the services performed by Leeds for defendants and the necessity for his repeated communication with them in performing those services, made it 'highly probable' that defendants would receive actual notice of the service of process on Leeds upon their behalf." 38

37   *Warner Bros. Records, Inc. v. Golden West Music Sales* (1974) 36 Cal. App. 3d 1012, 1015 [112 Cal. Rptr. 71].
[***22]
38   *Warner Bros. Records, Inc. v. Golden West Music Sales, supra,* 36 Cal. App. 3d at page 1018;

140 Cal. App. 4th 403, *413; 44 Cal. Rptr. 3d 338, **345;
2006 Cal. App. LEXIS 861, ***22; 2006 Cal. Daily Op. Service 5032

and see *Karlsson v. Rabinowitz, supra,* 318 F.2d at page 668, discussed at pages 409-410, *ante.* [**346]

*Warner Bros.* is distinguishable from the case before us in several important ways. In our case, process was not served on McClanahan's attorney, Edwards, but on her personal manager, Lawrence. Lawrence was not a codefendant in the lawsuit brought by Summers and had no involvement in the transaction giving rise to Summers's action. Furthermore, the court in *Warner Bros.* did not hold service of process on Leeds under the circumstances described above constituted service on the individual defendants. It only concluded "service of the summons and complaint on Leeds *could* be valid" as to the individual defendants because "Leeds' relationship with the individual defendants *may* have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service of Leeds upon their behalf." [39] Finding the trial court applied [***23] the wrong test in determining Leeds's agency for purposes of section 416.90 the Court of Appeal reversed the order quashing service as to the individual defendants and remanded the cause to the trial court to determine whether Leeds was their ostensible agent [*414] to receive service of process. [40] The only similarity between *Warner Bros.* and the case at bench is that in both cases the service of process ultimately resulted in the defendants receiving actual notice of the action. But as we discuss more fully below no California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service.

39   *Warner Bros. Records, Inc. v. Golden West Music Sales, supra,* 36 Cal. App. 3d at page 1018, italics added.

40   *Warner Bros. Records, Inc. v. Golden West Music Sales, supra,* 36 Cal. App. 3d at page 1019.

In the present case Summers [***24] offered no evidence to show McClanahan specifically authorized Lawrence to accept service of process as her agent. He did not dispute Lawrence's testimony she had "never been authorized by Ms. McClanahan to accept service of process on her behalf" and had never "represented to anyone, either expressly or impliedly, that [she had] authority to accept service of process on her behalf." The trial court found as a fact Lawrence "does not have

authority to accept service of process on [McClanahan's] behalf."

Nor did Summers offer any evidence to show Lawrence was McClanahan's ostensible agent for service of process. Indeed, he offered no explanation why he delivered the summons and complaint to Lawrence instead of Edwards. [41] Lawrence testified without contradiction she did not handle McClanahan's finances and did not involve herself in McClanahan's financial decisions.

41   At the time process was served on Lawrence in this action an appeal was pending from a judgment in another action involving the same parties, the same attorneys and the same failed business venture. (See *Summers v. McClanahan* (June 24, 2004, D041980) [nonpub. opn.].) Thus McClanahan's attorney, Edwards, had a closer relationship to McClanahan, at least in the context of the underlying dispute, than Lawrence did and Summers clearly knew where to deliver process to Edwards on McClanahan's behalf. McClanahan has asked us to take judicial notice of other court records involving Summers and McClanahan. These documents have no relevance to the issues in this appeal and therefore her request is denied.

[***25] The question remains whether service can be upheld on the theory a close connection between Lawrence and McClanahan made it "'highly probable'" McClanahan would receive actual notice of the [**347] service of process on Lawrence on her behalf. [42]

42   *Warner Bros. Records, Inc. v. Golden West Music Sales, supra,* 36 Cal. App. 3d at page 1018.

**(5)** We find no evidence in the record to support the existence of a close relationship between Lawrence and McClanahan. Although Lawrence was McClanahan's personal manager at the time the summons and complaint [*415] were delivered to her office there is no evidence she was in frequent communication with McClanahan in the course of performing her service which, she testified, was "to advise [McClanahan] on her career choices." The record is also devoid of any evidence Lawrence and McClanahan had a close business or personal relationship, which would make it highly likely Lawrence would inform McClanahan she was being sued by Summers. On the contrary Lawrence's immediate [***26] reaction upon receiving the summons and complaint was

140 Cal. App. 4th 403, *415; 44 Cal. Rptr. 3d 338, **347;
2006 Cal. App. LEXIS 861, ***26; 2006 Cal. Daily Op. Service 5032

not to notify McClanahan but to notify McClanahan's attorney, Edwards, and send him copies of the summons and complaint.

The only evidence relied on by Summers to support the validity of the service on McClanahan through Lawrence was the fact the summons and complaint made their way from Lawrence to McClanahan's attorney, Edwards, who notified McClanahan of the suit. Summers's rationale would appear to be if service of process, even if totally outside the statutory prescriptions, has somehow resulted in actual notice to the defendant in time to defend the action, then any defects in the manner of service should be overlooked. As we previously observed, no California appellate opinion has adopted this rationale and, we think, for good reason.

Adopting Summers's rationale would constitute a judicial repeal of California's statutory law governing service of process and the adoption of only one rule: A summons may be served on anyone, anywhere, by any means which results in actual notice of the action in time to defend. Clearly this is not what the Supreme Court had in mind when it held the revised service of process law should be [***27] liberally construed. One benefit of the liberal construction rule is its tendency to eliminate unnecessary, time-consuming, and costly disputes over service of process issues. An "actual notice" rule would do just the opposite. It would create a standardless free-for-all in which defendants would bring motions to quash service claiming they never received actual notice and, in many cases, plaintiffs would be unable to prove otherwise. In addition, such a rule would put a premium

on defendants developing creative ways of evading service thereby thwarting the fundamental principle disputes should be resolved in courts, on the merits.

For the reasons given above we conclude the trial court did not acquire personal jurisdiction over McClanahan through substituted service on Lawrence and the default judgment must be set aside and the entry of default vacated. [43]

> [43]   Given our conclusion the judgment and entry of default must be reversed for lack of proper service of the summons and complaint we need not address McClanahan's other grounds for reversing the judgment.

