Larry Walls, Esq. SBN 64696
The Walls ~ Fox Firm
City National Plaza
515 S. Flower St., 36th Floor
Los Angeles, CA 90071
Telephone:  (213) 236-3796
Facsimile:   (888) 637-4515

Attorney for
Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE - GHANA, ET AL, <br><br> PLAINTIFFS, <br><br> vs. <br><br> REPUBLIC OF LIBERIA, et al, <br><br> DEFENDANTS. | CASE NO. CV:11-06322-RGK-(SHx) PLAINTIFFFS' OPPOSITION TO SPECIALLY APPEARING DEFENDANT MOHAMMED SHERIFF'S MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, QUASH SERVICE OF THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Assigned to Hon. R. Gary Klausner <br> Hearing Date: March 11, 2013 <br> Time: 9:00 a.m. <br> Place: Courtroom 850 <br> 255 East Temple Street <br> Los Angeles, CA 90012 |

Plaintiffs, expecially, Dr. Jerroll Dolphin, by and through their counsel of record, Larry D. Walls, Esq., as set forth in detail in the accompanying

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

Memorandum of Points and Authorities, the Plaintiffs oppose defendants motion to dismiss the First Amended Complaint for insufficient service of process and  lack of personal jurisdiction, or, in the alternative, to allow amendment of the First Amended Complaint and another service of the Second Amended Complaint or another service of the First Amended Complaint (hereinafter "FAC") pursuant to Federal Rules of Civil Procedure Rule 4, Rules 4(i)(1)(d)&(e), and 4(i)(2) [28 U.S.C. Appendix]  [Process].

This Opposition  is based upon  the accompanying Memorandum of Points and Authorities, the Appendix of Non-Federal Authority submitted herewith, the pleadings on file in this action, and such further evidence and argument as may be offered in advance of or at the time of hearing of this Motion.

Dated this 1 day of March 2013                              Respectfully submitted

Larry D. Walls
By /s/ Larry D. Walls
Attorney for Plaintiffs

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

# TABLE OF CONTENTS

**Table of Contents**

## TABLE OF AUTHORITIES

## CASES

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) .................................................................... 9, 10

*Leichtman v. Koons*,
527 A.2d 745 (D.C. 1987) ...................................................................... 16

*Wall v. Chesapeake & Ohio Ry. Co.*,
95 F. 398, 403 (7th Cir.1899). …....................................................... 16

*SEC v. Ross*,
504 F.3d 1130 (9th Cir. 2007) ............................................................ 15

*Summers v. McClanahan*,
140 Cal. App. 4Th 403 (2006) ............................................................ 13

## RULES

Fed. R. Civ. P. 4 .................................................................................. 5, 7

Torture Victim Protection Act of 1991 (TVPA), 28 USC § 1350 - Alien's action for tort …. 4

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO
ALLOW ANOTHER SERVICE OF FAC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Approximately one year ago, on February 8, 2012, the Plaintiffs filed First Amended Class Action Complaint (the "Complaint") asserting twenty (20) claims against a combination of seventeen (17) separate defendants. This action is solely in the interest of justice.  All of the defendants are employees or agencies of other state governments or foreign countries.  Each of the dismissals in favor of the defendants was based on sovereign immunity, and not on facts of evidence.  Sheriff, however, is not immune to the Torture Victim Protection Act of 1991 (TVPA), 28 USC § 1350 - Alien's action for tort, which states "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1154 (11th Cir. 2005) "The TVPA creates no new liabilities nor does it impair rights. Rather, the TVPA extended the ATCA, which had been limited to aliens, to allow citizens of the United States to bring suits for torture and extrajudicial killings in United States courts."

Plaintiff did misspelled Mohammed Sheriff's surname as "Shariff." (*See, e.g.,* First Amended Complaint (Dkt. 50), attempted service of process return receipt (Dkt. 138), Requests for Entry of Default (Dkts. 157 and 159), Request for Clerk to Determine Sufficiency of Proof of Service for Entry of Clerk Default (Dkt. 162), and Response to Order to Show Cause (Dkt. 164).) This is because Sheriff 's name was spelled as 'Shariff' in numerous Liberian newspaper articles that Plaintiff, Dr. Jerroll Dolphin, read while in Liberia.

