LATHAM & WATKINS LLP
　Manny A. Abascal (Bar No. 171301)
　　*manny.abascal@lw.com*
　Amy C. Quartarolo (Bar No. 222144)
　　*amy.quartarolo@lw.com*
　Michael A. Lundberg (Bar No. 258921)
　　*michael.lundberg@lw.com*
　Michael C. Godino (Bar No. 274755)
　　*michael.godino@lw.com*
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Specially Appearing
Defendant Mohammed Sheriff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ST. LUKE SCHOOL OF MEDICINE – GHANA, a Ghanaian corporation; ST. LUKE SCHOOL OF MEDICINE – LIBERIA, a Liberian corporation; DR. JERROLL B.R. DOLPHIN, on behalf of himself, ROBERT FARMER, on behalf of a Class Action,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>REPUBLIC OF LIBERIA; MINISTRY OF HEALTH, a Liberian Governmental Agency; MINISTRY OF EDUCATION, a Liberian Governmental Agency; LIBERIAN MEDICAL BOARD, a Liberian Governmental Agency; NATIONAL COMMISSION ON HIGHER EDUCATION, a Liberian Governmental Agency; NATIONAL TRANSITIONAL LEGISLATIVE ASSEMBLY, a Liberian Governmental Agency; DR. ISAAC ROLAND, as official and individual; MOHAMMED SHARIFF, as official and individual; DR. BENSON BARH, as official and individual; DR. GEORGE GOLLIN, as official and individual; DR. BRAD SCHWARTZ, as official and individual; ALAN CONTRERAS, as official and individual; UNIVERSITY | CASE NO. CV:11-06322-RGK-(SHx)<br><br>REPLY IN SUPPORT OF SPECIALLY APPEARING DEFENDANT MOHAMMED SHERIFF'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO QUASH SERVICE OF THE FIRST AMENDED COMPLAINT<br><br>F.R.C.P. 12(b)(2), 12(b)(5)<br><br>Assigned to Hon. R. Gary Klausner<br><br>Hearing TAKEN OFF CALENDAR<br>Date: 　March 11, 2013<br>Time: 　9:00 a.m.<br>Place: 　Courtroom 850<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

LATHAM&WATKINS LLP　LA\3099667
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT OR QUASH SERVICE

| | |
|---|---|
| 1 | OF ILLINOIS-URBANA CHAMPAIGN, an Illinois Institution of Higher Learning; STATE OF OREGON, Office of Degree Authorization; the NATIONAL ACCREDITATION BOARD OF THE REPUBLIC OF GHANA; EDUCATION COMMISSION FOR FOREIGN MEDICAL GRADUATES, a Pennsylvania non-profit corporation; FOUNDATION FOR ADVANCEMENT OF MEDICAL EDUCATION AND RESEARCH, a Pennsylvania non-profit corporation, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Defendants. |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## I. INTRODUCTION

Plaintiff's Opposition is untimely, incoherent and based on only unsubstantiated allegations and conclusory misstatements of law.[1] Plaintiff failed to serve his First Amended Complaint (the "Complaint") on Specially Appearing Defendant Mohammed Sheriff ("Mr. Sheriff")[2] and has failed to meet his burden to prove otherwise. As this Court lacks personal jurisdiction over Mr. Sheriff, the Complaint should be dismissed with prejudice, or in the alternative the attempted service of process should be quashed.[3]

As this Court is well aware, Plaintiff's case has been lingering for years and Mr. Sheriff is the only named defendant remaining to be dismissed. Mr. Sheriff was never served, and only learned that he was a named defendant in late-January 2013. To prevent any errant default filing, Mr. Sheriff was forced to retain counsel[4] and, on February 8, 2013, filed the Motion to Dismiss Plaintiff's First Amended Complaint for Insufficient Service of Process and Lack of Personal Jurisdiction, or, in the Alternative, to Quash Service of the First Amended Complaint (the "Motion to Dismiss"). (*See*

---

[1] Because Plaintiff has been represented by counsel throughout these proceedings, he is not entitled to leniency as to compliance with procedural requirements that some courts afford to *pro se* plaintiffs. *See, e.g., Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

[2] Mr. Sheriff is specially appearing before this Court only to challenge service of process and personal jurisdiction.

[3] Mr. Sheriff reserves the right to challenge the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). However, the Court need not reach that issue given the failure of service of process and lack of personal jurisdiction.

[4] Latham & Watkins LLP's ("Latham") prior representation in this matter was limited to the Republic of Liberia and certain governmental entities, all of whom have been dismissed by this Court. (*See* Dkt. 154.) Latham has never represented the National Transitional Legislative Assembly ("NTLA"), a defunct entity referenced by Plaintiff. (*See, e.g.,* Dkt. 170 at 7.) The fact that Latham represented other defendants in this matter has no bearing on Plaintiff's failure to serve Mr. Sheriff, a separately named individual defendant.

