JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-11-6322-RGK (SHx) | Date | March 20, 2013 |
|---|---|---|---|
| Title | ST. LUKE SCHOOL OF MEDICINE-GHANA, et al v. REPUBLIC OF LIBERIA, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 168)

## I. INTRODUCTION

On August 1, 2011, St. Luke School of Medicine-Ghana, St. Luke School of Medicine-Liberia, Dr. Jerroll B.R. Dolphin ("Dolphin"), on behalf of himself, and Robert Farmer, on behalf of a class, filed a Complaint against seventeen total defendants, including Liberian government official Mohamed Sheriff ("Sheriff"). On February 8, 2012, Plaintiffs filed a First Amended Complaint ("FAC") alleging twenty claims. The Court has since dismissed all claims against all Defendants except Sheriff. Additionally, Dolphin is the only remaining Plaintiff.

Dolphin brings the following claims against Sheriff: (1) violation of the Eighth Amendment right against cruel and unusual punishment; (2) deprivation of liberty, due process, and equal protection under the Fourteenth Amendment; (3) violation of 42 U.S.C. § 1985(3) – conspiracy to violate civil rights; (4) violation of the Fourteenth Amendment due to harassment by public officials; (5) libel; (6) slander; (7) trade libel and interference with business advantage; (8) false imprisonment; (9) intentional infliction of emotional distress; and (10) negligent infliction of emotional distress.

Presently before the Court is Sheriff's Motion to Dismiss Dolphin's FAC for Insufficient Service of Process and Lack of Personal Jurisdiction, or in the alternative, to Quash Service of the First Amended Complaint. For the following reasons, the Court **GRANTS** Sheriff's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Dolphin is the founder of St. Luke School of Medicine-Liberia ("St. Luke") located in the Republic of Liberia. The dispute between the parties arose after the Republic of Liberia withdrew its

recognition of St. Luke as an accredited medical school, which resulted in St. Luke's graduates being unable to practice medicine in the United States. In the FAC, Dolphin alleges Sheriff requested bribes from Dolphin, and when Dolphin refused to pay these bribes, Sheriff and others attacked St. Luke in the media and on the Internet.

Dolphin attempted service on Sheriff, a Liberian citizen and resident, by mailing a copy of the summons and complaint to "Mohammed Shariff" at the Liberian Embassy in Washington D.C., "c/o His Excellency Mr. Jeremiah C. Sulunteh," the Liberian Ambassador to the United States. Sheriff's name was spelled incorrectly, and neither he nor the Ambassador signed the return receipt for the proof of service. Instead, the return receipt was signed by an individual named "Sulu V. Marshall." This person's identity, position, and authority remain unknown. The proof of service filed with the Court on June 14, 2012 does not mention Sheriff at all. On June 19, 2012, Plaintiff filed another U.S. Postal Service Certified Mail Receipt with the Court, listing the addressee as "Mohammed Shariff, Liberia Ambassador-at-Large, c/o His Excellency Mr. Jeremiah C. Sulunteh." Again, the return receipt was signed by Sulu V. Marshall. On January 15, 2013, Dolphin attempted service again to the same address. The photocopy of the envelope on file with the Court, however, shows the mailing could not be delivered and was returned unexecuted.

### III.    JUDICIAL STANDARD

A party may move to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(5) on the grounds that it was not properly served. Service is proper if it complies with the requirements of Rule 4. A plaintiff bears the burden of demonstrating that service is proper. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). When determining whether service has been properly executed, a court may consider evidence outside the pleadings. *See S.E.C. v. Internet Solutions for Bus., Inc.,* 509 F.3d 1161 (9th Cir. 2007).

### IV.    DISCUSSION

Sheriff moves to dismiss the FAC or in the alternative to quash service pursuant to Rule 12(b)(5). Sheriff argues that service was insufficient, and as a result, the Court lacks personal jurisdiction over him. The Court agrees.

Rule 4(f)(2) provides the proper methods of service for an individual outside the United States. Where there is no internationally agreed upon means, service is proper if it is conducted in a manner that is "reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). Rule 4(f)(2) allows for service in three ways: (1) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (2) as the foreign authority directs in response to a letter rogatory or letter of request; and (3) unless prohibited by the foreign country's law, either by delivering a copy of the summons and of the complaint to the individual personally, or using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

Dolphin has failed to meet his burden. Dolphin argues that service was proper because he mailed a copy of the summons and Complaint to Sheriff, care of the Liberian Ambassador, at the Liberian Embassy in Washington D.C. This argument fails because this method of service does not comport with any of the proper methods under Rule 4(f). First, there is no internationally agreed upon means of service, such as those authorized by the Hague Convention. Second, the service does not comport with any of the three methods specified in Rule 4(f)(2). Finally, Dolphin's attempted service does not otherwise satisfy the requirement that service be reasonably calculated to give notice. Therefore,

Dolphin failed to effect proper service, and the Court lacks personal jurisdiction over Sheriff.

## V.     CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

                                                                                                                                   :

Initials of Preparer