[***28] [*416]

**DISPOSITION**

The trial court's first order denying defendant's motion to set aside the judgment and vacate her default is reversed and the cause is remanded with directions to grant the motion and set a reasonable time for defendant to file and serve such motions or responsive pleadings as she deems appropriate. The appeals from the second order [**348] and the judgment are dismissed as moot. Defendant is awarded her costs on appeal.

Woods, J., and Zelon, J., concurred.

A petition for a rehearing was denied July 11, 2006, and respondent's petition for review by the Supreme Court was denied September 20, 2006, S145273.

TAB 4



**WARNER BROS. RECORDS, INC., et al., Plaintiffs and Appellants, v. GOLDEN WEST MUSIC SALES et al., Defendants and Respondents**

Civ. No. 41540

Court of Appeal of California, Second Appellate District, Division Four

36 Cal. App. 3d 1012; 112 Cal. Rptr. 71; 1974 Cal. App. LEXIS 738

January 28, 1974

**SUBSEQUENT HISTORY:** [***1] A petition for a rehearing was denied February 14, 1974, and appellants' petition for a hearing by the Supreme Court was denied April 17, 1974. Mosk, J., did not participate therein.

**PRIOR HISTORY:** Superior Court of Los Angeles County, No. C 24463, Charles S. Vogel, Judge.

**DISPOSITION:** Accordingly, the order quashing service of summons is affirmed as to defendants K & M Duplicating and Gemini Tapes Co., but the order is reversed as to defendants Michaels, Ancell, Mazel, Halpern and Laks, and the matter is remanded to the trial court for a determination of the issue herein mentioned.

**SUMMARY:**

The trial court entered an order quashing service of process on certain defendants in an action alleging the "pirating" of musical and other performances recorded by plaintiffs. Service was purportedly made by handing copies of the summons and complaint to an attorney as agent for each of the defendants under the provisions of Code Civ. Proc., § 416.90, that "a summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." In granting the motion to quash, the trial court stated, as a guiding legal principle, that to be an agent to receive service of process,

a person's authorization "must be real and actual and cannot be inferred or implied." (Superior Court of Los Angeles County, No. C 24463, Charles S. Vogel, Judge.)

The Court of Appeal affirmed the judgment as to two of the defendants, pointing out that they were business entities of a type specified in other sections of the article, and were therefore not persons "not otherwise specified." It reversed as to the other defendants and remanded the matter to the trial court for a determination of the issue of the attorney's agency. In holding the principle relied on by the trial court incorrect, the court noted the Judicial Council's comment to § 416.90, with respect to agents authorized to receive service, that "a specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable that the defendant will receive actual notice." It viewed the uncontroverted declaration in opposition to the motion as indicating that the attorney's relationship with the individual defendants might have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on him upon their behalf. (Opinion by Dunn, J., with Jefferson, Acting P. J., and Cole, J., * concurring.)

* Assigned by the Chairman of the Judicial Council.

**HEADNOTES**

**CALIFORNIA OFFICIAL REPORTS HEADNOTES**

36 Cal. App. 3d 1012, *; 112 Cal. Rptr. 71, **;
1974 Cal. App. LEXIS 738, ***1

Classified to McKinney's Digest

**(1) Process, Notices and Papers § 24--Process--Mode of Service.** --In an action alleging the "pirating" by defendants of musical and other performances recorded by plaintiffs, the trial court properly quashed service of process purportedly made on two defendants by handing copies of the summons and complaint to an attorney as their alleged agent pursuant to Code Civ. Proc., § 416.90, providing for such service on "a person not otherwise specified" in the article of which that section is a part, where, though the record did not indicate defendants' capacities, it was apparent that they were not individuals, but were business entities of a type specified in other sections of the article.

**(2) Process, Notices and Papers § 24--Mode of Service.** --Reversal of the trial court's order quashing service of process made on certain defendants in a civil action by handing copies of the summons and complaint to their purported agent pursuant to Code Civ. Proc., § 416.90, was required, where the court had incorrectly stated, as a guiding legal principle, that the authorization of such an agent "must be real and actual and cannot be inferred or implied," and where the uncontroverted declarations in opposition to the motion to quash showed that the agent's relationship with the individual defendants may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on him upon their behalf.

**COUNSEL:** Mitchell, Silberberg & Knupp, Howard S. Smith, William R. Harmsen, and Russell J. Frackman for Plaintiffs and Appellants.

Ray R. Goldie, Roberts, Carmack & Johnson and John R. Carmack for Defendants and Respondents.

**JUDGES:** Opinion by Dunn, J., with Jefferson, Acting P. J., and Cole, J., * concurring.

    *   Assigned by the Chairman of the Judicial Council.

**OPINION BY:** DUNN

**OPINION**

    [*1014] [**72] This is an appeal by plaintiffs from an order granting the motions of several of the defendants to quash service of summons.

    On March 7, 1972, plaintiffs commenced a class action seeking damages, an accounting [***2] and injunctive relief, for unfair competition and unjust enrichment. Named as defendants were: Arthur Leeds, Daniel Gottlieb and Paul Locke, as individuals and as copartners in Gottlieb, Locke & Leeds, a law partnership, 20 other persons, both in their individual capacities and "doing business as" various named entities, [1] 7 separate business entities, [2] and 500 "Does."

        1  One of these entities is designated as a corporation; the nature of the others is not indicated. In the complaint, it was alleged that, with the exception of the partnership, plaintiffs were without information as to the natures or kinds of entities by which defendants conduct business.

        2  These entities were: K & M Duplicating; Top Tunes Today Co.; September Songs Co.; January Records Co.; Gemini Tapes Co.; Cinq Sounds Co.; and Golden West Music Sales.

    The verified complaint alleged: the named plaintiffs, and the class represented by them, are companies engaged in the business of producing, manufacturing and selling recordings of [***3] musical and other performances on disc phonograph records and prerecorded magnetic tapes; plaintiffs engage in such business pursuant to contracts with recording artists by which plaintiffs obtain the exclusive right to manufacture and sell (or to license others [**73] to manufacture and sell) records and tapes embodying the performances of the artists; without license from plaintiffs, the defendants, and each of them, transfer onto magnetic tape the performances embodied in records or tapes manufactured by plaintiffs, thereby unlawfully appropriating and "pirating" for their own profit the recorded performances owned by plaintiffs; defendants Gottlieb, Locke & Leeds, transacting business as a partnership, are licensed to practice law in California and maintain offices in Los Angeles; these three defendants assisted the other defendants in purporting [*1015] to comply with the Copyright Act (17 U.S.C. § 1 et seq.) by, among other actions, providing computer service for the payment of royalties to the owners of copyrights of musical compositions reproduced by defendants; Gottlieb, Locke & Leeds knew that such compliance did not give the other defendants [***4] the right to reproduce the recorded performances owned by plaintiffs; by their conduct, Gottlieb, Locke & Leeds acted as agents of the

36 Cal. App. 3d 1012, *1015; 112 Cal. Rptr. 71, **73;
1974 Cal. App. LEXIS 738, ***4

other defendants, and knowingly assisted them in the unlawful appropriation of the performances embodied in records or tapes manufactured by plaintiffs.