The misspelling on the registered mail receipt is unclear because it is not understood whether the error is solely due to 'Shariff' or "Ambassador-at-large"

Indeed, Mr. Sheriff's correct surname does not match the name found on registered mail return receipts filed with this Court, not on a recent attempt at Foreign Service that was returned unexecuted. (*See* Dkt. 163.).

Indeed, the Plaintiff's claims are not meritless.  The defendant did subject the Plaintiff Dr. Jerroll Dolphin to mental torture, relentless harassment, conversion, libel, slander, and abusing his authority in Liberia's government.  Defendant libeled and slandered, and abused his authority in government against the other Plaintiffs, causing their hard-earned diplomas and educational course work to be unrecognized, and Sheriff, therefore, should be charged with the substance of Plaintiffs claims.

Plaintiffs can demonstrate that Mr. Sheriff has been properly served and that this Court has personal jurisdiction over him.

Plaintiff has demonstrated either of these necessary predicates to maintaining their claims against Mr. Sheriff. Plaintiff service of process of his Complaint on Mr. Sheriff was proper. Plaintiffs claim that Mr. Sheriff was served in June 2012, and filed documents with the Court supporting that claim, and Plaintiff did serve Mr. Sheriff with the Complaint in accordance with F.R.C.P. Rule 4.  The only rules of service to be complied with are F.R.C.P. Rule 4.  There is no extraordinary requirement to serve under California law, or Washing, D.C. law.  If so, three services would be required.

Plaintiff admits that Mr. Sheriff is a citizen and resident of the Republic of Liberia, (hereinafter "ROL"), Plaintiff did attempt to serve Mr. Sheriff in Liberia.   The Embassy of Liberia, in Washington, D.C., is sovereign Liberian territory.  Plaintiff's sole attempt at serving Mr. Sheriff with the Complaint involved mailing a copy of the summons and Complaint to Mohammed Shariff" [sic] at the Liberian Embassy in Washington, D.C., "c/o His Excellency Mr. Jeremiah C.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

Sulunteh," the Liberian Ambassador to the United States. (*See* Dkt. 138.) Notably neither Mr. Sheriff nor Ambassador Sulunteh signed the return receipt for the proof of service documents. Instead, the return receipt appears to have been signed by a "Sulu V. Marshall," whose position and authority is unknown.

Nonetheless, Sheriff had notice that he was a defendant in a Federal lawsuit, and has responded using the very same lawyers that defended the Republic of Liberia and its agencies.

The Embassy of the ROL in the United States is not USA territory; it is the territory of the ROL.  Furthermore, from the personal experience of Plaintiff, Dr. Jerroll Dolphin, regarding Sheriff's modus opporandi, he did not want to expose any personal server to the abuse that Sheriff was likely to subject them, using his political position and muscle.  It was for the safety of a server, that the Plaintiffs did not want to use this kind of service.

Additionally. From Dr. Jerroll Dolphin's personal experience, the operation of justice in Liberia is accompanied by extraordinary fees.  We don't want to say bribes because government workers are rarely paid on time, including workers in the Ministry of Justice.  They have no expense money for routine travel, nor do they have the equipment to properly perform their work, and, additionally, they are hungry and their families are hungry.  So aside from paying the normal governmental fees, one has to pay the travel and work expenses for the government officials to properly perform their work.  Also, to assure that the work is done to its proper completion, it is usually necessary to accompany the government workers, especially if there are more unexpected expenses, such as use of a computer, copying, printing, mailing, etc.  The use of addresses, as they are known in the USA, Canada, and Europe is unknown.  There are no street addresses used, except for the prominent buildings in downtown Monrovia and a few other major districts.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

Plaintiff did meet the requirements of the Federal Rules for service of process either in a foreign country or within the United States. Accordingly, service is sufficient and the Court has personal jurisdiction over Mr. Sheriff. Plaintiff's Complaint against Mr. Sheriff must be sustained, or in the alternative the Plaintiffs should be allowed another service of process.

## II. STATEMENT OF FACTS

### Misspelling of Sheriff's Name

Mr. Sheriff is a citizen and resident of Liberia. (*See* Dkt. 50 (Complaint) at ¶ 24.)