1. Dkt. 168.) While Plaintiff's Opposition was due on February 18, 2013, none was filed until March 3, 2013 – 14 days after the deadline. (*See* Dkt. 170.) Plaintiff's Opposition is thus untimely and should not be considered by the Court.

Even if the Court considers Plaintiff's late-filed Opposition, he fails to meet his burden to show that service on Mr. Sheriff was proper. Moreover, Plaintiff's assertion that mere notice of a lawsuit creates personal jurisdiction and negates a plaintiff's obligation to properly serve a defendant is wrong. Additionally, Plaintiff claims that he did not need to comply with applicable law regarding service of process within the United States because he served Mr. Sheriff in foreign territory. Notably, Plaintiff does not argue that his service attempt constituted valid service of process pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), or applicable state rules.

Plaintiff ultimately rests his argument on a flawed claim that he served Mr. Sheriff in a foreign jurisdiction pursuant to Rule 4(f)(2)(c)(ii). (*See* Dkt. 170 at 5.) Contrary to his assertion, Plaintiff's mailing of a copy of the summons and Complaint to the Liberian Embassy in Washington, D.C., along with a return receipt, does not qualify as valid foreign service because the Liberian Embassy is not foreign territory. Even if service on the Liberian Embassy qualified as foreign service, Plaintiff failed to comply with applicable rules which require proof of service via a receipt signed by Mr. Sheriff or other evidence satisfying the Court that the summons and Complaint were delivered to Mr. Sheriff. Accordingly, Mr. Sheriff respectfully requests that the Court disregard Plaintiff's untimely Opposition, grant Defendant's Motion to Dismiss and dismiss the Complaint with prejudice or, in the alternative, quash the attempted service of process.

## II. ARGUMENT

### A. Plaintiff's Opposition Is Untimely And Should Not Be Considered By The Court

Specially Appearing Defendant Mohammed Sheriff filed his Motion to Dismiss and related papers on February 8, 2013. (*See* Dkts. 168-169.) The Motion was set for

hearing on Monday, March 11, 2013.  (*See* Dkt. 168.)  Accordingly, Plaintiff had until Monday, February 18, 2013 to file any Opposition.  (*See* L.R. 7-9 (opposition papers are due "not later than twenty-one (21) days before the date designated for the hearing of the motion[.]").)  However, Plaintiff's Opposition was filed <u>fourteen days late</u> – at 12:06 a.m. on Monday, March 4, 2013.[5]  (*See* Dkt. 170.)

### 1. The Court should decline to consider Plaintiff's Opposition

Under applicable Local Rules, the Court may "decline to consider any memorandum or other document" where, as here, it is "not filed within the deadline set by local rule."  L.R. 7-12.  Plaintiff's Opposition was not filed within the deadline set by the Local Rules, and the Court should decline to consider the Opposition.[6]

### 2. Plaintiff's lack of due care or ignorance of Court rules is no excuse for his untimely filing

Plaintiff did not file any request with the Court for an extension of time to file his Opposition.  Nor did Plaintiff contact counsel for Mr. Sheriff to request consent to such an extension.  In fact, Plaintiff did not seek any relief at all prior to filing his Opposition two weeks late.  Plaintiff offered no explanation for his total disregard for deadlines and procedural rules.  Even if an explanation had been offered, lack of due care or ignorance of the Court's rules is no grounds for relief.  *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (stating that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered").  Having not sought or

---

[5] This is not the first time Plaintiff has failed to timely file documents in this matter.  For example, this Court previously denied Plaintiff's request for a continuance "for untimeliness, lack of good cause, and expenditure of Court resources."  (Dkt. 89 (Order granting Motion to Dismiss).)

[6] Moreover, the Court may deem Plaintiff's failure to timely oppose as consent to granting Defendant's Motion to Dismiss.  *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.")  Given Plaintiff's failure to timely file an Opposition, the Court may consider holding that failure as consent to granting Mr. Sheriff's timely-filed Motion to Dismiss.

obtained an extension of time and without any explanation for his delay, Plaintiff's Opposition should not be considered.

### B. Plaintiff Has Failed To Establish That Service Was Proper Under Federal Rule Of Civil Procedure 4

Under federal law, "[o]nce service of process is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiff's attempt to shift this burden back to Mr. Sheriff is impermissible. (*See* Dkt. 170 at 12.) Plaintiff has failed to meet his burden of proof, service was defective, and Defendant's Motion to Dismiss should be granted.