Service of process purportedly was made on all of the named defendants (except Gottlieb, Locke & Leeds) by handing copies of the summons and the complaint to Leeds as agent for each of the defendants; he purportedly was authorized to receive service of process for each of them. ( Code Civ. Proc., § 416.90.)

The defendants, named in the complaint as follows, moved to quash service of summons; Golden West Music Sales; Tony Michaels, individually and doing business as Complete Packaging Co.; R. H. Wesslink, individually and doing business as Western Distributors; Larry Ancell, individually and doing business as Magnetic Sound, Inc.; K & M Duplicating; Gemini Tapes Co.; Bernard Mazel; Rita Halpern and Sidney Laks, individually and doing business as Alpine Enterprises. The ground of each motion was that the court lacked jurisdiction over the moving defendants ( Code Civ. Proc., § 418.10 [***5] , subd. (a)(1)) because Leeds was not a person authorized by such defendants to receive service of process in their behalf. Declarations so stating were filed in support of each motion.

Plaintiffs filed declarations opposing the motions to quash. These declarations stated, in essence: Leeds represents defendants for the purpose of mailing and filing notices of intent to use copyrighted material pursuant to the Copyright Act; on behalf of defendants, Leeds prepares and sends such notices to the owners of copyrights of songs which defendants intend to reproduce mechanically; the notices are signed by Leeds, as attorney for the defendants, and state that any correspondence with defendants concerning the notices should be mailed to Leeds; royalties are paid to the copyright owners each month for each of their songs mechanically reproduced by defendants during the previous month; defendants provide Leeds with the information required to compute the amount of royalties payable; Leeds has this information put into the form of reports addressed to the copyright owners to be signed by defendants under oath; Leeds also draws and signs, on behalf of defendants, the royalty checks, which are [***6] drawn on a royalty trust account consisting of money furnished by defendants; [*1016] Leeds then sends the reports and the checks to the defendants with instructions to sign the reports and mail them, together

with the checks, to the copyright owners in envelopes furnished by Leeds and bearing his return address. Attached to, and incorporated into, the declarations were copies of the notices, the reports and the checks, as well as portions of a deposition of Leeds taken by plaintiffs.

Each of the motions to quash service of summons was granted by the court on the stated ground that, under Code of Civil Procedure section 416.90, Leeds was not a person authorized by any of the defendants to receive service of process because "[i]n order for him to [**74] be such an agent, his authorization must be real and actual and cannot be inferred or implied." [3] Plaintiffs appeal from the order granting the motions. [4] ( Code Civ. Proc., § 904.1, subd. (c).)

    3   But, although dealing with Code of civil
    Procedure section 416.10, see Pasadena
    Medi-Center Associates v. Superior Court (1973)
    9 Cal.3d 773, 777-780 [108 Cal.Rptr. 828, 511
    P.2d 1180], decided after the order of the court.
[***7]
    4   In their opening brief, plaintiffs indicate they
    are abandoning their appeal as to defendants
    Golden West Music Sales and R. H. Wesslink,
    individually and doing business as Western
    Distributors.

The Code of Civil Procedure enumerates the persons upon whom summons may be served, as follows: section 416.10, corporations generally; section 416.20, corporations dissolved or with charter forfeited; section 416.30, joint stock companies or associations; section 416.40, unincorporated associations; section 416.50, public entities; section 416.60, minors; section 416.70, wards and conservatees; section 416.80, political candidates; and section 416.90, persons not otherwise specified. (1) Although the capacities of defendants K & M Duplicating and Gemini Tapes Co. is not indicated (see fn. 1), it is apparent that such defendants are not individuals, but are business entities of a type specified in the sections other than section 416.90. Hence, they are not persons "not otherwise specified," and they may not be served pursuant to section 416.90. [5] In support of their motions to quash service [***8] of summons, K & M Duplicating and Gemini Tapes Co. filed declarations (which were uncontroverted) stating that Leeds is not any of the "persons" listed in sections 416.10-416.40 as authorized to receive service of process for a corporation, a partnership or other business entity. [6] Therefore, the

36 Cal. App. 3d 1012, *1016; 112 Cal. Rptr. 71, **74;
1974 Cal. App. LEXIS 738, ***8

order quashing service of summons must be affirmed as to defendants K & M Duplicating and Gemini Tapes Co.

    5  Section 416.90 reads: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."

    6  Such persons include: the president or other head of a corporation, a vice president, secretary or assistant secretary, a treasurer or assistant treasurer, a general manager or a person authorized by the corporation to receive service of process, or the trustee of a dissolved corporation (§§ 416.10-416.30); a general partner or the general manager of a partnership, or the president or other head of an association, a vice president, secretary or assistant secretary, a treasurer or assistant treasurer, a general manager or a person authorized by the association to receive service of process (§ 416.40).

    [***9]  [*1017]  (2) We now consider the validity of the service of process on Leeds on behalf of the individual defendants. Code of Civil Procedure section 416.90 is part of the law enacted in 1969 governing service of process. (Stats. 1969, ch. 1610.) Section 416.90 provides: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." The Judicial Council's comment to section 416.90 states: ". . . If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process."

    The Judicial Council further observes: "A specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable that the defendant will receive actual notice." Report of the Judicial Council's Special Committee on Jurisdiction (Nov. 2, 1968) pp. 35-36. See also: Li, Attorney's Guide [***10] to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 85-86, § 1.34.) This statement by the draftsmen of section 416.90 is in accord with their expressed intention that the recently enacted statutes governing service of process "'. . . should be liberally construed to effectuate service and uphold the

jurisdiction [**75] of the court if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint.'" ( *Pasadena Medi-Center Associates* v. *Superior Court, supra* (in fn. 3), 9 Cal.3d at p. 778.)

    The evidence set forth in plaintiffs' declarations, as summarized above, was uncontroverted. [7] Therefore it remains only to consider such evidence in the light of the foregoing principles.