In his filings with this Court, Plaintiff consistently has misspelled Mr. Sheriff's surname as "Shariff." (*See, e.g.,* Dkts. 50, 138, 157, 159, 162, 163, 164.).  This is because "Shariff" is the spelling known to the Plaintiffs, from various newspaper articles in Monrovia, Liberia. Defendant Sheriff who is a well-known prominent public figure in Liberia; and, particularly known to Dr. Jerroll Dolphin who personally experienced Sheriff's malfeasances while in Liberia.

The Plaintiffs will use the corrected spelling of Sheriff's name, heretofore, and thanks the defendant for providing the spelling, as used by Sheriff, himself.  However, Sheriff is known to be the person described in the FAC, albeit the inadvertent spelling of his last name.  He is the same former member of LURD, formerly a member of the National Transitional Legislative Assembly, (hereinafter "NTLA"), and currently the Liberia Ambassador-at-Large.

In view of that, service in accordance to F.R.C.P. Rule 4 was done satisfactorily.

On December 19, 2012, the Court ordered Plaintiff "to show cause **in writing** on or before **January 4, 2013** why this action should not be dismissed for lack of prosecution." (Dkt. 155 (Order to Show Cause re Dismissal re Lack of Prosecution) (emphasis in original).) Plaintiff

responded by filing a Request for Entry of Clerk's Default Judgment against "Mohammed Shariff," [sic] on December 27, 2012, which the Court denied the following day because there was no entry of default on file. (*See* Dkts. 157, 158.) On January 3, 2013, Plaintiff filed a Request for Entry of Clerk's Default, and the Court denied it the next day, noting that "[t]he name of the person served does not exactly match the person named in complaint[.]" (Dkt. 160; *see also* Dkt. 159.)

On January 17, 2013, the Court issued yet another Order to Show Cause why the action should not be dismissed for lack of prosecution. (*See* Dkt. 161.) That same day, Plaintiff filed a Request for Court to Determine Sufficiency of Proof of Service for Entry of Clerk Default. (Dkt. 162.) Plaintiff attached a declaration from attorney, Larry D. Walls, which asserted that "MOHAMMED SHARRIFF [sic] was served with a copy of the summons and First Amended Complaint on June 13, 2012 as reflected on the docket sheet by the proof of service filed on June 14, 2012, as well as the mailing receipts and notice to Defendant." (Dkt. 162 (Declaration in Support of Request for Review) at ¶ 3.)

On January 31, 2013, the Court denied Plaintiff's Request for Court to Determine Sufficiency of Proof of Service for Entry of Clerk Default. (*See* Dkt. 167.)

On June 19, 2012, Plaintiff filed another U.S. Postal Service Certified Mail Receipt with the Court, listing the addressee as "Mohammed Shariff [sic], Liberia Ambassador-at-Large, c/o His Excellency Mr. Jeremiah Sulunteh, Embassy of Republic of Liberia." (Dkt. 138.) The return receipt was signed for by a "Sulu V. Marshall," whose position is not indicated. (*See id.*)

A later docket entry on January 15, 2013 indicates another attempted foreign service of documents, addressed to "Mohammed Shariff [sic], Liberia Ambassador-at-Large, c/o His Excellency Mr. Jeremiah C. Sulunteh[,] Embassy of Republic of Liberia." The photocopy of the

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

envelope filed with the Court indicates the mailing could not be delivered and was returned unexecuted. (Dkt. 163.)

## III. ARGUMENTS

### A.     This Court Has Personal Jurisdiction Over Mr. Sheriff Because He Has Been Properly Served

*Rule 4 (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:*

*(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;*

Liberia is not a party to the Hague Convention, so this citation is not applicable to service for a Liberian national, however, it permits another attempt of service by the Plaintiffs. The district court denied Marquis's motion, holding that plaintiffs' second attempt at service had been successful. It ruled that mail service is not forbidden by the Hague Convention, and that service on an English defendant by ordinary international first class mail is proper.  The Hague Convention affirmatively authorizes service of process through the Central Authority of a receiving state. Rule 4(f)(1).   By incorporating the Convention, in turn affirmatively authorizes use of a Central Authority. However, Rule 4(f)(1) does not go beyond means of service affirmatively authorized by international agreements. Using *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) It is undisputed that *Brockmeyer* did not use either the Central Authority under the Hague Convention or any other internationally agreed means for accomplishing service. Rule 4(f)(1), therefore, does not provide a precedent for service in this case.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

Explicit, affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii) (previously Rule 4(i)(1)(D)). This rule authorizes service abroad by mail for which a signed receipt is required, when such mail is addressed and mailed by the clerk of the federal district court in which the suit is filed. It provides:

(f) [S]ervice ... may be effected in a place not within any judicial district of the United States:

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:* * * (C) unless prohibited by the law of the country, by

* * *(ii) *any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served* [.]