#### 1. Absent proper service of process, notice is insufficient to confer personal jurisdiction

Plaintiff asserts that Mr. Sheriff had notice that he was a defendant in this action, and implies that this establishes the Court's personal jurisdiction over Mr. Sheriff. (*See* Dkt. 170 at 6, 14.) However, federal courts cannot exercise personal jurisdiction over a defendant who has not been properly served.[7] *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."); *Levine v. Duchacova*, No. 10cv1200-LAB (BGS), 2010 U.S. Dist. LEXIS 126094, at *3 (S.D. Cal. Nov. 24, 2010). Even actual notice of a pending lawsuit does <u>not</u> subject a defendant to personal jurisdiction if service of process fails to comply with

---

[7] Plaintiff again fails to provide any evidence of the minimum contacts necessary to support personal jurisdiction under Ninth Circuit law. This Court has dismissed nearly identical allegations regarding libel, defamation, and the removal of St. Luke's from the International Medical Educational Directory, finding them insufficient to support an exception to the Foreign Sovereign Immunities Act because such actions would have taken place entirely within Liberia and not within the territorial jurisdiction of the U.S. (*See, e.g.,* Dkt. 154 at 6 (Order granting Motion to Dismiss).) The Court need not address this argument here, however, because service of process was defective and personal jurisdiction is lacking.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3099667

4

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR QUASH SERVICE

Rule 4. *See Levine*, 2010 U.S. Dist. LEXIS 126094, at *3 (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)) ("'Neither actual notice, nor simply naming the person in the caption of the complain[t], will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'"). Accordingly, even if Mr. Sheriff was aware of this lawsuit as of June 2012 as Plaintiff suggests (which he was not), such awareness is insufficient to establish personal jurisdiction because Plaintiff failed to properly serve Mr. Sheriff.

### 2. Plaintiff has not demonstrated that he complied with Rule 4(f) governing service on individuals located in a foreign country

Plaintiff's primary contention is that he purportedly executed valid service of process in a foreign country pursuant to Rule 4(f)(2)(c)(ii) by mailing a copy of the summons and Complaint to the Liberian Embassy in Washington, D.C. with a return receipt.[8] Plaintiff claims this was valid service because: (1) the Liberian Embassy is "sovereign Liberian territory" (Dkt. 170 at 5); and (2) Plaintiff "us[ed] any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(c)(ii). Plaintiff is mistaken.

In fact, the Liberian Embassy in Washington, D.C. is not "sovereign Liberian territory." (Dkt. 170 at 5.) The Ninth Circuit has held that embassy property "remains the territory of the receiving state, and does not constitute territory of the [sending state]." *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 588 (9th Cir. 1983); *see also El-Hadad v. Embassy of the United Arab Emirates*, 69 F. Supp. 2d 69, 76 n.5 (D.D.C. 1999) ("[W]hile the premises of a foreign embassy are inviolable, they are also considered within the territorial jurisdiction of the United States."). Thus, Plaintiff's

---

[8] Plaintiff's claim that his service under Rule 4(f)(2)(c)(ii) is "undisputed" is incorrect (*see* Dkt. 170 at 10); Defendant's Motion to Dismiss detailed at length Plaintiff's failure to serve Mr. Sheriff in accordance with that Rule. (*See* Dkt. 168 at 7-8.)

1  attempted service of Mr. Sheriff at the Liberian Embassy must be analyzed under
2  applicable rules governing service within the United States.[9]

3  Even if service at the Liberian Embassy constituted foreign service, Plaintiff's own admissions demonstrate that he failed to comply with Rule 4(l)(2)(B), which requires that service attempted outside judicial districts of the United States pursuant to Rule 4(f)(2) must be proved "by a receipt signed by *the addressee*, or by other evidence satisfying the court that the summons and complaint were delivered to *the addressee*." Fed. R. Civ. P. 4(l)(2)(B) (emphasis added). For example:

- Plaintiff admits that his "sole attempt at serving Mr. Sheriff with the Complaint involved mailing a copy of the summons and Complaint to [']Mohammed Shariff' [sic] at the Liberian Embassy in Washington, D.C., 'c/o His Excellency Mr. Jeremiah C. Sulunteh,' the Liberian Ambassador to the United States." (Dkt. 170 at 5-6.)
- Plaintiff admits that "[n]otably neither Mr. Sheriff nor Ambassador Sulunteh signed the return receipt for the proof of service documents." (*Id.* at 6.)
- Plaintiff admits that "the return receipt appears to have been signed by a 'Sulu V. Marshall,' whose position and authority is unknown." (*Id.*)
- Plaintiff admits that an envelope filed with the Court on January 15, 2013, and mailed to the same individuals and address as the original attempted service documents "could not be delivered and was returned unexecuted." (*Id.* at 8-9.)