    7  A trial judge is not bound to accept as true the sworn testimony of a witness even in the absence of evidence contradicting it, and this rule applies to an affidavit ( *Lohman* v. *Lohman* (1946) 29 Cal.2d 144, 149 [173 P.2d 657]; *People* v. *Kirk* (1952) 109 Cal.App.2d 203, 207 [240 P.2d 630].) However, it does not appear that the trial judge chose to disbelieve any of the evidence contained in plaintiffs' declarations. The record indicates that the order granting the motions to quash was based solely upon the application of section 416.90, as interpreted by the judge, to the uncontroverted evidence set forth in the declarations.

    [***11]  [*1018] As an attorney retained by defendants, Leeds was their agent. (See Civ. Code, § 2295; *People* v. *Gilbert* (1944) 25 Cal.2d 422, 443 [154 P.2d 657].) The nature of the services performed by Leeds for defendants and the necessity for his repeated communication with them in performing those services, made it "highly probable" that defendants would receive actual notice of the service of process on Leeds upon their behalf. This conclusion is strengthened by the fact that the instant action was based, in part, upon the services which Leeds rendered for defendants as their agent. Therefore, considering the situation from a practical standpoint, service of the summons and complaint on Leeds could be valid as to defendants Michaels, Ancell, Mazel, Halpern and Laks.

    Defendants point to the rule that an attorney has no power to receive, on behalf of his client, service of the original process by which jurisdiction is acquired, unless the attorney has been specifically authorized by the client to receive service. (7 C.J.S. 905, Attorney and Client, § 83.) That rule has no application in view of section 416.90, which does not distinguish [***12] between an attorney and other persons who may be, actually or

36 Cal. App. 3d 1012, *1018; 112 Cal. Rptr. 71, **75;
1974 Cal. App. LEXIS 738, ***12

ostensibly, authorized to receive service of process on behalf of the principal.

Defendants contend section 416.90 does not apply because Leeds is an independent contractor, not an employee or an agent. (Cal. Civil Procedure Before Trial (Cont.Ed.Bar) p. 5, § 6.) Such labels are not determinative in ascertaining the validity of substituted service under section 416.90. (Cf. *Cosper* v. *Smith & Wesson Arms Co.* (1959) 53 Cal.2d 77, 83-84 [346 P.2d 409]; *Eclipse Fuel etc. Co.* v. *Superior Court* (1957) 148 Cal.App.2d 736, 740 [307 P.2d 739]; *Fielding* v. *Superior Court* (1952) 111 Cal.App.2d 490, 494 [244 P.2d 968].) The essential factor here is that Leeds' relationship with the individual defendants may have been sufficiently close and enduring to make it reasonably certain that they would be apprised of the service on Leeds upon their behalf.

As already noted herein, the trial court stated, as a guiding legal principle, that Leeds could not be an agent to receive service of process because ". . . to be such an agent, his authorization must be real and actual [***13] and cannot be inferred or implied." We hold this to be an incorrect principle, in light of the statement of our Supreme Court in *Pasadena Medi-Center Associates* v.

*Superior Court, supra* (fn. 3, 9 Cal.3d at p. 777) that: "Because service upon a corporate agent with ostensible authority to accept service suffices to acquire jurisdiction over the corporation . . . ." Although this case dealt with Code of Civil Procedure section 416.10, involving service of process upon a corporation, we find no valid distinction applying to the principle involved. In our case it is charged that the defendants [*1019] sent reports and checks to third parties in envelopes furnished by [**76] Leeds and containing his return address. This factor may be a sufficient basis upon which to find these defendants ostensibly held Leeds out as their agent; however, standing alone it does not demand a conclusion that he was their ostensible agent to receive service of process. We think such a determination should be made in the trial court where a determination of the factual issue must be made, although findings of fact are not required.

[***14] Accordingly, the order quashing service of summons is affirmed as to defendants K & M Duplicating and Gemini Tapes Co., but the order is reversed as to defendants Michaels, Ancell, Mazel, Halpern and Laks, and the matter is remanded to the trial court for a determination of the issue herein mentioned.

TAB 5

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2013 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through the 2013 Supplement ***
(All 2012 legislation, 2012 Governor's Reorg. Plan No. 2 and all
propositions approved by the electorate at the June and November 2012 elections)

CODE OF CIVIL PROCEDURE
Part 2.  Of Civil Actions
Title 5.  Jurisdiction and Service of Process
Chapter 4.  Service of Summons
Article 1.  General

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 413.10 (2013)

**§ 413.10.  Application of chapter; Service outside state or country**

Except as otherwise provided by statute, a summons shall be served on a person:

**(a)** Within this state, as provided in this chapter.

**(b)** Outside this state but within the United States, as provided in this chapter or as prescribed by the law of the place where the person is served.

**(c)** Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory. These rules are subject to the provisions of the Convention on the "Service Abroad of Judicial and Extrajudicial Documents" in Civil or Commercial Matters (Hague Service Convention).

**HISTORY:**

Added Stats 1969 ch 1610 § 3, operative July 1, 1970. Amended Stats 1984 ch 191 § 1.

TAB 6

Deering's California Codes Annotated
Copyright © 2013 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through the 2013 Supplement ***
(All 2012 legislation, 2012 Governor's Reorg. Plan No. 2 and all
propositions approved by the electorate at the June and November 2012 elections)

CODE OF CIVIL PROCEDURE
Part 2.  Of Civil Actions
Title 5.  Jurisdiction and Service of Process
Chapter 4.  Service of Summons
Article 3.  Manner of Service of Summons

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 415.30 (2013)

**§ 415.30.  Service by mail; Articles mailed; Form of notice; When service complete; Liability for expense on failure to return acknowledgment; Approved form**

(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.

(b) The notice specified in subdivision (a) shall be in substantially the following form:

Click here to view form

(c) Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.

(d) If the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter, and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses whether or not he is otherwise entitled to recover his costs in the action.

(e) A notice or acknowledgment of receipt in form approved by the Judicial Council is deemed to comply with this section.

**HISTORY:**

Added Stats 1969 ch 1610 § 3, operative July 1, 1970.