 (Emphasis added.)

It is undisputed that the plaintiffs in this case did comply with the requirements of Rule 4(f)(2)(C)(ii), as notice, summons, and First Amended Complaint (hereinafter "FAC") was sent by the clerk of this district court, by a form of mail requiring a signed receipt. Rule 4(f)(2)(C)(ii) therefore does provide a basis for service in this case.

Plaintiff has served Mr. Sheriff in accordance with the applicable federal rules. Sheriff is a Liberian citizen. This honorable Court has personal jurisdiction over Mr. Sheriff and Plaintiff's Complaint must be sustained. In *Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 344 (9th Cir. 1993), as relevant in this case, Sheriff was not a consular official, he was a member of Liberia's NTLA, and had no immunity.  In *Gerritsen*, Mexican officials'  (Escobar's and Silva's) verbal warnings and threats, without accompanying physical contact, were attempts to persuade Gerritsen to leave the area or to desist from disrupting consular business.  However, Sheriff's

sole intention was to torture, libel, defame, and humiliate Plaintiff Dr. Jerroll Dolphin, and libel, defame, and humiliate the other Plaintiffs.

The Complaint also pleads that Mr. Sheriff had the minimum contacts required under Ninth Circuit case law to support personal jurisdiction.  Indeed, Sheriff's numerous false statements, published on the internet, have led to St. Luke School of Medicine being unlisted on World Wide Directory of Medical Schools (World Health Organization, Switzerland), the International Medical Education Directory (Education Commission on Foreign Medical Schools, Philadelphia, PA), on fraudulent and unaccredited school lists in Oregon, Texas, North Dakota, South Dakota, and numerous other states and countries, and even in California. Exhibit 1, Order of Abatement.  Thus, the Plaintiffs satisfy the Zippo Test (Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997),  regarding Purposeful Availment.  If the Plaintiffs do not prevail in purposeful availment for libel, slander, trade libel and interference with business advantage, this does not dismiss the events of torture, harassment, and other causes of action against Dr. Jerroll Dolphin by Sheriff, Dolphin being a citizen and resident of California.

Therefore, the Plaintiffs' arguments should be sustained and the motion to dismiss should be rejected because, as described herein, service of process was effective and minimal contacts established.

### B. Plaintiff Complied with Rule 4(f) for Service of Individuals Located in a Foreign Country

Plaintiff did satisfy the requirements of Federal Rule of Civil Procedure ("Rule") 4(f) , which provides specific instructions for serving individuals located in a foreign country.  Under Rule 4(f)(2) , service may be made outside of United States judicial districts by "a method that is reasonably calculated to give notice":

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by

> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.] Fed. R. Civ. P. 4(f)(2).

Plaintiffs' service was "reasonably calculated to give notice," and it did comply with other requirements of Rule 4(f)(c)(ii).

Defendant  has provided no evidence that "Sulu V. Marshall" was not authorized by Mr. Sheriff to act as his agent for service of process, or for any purpose whatsoever. She, apparently, worked at the Liberia Embassy and accepted the mail.

**C. Mr. Sheriff had been Given Proper Notice That He Was Being Sued.**

Federal Rule of Civil Procedure, Rule 12. Defenses and Objections, specifies how a defendant is to respond when served.  When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) Time to Serve a Responsive Pleading.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

This is a Court mandated service by order of the Clerk of United States Federal District Court, California Central District.  The defendant had an obligation to answer the summons and complaint.

Defendant Sheriff, did not respond to the Plaintiffs' summons and complaint until February 2013, long after the 90 day limit for response.