By Plaintiff's own admission, his initial attempt at service of process failed to fulfill Rule 4(l)(2)(B) because the intended *addressee*, Mr. Sheriff, did not sign the return receipt. Further, Plaintiff presents no evidence to support a claim that the

---

[9] As discussed *infra* and further in Mr. Sheriff's Motion to Dismiss, Plaintiff failed to comply with federal and state rules regarding service of process within the United States. Plaintiff's Opposition presents no valid evidentiary or legal challenge to these arguments.

summons and Complaint actually were delivered to Mr. Sheriff, and his admission that a second mailing, sent in the same manner as his original attempted service, was returned unexecuted only undermines any such claim.[10] Plaintiff has not met his burden of demonstrating valid service of process in accordance with Rule 4(f).

### 3. Plaintiff has not demonstrated that he complied with Rule 4(e) governing service on individuals within a judicial district of the United States

Plaintiff provides no cogent argument that he served Mr. Sheriff within the United States in accordance with Rule 4(e) or any other applicable state law. Indeed, Plaintiff repeatedly claims that domestic service rules were inapplicable. Instead, Plaintiff relies on misguided analyses of inapposite cases.

Plaintiff's attempt to dispute the Ninth Circuit's decision in *Gerritsen v. Consulado General de Mexico*, 989 F.2d 340 (9th Cir. 1993) is unavailing. In *Gerritsen*, the Ninth Circuit held that the plaintiff's attempt to serve Mexican consular officials by delivering a copy of the summons and complaint to a co-worker at the consulate was defective because the consular coworker was not an authorized agent for service of process. *Id.* at 344. Rather than challenge the central holding, Plaintiff raises arguments regarding consular immunity and the consular officials' conduct, which formed the basis of the plaintiff's complaint but had nothing to do with service of process. *See Gerritsen*, 989 F.2d at 342.

Plaintiff also mischaracterizes the holding in *Summers v. McClanahan*, 140 Cal. App. 4th 403 (2006). Plaintiff improperly quotes language from a case mentioned as if it was the *Summers* holding. *See Summers*, 140 Cal. App. 4th at 410 (citing and

---

[10] Plaintiff's additional assertions as to why he did not attempt to serve Mr. Sheriff using any of the other methods for foreign service prescribed by Rule 4 are without merit. Plaintiff's purported fear of unspecified "abuse" of a process server in Liberia, that "the operation of justice in Liberia is accompanied by extraordinary fees," and that some locations in Liberia do not have street addresses, are unsupported by any facts or case law, and should be disregarded. (*See* Dkt. 170 at 4, 6.)

discussing *Pasadena Medi-Center Assocs. v. Superior Court*, 9 Cal. 3d 773 (1973)). The court in *Summers* actually distinguished *Pasadena Medi-Center Associates*, holding the plaintiff's attempted service of process was defective.[11] *See id.* at 405-06, 414-16.

Finally, despite Plaintiff's assertion that his attempted service of process need not comply with state law, Plaintiff cites to *Henry L. Doherty & Co. v. Goodman*, 294 U.S. 623 (1935), wherein the Supreme Court's holding was limited to service of process authorized by a specific section of the Iowa Code. *Id.* at 626-28. Because the present litigation is pending in United States federal court for the Central District of California, and service was attempted in the District of Columbia (or even if as Plaintiff suggests, in Liberia), *Doherty* is inapplicable. Because Plaintiff has not demonstrated that he effected valid service of process on Mr. Sheriff in compliance with Rule 4(e), dismissal of the Complaint is warranted.

## III. CONCLUSION

For the reasons set forth above, Specially Appearing Defendant Mohammed Sheriff respectfully requests that the Court disregard Plaintiff's untimely Opposition, and grant Defendant's Motion to Dismiss with prejudice or, in the alternative, quash the attempted service of process on Mr. Sheriff.

Dated: March 6, 2013

Respectfully submitted,

LATHAM & WATKINS LLP
Manny A. Abascal
Amy C. Quartarolo
Michael A. Lundberg
Michael C. Godino

By /s/ Michael A. Lundberg
Attorneys for Specially
Appearing Defendant
Mohammed Sheriff

---

[11] Plaintiff also mislabels the *Summers* court as the California Supreme Court.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\3099667

8

REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT OR QUASH SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via ECF Notice of Electronic Filing in accordance the Federal Rules of Civil Procedure and Local Rule 5-3.3.

/s/ Djallon M. Dinwiddie
Djallon M. Dinwiddie

LATHAM&WATKINS LLP   LA\3099667
ATTORNEYS AT LAW
LOS ANGELES

9

REPLY IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT OR QUASH SERVICE