TAB 7

Deering's California Codes Annotated
Copyright © 2013 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through the 2013 Supplement ***
(All 2012 legislation, 2012 Governor's Reorg. Plan No. 2 and all
propositions approved by the electorate at the June and November 2012 elections)

CODE OF CIVIL PROCEDURE
Part 2.  Of Civil Actions
Title 5.  Jurisdiction and Service of Process
Chapter 4.  Service of Summons
Article 3.  Manner of Service of Summons

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 415.40 (2013)

**§ 415.40.  Service outside state; Completion of service**

A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

**HISTORY:**

Added Stats 1969 ch 1610 § 3, operative July 1, 1970. Amended Stats 1982 ch 249 § 1.

TAB 8

Page 1

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2013 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document is current through the 2013 Supplement ***
(All 2012 legislation, 2012 Governor's Reorg. Plan No. 2 and all
propositions approved by the electorate at the June and November 2012 elections)

CODE OF CIVIL PROCEDURE
Part 2.  Of Civil Actions
Title 5.  Jurisdiction and Service of Process
Chapter 4.  Service of Summons
Article 4.  Persons Upon Whom Summons May Be Served

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Code Civ Proc § 416.90 (2013)

**§ 416.90.  Service on other persons**

A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process.

**HISTORY:**

Added Stats 1969 ch 1610 § 3, operative July 1, 1970.

TAB 9

## Subchapter B. FORM, ISSUANCE, AND SERVICE OF PROCESS

### § 3.31. Commencement by filing complaint and issuance of writ.

A civil action is commenced in a court of record by filing a complaint or petition with the clerk and issuance of the appropriate writ. In a court not of record, a civil action is commenced by making of an oral complaint to the justice or magistrate and issuance of the appropriate writ.[53]

### § 3.32. Summons to be issued forthwith.

On the filing of a complaint, the clerk of the court, or in a court not of record the magistrate or justice, shall issue the writ of summons or other writ forthwith.[54]

### § 3.33. Form of summons.

The summons shall be directed to the ministerial officer of the court in which the action is brought; shall state the court and names of the parties, together with their addresses if known; shall be signed by the clerk and bear the seal of the court; shall state the time within which the defendant is required to appear and defend; and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. In a court not of record, a statement of the substance of the complaint shall be included in the summons.[55]

### § 3.34. Written directions.

The plaintiff shall file with the complaint in a court of record an application for issuance of the summons called the "written directions" which shall fulfill the following requirements:

    (a) It must be addressed to the clerk of the court;
    (b) It must state the name of the plaintiff and his place of residence;
    (c) It must state the name of the defendant and his place of residence;
    (d) It must contain a brief statement of the object of the action;
    (e) It must request the clerk of the court to issue a writ of summons and direct it to the ministerial officer who is to serve it;
    (f) It must state the date by which the defendant must appear;
    (g) It must state the term of the court in which the defendant must appear;
    (h) It must state a date on or before which the sheriff must make his return, which date shall not be later than the date on which the defendant must make his appearance;
    (i) It must state the opening date of the session of court for which the action is docketed and require the defendant to attend on that date;
    (j) It must inform the defendant that if he fails to appear judgment will be taken against him; and
    (k) It must be signed by the plaintiff or his counsel.[56]

### § 3.35. Resummons.

If the return on a summons states that the summons was not served on a defendant, a writ of resummons may issue as to such defendant. A writ of resummons differs from a writ of summons only by the insertion therein after the word "summoned" of the words "as you were

before commanded." It shall be served and the return shall be made thereon in the same manner as if it were a summons.[57]

## § 3.36. Person who may serve.

Except as otherwise provided by law, service of all process shall be made by the ministerial officer of the court which issued the process or by his deputy, or in the absence or inability of both, by some person specifically appointed by the court for that purpose. Special appointments to serve process shall be freely made when substantial savings in travel will result therefrom.[58]

## § 3.37. Territorial limits of effective service.

All process of courts of record may be served anywhere within the Republic of Liberia. Service in a county, district, or territory other than that in which the court issuing the process is located shall be by the ministerial officer of the corresponding court of the county, district, or territory where the person to be served is located. Process of a justice's court may be served only within the county in which the justice sits; and process of a magistrate's court may be served only in the magisterial area for which the magistrate sits.[59]

## § 3.38. Personal service of summons within Liberia.

*1. Upon a natural person.* Personal service of summons within Liberia upon a natural person other than an infant or incompetent shall be made by reading and delivering the summons to:

    (a) The person to be served; or
    (b) A person designated by the person to be served as his agent for service in a writing which shall be probated and registered in the office of the Registrar of Deeds of the county in which the person to be served resides within three years of service unless the designation has been revoked by filing a revocation or by the death or legal incompetency of the person or agent.

*2. Upon an infant.* Personal service within Liberia upon an infant shall be made by reading and delivering the summons to the parent or guardian of the infant, or, if there is no parent or guardian within Liberia, to the person having the care and control of the infant, or with whom he resides, or by whom he is employed. If the infant is of the age of fourteen years or over, the summons shall also be read and served personally upon him within Liberia.

*3. Upon a person declared to be incompetent.* Personal service upon a person judicially declared to be incompetent to manage his affairs and for whom a committee or guardian has been appointed shall be made by personally reading and delivering the summons within Liberia to the committee or guardian.

*4. Upon a partnership.* Personal service upon persons carrying on business as a partnership may be made by reading and personally delivering the summons within Liberia to:

    (a) Any one of them, or
    (b) To an agent appointed in the same manner and subject to the same conditions as an agent appointed under paragraph 1(b) of this section, or
    (c) If the partnership is subject to suit under a common name, by reading and personally delivering the summons within Liberia to an officer or managing or

general agent.

*5. Upon an unincorporated association.* Personal service upon an unincorporated association in a suit against it in its common name shall be made by reading and personally delivering the summons within Liberia to an officer, a managing or general agent, or to any other agent appointed in the same manner and subject to the same conditions as an agent appointed under paragraph 1(b) of this section.

*6. Upon a corporation.* Personal service shall be made upon a domestic or foreign corporation by reading and personally delivering the summons within Liberia to an officer, or managing or general agent, or to any other agent authorized by appointment or by statute to receive service of process, and, if the summons is delivered to a statutory agent, by, in addition, mailing a copy thereof to the defendant.

*7. Upon the Republic of Liberia.* Personal service shall be made upon the Republic of Liberia by delivering the summons to the Minister of Justice, Solicitor General, [a Deputy Minister of Justice], or an Assistant Minister of Justice or to the County, District, or Territorial Attorney for the county, district, or territory in which the action is brought.