*In Summers v. McClanahan*, 140 Cal. App. 4th 403 (2006), adopting a liberal and practical approach to service of process our Supreme Court held the plaintiff, by serving "a corporate agent with ostensible authority to receive process, effected valid service upon the defendants." The court noted, "[t]he case at bar demonstrates the desirability of liberal construction of the new statutes." In this case, the court explained, "[d]efendant corporation, having misled plaintiff, bears the responsibility for plaintiff's failure to serve an authorized corporate officer, and should not be permitted to strip itself of assets in order to avoid the payment of an uncontested judgment."  [3] In *Doherty & Co. v. Goodman* the United States Supreme Court provided guidance for determining who is a proper agent for acceptance of service on behalf of a defendant. The court concluded a specific appointment is not required, but

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

the principal-agent relationship must be close and enduring enough to make it highly probable the defendant will receive actual notice.

The plaintiff in Henry L. Doherty & Co. v. Goodman - 294 U.S. 623 (1935), was a resident of Iowa who served process on the defendant securities dealer, a resident of New York, by delivering the summons and complaint to an employee of defendant in his Des Moines office. The employee's only specific authority was to sell securities for defendant. Defendant "never . . . consented that service of process upon this agent should constitute service upon himself." The Supreme Court nevertheless upheld the service under an Iowa law which authorized service of process "on any agent or clerk employed in" the office of an individual or company doing business "in any county other than that in which the principal resides[.]" The court rejected the defendant's due process challenge to the statute. It agreed with an Iowa Supreme Court opinion which upheld the statute against a constitutional attack because "'there is not only "reasonable probability" but practical moral certainty that the defendant will receive actual notice of the pendency of the action.'" Similarly, Sheriff had received actual notice from acceptance of the summons at the Liberia Embassy in Washington DC, because of his current high-level position in Liberia's diplomatic core; he is principle to the case for defense; he is using the same legal defense counsel as the ROL.

### D. Sheriff is a Principle Defendant

Sheriff is in no-way a "nominal" defendant. Sheriff is the most fundamental defendant, a perpetrator to the highest extent. Sheriff was not a "mere puppet " or Sheriff was the Puppeteer. Sheriff  forced and manipulated other Liberian officials, using his position to bully, defame, torture, and humiliate the Plaintiffs, each and all. *SEC v. Ross*, 504 F.3d 1130 (9th Cir. 2007)

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

## IV. CONCLUSION

Plaintiff's service of Mr. Sheriff, a foreign national residing overseas, is proper under all applicable law. Sheriff is a public figure in Liberia, and there were several ways to write Sheriff's surname, of which "Shariff" was one of the ways.

There is no recognize address system used in Liberia.  The justice system in Liberia is virtually non-functional.  The Plaintiffs were concerned for the safety of any process server. Thereafter, Plaintiffs mailed a copy of the summons and Complaint to Sheriff, c/o the Ambassador of Liberia to the United States, at the Embassy of Liberia, location in Washington, D.C.  The Plaintiffs knew that Sheriff, the principle defendant would be give proper "notice" that he was being sued by St. Luke School of Medicine and Dr. Jerroll Dolphin.   Indeed, Sheriff's attorneys were the very same counsel for the Republic of Liberia and its agencies.  Because Mr. Sheriff has been properly served, the Court has personal jurisdiction over him. *See SEC v. Ross*, 504 F.3d at 1138-39.

For the foregoing reasons, the Plaintiffs respectfully requests that the Court sustain Plaintiffs' First Amended Complaint for sufficient service of process and personal jurisdiction, or, in the alternative, permit another service of  process on Mr. Sheriff.  *Leichtman v. Koons, 527 A.2d 745 (D.C. 1987), supra; Wall v. Chesapeake & Ohio Ry. Co.,* 95 F. 398, 403 (7th Cir.1899).

Dated: March 1, 2013                                            Respectfully submitted,

                                                               Larry D. Walls
                                                               By /s/ Larry D. Walls
                                                               Attorney for Plaintiffs

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance the Federal Rules of Civil Procedure and Local Rule 5-3.3.

Larry D. Walls
By /s/ Larry D. Walls
Attorney for Plaintiffs
March 2, 2013

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.

**Plaintiffs' Exhibit 1**

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO
ALLOW ANOTHER SERVICE OF FAC.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO ALLOW ANOTHER SERVICE OF FAC.