*8. Upon an officer or agency of the Republic.* Personal service shall be made upon an officer or agency of the Republic of Liberia by serving the Republic of Liberia and by delivering the summons to such officer or to the chairman, if there is a chairman, or chief executive officer of such agency.

*9. Upon a subdivision of government or a municipal corporation.* Personal service upon a subdivision of the government subject to suit or upon a municipal corporation shall be made by reading and delivering the summons to the chief executive thereof.[60]

## § 3.39. Personal service of summons outside Liberia.

The following persons may be served with summons outside Liberia in the same manner as if such service were made within Liberia and with the same jurisdictional effect as if the summons were delivered within Liberia:

(a) A person domiciled in Liberia;
(b) A person subject to the jurisdiction of the courts of Liberia under sections 3.1, 3.2, or 3.3 of this title.

Such service outside Liberia may be made by a ministerial officer of a court in the jurisdiction where service is made or by any attorney, solicitor, barrister, or equivalent who is duly qualified to serve a summons in such jurisdiction.[61]

## § 3.40. Service by publication and mailing.

If the return on the writ of resummons shows that the defendant has not been served and if the plaintiff makes application not later than ten days after such return, the court shall order service of the summons to be made by publication. An order for service by publication shall direct that the summons be published together with a brief statement of the object of the action in a recognized newspaper for a specified time, at least once in each of four successive weeks. The first publication shall be made within twenty days after the order is granted. On the day of each

publication, a copy thereof together with a copy of the complaint shall be mailed by registered mail to the last known address of the defendant.[62]

## § 3.41. When service by publication is complete.

Service by publication is complete on the day when the last notice is published pursuant to the order of the court, except that

> (a) If the defendant shall have appeared before such last notice is published, the service shall be deemed complete on the day of his appearance; or
> (b) If the defendant has received the mailed copy of the publication containing the summons as evidenced by the return of a receipt signed by him, the service shall be deemed complete as of the date of such receipt.[63]

## § 3.42. Return.

*1. Personal service.* The person serving the process personally shall make return as to service thereof to the court promptly and in any event within the time during which the person served must appear. If the process commands the officer to whom it is directed to take some action other than service, he shall report the action taken by him on or before the date set therefor in the writ or order. Return of service shall specify the papers served, the person who was served, and the date, place, and manner of service.

*2. Service by publication and mailing.* Publication may be proved by a copy of the publication accompanied by the affidavit of the publisher or printer or foreman of the paper in which publication was made. Mailing the summons may be proved by the post office receipt showing that registered mail addressed to the defendant at his last known address was deposited in the post office. Such receipt shall be made a part of the return of the person who made the service. If the return is disputed, the service may be proved by the record of the post office showing that delivery of the mail was made to the defendant or that he refused delivery.[64]

## § 3.43. Amendment.

At any time in its discretion and upon such terms as it deems just, a court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.[65]

## § 3.44. Defense by person not personally served.

A person served with a summons other than by personal delivery to him, within or without Liberia, who does not appear, may be allowed to defend the action at any time before final judgment or within five years after entry of the judgment or within thirty days after written notice of the judgment is personally delivered to him within or without Liberia, whichever period first expires, upon a finding of the court that he may have a meritorious defense and that he has not personally received notice of the summons in time to appear as required by section 3.62 and defend. If the defense is successful, the court may direct and enforce restitution of property or rights lost by the judgment, except that where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price paid in lieu of restoration of the property.[66]

1                                   CERTIFICATE OF SERVICE

2

3          I hereby certify that a true and correct copy of the foregoing document was

4   served on counsel of record via ECF Notice of Electronic Filing in accordance the

5   Federal Rules of Civil Procedure and Local Rule 5-3.3.

6                              /s/ Djallon M. Dinwiddie

7                              Djallon M. Dinwiddie

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAB 10

1 of 1 DOCUMENT

DISTRICT OF COLUMBIA COURT RULES ANNOTATED
Copyright (c) 2012 by Matthew BenderBender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document reflects changes received for State and ***
*** for Federal Rules through December 3, 2012 ***
*** Annotations are current through decisions posted as of 11/23/2012 ***

SUPERIOR COURT RULES OF CIVIL PROCEDURE
II. COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

D.C. SCR-Civil Rule 4  (2012)

Review Court Orders which may amend this Rule.

Rule 4. Summons.

(a) Form. -- The summons shall be signed by the Clerk, bear the seal of the Court, identify the Court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The Court may allow a summons to be amended. Whenever service is made pursuant to a statute or rule of Court which provides (1) for service of a summons, or notice, or order in lieu of summons upon a party not an inhabitant of or found within the District of Columbia, or (2) for service upon or notice to a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the District of Columbia, the summons, or notice, or order in lieu of summons shall correspond as nearly as may be to that required by the statute or rule.

(b) Issuance. -- A prepared summons, with copies for each defendant named in the complaint, shall be delivered to the Clerk at the time the complaint is filed. If additional process is required, a prepared summons for such process shall also be delivered to the Clerk. Upon receipt and due notation thereof, the Clerk shall return all but one copy of the summons to the plaintiff or the plaintiff's agent for service of process in accordance with paragraph (c) of this Rule, recording on all copies the date of such return to the plaintiff or the plaintiff's agent.

(c) Service with complaint; by whom made.

(1) A summons shall be served together with a copy of the complaint and initial order. The plaintiff is responsible for service of a summons, complaint and initial order within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons, complaint and initial order.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the Court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the Court for that purpose. Such direction shall be made only (a) when service is to be effected on behalf of the United States or an officer or agency thereof, or (b) when the Court issues an order stating that service by a United States marshal or deputy United States marshal or a person specially appointed for that purpose is required in order that service be properly effected in that particular action.

D.C. SCR-Civil Rule 4

(3) As to any defendant described in subdivisions (e), (f), (h), or (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested.

(4) As to any defendant described in subdivisions (e), (f), or (h), service may be effected by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to the sender. Unless good cause is shown for not doing so, the Court shall order the payment by the party served of the costs incurred in securing an alternative method of service authorized by this Rule if the person served does not complete and return, within 20 days after mailing, the Notice and Acknowledgment of receipt of the summons.

(5) Service of process pursuant to paragraphs (2) or (3) of this subdivision, or acknowledgment of service pursuant to paragraph (4), may, at the plaintiff's election, be attempted either concurrently or successively.

(d) [Vacant].

(e) Service upon individuals within the United States. -- Unless otherwise provided by law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in any part of the United States:

(1) pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory; or

(2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

(f) Service upon individuals in a foreign country. -- Unless otherwise provided by applicable law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extra-judicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons, complaint and initial order; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the Court.

D.C. SCR-Civil Rule 4

(g) Service upon infants and incompetent persons. -- Service upon an infant or an incompetent person in the United States shall be effected in the manner prescribed by the law of the District of Columbia or the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the Court may direct.

(h) Service upon corporations and associations. -- Unless otherwise provided by applicable law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which an acknowledgment of service has not been obtained and filed, shall be effected:

(1) within the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) Serving the United States, its agencies, corporations, officers or employees.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons, complaint and initial order to the United States Attorney for the District of Columbia or to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk of the Court, or by sending a copy of the summons, complaint and initial order by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney and

(B) by also sending a copy of the summons, complaint and initial order by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons, complaint and initial order by registered or certified mail to the officer or agency.

(2) (A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint and initial order by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States -- whether or not the officer or employees is sued also in an official capacity -- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

(3) The Court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

D.C. SCR-Civil Rule 4

(j) Service upon the District of Columbia, an officer or agency thereof, or upon other government entities subject to suit.

(1) Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court. In any action attacking the validity of an order of an officer or agency of the District of Columbia not made a party, a copy of the summons, complaint and initial order also shall be delivered or mailed to such officer or agency. Service upon an officer or agency of the District of Columbia shall be made by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor (or designee), the Corporation Counsel (or designee), and such officer or agency.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons, complaint and initial order to its chief executive officer or by serving the summons, complaint and initial order in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

(k) Territorial limits of effective service.

(1) Service of a summons, complaint and initial order or filing an acknowledgment of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of this Court, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place not more than 100 miles from the place of hearing or trial, or

(C) [Vacant].

(D) when authorized by a statute of the United States or the District of Columbia.

(2) If the exercise of jurisdiction is consistent with the Constitution and applicable law, serving a summons or filing an acknowledgment of service is also effective, with respect to claims arising under such law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

(l) Proof of service. -- If service is not acknowledged, the person effecting service shall make proof of service to the Court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. The affidavit shall specifically state each of the following:

(1) If service is made by delivery pursuant to paragraph (c)(2) of this Rule, the return of service shall be made under oath (unless service was made by the United States marshal or deputy United States marshal) and shall specifically state the caption and number of the case; the process server's name, residential or business address, and the fact that he or she is eighteen (18) years of age or older; the time and place at which service was effected; the fact that a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference were delivered to the person served; and, if service was effected by delivery to a person other than a party named in the summons, then specific facts from which the Court can determine that the person to whom process was delivered meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule.

(2) If service is made by registered or certified mail under paragraph (c)(3) of this Rule, the return shall be accompanied by the signed receipt attached to an affidavit which shall specifically state the caption and number of the

case; the name and address of the person who posted the registered or certified letter; the fact that such letter contained a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference; and, if the return receipt does not purport to be signed by the party named in the summons, then specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule.

Proof of service in a place not within the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the Court. Failure to make proof of service does not affect the validity of the service. The Court may allow proof of service to be amended.

(m) Time limit for service. -- Within 60 days of the filing of the complaint or, if an order of publication has been issued, within 60 days from the return date specified in the order, the plaintiff must file either an acknowledgement of service or proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The acknowledgement or proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for such time as may be warranted by circumstances set forth in the motion. Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint. The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (h)(2) or to cases to which Rule 40-III is applicable.

(n) Seizure of property; service of summons not feasible.

(1) If a statute of the District of Columbia so provides, the Court may assert jurisdiction over property. Notice to claimants of the property shall then be sent in the manner provided by the statute or by service of a summons under this rule.

(2) Upon a showing that personal jurisdiction over a defendant cannot be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the Court may assert jurisdiction over any of the defendant's assets found within the District of Columbia by seizing the assets under the circumstances and in the manner provided by District of Columbia law.

(o) Time allowed for service of process. -- Notwithstanding the provisions of section (m) of this Rule, proof of service of the summons and any complaint embraced within section (a) of this Rule must be made no later than 180 days after the filing of the complaint in cases filed pursuant to D.C. Code § 47-1370. Failure to comply with the requirement of this Rule shall result in the dismissal without prejudice of the complaint. The Clerk shall enter the dismissal and shall serve notice thereof on the parties entitled thereto.

**HISTORY:** Amended, May 23, 1975; Feb. 1, 1985; Apr. 2, 1990; Jan. 1, 1991; May 12, 1993, eff. July 1, 1993; May 26, 1995, eff. June 1, 1995; May 26, 1998; Feb. 16, 2000; Aug. 8, 2001; July 10, 2003, eff. Sept. 2, 2003.

TAB 11

1 of 1 DOCUMENT

DISTRICT OF COLUMBIA COURT RULES ANNOTATED
Copyright (c) 2012 by Matthew BenderBender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** This document reflects changes received for State and ***
*** for Federal Rules through December 3, 2012 ***
*** Annotations are current through decisions posted as of 11/23/2012 ***

SUPERIOR COURT RULES OF CIVIL PROCEDURE
II. COMMENCEMENT OF ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

D.C. SCR-Civil Rule 4  (2012)

Review Court Orders which may amend this Rule.

Rule 4. Summons.

(a) Form. -- The summons shall be signed by the Clerk, bear the seal of the Court, identify the Court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The Court may allow a summons to be amended. Whenever service is made pursuant to a statute or rule of Court which provides (1) for service of a summons, or notice, or order in lieu of summons upon a party not an inhabitant of or found within the District of Columbia, or (2) for service upon or notice to a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the District of Columbia, the summons, or notice, or order in lieu of summons shall correspond as nearly as may be to that required by the statute or rule.

(b) Issuance. -- A prepared summons, with copies for each defendant named in the complaint, shall be delivered to the Clerk at the time the complaint is filed. If additional process is required, a prepared summons for such process shall also be delivered to the Clerk. Upon receipt and due notation thereof, the Clerk shall return all but one copy of the summons to the plaintiff or the plaintiff's agent for service of process in accordance with paragraph (c) of this Rule, recording on all copies the date of such return to the plaintiff or the plaintiff's agent.

(c) Service with complaint; by whom made.

(1) A summons shall be served together with a copy of the complaint and initial order. The plaintiff is responsible for service of a summons, complaint and initial order within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons, complaint and initial order.

(2) Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the Court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the Court for that purpose. Such direction shall be made only (a) when service is to be effected on behalf of the United States or an officer or agency thereof, or (b) when the Court issues an order stating that service by a United States marshal or deputy United States marshal or a person specially appointed for that purpose is required in order that service be properly effected in that particular action.

Page 2

D.C. SCR-Civil Rule 4

(3) As to any defendant described in subdivisions (e), (f), (h), or (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested.

(4) As to any defendant described in subdivisions (e), (f), or (h), service may be effected by mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to the sender. Unless good cause is shown for not doing so, the Court shall order the payment by the party served of the costs incurred in securing an alternative method of service authorized by this Rule if the person served does not complete and return, within 20 days after mailing, the Notice and Acknowledgment of receipt of the summons.

(5) Service of process pursuant to paragraphs (2) or (3) of this subdivision, or acknowledgment of service pursuant to paragraph (4), may, at the plaintiff's election, be attempted either concurrently or successively.

(d) [Vacant].

(e) Service upon individuals within the United States. -- Unless otherwise provided by law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in any part of the United States:

(1) pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory; or

(2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

(f) Service upon individuals in a foreign country. -- Unless otherwise provided by applicable law, service upon an individual from whom an acknowledgment has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extra-judicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country,

(i) delivery to the individual personally of a copy of the summons, complaint and initial order; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the Court.

D.C. SCR-Civil Rule 4

(g) Service upon infants and incompetent persons. -- Service upon an infant or an incompetent person in the United States shall be effected in the manner prescribed by the law of the District of Columbia or the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. Service upon an infant or an incompetent person in a place not within the United States shall be effected in the manner prescribed by paragraph (2)(A) or (2)(B) of subdivision (f) or by such means as the Court may direct.

(h) Service upon corporations and associations. -- Unless otherwise provided by applicable law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which an acknowledgment of service has not been obtained and filed, shall be effected:

(1) within the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or

(2) in a place not within the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

(i) Serving the United States, its agencies, corporations, officers or employees.

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons, complaint and initial order to the United States Attorney for the District of Columbia or to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk of the Court, or by sending a copy of the summons, complaint and initial order by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney and

(B) by also sending a copy of the summons, complaint and initial order by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons, complaint and initial order by registered or certified mail to the officer or agency.

(2) (A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint and initial order by registered or certified mail to the officer, employee, agency, or corporation.

(B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States -- whether or not the officer or employees is sued also in an official capacity -- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

(3) The Court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

(A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

(B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

D.C. SCR-Civil Rule 4

(j) Service upon the District of Columbia, an officer or agency thereof, or upon other government entities subject to suit.

(1) Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court. In any action attacking the validity of an order of an officer or agency of the District of Columbia not made a party, a copy of the summons, complaint and initial order also shall be delivered or mailed to such officer or agency. Service upon an officer or agency of the District of Columbia shall be made by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor (or designee), the Corporation Counsel (or designee), and such officer or agency.

(2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons, complaint and initial order to its chief executive officer or by serving the summons, complaint and initial order in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

(k) Territorial limits of effective service.

(1) Service of a summons, complaint and initial order or filing an acknowledgment of service is effective to establish jurisdiction over the person of a defendant

(A) who could be subjected to the jurisdiction of this Court, or

(B) who is a party joined under Rule 14 or Rule 19 and is served at a place not more than 100 miles from the place of hearing or trial, or

(C) [Vacant].

(D) when authorized by a statute of the United States or the District of Columbia.

(2) If the exercise of jurisdiction is consistent with the Constitution and applicable law, serving a summons or filing an acknowledgment of service is also effective, with respect to claims arising under such law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

(l) Proof of service. -- If service is not acknowledged, the person effecting service shall make proof of service to the Court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. The affidavit shall specifically state each of the following:

(1) If service is made by delivery pursuant to paragraph (c)(2) of this Rule, the return of service shall be made under oath (unless service was made by the United States marshal or deputy United States marshal) and shall specifically state the caption and number of the case; the process server's name, residential or business address, and the fact that he or she is eighteen (18) years of age or older; the time and place at which service was effected; the fact that a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference were delivered to the person served; and, if service was effected by delivery to a person other than a party named in the summons, then specific facts from which the Court can determine that the person to whom process was delivered meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule.

(2) If service is made by registered or certified mail under paragraph (c)(3) of this Rule, the return shall be accompanied by the signed receipt attached to an affidavit which shall specifically state the caption and number of the

D.C. SCR-Civil Rule 4

case; the name and address of the person who posted the registered or certified letter; the fact that such letter contained a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference; and, if the return receipt does not purport to be signed by the party named in the summons, then specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule.

Proof of service in a place not within the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the Court. Failure to make proof of service does not affect the validity of the service. The Court may allow proof of service to be amended.

(m) Time limit for service. -- Within 60 days of the filing of the complaint or, if an order of publication has been issued, within 60 days from the return date specified in the order, the plaintiff must file either an acknowledgment of service or proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The acknowledgement or proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for such time as may be warranted by circumstances set forth in the motion. Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint. The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (h)(2) or to cases to which Rule 40-III is applicable.

(n) Seizure of property; service of summons not feasible.

(1) If a statute of the District of Columbia so provides, the Court may assert jurisdiction over property. Notice to claimants of the property shall then be sent in the manner provided by the statute or by service of a summons under this rule.

(2) Upon a showing that personal jurisdiction over a defendant cannot be obtained with reasonable efforts by service of summons in any manner authorized by this rule, the Court may assert jurisdiction over any of the defendant's assets found within the District of Columbia by seizing the assets under the circumstances and in the manner provided by District of Columbia law.

(o) Time allowed for service of process. -- Notwithstanding the provisions of section (m) of this Rule, proof of service of the summons and any complaint embraced within section (a) of this Rule must be made no later than 180 days after the filing of the complaint in cases filed pursuant to D.C. Code § 47-1370. Failure to comply with the requirement of this Rule shall result in the dismissal without prejudice of the complaint. The Clerk shall enter the dismissal and shall serve notice thereof on the parties entitled thereto.

**HISTORY:** Amended, May 23, 1975; Feb. 1, 1985; Apr. 2, 1990; Jan. 1, 1991; May 12, 1993, eff. July 1, 1993; May 26, 1995, eff. June 1, 1995; May 26, 1998; Feb. 16, 2000; Aug. 8, 2001; July 10, 2003, eff. Sept. 2, 2003.